IN THE UNITED STATES
DISTRICT COURT FOR
THE NORTHERN
DISTRICT OF TEXAS
(FORT WORTH DIVISION)

CLERK OF DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED

2020 SEP 21 PM 1: 21

DEPUTY CLERK____MW

NEXTGEAR CAPITAL, INC. AND
AUTOMOTIVE FINANCE
CORPORATION,

Plaintiffs,

v.

DRUIEN, INC. D/B/A LAWTON AUTO
AUCTION AJK/A LAWTON CACHE
AUTO AUCTION, LISA DRUIEN,
MICHAEL VERNON GARRISON D/B/A
ROCK HILL USED CARS, AND
AUSTIN MICHAEL GARRISON AJK/A
MIKE GARRISON D/B/A AUSTIN
FINANCIAL SERVICES,

Defendants.

CIVIL ACTION NO: 4:20-cv-00959-P

COMPLAINT

## DEFENDANTS MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS AND AUSTIN MICHAEL GARRISON D/B/A AUSTIN FINANCIAL SERVICES ORIGINAL ANSWER TO PLAINTIFS NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE COMPLAINT

**COMES NOW,** Michael Vernon Garrison d/b/a Rock Hill Used Cars, and Austin Michael Garrison d/b/a Austin Financial Services, (collectively hereinafter "Defendants"), and for their Answer and Affirmative Defenses to the Complaint filed by Plaintiff Nextgear Capital, Inc. and Automotive Finance Corporation (hereinafter "Nextgear" or "Plaintiff") admit, deny, and state as follows:

Except as expressly admitted herein, Defendants deny each and every allegation in Plaintiff's Complaint and state that they are not just, true or correct and that the Defendants were

sued in an incorrect legal capacity. Where the allegations in a Paragraph are denied, Defendants also deny the allegations in any accompanying footnote, except as expressly noted.

**I. As their first defense, Defendants respond to the numbered paragraphs of the Complaint as follows:**

1. Defendants admit that this Court has jurisdiction over Plaintiff's defamation and tortious interference claims pursuant to 28 U.S.C. § 1332 in that the matter in purported controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs; however, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint regarding the citizenship of the Parties and, therefore, deny them.

2. Defendants admit Paragraph 2 of the Complaint.

3. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, therefore, deny them. Further, Austin Michael Garrison denies he is also known "Mike Garrison".

4. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, therefore, deny them.

5. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and, therefore, deny them.

6. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, deny them.

7. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, deny them.

8. Defendants admit Plaintiff's allegation in Paragraph 8 of the Complaint.

9. Defendants admit Plaintiff's allegation in Paragraph 9 of the Complaint regarding A. Garrison's identification as an individual and his address but deny he is also known as *"Mike Garrison"*.

10. Defendants admit Plaintiff's allegation in Paragraph 10 of the Complaint.

11. M. Garrison admits Plaintiff's allegations in Paragraph 11 of the Complaint.

12. M. Garrison admits Plaintiff's allegations in Paragraph 12 of the Complaint.

13. M. Garrison admits Plaintiff's allegations in  Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, M. Garrison is without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and, therefore, deny them.

15. Paragraph 15 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, M. Garrison is without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, deny them.

16. M. Garrison admits Plaintiff's allegations in Paragraph 16 of the Complaint.

17. M. Garrison admits Plaintiff's allegations in Paragraph 17 of the Complaint.

18. M. Garrison admits Nextgear advanced funds to him in order to finance motor vehicle inventory pursuant to the terms of the M. Garrison Nextgear Note but is without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations regarding *certain third parties* as Plaintiff has not defined the terms "certain third parties" which is vague and general nor has Plaintiff identified such parties, therefore M. Garrison must deny such.

19. M. Garrison denies that the funds advanced by Nextgear to him have not been fully paid off as alleged by Plaintiff in Paragraph 19 of the Complaint and specifically denies M. Garrison is indebted to Nextgear for fifty-five (55) vehicles; however, as to *certain third parties* M. Garrison is without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations regarding *certain third parties* as Plaintiff has not defined the terms "certain third parties" which is vague and general nor has Plaintiff identified such parties, therefore M. Garrison must deny such.

20. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, deny them.

21. M. Garrison denies that he *defaulted under the M. Garrison Nextgear Note*, without waiving such, alternatively and without waiving same, pleads absence of a condition precedent and if Plaintiff is able to prove a technical default, which M. Garrison denies, that any such default caused harm to Plaintiff that resulted in a quantifiable loss.

22. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint as to *Nextgear conducting any audit* and, therefore, deny them. Further, M. Garrison denies he failed to comply with the terms of the

note, alternatively and without waiving same, M. Garrison pleads absence of a condition precedent and if Plaintiff is able to prove a technical breach, which M. Garrison denies, that any such breach caused harm to Plaintiff that resulted in a quantifiable loss.

23. M. Garrison denies Plaintiff's allegations that he *failed to pay back any portion of the original principal amount advanced for the SOT Vehicles*, and *the total principal amount due for the SOT Vehicles is $115,810 .00*. M. Garrison pleads payment and alternatively without waiving same, pleads in the alternative accord and satisfaction.

24. M. Garrison denies Plaintiff's allegations that M. Garrison *disposed of the proceeds from the sale of the SOT Vehicles in direct contravention to Nextgear' s perfected, first-priority security interest in those proceeds*. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations that *Nextgear was unable to locate or recover, the SOT vehicles* referred to in Paragraph 24 of Plaintiff's Complaint. M. Garrison denies he *owes Nextgear the "indebtedness"* of which Nextgear complains and pleads payment and alternatively without waiving same, pleads in the alternative accord and satisfaction.

25. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, therefore, deny them.

26. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, therefore, deny them.

27. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, therefore, deny them.

28. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and, therefore, deny them. Further, M. Garrison denies Plaintiff's allegations that vehicles were sold out of trust by him and without waiving same, pleads absence of a condition precedent and if Plaintiff is able to prove such a sale occurred, which M. Garrison denies, that any such sale caused harm to Plaintiff that resulted in a quantifiable loss.

29. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, therefore, deny them.

30. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, therefore, deny them. Further, M. Garrison denies he defaulted under the M. Garrison Nextgear Note and without waiving same, alternatively pleads absence of a condition precedent and if Plaintiff is able to prove any breach occurred, which M. Garrison denies, that any such breach caused harm to Plaintiff that resulted in a quantifiable loss.

31. A. Garrison admits that at all times relevant to these proceedings, A. Garrison operated a retail motor vehicle dealership located at 549 Interstate Highway 30 E, Sulphur Springs, Texas 75482.

32. Defendants admit that A. Garrison is the son of M. Garrison but are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations that they share motor vehicle inventory on the same lot as Plaintiff has not defined the terms "share" or "same lot" which are vague and general terms, therefore, Defendants must deny such.

33. A. Garrison admits Plaintiff's allegations in Paragraph 33 of the Complaint.

34. A. Garrison admits Plaintiff's allegations in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore, deny them.

36. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore, deny them.

37. A. Garrison admits Paragraph 37 of the Complaint.

38. A. Garrison admits Paragraph 38 of the Complaint.

39. A. Garrison admits Nextgear advanced funds to him to finance motor vehicle inventory pursuant to the terms of the A. Garrison Note but is without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations regarding *certain third parties* as Plaintiff has not defined the terms "certain third parties" which is vague and general nor has Plaintiff identified such parties, therefore A. Garrison must deny such.

40. A. Garrison denies Plaintiff's allegations that *the funds advanced by Nextgear to A. Ganison have not been fully repaid as agreed*. Further A. Garrison Note but is without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations regarding *certain third parties* as Plaintiff has not defined the terms "certain third parties" which is vague and general nor has Plaintiff identified such parties, therefore A. Garrison must deny such. regarding certain third parties.

41. A. Garrison denies he *defaulted under the A. Garrison Nextgear Note* and pleads payment and without waiving same, pleads in the alternative accord and satisfaction and alternatively,

without waiving same pleads Plaintiff's failure to comply with a condition precedent.

42. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 42 of the Complaint because the term *declared* has not defined and is vague and general therefore must deny such. Further, A. Garrison denies the *occurrence and continuance of Events of Default* but in the unlikely event Plaintiff proves "occurrence and continuance of an event of default", that any such event of default caused no harm to Plaintiff that resulted in a quantifiable loss, additionally A. Garrison pleads payment and without waiving same, pleads in the alternative accord and satisfaction and alternatively, without waiving same pleads Plaintiff's failure to comply with a condition precedent.

43. A. Garrison denies *$76,029.59 is the amount due and owing under the A. Garrison Nextgear Note.* As alleged Further, A. Garrison pleads payment and without waiving same, pleads in the alternative accord and satisfaction and in the alternative, without waiving same pleads Plaintiff's failure to comply with a condition precedent.

44. A. Garrison denies he defaulted under the A. Garrison Nextgear, alternatively, and without waiving same, A. Garrison pleads that any such default caused no harm to Plaintiff that resulted in a quantifiable loss, alternatively without waiving same A. Garrison pleads Plaintiff contributed to any loss it claims it sustained as a result of its allegation that A. Garrison defaulted on the A. Garrison Nextgear Note and alternatively without waiving same A. Garrison pleads Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or acquiescence.

45. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, therefore, deny them.

46. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, therefore, deny them.

47. Defendants admit that the language Plaintiff referenced in Paragraph 47 of the Complaint appears in what Plaintiff defines as the *Funding Agreement* in Paragraph 45 of the Complaint but they are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint regarding the authenticity of what Plaintiff defines as the *Funding Agreement* or what LAA may or may not have *represented and warranted* and therefore must deny them.

48. Defendants admit that Exhibit J to the Complaint appears to be a funding agreement but Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint that the attachment marked as Exhibit J to the Complaint is a true and correct copy of any agreement between the entities it purports are parties to the document and therefore must deny such.

49. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and, therefore, deny them.

50. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and, therefore, deny them.

51. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and, therefore, deny them.

52. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and, therefore, deny them. Further,

M. Garrison denies Plaintiff's implication he is a party to any fraud as suggested by Plaintiff's description of a category of vehicles as the *NG Fraud Vehicles*.

53. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and, therefore, deny them.

54. Defendants deny the allegations in Paragraph 54 of the Complaint to the extent those allegations accuse Defendants of wrongdoing or actions that were the cause of financial harm to Plaintiff.

55. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and, therefore, deny them.

56. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and, therefore, deny them.

57. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and, therefore, deny them.

58. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and, therefore, deny them. Further, M. Garrison denies the implication he was involved in wrongdoing or actions that were the cause of financial harm to Plaintiff as suggested by Plaintiff's allegation that *months prior to the alleged auction date of August 14, 2019,* M. Garrison purchased the vehicle Plaintiff describes in Paragraph 58 of the Complaint.

59. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint regarding the purported sales price

as stated on the LAA invoice and deny Plaintiff's implication they are parties to any fraud as suggested by Plaintiff's description of a category of vehicles as the *NG Fraud Vehicles* and therefore deny such. Further, M. Garrison denies he *fabricated or inflated* the *purported sales price* and that he made any *false or fraudulent representation* which are *contrary to any representations and warranties in the M. Garrison Nextgear Note* he purportedly made, alternatively if M. Garrison made any representation or warranty that is found to be contrary to any representation or warranty he purportedly made in the *M. Garrison Nextgear Note,* M. Garrison pleads mistake and that such were not the cause of financial harm to Plaintiff.

60. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and, therefore, deny them.

61. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and, therefore, deny them.

62. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and, therefore, deny them.

63. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and, therefore, deny them.

64. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and, therefore, deny them.

65. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and, therefore, deny them as they relate to *Lisa Druien* or *LAA's regularly scheduled sales*. Further, M. Garrison denies Plaintiff's implication he is a  party to any fraud as suggested by Plaintiff's description of a category of

vehicles as the *NG Fraud Vehicles* and that he *facilitated the transfer of the NG Fraud Vehicles and completed the necessary paperwork on behalf of LAA to make it appear the NG Fraud Vehicles were sold at a public auction on a regularly scheduled auction day* as alleged by Plaintiff in Paragraph 65 of the Complaint.

66. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and, therefore, deny them.

67. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and, therefore, deny them.

68. M. Garrison denies Plaintiff's allegation in Paragraph 68 of the Complaint that he *colluded* with anyone or anything to *establish an artificial sales price for the purposes of obtaining financing from Nextgear at a premium for vehicles whose value was substantially less than the market value of the amount financed* as alleged by Plaintiff in Paragraph 68 of the Complaint.

69. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and, therefore, deny them.

70. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and, therefore, deny them as they relate to LAA or Lisa Druien.  Further, M. Garrison denies Plaintiff's implication he is a party to any fraud as suggested by Plaintiff's description of a category of vehicles as the *NG Fraud Vehicles* and he denies he was *aware the LAA invoices in Exhibit "K" that were provided to Nextgear contained false information with respect to the auction sale date and amount in order to*

*deceive Nextgear into believing the NG Fraud Vehicles were sold at a public auction at fair market value* as alleged by Plaintiff in Paragraph 70 of the Complaint.

71. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and, therefore, deny them as they relate to whether or not Nextgear would or would not *have provided financing to M. Garrison*, and that *the invoices and tickets associated with the NG Fraud Vehicles contained incorrect, false, or fictitious information pertaining to the sale date;* however, Defendants deny the implication they were a party to any fraud as suggested by Plaintiff's description of a category of vehicles as the *NG Fraud Vehicles.*

72. Defendants deny they *colluded* with LAA to conduct or did conduct *fraudulent sales of motor vehicles financed by Nextgear,* what amounts Nextgear did or did not tender to LAA for the vehicles Plaintiff identifies in the table contained in Paragraph 72 of the Complaint. Further, Defendants deny the implication they were parties to any fraud as suggested by Plaintiff's description of a category of vehicles as the *Insider Fraud Vehicles.*

73. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and, therefore, deny them.

74. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations that the *sales prices* of the vehicles identified in Paragraph 74 of the Complaint *were inflated beyond their fair market value based on their condition at the time of sale enabling M. Garrison and/or LAA to receive additional financing from Nextgear that they were otherwise not entitled to receive under the Note and/or Funding Agreement* and, therefore, deny them. Further, Defendants deny the implication they were parties to any fraud as suggested by Plaintiff's description of a category of vehicles as the *Insider Fraud Vehicles.*

75. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint and, therefore, deny them.

76. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and, therefore, deny them.

77. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and, therefore, deny them.

78. Defendants deny Austin Financial Services is an affiliated entity of Rock Hill Usedc Cars but are without sufficient information or knowledge sufficient at this time to form a belief as to the truth of who owned the vehicles identified in Paragraph 78 of the Complaint prior to their alleged sale at LAA and therefore deny them.

79. Defendants deny Plaintiff's allegations in Paragraph 79 of the Complaint that they *colluded* with anyone or anything *to sell* the vehicles [identified in Paragraph 79 of the Complaint] *outside the ordinary course of LAA's business with inflated sales prices.* Further, Defendants deny the implication they were parties to any fraud as suggested by Plaintiff's description of a category of vehicles as the *Insider Fraud Vehicles.*

80. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and, therefore, deny them regarding the *auction seller.* M. Garrison denies *the principal of Rock Hills Used Cars* is Michael Garret and that the name *Michael Garret* is a fictious name or pseudonym for himself and further denies he *was involved in orchestrating the fictitious and fraudulent sales of vehicles at LAA* as alleged by Plaintiff in Paragraph 80 of the Complaint.

81. Defendants are without information or knowledge sufficient at this time to form a belief

as to the truth of Plaintiff's allegations in Paragraph 81 of the Complaint and, therefore, deny them because the phrases *poor condition* and *run through the auction are* not defined and are vague and general. Further, Defendants deny the implication they were parties to any wrongdoing or act that caused Plaintiff financial harm as suggested by Plaintiff's descriptions of vehicle categories as the *NG Fraud Vehicles* and *Insider Fraud Vehicles.*

82. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 82 of the Complaint and, therefore, deny them. Further, Defendants deny the implication they were parties to any wrongdoing or act that caused Plaintiff financial harm as suggested by Plaintiff's descriptions of vehicle categories as the *NG Fraud Vehicles* and *Insider Fraud Vehicles.*

83. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 83 of the Complaint and, therefore, deny them regarding what LAA or Lisa Druien *were aware and had knowledge*. Further, Defendants deny the implication they were parties to any wrongdoing or act that caused Plaintiff financial harm as suggested by Plaintiff's descriptions of vehicle categories as the *NG Fraud Vehicles* and *Insider Fraud Vehicles.* Further M. Garrison denies he [was] aware or had knowledge regarding what Plaintiff's describe as *the poor condition of the NG Fraud Vehicles and Insider Fraud Vehicles prior to their purported "sales" at LAA*.

84. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 84 of the Complaint and, therefore, deny them regarding what LAA or Lisa Druien *knew*. Further, Defendants deny the implication they were parties to any wrongdoing or act that caused Plaintiff financial harm as suggested by Plaintiff's descriptions of vehicle categories as the *NG Fraud Vehicles* and *Insider Fraud Vehicles.*

Further, if Plaintiff proves *the odometer readings set forth in the Odometer Disclosure Statement invoices were incorrect at the time the invoices were generated and/or provided to Nextgear*, M. Garrison denies he *knew the odometer readings were incorrect at the time the invoices were generated and/or provided to Nextgear*

85. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 85 of the Complaint and, therefore, deny them. Further, Defendants deny the implication they were parties to any wrongdoing or act that caused Plaintiff financial harm as suggested by Plaintiff's descriptions of vehicle categories as the *NG Fraud Vehicles* and *Insider Fraud Vehicles.*

86. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 86 of the Complaint and, therefore, deny them regarding what LAA or Lisa Druien *knew.* Further, Defendants deny the implication they were parties to any wrongdoing or act that caused Plaintiff financial harm as suggested by Plaintiff's descriptions of vehicle categories as the *NG Fraud Vehicles* and *Insider Fraud Vehicles.* Further, if Plaintiff proves the vehicles Plaintiff identifies as the *NG Fraud Vehicles* and *Insider Fraud Vehicles* were sold at a ***non-public auction*** *and outside the ordinary course of business* as alleged by Plaintiff, M. Garrison denies he had such knowledge and that he attempted to, or was able to *manipulate the sales prices of such vehicles.*

87. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 87 of the Complaint and, therefore, deny them regarding what LAA or Lisa Druien *knew.* Further, Defendants deny the implication they were parties to any wrongdoing or act that caused Plaintiff financial harm as suggested by Plaintiff's descriptions of vehicle categories as the *NG Fraud Vehicles* and *Insider Fraud Vehicles.*

Further, if Plaintiff proves the vehicles Plaintiff identifies as the *NG Fraud Vehicles* and *Insider Fraud Vehicles* sales prices were *manipulated or artificially inflated*, M. Garrison denies he had such knowledge and that he attempted to, or was able to *manipulate or artificially inflate the sales prices of such vehicles.*

88. Defendants deny Plaintiff's allegations in Paragraph 88 of the Complaint and, therefore, deny them.

89. Paragraph 89 of the Complaint sets forth no allegations to which no response is required. To the extent any response is required.

90. M. Garrison admits on or about September 3, 2013, AFC he entered into a Demand Promissory Note and Security Agreement as alleged by Plaintiff in Paragraph 90 of the Complaint.


91. M. Garrison admits Exhibit L to the Complaint is a true and correct copy of the AFC Note, including any applicable amendments, term sheets, and U.S. Aggregate Advance Limit Amendments described in Paragraph 90 of the Complaint.

92. M. Garrison admits the agreement described in Paragraph 90 of the Complaint provides that *any disputes arising therefrom are governed by the laws of the State of Indiana.*

93. M. Garrison admits Paragraph 93 of the Complaint accurately describes his financial obligations under the agreement described in Paragraph 90 of the Complaint, but denies he violated any such obligation, and without waiving same, alternatively if Plaintiff proves M. Garrison did violate any financial obligation under the agreement M. Garrison pleads absence of a condition

precedent and, that any such breach (which M. Garrison denies) caused harm to Plaintiff that resulted in a quantifiable loss.

94. Paragraph 94 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint and, therefore, deny them.

95. M. Garrison admits Plaintiff's allegations contain in Paragraph 95 of the Complaint.

96. M. Garrison denies he *has wholly failed to comply with his individual obligations to AFC pursuant to the AFC Guaranty* as alleged by Plaintiff in Paragraph 96 of the Complaint.

97. M. Garrison, admits *AFC advanced funds to M. Garrison and to certain third parties on M. Garrison's behalf in order to finance motor vehicle inventory as Collateral pursuant to the terms of the AFC Note* but is without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 97 of the Complaint regarding *third parties* because the phrase *third parties* is not defined and is vague and general.

98. M. Garrison denies the funds advanced to him by AFC were not repaid and pleads that all such funds have been repaid and without waiving same, pleads in the alternative accord and satisfaction and in the alternative, without waiving same pleads Plaintiff's failure to comply with a condition precedent.

99.   Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 99 of the Complaint and, therefore, deny them.

100.M. Garrison denies he *defaulted under the AFC Note by, inter alia, failing to make payments of the principal and/or interest due thereunder* pleads that all such payments have been made and without waiving same, pleads in the alternative accord and satisfaction and in the alternative, without waiving same pleads Plaintiff's failure to comply with a condition precedent.

101. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 101 of the Complaint and, therefore, deny them. Further, M. Garrison denies he *sold at least one (l) of the AFC Vehicles to third parties without timely remitting to AFC the sales proceeds as required* and pleads that all such sales proceeds have been remitted to AFC and without waiving same, pleads in the alternative accord and satisfaction and in the alternative, without waiving same pleads Plaintiff's failure to comply with a condition precedent.

102. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 101 of the Complaint and, therefore, deny them. Further, M. Garrison denies he *sold out of trust* the vehicle Plaintiff identifies in Paragraph 102 of the Complaint.

103. Paragraph 103 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, M. Garrison denies he *disposed of the proceeds from the*

*sale of the AFC SOT Vehicle in direct contravention to AFC's perfected, first-priority security interest in those proceeds* as alleged by Plaintiff in Paragraph 103 of the Complaint.

104. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 104 of the Complaint and, therefore, deny them.

105.    Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 105 of the Complaint and, therefore, deny them.

106. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 106 of the Complaint and, therefore, deny them.

107. Paragraph 107 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 107 of the Complaint and, therefore, deny them.; however, M. Garrison denies he *owes $441,171.79 under the AFC Note* and pleads payment, and without waiving same, pleads in the alternative accord and satisfaction and in the alternative, without waiving same pleads Plaintiff's failure to comply with a condition precedent.

108. Paragraph 108 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, M. Garrison denies he defaulted on the AFC Note and without waiving same, pleads Plaintiff's failure to comply with a condition precedent and if Plaintiff is able to prove a default which M. Garrison denies, that any such default caused harm to

Plaintiff that resulted in a quantifiable loss or for which AFC is *entitled attorney's fees and costs of court* from M. Garrison.

109. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 109 of the Complaint and, therefore, deny them.

110. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 110 of the Complaint and, therefore, deny them.

111. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 111 of the Complaint and, therefore, deny them.

112. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 112 of the Complaint and, therefore, deny them.

113. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 113 of the Complaint and, therefore, deny them.

114. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 114 of the Complaint and, therefore, deny them regarding whether or not Exhibit S to the Complaint are *true and correct copies of the certificates of title reflecting the reassignment and sale of the AFC Vehicles* and can therefore

neither admit nor deny that Rock Hill Used Cars is identified as the buyer of the vehicles described.

115. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 115 of the Complaint and, therefore, deny them.

116. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 116 of the Complaint and, therefore, deny them.

117. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 117 of the Complaint and, therefore, deny them.

118. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 118 of the Complaint and, therefore, deny them.

119. Paragraph 119 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 119 of the Complaint and, therefore, deny them.

120. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 120 of the Complaint and, therefore, deny them.

121. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 121 of the Complaint and, therefore, deny them..

122. Paragraph 122 of the Complaint sets forth allegations to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 122 of the Complaint and, therefore, deny them.

123. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 123 of the Complaint and, therefore, deny them. Further, M. Garrison denies the implication he was involved in wrongdoing or actions that were the cause of financial harm to Plaintiff as suggested by Plaintiff's allegation *the [purported] reassignment of title reflected a purchase of the vehicle by M. Garrison months prior to the alleged auction date of September 25,2019.*

124. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint and, therefore, deny them as they relate to *Lisa Druien* or *LAA.* Further, M. Garrison denies he fabricated and inflated the purported sales prices on the LAA invoices as alleged by Plaintiff in Paragraph 124 of the Complaint.

125. Paragraph 125 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 125 of the Complaint and, therefore, deny them regarding LAA and/or Lisa Druien; however, M. Garrison admits *"none of the LAA invoices are signed by Rock Hill Used Cars".*

126. Paragraph 126 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 126 of the Complaint and, therefore, deny them regarding *LAA's representations and warranties*; however, M. Garrison denies he made *false and fraudulent representations* but if Plaintiff is able to prove M. Garrison made such a misrepresentation, which M. Garrison denies, that any such misrepresentation caused harm to Plaintiff that resulted in a quantifiable loss.

127. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 127 of the Complaint and, therefore, deny them as they relate to *Lisa Druien* or *LAA*.

128. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 128 of the Complaint and, therefore, deny them as they relate to *Lisa Druien*.

129. Paragraph 129 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 129 of the Complaint and, therefore, deny them as they relate to *Lisa Druien*.

130. M. Garrison denies he ***regularly communicated with Lisa Druien*** *to facilitate the transfer of the AFC Vehicles and completed the necessary paperwork on behalf of LAA to make it appear the AFC Vehicles were sold at a public auction on a regularly scheduled auction day* to the extent Plaintiff's allegations imply he was involved in wrongdoing or actions that were the cause

of financial harm to Plaintiff as suggested by Plaintiff's allegations in Paragraph 130 of the Complaint.

131. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 131 of the Complaint and, therefore, deny them as they relate to *Lisa Druien*.

132. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint and, therefore, deny them as they relate to *Lisa Druien*.

133. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 133 of the Complaint and, therefore, deny them as they relate to *Lisa Druien and perhaps others.* Further, M. Garrison denies he *colluded* with anyone or anything *to establish an artificial sales price for the purposes of obtaining financing from AFC at a premium for vehicles whose value was substantially less than the market value of the amount financed.*

134. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 134 of the Complaint and, therefore, deny them as they relate to *LAA* or *Lisa Druien.*

135. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 135 of the Complaint and, therefore, deny them as they relate to *LAA* or *Lisa Druien*. Further, M. Garrison denies the allegations in Paragraph 135 of the Complaint as they relate to him.

136. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 136 of the Complaint and, therefore, deny them.

137. Paragraph 137 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 137 of the Complaint and, therefore, deny them as they relate to *LAA* and *Lisa Druien* and are without information or knowledge sufficient at this time to form a belief as to the truth of Plaintiff's allegations in Paragraph 137 of the Complaint and, therefore, deny them regarding *the existence of additional indicia of fraudulent conduct* by LAA or Lisa Druien because the phrase *fraudulent conduct* is not defined and is vague and general. Further, M. Garrison denies his conduct was fraudulent or that his conduct *ultimately resulted in the inflated sales price listed on the Exhibit "R" auction invoices* as Plaintiff alleges in Paragraph 137 of the Complaint.

138. Paragraph 138 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 138 of the Complaint and, therefore, deny them.

139. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 139 of the Complaint and, therefore, deny them.

140. Paragraph 140 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint and, therefore, deny them.

141. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 141 of the Complaint and, therefore, deny them. however, if Plaintiff proves M. Garrison *received additional financing* from Nextgear to which he was *not entitled*, M. Garrison denies he was involved in wrongdoing or actions that were the cause of such *additional financing.*

142. Defendants admit Plaintiff's allegation in Paragraph 142. of the Complaint.

143. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint and, therefore, deny them as they relate to *Lisa Druien.* Further, Defendants deny the allegations in Paragraph 143 of the Complaint as they relate to themselves.

144. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 144 of the Complaint and, therefore, deny them as they relate to *Michael Lawson.* Further, Garrison denies Michael Lawson is a *pseudonym or fictious name* for M. Garrison and further denies he *was involved in orchestrating the fictitious and fraudulent sales of any vehicles at LAA.*

145. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 145 of the Complaint and, therefore, deny them.

146. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 146 of the Complaint and, therefore, deny them.

147. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint and, therefore, deny them as they relate to *LAA* and *Lisa Druien.* Further, M. Garrison denies Plaintiff's allegations in Paragraph 147

of the Complaint as they relate to him to the extent those allegations imply he was engaged in wrongdoing or actions that were the cause of financial harm to Plaintiff.

148. . Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 148 of the Complaint and, therefore, deny them as they relate to *LAA* and *Lisa Druien.* Further, M. Garrison denies Plaintiff's allegations in Paragraph 148 of the Complaint as they relate to him to the extent those allegations accuse him of committing a crime and/or engaging in wrongdoing or actions that were the cause of financial harm to Plaintiff.

149. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 149 of the Complaint and, therefore, deny them.

150. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 150 of the Complaint and, therefore, deny them as they relate to *LAA* and *Lisa Druien.* Further, M. Garrison denies Plaintiff's allegations in Paragraph 148 of the Complaint as they relate to him to the extent those allegations accuse him of committing a crime and/or engaging in wrongdoing or actions that were the cause of financial harm to Plaintiff.

151. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 151 of the Complaint and, therefore, deny them as they relate to *LAA* and *Lisa Druien.* Further, M. Garrison denies Plaintiff's allegations in Paragraph 151 of the Complaint as they relate to him to the extent those allegations accuse him of committing a crime and/or engaging in wrongdoing or actions that were the cause of financial harm to Plaintiff.

152. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 152 of the Complaint and, therefore, deny them as they

relate to *LAA* and *Lisa Druien.* Further, M. Garrison denies Plaintiff's allegations in Paragraph 152 of the Complaint as they relate to him and were the cause of financial harm to Plaintiff.

153. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 153 of the Complaint and, therefore, deny them as they relate to *Lisa Druien and perhaps others.* Further, M. Garrison denies he *intentionally and knowingly colluded* with anyone or anything *to improperly inflate the value and sales prices of the AFC Vehicles in order to obtain additional financing from AFC.*

154. Defendants deny Plaintiff's allegation in Paragraph 154 of the Complaint that *all conditions precedent to this action were satisfied, waived or occurred.*

155. Defendants admit Plaintiff's allegations in Paragraph 155 of the Complaint.

156. Defendants deny Plaintiff's allegations in Paragraph 156 of the Complaint to the extent that the allegations imply Defendants *agreed to pay costs, expenses, reasonable attorney's fees and legal expenses* incurred in connection with any unnecessary or moot legal action.

157. Paragraph 157 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 157 of the Complaint and, therefore, deny them as they relate to Plaintiffs retaining *the law firm of Padfield & Stout, LLP, to enforce the Plaintiffs' rights and remedies under the Notes and Guaranties* but deny they are liable for such services.

158. Paragraph 158 of the Complaint sets forth no allegations to which response is required.

159. Paragraph 159 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant M. Garrison denies Plaintiff's allegations in Paragraph 159 of the Complaint and as a defense pleads payment, accord and satisfaction, mistake, waiver, estoppel, Plaintiff's failure to satisfy a condition precedent and failure to mitigate its damages.

160.  Paragraph 160 of the Complaint sets forth no allegations to which response is required.

161. Paragraph 161 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant A. Garrison denies Plaintiff's allegations in Paragraph 161 of the Complaint and as a defense pleads payment, accord and satisfaction, mistake, waiver, estoppel, Plaintiff's failure to satisfy a condition precedent and failure to mitigate its damages.

162. Paragraph 162 of the Complaint sets forth no allegations to which response is required.

163. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 163 of the Complaint and, therefore, deny them.

164. Paragraph 164 of the Complaint sets forth no allegations to which response is required.

165. Paragraph 165 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant M. Garrison denies Plaintiff's allegations in Paragraph 165 of the Complaint and as a defense pleads payment, accord and satisfaction, mistake, waiver, estoppel, Plaintiff's failure to satisfy a condition precedent and failure to mitigate its damages.

166. Paragraph 166 of the Complaint sets forth no allegations to which response is required.

167. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 167 of the Complaint and, therefore, deny them.

168. Paragraph 168 of the Complaint sets forth no allegations to which response is required.

169. Paragraph 169 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant M. Garrison denies Plaintiff's allegations in Paragraph 169 of the Complaint.

170. Paragraph 170 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant M. Garrison denies Plaintiff's allegations in Paragraph 170 of the Complaint.

171. Paragraph 171 of the Complaint sets forth no allegations to which response is required.

172. Paragraph 171 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant M. Garrison denies Plaintiff's allegations in Paragraph 171 of the Complaint.

173. Paragraph 173 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendant M. Garrison denies Plaintiff's allegations in Paragraph 173 of the Complaint.

174. Paragraph 174 of the Complaint sets forth no allegations to which response is required.

175. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 175 of the Complaint and, therefore, deny them.

176. Paragraph 176 of the Complaint sets forth no allegations to which response is required.

177. Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 177 of the Complaint and, therefore, deny them.

178. Paragraph 178 of the Complaint sets forth no allegations to which response is required.

179. Paragraph 179 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 179 of the Complaint and, therefore, deny them as Plaintiff has not defined the phrase "members of a combination of two or more parties" which is vague and general.

180. Defendants deny Plaintiff's allegations in Paragraph 180 of the Complaint.

181. M. Garrison denies Plaintiff's allegations in Paragraph 181 of the Complaint as they relate to Plaintiff's implication M. Garrison engaged in illegal conduct or any wrongdoing which caused Plaintiff financial damage.

182. Paragraph 182 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 182 of the Complaint and, therefore, deny them as they relate to *LAA* and/or *Lisa Druien*; however, M. Garrison denies he *committed unlawful or overt acts to further* any *object or course of action.*

183.  Defendants deny Plaintiff's allegations in Paragraph 183 of the Complaint.

184. Paragraph 184 of the Complaint sets forth no allegations to which response is required.

185. Paragraph 185 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient

at this time to form a belief as to the truth of the allegations in Paragraph 185 of the Complaint and, therefore, deny them as Plaintiff has not defined the phrase "members of a combination of two or more parties" which is vague and general.

186. Defendants deny Plaintiff's allegations in Paragraph 186 of the Complaint.

187. M. Garrison denies Plaintiff's allegations in Paragraph 187 of the Complaint as they relate to Plaintiff's implication M. Garrison engaged in illegal conduct or any wrongdoing which caused Plaintiff financial damage.

188. Paragraph 188 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 188 of the Complaint and, therefore, deny them. as they relate to *LAA* and/or *Lisa Druien*; however, M. Garrison denies he *committed unlawful or overt acts to further* any *object or course of action*.

189. Defendants deny Plaintiff's allegations in Paragraph 189 of the Complaint.

190. Paragraph 190 of the Complaint sets forth no allegations to which response is required.

191. Paragraph 191 of the Complaint sets forth legal conclusions to which no response is required. To the extent any response is required, Defendants are without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in Paragraph 188 of the Complaint and, therefore, deny them as they relate to *LAA* and/or *Lisa Druien*; however, M. Garrison denies he *perpetrated a fraud upon and acted with malice with respect to Plaintiffs or* that he *with the intent to defraud or harm Plaintiffs, engaged in an outrageous course of conduct.*

II.     **By way of further answer and defense, if such be necessary, and without waiving the specific**

denials above, Defendants asserts the following affirmative defenses in connection with and based upon Plaintiffs' causes of action, as worded and to the extent asserted in the Complaint:

   A. Defendants plead Plaintiffs' own acts or omissions caused or contributed to its damages, if any;

   B. Defendants plead the asserted claim is barred, in whole or in part, by the failure to satisfy a condition precedent;

   C. Defendants plead payment;

   D. Defendants plead accord and satisfaction;

   E. Defendants plead Austin Michael Garrison has been named as a defendant in the wrong capacity when Plaintiffs refer to him as "Mike Garrison".

III.   **Defendants also plead that the Complaint must be stated in plain and concise language and must be sufficient to give fair notice of a claim.** It is not required that a party describe in detail all of its evidence in its pleading; however; without at least a limited degree of specificity or particularity of the party's claims, the opposing party is deprived of " fair notice" of the nature and basic issues of the controversy or claim, and what evidence and testimony will be relevant in order to allow the other party to adequately prepare a defense. Defendants are permitted special exceptions when a pleading deprives a party of notice of an adversary's claim and the relief sought. The party who wishes to challenge the ambiguity of a pleading must point out with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency of the allegations to which the exception relates. Defendants specially excepts to the Complaint, as Plaintiffs make vague, general statements which are wholly deficient in that it fails to define words and phrases detail described *supra.*

Nextgear Capital, Inc. And Automotive Finance Complaint on September 21, 2020 via email to

their attorneys of record:


Alan B. Padfield                        Christopher V. Arisco
State Bar I.D.# 00784712                State Bar I.D. # 24064830
abp@padfieldstout.com                   carisco@padfieldstout.com


Signature                               Signature

## IV.   PRAYER FOR RELIEF

Having fully answered Plaintiffs' Complaint Defendants pray for judgment from this Court as follows:

A.  Dismissal of Plaintiffs' claims with prejudice and

B.  For Plaintiffs to take nothing based on their Complaint;

C.  Awarding Defendants their attorney fees, costs, and disbursements;

D.  Granting all other relief that this Court finds just or equitable.

Respectfully Submitted:

Michael Vernon Garrison individually and
d/b/a Rock Hill Used Cars
549 i-30 E.
Sulphur Springs, Texas 75482

Pro Se Defendant

Austin Michael Garrison individually and
d/b/a Austin Financial Services
4658 I30 E.
Sulphur Springs, Texas 75482

Pro Se Defendant

### CERTIFICATE OF SERVICE

The following certify that a copy of Defendants Michael Vernon Garrison D/B/A Rock Hill Used

Cars and Austin Michael Garrison D/B/A Austin Financial Services Original Answer To Plaintiffs