**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(FORT WORTH DIVISION)**

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND AUSTIN MICHAEL GARRISON A/K/A MIKE GARRISON D/B/A AUSTIN FINANCIAL SERVICES, <br><br> Defendants. | Civil Action No. 4:20-CV-959-BJ |

---

**REVISED JOINT SCHEDULING REPORT**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, NextGear Capital, Inc. ("NextGear") and Automotive Finance Corporation ("AFC") and collectively "Plaintiffs," and Defendants, Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction, Lisa Druien, Michael Vernon Garrison d/b/a Rock Hill Used Cars ("M. Garrison"), and Austin Michael Garrison a/k/a Mike Garrison d/b/a Austin Financial Services ("A. Garrison") (collectively, the "Parties"), hereby jointly file this Revised Joint Scheduling Report pursuant to Federal Rule of Civil Procedure 26(f), Federal Rule of Civil Procedure 16.1 and the Local Rules of the United States District for the Northern District of Texas, and the order of this Honorable Court entered on October 28, 2020 [Doc. # 18].

Counsel for Plaintiffs, Christopher Arisco, counsel for Druien, Inc. and Lisa Druien, Joseph Vacek, and *pro se* defendants M. Garrison and A. Garrison conducted a face-to-face conference on October 23, 2020. Subsequent to the submission of the initial Joint Status Report [Doc. # 16], the Parties conferred via e-mail with respect to this Revised Joint Status Report.  Revisions were specifically made to paragraphs (**8), (12), (13), and (19**).   The Parties added an additional paragraph in paragraph (**20**) to address whether an electronic courtroom is requested.  Although this revised report was circulated to the *pro se* defendants M. Garrison and A. Garrison and counsel for Plaintiffs spoke with A. Garrison by phone on November 13, 2020, requesting a signed copy of the revised report, counsel for Plaintiffs did not receive a signed copy back from the defendants.

**(1) A brief statement of the claims and defenses of the parties.**

**Plaintiff's statement of the nature of the case is as follows:**

(a) Claims made by NextGear against defendant M. Garrison d/b/a Rock Hill Used Cars

M. Garrison and NextGear entered into a floor plan financing agreement on May 6, 2015, whereby NextGear made advances to or on behalf of M. Garrison, enabling M. Garrison to acquire and purchase motor vehicle inventory for his retail motor vehicle dealership.  Per the floor plan agreement, M. Garrison granted to NextGear a first priority, perfected security interest in all motor vehicle inventory he acquired using NextGear advances.  M. Garrison committed an unexcused breach and default of the floor plan agreement by: (1) M. Garrison's failure to timely repay NextGear as agreed with respect to fifty-five (55) vehicles financed under the agreement, (2) selling five (5) NextGear units out of trust and failing to remit the sales proceeds to NextGear as required by paragraph 4(f) of the agreement; and (3) misrepresenting the status, timing, and/or condition of vehicles purchased by M. Garrison from Druien, Inc. d/b/a Lawton Auto Auction. NextGear suffered damages in the amount of **$936,999.94**, after consideration of all lawful

payments, offsets, and credits, as a result of M. Garrison's breach of contract. NextGear also seeks the recovery of its reasonable and necessary attorneys' fees as permitted by the applicable fee shifting statute under Texas law for breach of contract claims.

Further, NextGear suffered damages associated with M. Garrison's unlawful conversion of two (2) Unrecovered SOT Vehicles (as defined in the First Amended Complaint) sold out of trust, whereby such damages are equal to the fair market value of such NextGear vehicles at the time and place of conversion and are in the amount of **$52,138.81**.

Moreover, NextGear alleges M. Garrison knowingly and unlawfully conspired with Druien, Inc. d/b/a Lawton Auto Auction and Lisa Druien to artificially inflate the sales prices of the NG Fraud Vehicles (as defined in NextGear's First Amended Complaint) in order to obtain financing in excess of the true value of such NG Fraud Vehicles. As a result of such unlawful conspiracy, NextGear has suffered damages in the amount of **$650,279.48**, which corresponds to the payoff for the NG Fraud Vehicles and Insider Fraud Vehicles (as defined in the First Amended Complaint) less net sales proceeds of the aforementioned vehicles.

(b) Claims made by NextGear against defendant A. Garrison d/b/a Austin Financial Services

A. Garrison and NextGear entered into a floor plan financing agreement on March 25, 2016, whereby NextGear made advances to or on behalf of A. Garrison, enabling A. Garrison to acquire and purchase motor vehicle inventory for his retail motor vehicle dealership. Per the floor plan agreement, A. Garrison granted to NextGear a first priority, perfected security interest in all motor vehicle inventory he acquired using NextGear advances. A. Garrison's committed an unexcused breach and default of the floor plan agreement by: (1) A. Garrison's failure to timely repay NextGear as agreed with respect to three (3) vehicles financed under the agreement. NextGear suffered damages in the amount of **$76,029.59** as a result of A. Garrison's breach of

contract.  NextGear also seeks the recovery of its reasonable and necessary attorneys' fees as permitted by the applicable fee shifting statute under Texas law for breach of contract claims.

(c) Claims made by NextGear against defendants Druien, Inc. and Lisa Druien

Druien, Inc. d/b/a Lawton Auto Auction ("LAA") entered into a Universal Funding Agreement (the "Funding Agreement") with NextGear dated September 27, 2010, which required all vehicles that were purchased by NextGear advances at LAA be the subject of an "across the block" sale at one of LAA's regularly scheduled sales, with such sale to be conducted by LAA in the ordinary course of business.  The Funding Agreement further required the bills of sale reflecting the auction sale of such vehicles accurately reflect the sales information, including but not limited to the sale date of the subject vehicle.  LAA breached its obligations in the Funding Agreement to conduct auction sales of NextGear financed vehicles sold at auction by failing to run such vehicles through an "across the block," live, public auction, misrepresented the sale date on bills of sale and/or certificates of title, and inflating the sales price of the sale of such vehicles. LAA, Lisa Druien, and M. Garrison colluded with one another to establish artificial sales prices for the NG Fraud Vehicles and NG Insider Vehicles that were above the actual fair market value of such vehicles had they been run through an "across the block" transaction at a live, competitive public auction.  As a result, NextGear relied upon the fraudulent bills of sale generated by LAA and/or Lisa Druien when advancing money on behalf of M. Garrison to acquire motor vehicle inventory.  Moreover, there were irregularities in the sale of the seventeen (17) Insider Fraud Vehicles, which show in certain cases LAA was the named *seller* of the vehicle, M. Garrison was named as both buyer and seller of at least one NG Insider Vehicle at the LAA, sellers were identified on bills of sale that did not have a General Distinguishing Number and were not authorized to sell vehicles at the LAA, modified vehicles' odometers, and further facilitated the

sale of vehicles by and between M. Garrison and A. Garrison at artificial prices.  Although having knowledge of all these facts, neither LAA nor Lisa Druien disclosed such information to NextGear.

As a result of LAA's failure to comply with the requirements of the Funding Agreement and sell the NG Fraud Vehicles and NG Insider Vehicles in "across the block" transactions in the ordinary course of LAA's business, LAA breached the Funding Agreement.  As a proximate and direct result of LAA's breach of the Funding Agreement, NextGear suffered damages.  NextGear also seeks the recovery of its reasonable and necessary attorneys' fees as permitted by the applicable fee shifting statute under Texas law for breach of contract claims.

Moreover, LAA's and Lisa Druien's conduct constitutes fraud, as both LAA and Lisa Druien knowingly participated in a scheme designed to artificially inflate the sale prices of the NG Fraud Vehicles and/or Insider Fraud Vehicles sold at LAA, made misrepresentations and omissions of fact to NextGear concerning the value, status auction sales process and conditions of the NG Fraud Vehicles and Insider Fraud Vehicles, and intentionally withheld information from NextGear that the NG Fraud Vehicles and NG Insider Vehicles were not sold "across the block" at a competitive, public auction.  When LAA and Lisa Druien made these misrepresentations or omissions to NextGear, LAA and/or Lisa Druien knew they were false or made such assertions recklessly, as a positive assertion, and without knowledge of their truth.  Defendants LAA and Lisa Druien further made such representations and omissions with the intent that NextGear act upon them and advance money for purposes of financing the NG Fraud Vehicles and/or Insider Fraud Vehicles.  NextGear relied on those representations and/or omissions and suffered economic injury in the amount of at least **$650,279.48** as a result, which corresponds to the payoff of the NG Fraud Vehicles and Insider Fraud Vehicles of $836,471.21 less the net sales proceeds of $186,191.73 from the sale of the NG Sold Vehicles that were only acquired from LAA.

(d) <u>Claims made by AFC against defendant M. Garrison d/b/a Rock Hill Used Cars</u>

M. Garrison and AFC entered into a floor plan financing agreement on September 3, 2013, whereby AFC made advances to or on behalf of M. Garrison, enabling M. Garrison to acquire and purchase motor vehicle inventory for his retail motor vehicle dealership.  Per the floor plan agreement, M. Garrison granted to AFC a first priority, perfected security interest in all motor vehicle inventory he acquired using AFC advances.  M. Garrison committed an unexcused breach and default of the floor plan agreement by: (1) M. Garrison's failure to timely repay AFC as agreed with respect to twenty-eight (28) vehicles financed under the agreement, (2) selling one of the AFC units out of trust and failing to remit the sales proceeds to AFC as required by the floorplan agreement; and (3) misrepresenting the status, timing, and/or condition of vehicles purchased by M. Garrison from Druien, Inc. d/b/a Lawton Auto Auction.  AFC has suffered damages in the amount of **$392,994.79**, after consideration of all lawful payments, offsets, and credits, as a result of M. Garrison's breach of contract.  AFC also seeks the recovery of its reasonable and necessary attorneys' fees as permitted by the applicable fee shifting statute under Texas law for breach of contract claims.

Further, AFC suffered damages associated with M. Garrison's unlawful conversion of the AFC SOT Vehicle (as defined in the First Amended Complaint) that was sold out of trust, whereby such damages are equal to the fair market value of such AFC SOT Vehicle at the time and place of conversion in the amount of **$28,304.42**.

Moreover, AFC alleges M. Garrison knowingly and unlawfully conspired with Druien, Inc. d/b/a Lawton Auto Auction and Lisa Druien to artificially inflate the sales prices of the AFC Vehicles (as defined in AFC's First Amended Complaint) in order to obtain financing in excess of the true value of such AFC Vehicles.  As a result of such unlawful conspiracy, AFC has suffered

damages in the amount of **$392,994.79**, which corresponds to the payoff for the AFC Vehicles less net sales proceeds of AFC Sold Vehicles (as defined in AFC's First Amended Complaint).

(e)  Claims made by AFC against defendants Druien, Inc. and Lisa Druien

LAA entered into a Auction Servicing Agreement dated December 17, 2013 (the "Auction Agreement") with AFC, which required all documentation sent to AFC generated by LAA be "accurate and complete" in all respects.  LAA breached its obligations in the Auction Agreement to conduct auction sales of AFC financed vehicles sold at auction by failing to run such vehicles through an "across the block," live, public auction, misrepresented the sale date on bills of sale and/or certificates of title, and inflating the sales price of the sale of such vehicles.  For most of the AFC Vehicles, the title reassignment date on the back of the AFC Vehicles' respective certificates of title reveals that the AFC Vehicles were actually sold to M. Garrison days, and in some cases months, prior to their stated sale date on the LAA invoices.  In other cases, LAA was identified as the *seller* of the AFC Vehicle, which is outside the ordinary course of business for a public auction.  LAA, Lisa Druien, and M. Garrison colluded with one another to establish artificial sales prices for the AFC Vehicles that were above the actual fair market value of such vehicles had they been run through an "across the block" transaction at a live, competitive public auction.  LAA permitted M. Garrison and A. Garrison, who LAA knew were affiliated entities, to purchase and sell AFC Vehicles amongst each other at inflated sales prices.  As a result, AFC relied upon the fraudulent bills of sale generated by LAA and/or Lisa Druien when advancing money on behalf of M. Garrison to acquire motor vehicle inventory.  Although having knowledge of all these facts, neither LAA nor Lisa Druien disclosed such information to AFC.

As a result of LAA's failure to comply with the requirements of the Auction Agreement and sell the AFC Vehicles in "across the block" transactions in the ordinary course of LAA's

business, LAA breached the Auction Agreement.  As a proximate and direct result of LAA's breach of the Auction Agreement, AFC suffered damages in the amount of **$392,994.79**.  AFC also seeks the recovery of its reasonable and necessary attorneys' fees as permitted by the applicable fee shifting statute under Texas law for breach of contract claims.

Moreover, LAA's and Lisa Druien's conduct constitutes fraud, as both LAA and Lisa Druien knowingly participated in a scheme designed to artificially inflate the sale prices of the AFC Vehicles sold at LAA, made misrepresentations and omissions of fact to AFC concerning the value, status auction sales process and conditions of the AFC Vehicles, and intentionally withheld information from NextGear that the AFC Vehicles were not sold "across the block" at a competitive, public auction.  When LAA and Lisa Druien made these misrepresentations or omissions to AFC, LAA and/or Lisa Druien knew they were false or made such assertions recklessly, as a positive assertion, and without knowledge of their truth.  Defendants LAA and Lisa Druien further made such representations and omissions with the intent that AFC act upon them and advance money for purposes of financing the AFC Vehicles.  AFC relied on those representations and/or omissions and suffered economic injury in the amount of at least **$392,994.79** as a result, which corresponds to the payoff of the AFC Vehicles less the net sales proceeds from the sale of the AFC Sold Vehicles.

(f)  <u>Claims made by Plaintiffs against all Defendants for Conspiracy to Commit Fraud</u>

LAA, Lisa Druien, and M. Garrison knowingly participated in a scheme designed to artificially inflate the sale prices of the NG Fraud Vehicles, NG Insider Vehicles, and AFC Vehicles sold at LAA, made misrepresentations and omissions of fact to NextGear and AFC concerning the value, status auction sales process and conditions of the NG Fraud Vehicles, Insider Fraud Vehicles, and AFC Vehicles, and intentionally withheld information from NextGear and

AFC that such vehicles were not sold "across the block" at a competitive, public auction. Accordingly, Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or, alternatively, a lawful purpose by unlawful means. LAA, Lisa Druien, and M. Garrison all had a meeting of minds on the object or course of action to defraud NextGear and AFC, and LAA, Lisa Druien, and M. Garrison committed unlawful, overt acts to further the object or course of action.  As a result of the acts and/or omissions of LAA, Lisa Druien, and M. Garrison, NextGear suffered economic damages in the amount of at least **$650,279.48**, and AFC suffered economic damages in the amount of at least **$392,994.79**.

       (g) <u>Claims made by Plaintiffs against all Defendants for exemplary damages</u>

       If Plaintiffs are successful in their suit for fraud against LAA, Lisa Druien and/or M. Garrison, Plaintiffs seek recovery of exemplary damages as permitted under Section 41.003(a)(1) of the Texas Civil Practices & Remedies Code.  Defendant acted with the intent to defraud or harm Plaintiffs, and engaged in an outrageous course of conduct that justifies exemplary damages in this case.

**Defendants' statement of the nature of the case is as follows**:

       (a)     Defendants, Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction, and Lisa Druien deny the claims and allegations made by Plaintiffs. Defendants assert all transactions complained were completed in the ordinary regular course of business. Therefore, defendants have not and did not breach any Agreement with Plaintiffs. Further, defendants deny any conspiracy to commit fraud. Plaintiffs are not entitled to any recovery from defendants as plead above.

       **(2) A proposed time limit to file motions for leave to join other parties.**

The proposed deadline by the Parties to file motions for leave to join other parties is: **March 1, 2021**

**(3) A proposed time limit to amend the pleadings.**

The proposed deadline by the Parties to amend pleadings is: **March 1, 2021**

**(4) Proposed time limits to file various types of motions, including dispositive motions, except dispositive motion deadline cannot be less than 90 days prior to trial)**

The proposed deadline by the Parties to file dispositive motions: **June 15, 2021**

The proposed deadline by the Parties to file pre-trial motions (i.e., motions in limine): **August 18, 2021**

**(5) A proposed time limit for initial designation of experts.**

The party who bears the burden of their claims and causes of action shall designate expert witnesses and provide expert witness summaries and reports as required by Federal Rule of Civil Procedure 26(a)(2) by: **April 15, 2021**

**(6) A proposed time limit for responsive designation of experts.**

The Parties propose the deadline to serve rebuttal expert witness designations and deadline to serve rebuttal expert witness summaries and reports as required by Federal Rule of Civil Procedure 26(a)(2) by: **May 14, 2021**

**(7) Proposed time limit for objections to expert designations.**

The proposed deadline by the Parties to object to expert designations or file *Daubert* motions: **August 2, 2021**

**(8) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

The subjects on which discovery may be needed pertains to facts associated with contract documents between Plaintiffs and Defendants, bills of sale and title documents associated with vehicles run through LAA and/or financed or purchase by M. Garrison and/or A. Garrison, pictures or video of vehicles being run through LAA, LAA internal documents, spreadsheets, e-mails, and other electronic documents regarding auction scheduling and logistics at LAA, dealer sign-in sheets for auctions conducted at LAA, correspondence and/or e-mails by and between LAA, Lisa Druien, M. Garrison, and A. Garrison or their agents, employee files related to employees of M. Garrison and/or A. Garrison, employee files related to employees of LAA, bank accounts

statements reflecting flow and transfer of money related to auction sales, purchases, payments, and assignments of NextGear and AFC financed vehicles at LAA, bank account statements reflecting advances, purchases, payments and sales of vehicles by M. Garrison and/or A. Garrison, status and/or condition of all NextGear and AFC financed vehicles at the time of sale at the LAA or subsequently by M. Garrison or A. Garrison to third parties, the location and whereabouts of any vehicles sold out of trust, correspondence or documentation exchanged with the Texas DMV, copies of checks reflecting payments or purchases by LAA, Lisa Druien, M. Garrison, and/or A. Garrison related to any of the NextGear or AFC financed vehicles, and any documents related to the flow of money related to advances provided by NextGear or AFC that were ultimately tendered to LAA for the auction sale of NextGear and AFC financed vehicles.  Plaintiffs reserve their right to seek additional topics of discovery related to any of their causes of action for breach of contract, conversion, fraud, and conspiracy to commit fraud.

The Parties propose the deadline to complete all fact discovery by: **May 28, 2021**

The Parties propose the deadline to complete all expert discovery by: **July 30, 2021**

**REVISED JOINT STATUS REPORT**:  The Parties do not propose any change to the Parties' anticipated discovery completion date.

> **(9)  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties do not propose any changes be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or any local rules.

> **(10)  Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI.**

The Parties do not believe ESI will be central issue in this case.  To the extent electronic copies of documents exist, the Parties agree it is sufficient to produce copies of such documents in paper form or PDF or other similar format unless a request for production specifically calls for production of electronic documents in their native format.  The Parties reserve their right to object to the necessity of producing any electronic documents in their native format.

> **(11)  Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

The Parties have no proposal at the current time.

> **(12)  A proposed trial date, estimated number of days required for trial and whether a jury has been demanded.**

The Parties estimate trial will last two (2) days.  The Parties are agreeable to the trial being set on or around **October of 2021**.  Plaintiffs do not demand a jury trial.  Defendants have not yet demanded a jury trial.

**REVISED JOINT STATUS REPORT**:  The Parties are agreeable to trial being set on the week of October 4th, 2020, or alternatively on the week of October 18th, 2020.

> **(13)   A proposed date for further settlement negotiations.**

The Parties do not propose setting a specific date for further settlement discussions but will remain open to discussing settlement at any time prior to trial.

**REVISED JOINT STATUS REPORT:**  The Settlement prospects between the Parties has not changed since the filing of the initial Joint Status Report.

> **(14)   Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

The Parties agree that the deadline to serve Initial Disclosures under Rule 26(a) of the Federal Rules of Civil Procedure should be extended to **November 13, 2020**.

> **(15)   Whether the parties consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray.**

The Parties consent to having all matters heard by U.S. Magistrate Judge Cureton.

> **(16)   Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case.**

The Parties do not believe the dispute is ripe for mediation.  Once the discovery deadline has passed, the Parties believe mediation may assist in the resolution of this case.  Thus, the Parties propose a mediation deadline of **July 1, 2021**.  At the current time, Plaintiffs propose to use Judge Robert C. Jenevein of Waddell Serafino Geary Rechner Jenevein as mediator, whose office is located in Dallas, Texas.  Defendants reserve the right to determine and agree upon a mediator at a later date.

> **(17)   Any other proposals regarding scheduling and discovery that the parties believe will facilitate the expeditious and orderly preparation for trial.**

The Parties propose meeting in advance of trial during the Local Rule 16.1(d) conference to stipulate to the authenticity of documents, to the extent possible, and to stipulate as to as many

facts as possible.  This should assist in eliminating the presentation of unnecessary proof and cumulative evidence at trial.  In addition, the Parties propose the following deadlines:

The Parties propose the deadline to file a Joint Pretrial Stipulation be as follows: **September 15, 2021**

The Parties propose the deadline to file their proposed findings of fact and conclusions of law be as follows: **September 15, 2021**

The Parties propose submission of deposition designations they intend on using at trial be made by: **September 15, 2021**

      **(18)**     **Whether a conference with the Court is desired.**

The Parties do not desire a conference with the Court at the current time.  Should the Parties deem a conference is necessary, counsel for the Parties or *pro se* defendants M. Garrison and/or A. Garrison will contact the Court and request a conference setting.

      **(19)**     **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).**

Other than what is already provided for herein, the Parties do not believe there are any additional matters that are relevant to the status and disposition of this case that need to be addressed at this time.

**REVISED JOINT STATUS REPORT**:  At the time of filing this Revised Joint Status Report, the Parties' position that there are no additional matters that need to be addressed has not changed.

      **(20)**     Whether the parties require an electronic courtroom during the trial.

**REVISED JOINT STATUS REPORT**:  NextGear Capital requests use of an electronic courtroom for purposes of presenting exhibits and documents in electronic format during trial or other pre-trial motion hearings.

JOINTLY SUBMITTED:

| **PADFIELD & STOUT, LLP** | **BAILEY & GALYEN** |
|---|---|
| By:  /s/  Christopher V. Arisco<br>       Mark W. Stout<br>       State Bar I.D. # 24008096<br>       Christopher V. Arisco<br>       State Bar I.D. # 24064830<br>       420 Throckmorton, Suite 1210<br>       Fort Worth, Texas 76102<br>       Phone:  (817) 338-1616<br>       mstout@padfieldstout.com<br>       carisco@padfieldstout.com<br><br>       *Attorneys for NextGear Capital, Inc. and*<br>       *Automotive Finance Corporation* | By:  /s/ Joseph M. Vacek<br>       Joseph M. Vacek<br>       State Bar I.D. # 24039948<br>       1300 Summit Avenue<br>       Suite 650<br>       Fort Worth, Texas 76102<br>       Phone: (817) 276-6000<br>       Fax: (817) 276-6010<br>       CiviLaw@galyen.com<br><br>       *Attorneys for Defendants Druien, Inc.*<br>       *and Lisa Druien* |
| By: _/s/<br>_____<br>       Michael Vernon Garrison<br>       549 i-30 E.<br>       Sulphur Springs, Texas 75482<br><br>       *Pro Se Defendant* | By:  ____/s/<br>_____<br>       Austin Michael Garrison<br>       4658 I30 E.<br>       Sulphur Springs, Texas 75482<br><br>       *Pro Se Defendant* |