# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# (FORT WORTH DIVISION)

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND AUSTIN MICHAEL GARRISON A/K/A MIKE GARRISON D/B/A AUSTIN FINANCIAL SERVICES,<br><br>Defendants. | Civil Action No. 4:20-CV-959-BJ |

## NOTICE OF SUBPOENA COMMANDING THE PRODUCTION OF DOCUMENTS

NextGear Capital, Inc. and Automotive Finance Corporation, plaintiffs in the above-styled civil federal action, hereby give notice pursuant to FED. R. CIV. P. 45(a)(4) to all parties that it intends to serve the attached subpoena commanding the production of documents upon Frontera Vehicle Sales & Parts Inc.

Respectfully submitted,

PADFIELD & STOUT, L.L.P.
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
817-338-1616 phone
817-338-1610 fax

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D. # 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear Capital, Inc. and Automotive Finance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2021, I served a copy of the foregoing Notice of Subpoena Commanding The Production of Documents to Druien, Inc. and Lisa Druien, by and through their attorney of record, via e-mail at jvacek@galyen.com and certified mail at 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, and defendants Michael Vernon Garrison, *pro se*, at 549 I-30 E., Sulphur Springs, Texas 75482, and Austin Michael Garrison, *pro se*, at 4658 I-30 E., Sulphur Springs, Texas 75482.

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D. # 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear Capital, Inc. and Automotive Finance Corporation*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| NextGear Capital, Inc. and Automotive Finance Corp<br>*Plaintiff*<br>v.<br>Druien, Inc. d/b/a Lawton Auto Auction, Lisa Druien, Michael Garrison and Austin Garrison<br>*Defendant* | Civil Action No. 4:20-CV-959-BJ |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Frontera Vehicle Sales & Parts Inc., b/s Chris Graham, ZT Financial Services, at 1237 Southridge Ct., Suite 207, Hurst, Texas 76053.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents related to the sale/transfer of the vehicles identified in the attached Exhibit "A" Duces Tecum, and complete, sign, have notarized, and return the attached business records affidavit along with any responsive documents produced. Blanks preceded with the "*" symbol in the business records affidavit must be complete.

| Place: Padfield & Stout, LLP, 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102 | Date and Time:<br>02/08/2020 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/06/2021

*CLERK OF COURT*

_____    OR    *[signature]*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* NextGear Capital, Inc. and Automotive Finance Corporation , who issues or requests this subpoena, are:
Christopher V. Arisco, 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102, carisco@padfieldstout.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:20-CV-959-BJ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Exhibit "A"
## Duces Tecum

**Documents and Records to be Produced:**

Document Requests Related to 2009 Ford F-250, VIN # 1FTSX20R19EA01706

1. Produce all auction invoices, receipts, and statements related to the sale of the 2009 Ford F-250, VIN # 1FTSX20R19EA01706, which is identified in the Exhibit "B" Lawton Auto Auction invoice dated October 16, 2019.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Frontera Vehicle Sales & Parts Inc. of the 2009 Ford F-250, VIN # 1FTSX20R19EA01706.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Frontera Vehicle Sales & Parts Inc. of the 2009 Ford F-250, VIN # 1FTSX20R19EA01706.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2009 Ford F-250, VIN # 1FTSX20R19EA01706 to Rock Hill Used Cars in May of 2019 as set forth in the attached Exhibit "C" Texas Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Frontera Vehicle Sales & Parts, Inc. and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2009 Ford F-250, VIN # 1FTSX20R19EA01706 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Frontera Vehicle Sales & Parts, Inc. and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2009 Ford F-250, VIN # 1FTSX20R19EA01706 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Frontera Vehicle Sales & Parts, Inc. and Lisa Druien related to the sale or transfer of the 2009 Ford F-250, VIN # 1FTSX20R19EA01706 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by Frontera Vehicle Sales & Parts, Inc. that correspond to payment from the sale of the 2009 Ford F-250, VIN # 1FTSX20R19EA01706 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Frontera Vehicle Sales & Parts, Inc. that correspond to payment from the sale of the 2009 Ford F-250, VIN # 1FTSX20R19EA01706 from January 1, 2019, to present.

Document Requests Related to 2009 Ford F-250, VIN # 1FTSX20R89EA01704

10. Produce all auction invoices, receipts, and statements related to the sale of the 2009 Ford F-250, VIN # 1FTSX20R89EA01704, which is identified in the Exhibit "D" Lawton Auto Auction invoice dated October 9, 2019.

11. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Frontera Vehicle Sales & Parts Inc. of the 2009 Ford F-250, VIN # 1FTSX20R89EA01704.

12. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Frontera Vehicle Sales & Parts Inc. of the 2009 Ford F-250, VIN # 1FTSX20R89EA01704.

13. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2009 Ford F-250, VIN # 1FTSX20R89EA01704 to Rock Hill Used Cars in May of 2019 as set forth in the attached Exhibit "E" Texas Certificate of Title.

14. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Frontera Vehicle Sales & Parts, Inc. and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2009 Ford F-250, VIN # 1FTSX20R89EA01704 from January 1, 2019, to present.

15. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Frontera Vehicle Sales & Parts, Inc. and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2009 Ford F-250, VIN # 1FTSX20R89EA01704 from January 1, 2019, to present.

16. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Frontera Vehicle Sales & Parts, Inc. and Lisa Druien related to the sale or transfer of the 2009 Ford F-250, VIN # 1FTSX20R89EA01704 from January 1, 2019, to present.

17. Produce all copies of checks (front and back) received by Frontera Vehicle Sales & Parts, Inc. that correspond to payment from the sale of the 2009 Ford F-250, VIN # 1FTSX20R89EA01704 from January 1, 2019, to present.

18. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Frontera Vehicle Sales & Parts, Inc. that correspond to payment from the sale of the 2009 Ford F-250, VIN # 1FTSX20R89EA01704 from January 1, 2019, to present.

Lawton Cache Auto Auction

*Title*

1 Southwest 112th St.
Lawton, OK 73505

**INVOICE & BILL OF SALE**
580-536-4645
Print Date: 10/22/2019
Print Time: 2:04 PM

| ANNOUNCED CONDITIONS OR COMMENTS: | | UNIT# | 010 |
|---|---|---|---|

| BUYER(Purchaser) :P-109420    376 | Seller    P148883 | SALE#: | 37729 |
|---|---|---|---|
| Mike Garrison                903-440-5557 | P148883 Frontera Vehicle Sales & Parts | DATE: | 10/16/19 |
| Rock Hill Used Cars | Charles Klaus | STATUS: | SLD |
| 549 Interstate 30 East | 3030 S Hwy 77 | DRIVE: | Green |
| Sulphur Springs, TX 75482 | Waxahachie, TX 75165 | LANE | |

**VEHICLE DESCRIPTION**

SERIAL  1FTSX20R19EA01706    A01706
ODOMETER STATUS
YEAR   2009         MAKE  FORD
MODEL  F250SD       BODY  SUPERC
COLOR  WHITE        RADIO
LICENSE             FUEL  Diesel
TITLE               TRANS AUTO

| SALE PRICE: | 16,000 |
|---|---|
| BUYER FEE: | 280.00 |
| DRAFT FEE: | |
| SALES TAX | |
| TOTAL DUE: | 16,280.00 |
| PAID: | 16,280.00 |
| BALANCE: | $0.00 |
| PD BY:FI NEXT | |

**ODOMETER DISCLOSURE STATEMENT**

Federal law (and state law, if applicable) requires   that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I _____ state that the odometer
*(Transferor's /seller hand printed name)*

(Of the vehicle herein described) now reads   330469   miles and to the best of my knowledge, it reflects the actual mileage of the vehicle, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.
☐ (2) I hereby certify that the odometer reading is NOT the actual mileage.
   **WARNING - ODOMETER DISCREPANCY.**

Transferor's (Seller) signature) _____

Transferee's (buyer) signature) _____

Transferee's (buyer) signature) _____

Printed name of person(buyer) signing _____

ALL SALES FINAL DAY OF SALE. It is understood and agreed, between the consignor, the purchaser and Lawton Cache Auto Auction is not responsible for fire, theft, or damage to the above described vehicle while on the premises before, during or after the sale. LAWTON CACHE AUTO AUCTION DOES NOT HAVE INSURANCE COVERING ANY VEHICLE. "This sale is solely a transaction between the buyer and the seller parties" ~ Subject to final handing and approving of the Auction. The buyer is expected to pay for any vehicle which he/she buys unless excused by the Auction. Please clear all items promptly after purchase. The Auction does not guarantee the mileage, year, model or factory warranty on any vehicle sold through this auction. Seller warrants that he/she has good negotiable title and that it is free and clear of all items and or encumbrances. Signatory parties agree that sale transaction is not complete until all drafts or checks have cleared and title is assigned to purchaser.
Effective IMMEDIATELY, AS OF TODAY January 17, 2018, ALL SALES MUST be paid for the night of the Auction, with cash, check or a floor plan company. If NO payment is here at the time title arrives, a fee of $25.00 will be added to your total daily.

**EXHIBIT B**

# TEXAS CERTIFICATE OF TITLE

VEHICLE TITLES AND REGISTRATION DIVISION

91914519

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1FTSX20R19EA01706 | 2009 | FORD | PK |

TITLE/DOCUMENT NUMBER: 1630014002141318
DATE TITLE ISSUED: 08/13/2009

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
|  | 3/4 | 6800 | 0564AD |

PREVIOUS OWNER: CHAPARRAL FORD INC DEVINE TX

ODOMETER READING: 322

OWNER:
W M LEASING OF TEXAS, L.P.
10701 TODD RD
HOUSTON, TX 77002

REMARK(S): ACTUAL MILEAGE  DIESEL

**EXHIBIT C**

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN: NONE          1ST LIENHOLDER

1ST LIEN RELEASED _____
BY _____ AUTHORIZED AGENT

DATE OF LIEN          2ND LIENHOLDER

2ND LIEN RELEASED _____ DATE
BY _____ AUTHORIZED AGENT

DATE OF LIEN          3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE
BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

**RIGHTS OF SURVIVORSHIP AGREEMENT**
WE, THE PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL, FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE
SIGNATURE _____ DATE
SIGNATURE _____ DATE

FORM 30-C REV. 6/2009     DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 20 WORKING DAYS TO AVOID PENALTY.**

▶ FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

### ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Frontera Truck Parts & Equipment, Inc
Street: 3116 S Hwy 77
City: Waxahachie
State: TX
Zip: 75165

Odometer Reading (No Tenths): 330,337

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: 11-26-18

Signature of Seller/Agent: [signature]
Printed Name (same as signature): Robert C [illegible]

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: Kalien Thomas
Printed Name (same as signature): Kalien Thomas

### FIRST REASSIGNMENT - DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Frontera Vehicle Sales & Parts, Inc
Street: 3030 S Hwy 77
City: Waxahachie
State: TX
Zip: 75165

Odometer Reading (No Tenths): 330,337

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: 11-26-18
Dealer's Name: Frontera Truck Parts & Equipment, Inc
Dealer No: P121786

Agent's Signature: Kalien Thomas
Printed Name (same as signature): Kalien Thomas

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: [signature]
Printed Name (same as signature): [signature]

### SECOND REASSIGNMENT - DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Rock Hill Used Cars
Street: 
City: 
State: 
Zip: 

Odometer Reading (No Tenths): 330469

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: 3/3/19
Dealer's Name: Frontera Vehicle Sales & Parts Inc
Dealer No: A48883

Agent's Signature: Klaus
Printed Name (same as signature): Klaus

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent:
Printed Name (same as signature):

### THIRD REASSIGNMENT - DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: 
Street: 
City: 
State: 
Zip: 

Odometer Reading (No Tenths):

☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale:
Dealer's Name:
Dealer No:

Agent's Signature:
Printed Name (same as signature):

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent:
Printed Name (same as signature):

### LIEN

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

Oct 15 2019 12:07PM Lawton Auto Auction 580-536-4649 page 3

Lawton Cache Auto Auction

1 Southwest 112th St.
Lawton, OK 73505

**EXHIBIT D**

INVOICE & BILL OF SALE
580-536-4645
Print Date: 10/15/2019
Print Time: 11:32 AM

ANNOUNCED CONDITIONS OR COMMENTS:

UNIT# 031

| BUYER(Purchaser) :P-109420   376 | Seller   P148883 | SALE#: 37578 |
|---|---|---|
| Mike Garrison   903-440-5557 | P148883 Frontera Vehicle Sales & Parts | DATE: 10/09/19 |
| Rock Hill Used Cars | Charles Klaus | STATUS: SLD |
| 549 Interstate 30 East | 3030 S Hwy 77 | DRIVE: Yellow |
| Sulphur Springs, TX 75482 | Waxahachie, TX 75165 | LANE |

**VEHICLE DESCRIPTION**

SERIAL  1FTSX20R89EA01704   A01704
ODOMETER STATUS
YEAR  2009      MAKE  FORD
MODEL  F250SD    BODY  SUPERC
COLOR  White     RADIO
LICENSE          FUEL  Diesel
TITLE            TRANS  AUTO

| SALE PRICE: | 22,000 |
|---|---|
| BUYER FEE: | 440.00 |
| DRAFT FEE: | |
| SALES TAX | |
| TOTAL DUE: | 22,440.00 |
| PAID: | |
| BALANCE: | $22,440.00 |
| PD BY: | |

ATC

**ODOMETER DISCLOSURE STATEMENT**

Federal law (and state law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I _____ state that the odometer
   *(Transferor's /seller hand printed name)*

(Of the vehicle herein described) now reads  345169  miles and to the best of my knowledge, it reflects the actual mileage of the vehicle, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.
☐ (2) I hereby certify that the odometer reading is NOT the actual mileage.
   **WARNING - ODOMETER DISCREPANCY.**

Transferor's (Seller) signature _____

Transferee's (buyer) signature _____

Transferee's (buyer) signature _____

Printed name of person(buyer) signing _____

ALL SALES FINAL DAY OF SALE. It is understood and agreed, between the consignor, the purchaser and Lawton Cache Auto Auction is not responsible for fire, theft, or damage to the above described vehicle while on the premises before, during or after the sale. LAWTON CACHE AUTO AUCTION DOES NOT HAVE INSURANCE COVERING ANY VEHICLE. "This sale is solely a transaction between the buyer and the seller parties" ~ Subject to final handing and approving of the Auction. The buyer is expected to pay for any vehicle which he/she buys unless excused by the Auction. Please clear all items promptly after purchase. The Auction does not guarantee the mileage, year, model or factory warranty on any vehicle sold through this auction. Seller warrants that he/she has good negotiable title and that it is free and clear of all items and or encumbrances. Signatory parties agree that sale transaction is not complete until all drafts or checks have cleared and title is assigned to purchaser.
Effective IMMEDIATELY, AS OF TODAY January 17, 2018, ALL SALES MUST be paid for the night of the Auction, with cash, check or a floor plan company. If NO payment is here at the time title arrives, a fee of $25.00 will be added to your total daily.

443058-1055
ROCK HILL USED CARS
DALLAS
B
1FTSX20R89EA01704

# TEXAS CERTIFICATE OF TITLE

VEHICLE TITLES AND REGISTRATION DIVISION

91767888

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1FTSX20R89EA01704 | 2009 | FORD | PK |

| TITLE DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|
| 1632014001513272 7 | 08/03/2009 |

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
|  | 3/4 | 6800 | 0536AD |

PREVIOUS OWNER
CHAPARRAL FORD INC DEVINE TX

OWNER
W M LEASING OF TEXAS LP
4730 SE LOOP 410
SAN ANTONIO, TX 78222

REMARKS: ACTUAL MILE[AGE]
DIESEL

443058-1055
ROCK HILL USED CARS
DALLAS
1FTSX20R89EA01704

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN          1ST LIENHOLDER
NONE

**EXHIBIT E**

1ST LIEN RELEASED _____ DATE
BY _____ AUTHORIZED AGENT

DATE OF LIEN          2ND LIENHOLDER

2ND LIEN RELEASED _____ DATE
BY _____ AUTHORIZED AGENT

DATE OF LIEN          3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE
BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

**RIGHTS OF SURVIVORSHIP AGREEMENT**
WE, THE PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THIS AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S)

SIGNATURE _____ DATE
SIGNATURE _____ DATE
SIGNATURE _____ DATE

FORM 30-C REV. 6/2009      DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 20 WORKING DAYS TO AVOID PENALTY.**

▶ FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

## ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Frontera Truck Parts + Equipment, Inc   Street: 3116 S Hwy 77   City: Waxahachie   State: TX   Zip: 75165

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
▶ Exempt 345,168   ODOMETER READING (No Tenths)
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: 11-26-18   Signature of Seller/Agent: [signature]   Printed Name: Robert P Penn

I am aware of the above odometer certification made by the seller/agent.
Signature of Buyer/Agent: Kalien Thomas   Printed Name: Kalien Thomas

## FIRST REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Frontera Vehicle Sales + Parts, Inc.   Street: 3030 S Hwy 77   City: Waxahachie   State: TX   Zip: 75165

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
▶ 345,168   ODOMETER READING (No Tenths)
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: 11-26-18   Dealer's Name: Frontera Truck Parts + Equipment, Inc   Dealer No: P121786

Agent's Signature: Kalien Thomas   Printed Name: Kalien Thomas

I am aware of the above odometer certification made by the seller/agent.
Signature of Buyer/Agent: [signature]   Printed Name: [signature]

## SECOND REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Rock Hill Used Cars   Street:   City:   State:   Zip:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
▶ 345,149   ODOMETER READING (No Tenths)
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: 5/3/19   Dealer's Name: Frontera Vehicle Sales + Parts Inc   Dealer No: P148883

Agent's Signature: Klaus   Printed Name: Klaus

I am aware of the above odometer certification made by the seller/agent.
Signature of Buyer/Agent:   Printed Name:

## THIRD REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser:   Street:   City:   State:   Zip:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
▶   ODOMETER READING (No Tenths)
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale:   Dealer's Name:   Dealer No:

Agent's Signature:   Printed Name:

I am aware of the above odometer certification made by the seller/agent.
Signature of Buyer/Agent:   Printed Name:

## LIEN

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

# STATEMENT OF FACT

YEAR: 2009  MAKE: Ford  VIN: 1FTSX20R89EA01704
DOCUMENT
TITLE NUMBER: 16320140015132727  STATE: TX

____ Name of Purchaser was entered in error and has been corrected to show correct Purchaser as:
_____

____ The Names _____ and _____
are one and the same.

____ Date of sale on the above title was entered in error and been corrected to read
as _____.

____ Seller assigned title to him/herself in error. Title is now corrected to show correct purchaser as
_____.

____ Seller signed on purchaser line error

__X__ Odometer reading was entered in error on the title/transfer document for the above described vehicle. Odometer reading should read as follows: 345,168

____ Other: _____

I CERTIFY TO THE BEST OF MY KNOWLEDGE THAT THE ODMETOR READING IS THE ACTUAL MILEAGE OF THE VEHICLE UNLESS ONE OF THE FOLLOWING STATEMENTS IS CHECKED:

____ The mileage stated is in excel of its mechanical limits
____ The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY
_____ ODOMETER READING (NO TENTHS)

_[signature]_                    Robert C Peek       DATE: 11-26-18
Signature of Seller/Agent        Printed Name

Kalien Thomas                    Kalien Thomas       DATE: 11-26-18
Signature of Buyer/Agent         Printed Name

WARNING: Transportation Code, Section, 501.155, provides that falsifying information on title transfer documents is a THIRD-DECREE FELONY OFFENSE PUNISHABLE BY NOT MORE THAN TEN (10) YEARS IN PRISON. In addition to imprisonment, a fine up to $10,000 may also be imposed.
THE UNDERSIGNED HEREBY CERTIFIES THE FOLLOWING FACTS REGARDING THE VEHICLE DESCRIBED ARE TO BE TRUE AND CORRECT:

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION, </br></br> Plaintiffs, </br></br> v. </br></br> DRUIEN, INC. D/B/A LAWSTON AUTO AUCTION, LISA DRUIEN, MICHAEL GARRISON D/B/A ROCK HILL USED CARS, AND AUSTIN GARRISON D/B/A AUSTIN FINANCIAL SERVICES, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) Adv. Pro. No. 18-03393 </br> ) </br> ) </br> ) </br> ) |

**BUSINESS RECORDS AFFIDAVIT**

STATE OF TEXAS           §
                         §
COUNTY OF *_____    §

      BEFORE ME, the undersigned official, on this day personally appeared *_____, known to me to be a credible person and whom, after having been by me first duly sworn, under oath deposed and stated the following:

    1.    My name is *_____. I am over eighteen years old, I understand the nature of this oath, and I am otherwise competent to testify as to the matters stated in this Affidavit. My title at Frontera Vehicle Sales & Parts, Inc. is *_____, and I am authorized by Frontera Vehicle Sales & Parts, Inc. to testify herein. This testimony is based on my own personal knowledge and the facts stated herein are true and correct. I have also personally reviewed each of the documents attached hereto.

3. I am a custodian of the records of Frontera Vehicle Sales & Parts, Inc. concerning business dealings with Garrison d/b/a Rock Hill Used Cars and/or Druien, Inc. d/b/a Lawton Auto Auction. Attached hereto are *_____ pages of records. These said pages of records are kept by Frontera Vehicle Sales & Parts, Inc. in the regular course of business, and it was the regular course Frontera Vehicle Sales & Parts, Inc.'s business for an employee or representative with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

Further affiant sayeth not.

Executed this the *____ day of *_____, 2021.

*_____

By: *_____

Title: *_____

SUBSCRIBED AND SWORN TO before me by the said *_____, the *_____ of Frontera Vehicle Sales & Parts, Inc., on this the *____ day of *_____, 2021, to certify which witness my hand and seal of office.

_____
Notary Public In and For Said
County and State