# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# (FORT WORTH DIVISION)

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND AUSTIN MICHAEL GARRISON A/K/A MIKE GARRISON D/B/A AUSTIN FINANCIAL SERVICES,<br><br>Defendants. | Civil Action No. 4:20-CV-959-BJ |

### NOTICE OF SUBPOENA COMMANDING THE PRODUCTION OF DOCUMENTS

NextGear Capital, Inc. and Automotive Finance Corporation, plaintiffs in the above-styled civil federal action, hereby give notice pursuant to FED. R. CIV. P. 45(a)(4) to all parties that it intends to serve the attached subpoena commanding the production of documents upon Wichita Falls Ford Lincoln Inc.

Respectfully submitted,

PADFIELD & STOUT, L.L.P.
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
817-338-1616  phone
817-338-1610  fax

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D. # 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear Capital, Inc. and Automotive Finance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2021, I served a copy of the foregoing Notice of Subpoena Commanding The Production of Documents to Druien, Inc. and Lisa Druien, by and through their attorney of record, via e-mail at jvacek@galyen.com and certified mail at 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, and defendants Michael Vernon Garrison, *pro se*, at 549 I-30 E., Sulphur Springs, Texas 75482, and Austin Michael Garrison, *pro se*, at 4658 I-30 E., Sulphur Springs, Texas 75482.

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D. # 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear Capital, Inc. and Automotive Finance Corporation*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| NextGear Capital, Inc. and Automotive Finance Corp<br>*Plaintiff*<br>v.<br>Druien, Inc. d/b/a Lawton Auto Auction, Lisa Druien, Michael Garrison and Austin Garrison<br>*Defendant* | ) ) ) ) ) ) ) Civil Action No. 4:20-CV-959-BJ |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Wichita Falls Ford Lincoln, Inc., b/s CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents related to the sale or transfer of the vehicle identified in the attached Exhibit "A" Duces Tecum, and complete, sign, have notarized, and return the attached business records affidavit along with any responsive documents produced. Blanks preceded with the "*" symbol in the business records affidavit must be complete.

| Place: Padfield & Stout, LLP, 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102 | Date and Time:<br>02/08/2020 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/06/2021

CLERK OF COURT                                         OR    *[signature]*

_____                             _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* NextGear Capital, Inc. and Automotive Finance Corporation, who issues or requests this subpoena, are:
Christopher V. Arisco, 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102, carisco@padfieldstout.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:20-CV-959-BJ

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"
## DUCES TECUM

**Documents and Records to be Produced:**

Document Requests Related to 2005 Dodge Ram, VIN # 3D7KR28C65G706682

1. Produce all auction invoices, receipts, and statements related to the sale of the 2005 Dodge Ram, VIN # 3D7KR28C65G706682, which is identified in the Exhibit "B" Lawton Auto Auction invoice dated January 22, 2020.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Wichita Falls Ford Lincoln, Inc. of the 2005 Dodge Ram, VIN # 3D7KR28C65G706682.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Wichita Falls Ford Lincoln Inc. of the 2005 Dodge Ram, VIN # 3D7KR28C65G706682.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2005 Dodge Ram, VIN # 3D7KR28C65G706682 to Rock Hill Used Cars in January of 2020 as set forth in the attached Exhibit "C" Texas Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Wichita Falls Ford Lincoln Inc. and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2005 Dodge Ram, VIN # 3D7KR28C65G706682 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Wichita Falls Ford Lincoln, Inc. and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2005 Dodge Ram, VIN # 3D7KR28C65G706682 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Wichita Falls Ford Lincoln Inc. and Lisa Druien related to the sale or transfer of the 2005 Dodge Ram, VIN # 3D7KR28C65G706682 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by Wichita Falls Ford Lincoln Inc. that correspond to payment from the sale of the 2005 Dodge Ram, VIN # 3D7KR28C65G706682 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Wichita Falls Ford Lincoln Inc. that correspond to payment from the sale of the 2005 Dodge Ram, VIN # 3D7KR28C65G706682 from January 1, 2019, to present.

# EXHIBIT B

Lawton Cache Auto Auction

1 Southwest 112th St.
Lawton, OK 73505

T+H

INVOICE & BILL OF SALE
580-536-4645
Print Date: 1/28/2020
Print Time: 3:04 PM

| ANNOUNCED CONDITIONS OR COMMENTS: | | UNIT# 094 |
|---|---|---|

| BUYER(Purchaser): P-109420   376 | Seller   P-43086 | SALE#: 39652 |
|---|---|---|
| Mike Garrison             903-951-8597 | P-43086 Wichita Falls Ford Lincoln Inc | DATE: 1/22/20 |
| Rock Hill Used Cars | Charles Franser | STATUS: SLD |
| 549 Interstate 30 East | 5401 Kell Blvd | DRIVE: Green |
| Sulphur Springs, TX 75482 | Wichita Falls, TX 76310 | LANE |

**VEHICLE DESCRIPTION**

SERIAL  3D7KR28C65G706682    706682
ODOMETER STATUS
YEAR    2005           MAKE  DODGE
MODEL   RAM 2500 QUA   BODY  QUAD P
COLOR   White          RADIO
LICENSE                FUEL  Diesel
TITLE                  TRANS AUTO

| | SALE PRICE: | 14,000 |
|---|---|---|
| | BUYER FEE: | 270.00 |
| | DRAFT FEE: | |
| | SALES TAX | |
| | TOTAL DUE: | 14,270.00 |
| | PAID: | 14,270.00 |
| | BALANCE: | $0.00 |
| | PD BY:FI NEXT | |

ODOMETER DISCLOSURE STATEMENT

Federal law (and state law, if applicable) requires    that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I _____ state that the odometer
*(Transferor's /seller hand printed name)*

(Of the vehicle herein described) now reads   243095   miles and to the best of my knowledge, it reflects the actual mileage of the vehicle, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.
☐ (2) I hereby certify that the odometer reading is NOT the actual mileage.
**WARNING - ODOMETER DISCREPANCY.**

Transferor's (Seller) signature _____

Transferee's (buyer) signature _____

Transferee's (buyer) signature _____

Printed name of person(buyer) signing _____

ALL SALES FINAL DAY OF SALE. It is understood and agreed, between the consignor, the purchaser and Lawton Cache Auto Auction is not responsible for fire, theft, or damage to the above described vehicle while on the premises before, during or after the sale. LAWTON CACHE AUTO AUCTION DOES NOT HAVE INSURANCE COVERING ANY VEHICLE. "This sale is solely a transaction between the buyer and the seller parties" ~ Subject to final handing and approving of the Auction. The buyer is expected to pay for any vehicle which he/she buys unless excused by the Auction. Please clear all items promptly after purchase. The Auction does not guarantee the mileage, year, model or factory warranty on any vehicle sold through this auction. Seller warrants that he/she has good negotiable title and that it is free and clear of all items and or encumbrances. Signatory parties agree that sale transaction is not complete until all drafts or checks have cleared and title is assigned to purchaser.
Effective IMMEDIATELY, AS OF TODAY January 17, 2018, ALL SALES MUST be paid for the night of the Auction, with cash, check or a floor plan company. If NO payment is here at the time title arrives, a fee of $25.00 will be added to your total daily.

# TEXAS CERTIFICATE OF TITLE

**TEXAS DEPARTMENT OF MOTOR VEHICLES**

1CBL711PE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 3D7KR28C65G706682 | 2005 | DODG | PK |

| | | | TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|---|---|---|
| MODEL | MFG. CAPACITY IN TONS | WEIGHT | 24300241232104800 | 12/04/2012 |
| | 3/4 | 6500 | LICENSE NUMBER BX76515 | |

**PREVIOUS OWNER**
PRUITT FORD BURKBURNETT TX

**ODOMETER READING:** 153361

**OWNER**
TOMMY A GRUBER
1674 PETERSON RD N
IOWA PARK, TX 76367

EXHIBIT C

**REMARK(S):**
ACTUAL MILEAGE
DIESEL

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

**DATE OF LIEN** | **1ST LIENHOLDER**
11/14/2012 | WICHITA FALLS TEACHER FCU
P O BOX 4516
WICHITA FALLS, TX 76308

**1ST LIEN RELEASED:** [WICHITA FALLS TEACHERS FCU stamp]
AUTHORIZED AGENT

**DATE OF LIEN** | **2ND LIENHOLDER**

2ND LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED AGENT

**DATE OF LIEN** | **3RD LIENHOLDER**

3RD LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

**RIGHTS OF SURVIVORSHIP AGREEMENT**
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREON, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE _____
SIGNATURE _____ DATE _____
SIGNATURE _____ DATE _____

FORM 30-C REV. 04/2012 | DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.

FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

## ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Wichita Falls Ford Lincoln    Street: 5401 Kell Blvd,    City: Wichita Falls,    State: Tx    Zip: 76310

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): _____

Date of Sale: _____

Signature of Seller/Agent: [signed] by POA    Printed Name (same as signature): Tommy A Gruber

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: [signed]    Printed Name (same as signature): Jennifer Burdette, Agent

## FIRST REASSIGNMENT — DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Rock Hill Used Cars    Street: _____    City: _____    State: _____    Zip: _____

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): 243095

Date of Sale: 1/15/20

Dealer's Name: Wichita Falls Ford Linc. P43086    Dealer No: _____

Agent's Signature: [signed]    Printed Name (same as signature): Jennifer Burdette, Agent

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: _____    Printed Name (same as signature): _____

## SECOND REASSIGNMENT — DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: _____    Street: _____    City: _____    State: _____    Zip: _____

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): _____

Date of Sale: _____

Dealer's Name: _____    Dealer No: _____

Agent's Signature: _____    Printed Name (same as signature): _____

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: _____    Printed Name (same as signature): _____

## THIRD REASSIGNMENT — DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: _____    Street: _____    City: _____    State: _____    Zip: _____

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): _____

Date of Sale: _____

Dealer's Name: _____    Dealer No: _____

Agent's Signature: _____    Printed Name (same as signature): _____

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: _____    Printed Name (same as signature): _____

## LIEN

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS): _____

# State of Texas
## Power of Attorney for Transfer of Ownership to a Motor Vehicle

Federal and state law require that you state the mileage upon transfer of ownership. This form may only be used when title is held by lienholder or is lost. Providing a false statement or failure of the person granted the power of attorney to submit this form to the State may result in fines and/or imprisonment.

### Vehicle Description

| Vehicle Identification Number | Year | Make | Body Style | Model |
|---|---|---|---|---|
| 3D7KR28C65G706682 | 2005 | Dodge | PK | 2500 |

### Part A. Power of Attorney to Transfer Ownership and to Disclose Mileage

**Transferor**

| First Name (or Entity Name) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| Tommy | A | Gruber | |

Entity's Authorized Agent First Name (if applicable): 

| Address | City | State | Zip |
|---|---|---|---|
| 1674 Peterson Rd N | Iowa Park | TX | 76367 |

**Transferee**

First Name (or Entity Name): Wichita Falls Ford Lincoln

Entity's Authorized Agent Name (First, Middle, Last, Suffix) (if applicable): Jennifer Burdette, Agent

Dealer License Number (if applicable): P43086

Address: 5401 Kell Blvd, Wichita Falls, Tx 76310

I, the transferor listed above, appoint the transferee listed above as my attorney-in-fact, to complete all documents necessary to transfer and disclose the mileage on the title for the vehicle described above exactly as stated in the following disclosure. I, the transferor, certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the statements below is checked:

Odometer Reading (no tenths): 243078

☐ Mileage Exceeds Mechanical Limits
☐ Not Actual Mileage (WARNING – ODOMETER DISCREPANCY)

I am aware of the odometer certification made by the transferor/agent (seller).

Signature of Transferor/Agent (Seller): [signed]   Date: 1/10/20
Signature of Transferee/Agent (Purchaser): [signed]   Date: 1/10/20

### Part B. Power of Attorney to Review Title Documents and Acknowledge Disclosure – if applicable (requires Part A)

**Transferee**

First Name (or Entity Name) | Middle Name | Last Name | Suffix (if any)

Entity's Authorized Agent First Name (if applicable) | Middle Name | Last Name | Suffix (if any)

Address | City | State | Zip

**Transferor**

Dealership Name | Dealer License Number

Authorized Agent First Name | Middle Name | Last Name | Suffix (if any)

Address | City | State | Zip

I, the transferee listed above, appoint the transferor listed above as my attorney-in-fact, to complete all documents necessary to transfer and disclose the mileage on the title for the vehicle described above exactly as stated in the following disclosure. I, the transferor, certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the statements below is checked:

Odometer Reading (no tenths):

☐ Mileage Exceeds Mechanical Limits
☐ Not Actual Mileage (WARNING – ODOMETER DISCREPANCY)

I am aware of the odometer certification made by the transferor/agent (seller).

Signature of Transferor/Agent (Seller)   Date
Signature of Transferee/Agent (Purchaser)   Date

### Part C. Dealership Certification (Part B Transferor) – Required and valid only if Parts A and B are used

Dealership Name | Dealer License Number

Authorized Agent First Name | Middle Name | Last Name | Suffix (if any)

Address | City | State | Zip

I, the individual listed above exercising powers of attorney, hereby certify that the mileage I have disclosed on the title document is consistent with the mileage provided to me in this power of attorney. Further, upon examination of the title and any reassignment documents for the vehicle described above, the mileage disclosure I have made on the title pursuant to the power of attorney is greater than that previously stated on the title and reassignment documents. This certification is not intended to create, nor does it create, any new or additional liability under federal or state law.

Signature of Transferor/Agent   Printed Name (Same as Signature)   Date

Form VTR-271-A (Rev 10/18)   THIS DOCUMENT IS VOID IF ALTERED.   31952814

## Information

Federal law specifies a motor vehicle is subject to odometer disclosure when it is self-propelled, less than 10 years old, and has a gross vehicle weight of 16,000 pounds or less. United States Code of Federal Regulations, Title 49, Part 580, provides the rules relative to the Truth in Mileage Act, which dictates when use of a power of attorney is permissible in conjunction with odometer disclosure. Further, federal law requires the odometer disclosure for used vehicles to be made on a certificate of title or a secure power of attorney. Federal law specifies use of a power of attorney is strictly limited to when the title is lost or held by a lienholder, and the only acceptable power of attorney is a secure power of attorney issued by the state. The *Power of Attorney for Transfer of Ownership to a Motor Vehicle* (Form VTR-271-A) is the only acceptable secure power of attorney issued by the State of Texas.

Form VTR-271-A can only be used when the title is lost or held by a lienholder. Proper use of Form VTR-271-A consists of completing Part A when transferring a motor vehicle. **Parts B and C may only be used by a licensed motor vehicle dealer.** If the motor vehicle is transferred by a licensed motor vehicle dealer and the certificate of title is still held by a lienholder, Parts B and C must be completed. If the certificate of title is not held by a lienholder, Parts B and C <u>cannot</u> be used; instead, a certified copy of title (or duplicate title) must be obtained prior to subsequent transfer, and the subsequent purchaser is <u>required</u> to acknowledge the odometer on the certified copy of title (or duplicate title).

If the transferor (owner listed on the title who is selling, donating, gifting, trading, etc.) or transferee (person/entity taking ownership) is unable to complete this form, only a general power of attorney may be used to complete this form for the transferor or transferee. A limited power of attorney cannot be used to complete this form on someone else's behalf. If the transferee or transferor is not an individual, but rather an entity or trust, an agent of that entity or a trustee must complete this form.

Unauthorized printing or reproduction of this document is prohibited. Photocopies may be made only as a completed document for record-keeping purposes by the parties named herein.

## Instructions

Part A is required to be completed by both the transferor (owner listed on the title who is selling, donating, gifting, trading, etc.) and the transferee (person/entity taking ownership) if the title is lost or held by a lienholder. **All signatures must be original signatures. It is strongly advised the duplicate power of attorney also contain original signatures.**

- Upon obtaining the certificate of title or certified copy of title, the transferee in Part A must complete the "assignment of title" and odometer disclosure on the certificate of title or certified copy of title. Any transferee, other than a licensed motor vehicle dealer, is then required to obtain a certificate of title in the name of the transferee supported by this power of attorney.

Part B may only be used by a licensed motor vehicle dealer. Further, Part B may only be used if the motor vehicle is transferred while the certificate of title is <u>held by a lienholder</u>. **Part B cannot be used if the title is lost; instead, a certified copy of title (or duplicate title) must be obtained.** This form may be used to obtain a certified copy of title. In Part B, the transferee (purchaser) acknowledges the odometer disclosed by the transferor (licensed motor vehicle dealer), and grants power of attorney to the transferor to complete the odometer disclosure in the "first reassignment" on the certificate of title as reflected in Part B and to sign on behalf of the transferee (purchaser). **Part B may only be used to appoint the same licensed motor vehicle dealer listed as appointed in Part A.**

- Upon securing the certificate of title, the licensed motor vehicle dealer must complete the "assignment of title" (as recorded in Part A) and "first reassignment" (as recorded in Part B).

Part C must be completed by the licensed motor vehicle dealer if both Parts A and B are completed after the licensed motor vehicle dealer has transferred the assignment (from Part A) and the reassignment (from Part B) to the certificate of title. **Part C must not be completed if Part B is not used.**

## Returning this Power of Attorney

Federal law requires this power of attorney be returned to the issuing state. This can be accomplished as follows:

- When the vehicle is sold to a Texas retail purchaser, the original power of attorney with original signatures must accompany the purchaser's application for Texas title. Dealers are required to maintain the duplicate power of attorney and a copy of the front and back of the certificate of title for five years in accordance with 49 C.F.R. §580.8. Other individuals or entities are not subject to a retention requirement but are encouraged to maintain the duplicate power of attorney and a copy of the front and back of the certificate of title.
- When the vehicle is sold to any dealer (Texas or out of state) or an out of state purchaser, the original power of attorney with original signatures must accompany the title transaction. The duplicate power of attorney and a copy of the front and back of the certificate of title shall be returned by the individual or entity granted power of attorney in Part A (and Part B, if applicable) to:

    Texas Department of Motor Vehicles
    Vehicle Titles and Registration Division
    P.O. Box 26470
    Austin, TX 78755-0470

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Adv. Pro. No. 18-03393 |
| DRUIEN, INC. D/B/A LAWSTON AUTO AUCTION, LISA DRUIEN, MICHAEL GARRISON D/B/A ROCK HILL USED CARS, AND AUSTIN GARRISON D/B/A AUSTIN FINANCIAL SERVICES, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**BUSINESS RECORDS AFFIDAVIT**

STATE OF TEXAS         §
                                        §
COUNTY OF *_____     §

BEFORE ME, the undersigned official, on this day personally appeared *_____, known to me to be a credible person and whom, after having been by me first duly sworn, under oath deposed and stated the following:

1. My name is *_____. I am over eighteen years old, I understand the nature of this oath, and I am otherwise competent to testify as to the matters stated in this Affidavit. My title at Wichita Falls Ford Lincoln, Inc. is *_____, and I am authorized by Wichita Falls Ford Lincoln, Inc. to testify herein. This testimony is based on my own personal knowledge and the facts stated herein are true and correct. I have also personally reviewed each of the documents attached hereto.

3.      I am a custodian of the records concerning business dealings with Garrison d/b/a Rock Hill Used Cars and/or Druien, Inc. d/b/a Lawton Auto Auction. Attached hereto are *_____ pages of records. These said pages of records are kept by Wichita Falls Ford Lincoln, Inc. in the regular course of business, and it was the regular course of Wichita Falls Ford Lincoln, Inc.'s business for an employee or representative with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

Further affiant sayeth not.

Executed this the *____ day of *_____, 2021.

*_____
By: *_____
Title: *_____

SUBSCRIBED AND SWORN TO before me by the said *_____, the *_____ of Wichita Falls Ford Lincoln, Inc., on this the *____ day of *_____, 2021, to certify which witness my hand and seal of office.

_____
Notary Public In and For Said
County and State