IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(FORT WORTH DIVISION)

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION,<br><br>               Plaintiffs,<br><br>v.<br><br>DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND EMMETT DRUIEN,<br><br>               Defendants. | Civil Action No. 4:20-cv-959-BJ |

**PLAINTIFFS' MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT**

Plaintiffs, NextGear Capital, Inc. and Automotive Finance Corporation, by and through its undersigned counsel, files this Motion for Leave to File Plaintiffs' Second Amended Complaint ("Motion for Leave") and would respectfully show the Court the following:

**I.
RELEVANT FACTS**

1.     On August 24, 2020, the Plaintiffs filed their original Complaint [Doc. #1] against defendants Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction, Lisa Druien, Michael Vernon Garrison d/b/a Rock Hill Used Cars, and Austin Michael Garrison a/k/a Mike Garrison d/b/a Austin Financial Services (collectively, the "Defendants") for breach of contract, conversion, fraud, conspiracy to commit fraud, and exemplary damages.

2.     Defendants Michael Vernon Garrison d/b/a Rock Hill Used Cars and Austin Michael Garrison d/b/a Austin Financial Services filed their *pro se* answer to Plaintiff's Original

Complaint on September 21, 2020 [Doc. # 5]. That same day, the Court entered an Order [Doc. # 6] requiring Plaintiffs to file an amended complaint containing additional details to support why venue was proper in the District and Division of the Northern District of Texas. Defendants Druien, Inc. d/b/a Lawton Auto Auction and Lisa Druien subsequently filed their Original Answer and entered an appearance in the above-styled matter on October 7, 2020.

3. Plaintiffs timely filed their First Amended Complaint on October 12, 2020 [Doc. # 14], which contained additional factual allegations as to why venue was appropriate in the Northern District of Texas. Since that time, counsel for Plaintiffs has conferred with the *pro se* Defendants and counsel for Defendants Druien, Inc. d/b/a Lawton Auto Auction and Lisa Druien. Pursuant to informal discovery and documents exchanged between Plaintiffs' counsel and Austin Michael Garrison d/b/a Austin Financial Services, plaintiff NextGear Capital, Inc. filed a motion to dismiss its breach of contract claims as to Austin Michael Garrison only, which is pending before this Court. Meanwhile, Plaintiffs have served numerous subpoenas on third parties in order to support their allegations against the remaining Defendants.

4. Pursuant to the Scheduling Order entered in the above-styled case [Doc. # 23] on November 24, 2020, the deadline for parties to file motions for leave to add additional parties or defendants is March 1, 2021. Accordingly, this Motion for Leave is timely filed.

5. As a result of additional information and documents received by Plaintiffs since the filing of Plaintiffs' First Amended Original Complaint, Plaintiffs have confirmed that Emmett Druien, who is believed to be the husband of Lisa Druien, has personally participated in the fraudulent conduct related to the creation, generation, issuance, and circulation of false, fraudulent, and fictitious invoices from Druien, Inc. d/b/a Lawton Auto Auction upon which Plaintiffs relied when provided financing requested by Michael Vernon Garrison d/b/a Rock Hill Used Cars.

Plaintiffs' review of the invoices from Druien, Inc. d/b/a Lawton Auto Auction show that Emmett Druien personally sold at least two vehicles or trailers that are the subject of Plaintiffs' fraud claims against the remaining Defendants. For these reasons, Plaintiffs request the Court for leave to add Emmett Druien as an additional defendant pursuant to the draft Second Amended Complaint attached hereto.

## II.
## ARGUMENTS & AUTHORITIES

6. Plaintiffs file this Motion for Leave pursuant to Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) allows a party to amend with either the opposing party's written consent or the Court's leave, which "shall be freely given when justice so requires." Fed. R. Civ. P. 15. The phrase "shall be freely given when justice so requires" evinces a bias in favor of granting leave to amend. *See, e.g., Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *See Lone Star Motor Import v. Citroen Cars*, 288 F.2d 69, 75 (5th Cir. 1981).

7. There are no reasons such as undue delay, bad faith, dilatory motive on the part of the Plaintiffs, or undue prejudice to permit the requested amendment of the Plaintiffs' First Amended Complaint. *See, e.g., Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982). The addition of Emmett Druien as a party to this lawsuit will not unduly prejudice the remaining Defendants, as Plaintiffs have timely sought leave to amend, and the claims against Emmett Druien for fraud and conspiracy to commit fraud are consistent with the claims of fraud as to the remaining

Defendants and dependent on substantially the same facts and transactions. Thus, amending Plaintiffs' First Amended Complaint at this time will not serve to prejudice Defendants.

## III.
## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, the Plaintiffs respectfully request the Court grant the Plaintiffs leave to amend their First Amended Original Complaint [Doc. # 14] by filing the proposed Second Amended Original Complaint attached hereto as Exhibit "A" so that Plaintiffs can pursue their claims of fraud and conspiracy to commit fraud against Emmett Druien, along with all other and additional damages associated therewith and which survive the First Amended Original Complaint.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610


/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D.# 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear and AFC*

## CERTIFICATE OF SERVICE

      This is to certify that on March 1, 2021, a true and correct copy of the foregoing Second Amended Complaint has been forwarded to defendant M. Garrison, *pro se,* at 549 i-30 E., Sulphur Springs, Texas 75482, defendant A. Garrison, *pro se*, at 4658 I30 E., Sulphur Springs, Texas 75482, and Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction and Lisa Druien, by and through their counsel of record, Joseph M. Vacek and Richard Tallini, of Bailey & Galyen at 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, via certified mail, return receipt requested, and e-mail at jvacek@galyen and rtallini@galyen.com.

                                                        /s/ Christopher V. Arisco
                                                          Christopher V. Arisco

## CERTIFICATE OF CONFERENCE

      This is to certify that on February 26, 2021, I placed a phone call to Richard Tallini of Bailey & Galyen, counsel for Druien, Inc. and Lisa Druien. Previously, I was advised by the legal assistant at Bailey & Galyen that Joseph Vacek, counsel of record, was no longer employed at Bailey & Galyen and is no longer the attorney representing Druien, Inc. and Lisa Druien. Instead, I was informed Richard Tallini had taken over for Mr. Vacek, although nothing has been filed indicating a change in lead counsel. Pursuant to my February 26th phone call to Richard Tallini, I left Mr. Tallini a voicemail message to call me back. However, at the time of filing this motion, Mr. Tallini has not returned my phone call. Additionally, on February 25, 2021, I reached out to *pro se* defendants M. Garrison and A. Garrison by e-mail, as no phone number was listed in their answer on file, seeking a conference to discuss various matters, which would have included the instant motion. In the February 25th e-mail, I requested they give me a call back to discuss. However, neither M. Garrison nor A. Garrison have responded to my e-mail inquiry or placed a call to my office. Accordingly, it is unknown whether defendants in this matter oppose the relief sought in this motion.

                                                        /s/ Christopher V. Arisco
                                                          Christopher V. Arisco