## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## (FORT WORTH DIVISION)

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND AUSTIN MICHAEL GARRISON A/K/A MIKE GARRISON D/B/A AUSTIN FINANCIAL SERVICES, <br><br> Defendants. | Civil Action No. 4:20-CV-959-BJ |

### NOTICE OF SUBPOENA COMMANDING THE PRODUCTION OF DOCUMENTS

NextGear Capital, Inc. and Automotive Finance Corporation, plaintiffs in the above-styled civil federal action, hereby give notice pursuant to FED. R. CIV. P. 45(a)(4) to all parties that it intends to serve the attached subpoena commanding the production of documents upon David Kroth d/b/a Advantage Truck & Trailer.

Respectfully submitted,

PADFIELD & STOUT, L.L.P.
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
817-338-1616  phone
817-338-1610  fax

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D. # 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear Capital, Inc. and*
*Automotive Finance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, I served a copy of the foregoing Notice of Subpoena Commanding The Production of Documents to Druien, Inc. and Lisa Druien, by and through their counsel of record, Joseph M. Vacek and Richard Tallini, of Bailey & Galyen at 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, via ECF and/or e-mail at jvacek@galyen and rtallini@galyen.com, and defendants Michael Vernon Garrison, *pro se*, at 549 I-30 E., Sulphur Springs, Texas 75482, and Austin Michael Garrison, *pro se*, at 4658 I-30 E., Sulphur Springs, Texas 75482.

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D. # 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear Capital, Inc. and*
*Automotive Finance Corporation*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

| | |
|---|---|
| NextGear Capital, Inc. and Automotive Finance Corp | ) |
| *Plaintiff* | ) |
| v. | ) |
| Druien, Inc. d/b/a Lawton Auto Auction, Lisa Druien, Michael Garrison and Austin Garrison | ) |
| *Defendant* | ) |

Civil Action No.  4:20-CV-959-BJ

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        David Kroth d/b/a Advantage Truck & Trailer at 1635 S. Green Ave., Purcell, Oklahoma 73080.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents related to the sale/transfer of the vehicles identified in the attached Exhibit "A" Duces Tecum, and complete, sign, have notarized, and return the attached business records affidavit along with any responsive documents produced.  Blanks preceded with the "*" symbol in the business records affidavit must be complete.

| Place: Padfield & Stout, LLP, 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102 | Date and Time: 04/10/2021 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        03/03/2021

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   NextGear Capital, Inc. and Automotive Finance Corporation                              , who issues or requests this subpoena, are:

Christopher V. Arisco, 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102, carisco@padfieldstout.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:20-CV-959-BJ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                         *Server's signature*

                                                     _____
                                                         *Printed name and title*

                                                     _____
                                                         *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT "A"
DUCES TECUM

**Documents and Records to be Produced:**

Document Requests Related to 2008 Dodge RAM 3500, VIN # 3D7ML48A18G219298

1. Produce all auction invoices, receipts, and statements related to the sale of the 2008 Dodge RAM 3500, VIN # 3D7ML48A18G219298, which is identified in the Exhibit "B" Lawton Auto Auction invoice dated August 6, 2019.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by David Kroth d/b/a Advantage Truck & Trailer of the 2008 Dodge RAM 3500, VIN # 3D7ML48A18G219298.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by David Kroth d/b/a Advantage Truck & Trailer of the 2008 Dodge RAM 3500, VIN # 3D7ML48A18G219298.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2008 Dodge RAM 3500, VIN # 3D7ML48A18G219298 to Rock Hill Used Cars as set forth in the attached Exhibit "C" Oklahoma Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between David Kroth d/b/a Advantage Truck & Trailer and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2008 Dodge RAM 3500, VIN # 3D7ML48A18G219298 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between David Kroth d/b/a Advantage Truck & Trailer and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2008 Dodge RAM 3500, VIN # 3D7ML48A18G219298 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between David Kroth d/b/a Advantage Truck & Trailer and Lisa Druien related to the sale or transfer of the 2008 Dodge RAM 3500, VIN # 3D7ML48A18G219298 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by David Kroth d/b/a Advantage Truck & Trailer that correspond to payment from the sale of the 2008 Dodge RAM 3500, VIN # 3D7ML48A18G219298 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by David Kroth d/b/a Advantage Truck & Trailer that correspond to payment from the sale of the 2008 Dodge RAM 3500, VIN # 3D7ML48A18G219298 from January 1, 2019, to present.

## EXHIBIT "B"

'Lawton'Cache Auto Auction

**INVOICE & BILL OF SALE**
580-536-4645
Print Date: 8/06/2019
Print Time: 10:56 AM

1 Southwest 112th St.
Lawton, OK 73505

| ANNOUNCED CONDITIONS OR COMMENTS: | | UNIT# | 066 |
|---|---|---|---|

| BUYER(Purchaser) :P-109420     376 | Seller     UD-9266 | SALE#:     36236 |
|---|---|---|
| Mike Garrison                903-440-5557 | UD-9266 Advantage Truck -David Ivey | DATE:     7/31/19 |
| Rock Hill Used Cars | David Kroth | STATUS:     SLD |
| 549 Interstate 30 East | 1635 S. Green | DRIVE:     Yellow |
| Sulphur Springs, TX 75482 | Purcell, OK 73080 | LANE |

| VEHICLE DESCRIPTION | ODOMETER DISCLOSURE STATEMENT |
|---|---|
| SERIAL   3D7ML48A18G219298   219298 | |
| ODOMETER STATUS | **Federal law (and state law, if applicable) requires** that you state the |
| YEAR     2008     MAKE   DODGE | mileage upon transfer of ownership. Failure to complete or providing |
| MODEL   RAM 3500   BODY   QUAD C | a false statement may result in fines and/or imprisonment. |
| COLOR   SILVER   RADIO | I _____ state that the odometer |
| LICENSE     FUEL   Gas | *(Transferor's /seller hand printed name)* |
| TITLE   Conform/Clean   TRANS | (Of the vehicle herein described) now reads   **87440**     miles and to t' |
| | best of my knowledge, it reflects the actual mileage of the vehicle, unles |
| | one of the following statements is checked. |

| SALE PRICE:   25,000 | ☐ (1) I hereby certify that to the best of my knowledge the odometer reading |
|---|---|
| BUYER FEE:   440.00 | reflects the amount of mileage in excess of its mechanical limits. |
| DRAFT FEE: | ☐ (2) I hereby certify that the odometer reading is NOT the actual mileage. |
| SALES TAX | **WARNING - ODOMETER DISCREPANCY.** |
| TOTAL DUE:   25,440.00 | Transferor's (Seller) signature _____ |
| PAID:   25,440.00 | Transferee's (buyer) signature _____ |
| BALANCE:   $0.00 | Transferee's (buyer) signature _____ |
| PD BY:FI   AFC | Printed name of person(buyer) signing _____ |

ALL SALES FINAL DAY OF SALE. It is understood and agreed, between the consignor, the purchaser and Lawton Cache Auto Auction is not responsible for fire, theft, or damage to the above described vehicle while on the premises before, during or after the sale. LAWTON CACHE AUTO AUCTION DOES NOT HAVE INSURANCE COVERING ANY VEHICLE. "This sale is solely a transaction between the buyer and the seller parties" -- Subject to final handing and approving of the Auction. The buyer is expected to pay for any vehicle which he/she buys unless excused by the Auction. Please clear all items promptly after purchase. The Auction does not guarantee the mileage, year, model or factory warranty on any vehicle sold through this auction. Seller warrants that he/she has good negotiable title and that it is free and clear of all items and or encumbrances. Signatory parties agree that sale transaction is not complete until all drafts or checks have cleared and title is assigned to purchaser.

Effective IMMEDIATELY, AS OF TODAY January 17, 2018, ALL SALES MUST be paid for the night of the Auction, with cash, check or a floor plan company. If NO payment is here at the time title arrives, a fee of $25.00 will be added to your total daily.

## EXHIBIT "C"

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA   D3S37S7A

| | | | |
|---|---|---|---|
| VEHICLE IDENTIFICATION NUMBER 3D7ML48A18G219298 | YEAR 2008 | MAKE DODG | TITLE NO. 810007086812 |
| BODY TYPE CW | MODEL SQ3 | | DATE 1st SOLD 11-Jul-2019 |
| AGENT NO. M2515 | COLOR Maroon | APPLICATION DATE 10-Jul-2019 | DATE ISSUED 11-Jul-2019 |
| | | ODOMETER 83656 Actual | TYPE OF TITLE Duplicate |

DATE INS. LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

MARSHALL MCGUIRE
PO BOX 650
PAULS VALLEY OK 73075-0650

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S)



443058 — 1029
ROCK HILL USED CARS
DALLAS
3D7ML48A18G219298

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
47393598

(This is not a title number)



---

ASSIGNMENT OF TITLE BY REGISTERED OWNER   (If Dealer, List License # Here: _____)

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

Purchaser(s) Name (Type or Print): **Seth Wadley Auto Group**

Purchaser(s) Complete Address: P. O. Box 650 Pauls Valley, OK. 73075

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

Exempt (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.

☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): Marshall McGuire   Printed Name of Seller(s): _____

Subscribed and sworn to before me this 24 Day of July, 20 19

Notary Public: _____   Commission Expiration: _____

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): JScott   Printed Name of Buyer(s): JScott

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or provide false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: *UD2430*

**OKLAHOMA MOTOR VEHICLE $3.50 TAX STAMP 2584574**

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): *Advantage Truck + Trailer*

Purchaser(s) Complete Address: *1635 S. green PurCell, OK 73080*

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

*Exempt* (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits
☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to before me this ___29___ Day of ___July___, 20_19_

Notary Public: _____   Commission Expiration: _____

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): *David Iv___*

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: *UD8266*

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): *ROCK HILL Used CARS*

Purchaser(s) Complete Address: *549 I-30 E Sulphur Springs TX 75482*

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

*Exempt* (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits
☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

Signature of Seller(s): _____   Printed Name of Seller(s): *David Iv___*

Subscribed and Sworn to before me this ___29th___ Day of ___July___, 20_19_

Notary Public: _____   Commission Expiration: *08/09/22*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

CRYSTAL NOTARY #10006434 EXP. 08/09/22 PUBLIC Notary Seal / Stamp STATE OF OKLAHOMA

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____   DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____



## SETH WADLEY
CADILLAC  BUICK  GMC
300 Belford Road  Pauls Valley, OK 73075
Phone (405) 238-9681
1-888-882-1277

130969

STATE OF OKLAHOMA)
COUNTY OF GARVIN) SS                    POWER OF ATTORNEY

I, _Marshall Mcguire_ of _10937 Indian Meridia Ave Pooliok_
(Address, City, State, Zip)
78074

Owner of Motor Vehicle: Year and Make _2008 Dodge_

Serial Number _3D7ML48A18G219298_ do constitute Seth Wadley Cadillac Buick GMC my
true and lawful attorney, for me and in my name to assign title to said motor vehicle and or to execute all necessary written
instruments in connection therewith and to whomsoever as may be designated by my said attorney.

Executed on this the _8th_ _June_ _2019_

SIGNED (Individual or individuals) _____

SIGNED (Company or Corporation) _____

Subscribed and sworn to before me this _8th_ _day of_ _June NO_

_____ My Comm Expires: _____

(Notary seal: DANIELLE MILLS NOTARY #18007020 EXP 07/13/22 PUBLIC OF OKLAHOMA)

### ESTIMATED TRADE PAYOFF

The payoff figure of _____ on the trade. _____
Year, Make, Model

I have read and duly understand the above.

Signed _____ Customer    Date _6-8-2019_

For Seth Wadley Cadillac Buick GMC

_____ Business Manager    Date _6-8-19_

### TRADE TITLE AGREEMENT

I agree to provide Seth Wadley Cadillac Buick GMC a negotiable trade title in my name, free and clear from all liens.
I understand any taxes including excise tax and tag fees will be paid by me to bring the tag and tax current at time of trade.
I understand Seth Wadley Cadillac Buick GMC will not accept an insurance, dated or salvage title on this trade and I agree
to repurchase my trade for full trade value allowed on the purchase contract if the title is salvage or insurance dated.

Signed _____ Customer    Date _6-8-2019_

For Seth Wadley Cadillac Buick GMC

_____ Business Manager    Date _6-8-19_

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NEXTGEAR CAPITAL, INC. AND
AUTOMOTIVE FINANCE
CORPORATION,           )
                       )
            Plaintiffs,           )
                       )
      v.               )
                       )        Adv. Pro. No. 18-03393
DRUIEN, INC. D/B/A LAWSTON        )
AUTO AUCTION, LISA DRUIEN,        )
MICHAEL GARRISON D/B/A ROCK       )
HILL USED CARS, AND AUSTIN        )
GARRISON D/B/A AUSTIN FINANCIAL   )
SERVICES,              )
                       )
                       )
            Defendants.           )

**BUSINESS RECORDS AFFIDAVIT**

STATE OF * _____            §
                                        §
COUNTY OF * _____           §

      BEFORE   ME,   the   undersigned   official,   on   this   day   personally   appeared

* _____, known to me to be a credible person and whom, after having been by

me first duly sworn, under oath deposed and stated the following:

      1.    My name is * _____. I am over eighteen years old, I

understand the nature of this oath, and I am otherwise competent to testify as to the matters stated in

this Affidavit. My title at David Kroth d/b/a Advantage Truck & Trailer is * _____,

and I am authorized by David Kroth d/b/a Advantage Truck & Trailer to testify herein.  This

testimony is based on my own personal knowledge and the facts stated herein are true and correct.  I

have also personally reviewed each of the documents attached hereto.

2.      I am a custodian of the records of David Kroth d/b/a Advantage Truck & Trailer concerning business dealings with Garrison d/b/a Rock Hill Used Cars and/or Druien, Inc. d/b/a Lawton Auto Auction. Attached hereto are *_____ pages of records.  These said pages of records are kept by David Kroth d/b/a Advantage Truck & Trailer in the regular course of business, and it was the regular course of David Kroth d/b/a Advantage Truck & Trailer's business for an employee or representative with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter.  The records attached hereto are the original or exact duplicates of the original.

Further affiant sayeth not.

Executed this the *____ day of *_____, 2021.

*_____

By: *_____

Title: *_____

SUBSCRIBED    AND    SWORN    TO    before    me    by    the    said *_____, the  *_____ of  David  Kroth  d/b/a Advantage Truck & Trailer, on this the *____ day of *_____, 2021, to certify which witness my hand and seal of office.

_____
Notary Public In and For Said
County and State

BUSINESS RECORDS AFFIDAVIT                                                                                           PAGE 2