IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(FORT WORTH DIVISION)

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND AUSTIN MICHAEL GARRISON A/K/A MIKE GARRISON D/B/A AUSTIN FINANCIAL SERVICES,<br><br>Defendants. | Civil Action No. 4:20-CV-959-BJ |

### NOTICE OF SUBPOENA COMMANDING THE PRODUCTION OF DOCUMENTS

NextGear Capital, Inc. and Automotive Finance Corporation, plaintiffs in the above-styled civil federal action, hereby give notice pursuant to FED. R. CIV. P. 45(a)(4) to all parties that it intends to serve the attached subpoena commanding the production of documents upon Big Dawg Motors LLC.

Respectfully submitted,

PADFIELD & STOUT, L.L.P.
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
817-338-1616  phone
817-338-1610  fax

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D. # 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear Capital, Inc. and
Automotive Finance Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2021, I served a copy of the foregoing Notice of Subpoena Commanding The Production of Documents to Druien, Inc. and Lisa Druien, by and through their counsel of record, Joseph M. Vacek and Richard Tallini, of Bailey & Galyen at 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, via ECF and/or e-mail at jvacek@galyen and rtallini@galyen.com, and defendants Michael Vernon Garrison, *pro se*, at 549 I-30 E., Sulphur Springs, Texas 75482, and Austin Michael Garrison, *pro se*, at 4658 I-30 E., Sulphur Springs, Texas 75482.

.

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D. # 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear Capital, Inc. and
Automotive Finance Corporation*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| NextGear Capital, Inc. and Automotive Finance Corp <br> *Plaintiff* <br> v. <br> Druien, Inc. d/b/a Lawton Auto Auction, Lisa Druien, Michael Garrison and Austin Garrison <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 4:20-CV-959-BJ |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Big Dawg Motors LLC b/s Kevin Hale at 1269 Plittman Road, Hot Springs, Arkansas 71913.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents related to the sale/transfer of the vehicles identified in the attached Exhibit "A" Duces Tecum, and complete, sign, have notarized, and return the attached business records affidavit along with any responsive documents produced. Blanks preceded with the "*" symbol in the business records affidavit must be complete.

| Place: Padfield & Stout, LLP, 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102 | Date and Time: <br> 04/10/2021 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/03/2021

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              */s/ Christopher V. Arisco*
                                                                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* NextGear Capital, Inc. and Automotive Finance Corporation, who issues or requests this subpoena, are:

Christopher V. Arisco, 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102, carisco@padfieldstout.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:20-CV-959-BJ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT "A"
## DUCES TECUM

**Documents and Records to be Produced:**

Document Requests Related to 2008 Ford F5D, VIN # 1FDAF57R48EB34427

1. Produce all auction invoices, receipts, and statements related to the sale of the 2008 Ford F5D, VIN # 1FDAF57R48EB34427, which is identified in the Exhibit "B" Lawton Auto Auction invoice dated October 16, 2019.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Big Dawg Motors LLC of the 2008 Ford F5D, VIN # 1FDAF57R48EB34427.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Big Dawg Motors LLC of the 2008 Ford F5D, VIN # 1FDAF57R48EB34427.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2008 Ford F5D, VIN # 1FDAF57R48EB34427 to Rock Hill Used Cars in March of 2019 as set forth in the attached Exhibit "C" Texas Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Big Dawg Motors LLC and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2008 Ford F5D, VIN # 1FDAF57R48EB34427 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Big Dawg Motors LLC and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2008 Ford F5D, VIN # 1FDAF57R48EB34427 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Big Dawg Motors LLC and Lisa Druien related to the sale or transfer of the 2008 Ford F5D, VIN # 1FDAF57R48EB34427 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by Big Dawg Motors LLC that correspond to payment from the sale of the 2008 Ford F5D, VIN # 1FDAF57R48EB34427 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Big Dawg Motors LLC that correspond to payment from the sale of the 2008 Ford F5D, VIN # 1FDAF57R48EB34427 from January 1, 2019, to present.

Document Requests Related to 2011 Dodge RAM 2500, VIN # 3D7TT2CT2BG511932

10. Produce all auction invoices, receipts, and statements related to the sale of the 2011 Dodge RAM 2500, VIN # 3D7TT2CT2BG511932, which is identified in the Exhibit "D" Lawton Auto Auction invoice dated January 8, 2020.

11. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Big Dawg Motors LLC of the 2011 Dodge RAM 2500, VIN # 3D7TT2CT2BG511932.

12. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Big Dawg Motors LLC of the 2011 Dodge RAM 2500, VIN # 3D7TT2CT2BG511932.

13. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2011 Dodge RAM 2500, VIN # 3D7TT2CT2BG511932 to Rock Hill Used Cars as set forth in the attached Exhibit "E" Texas Certificate of Title.

14. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Big Dawg Motors LLC and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2011 Dodge RAM 2500, VIN # 3D7TT2CT2BG511932 from January 1, 2019, to present.

15. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Big Dawg Motors LLC and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2011 Dodge RAM 2500, VIN # 3D7TT2CT2BG511932 from January 1, 2019, to present.

16. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Big Dawg Motors LLC and Lisa Druien related to the sale or transfer of the 2011 Dodge RAM 2500, VIN # 3D7TT2CT2BG511932 from January 1, 2019, to present.

17. Produce all copies of checks (front and back) received by Big Dawg Motors LLC that correspond to payment from the sale of the 2011 Dodge RAM 2500, VIN # 3D7TT2CT2BG511932 from January 1, 2019, to present.

18. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Big Dawg Motors LLC that correspond to payment from the sale of the 2011 Dodge RAM 2500, VIN # 3D7TT2CT2BG511932 from January 1, 2019, to present.

Document Requests Related to the 2017 Tiger Trailer, VIN # 5UTGN2428HM007662

19. Produce all auction invoices, receipts, and statements related to the sale of the 2017 Tiger Trailer, VIN # 5UTGN2428HM007662, which is identified in the Exhibit "F" Lawton Auto Auction invoice dated September 4, 2019.

20. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Big Dawg Motors LLC of the 2017 Tiger Trailer, VIN # 5UTGN2428HM007662.

21. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Big Dawg Motors LLC of the 2017 Tiger Trailer, VIN # 5UTGN2428HM007662.

22. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2017 Tiger Trailer, VIN # 5UTGN2428HM007662 to Rock Hill Used Cars as set forth in the attached Exhibit "G" Texas Certificate of Title.

23. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Big Dawg Motors LLC and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2017 Tiger Trailer, VIN # 5UTGN2428HM007662 from January 1, 2019, to present.

24. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Big Dawg Motors LLC and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2017 Tiger Trailer, VIN # 5UTGN2428HM007662 from January 1, 2019, to present.

25. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Big Dawg Motors LLC and Lisa Druien related to the sale or transfer of the 2017 Tiger Trailer, VIN # 5UTGN2428HM007662 from January 1, 2019, to present.

26. Produce all copies of checks (front and back) received by Big Dawg Motors LLC that correspond to payment from the sale of the 2017 Tiger Trailer, VIN # 5UTGN2428HM007662 from January 1, 2019, to present.

27. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Big Dawg Motors LLC that correspond to payment from the sale of the 2017 Tiger Trailer, VIN # 5UTGN2428HM007662 from January 1, 2019, to present.

# EXHIBIT "B"

**Lawton Cache Auto Auction**

1 Southwest 112th St.
Lawton, OK 73505

**INVOICE & BILL OF SALE**
580-536-4645
Print Date: 10/17/2019
Print Time: 1:57 PM

ANNOUNCED CONDITIONS OR COMMENTS:

UNIT#   030

| BUYER(Purchaser) :P-109420   376 | Seller   M-7119 | SALE#:  37723 |
|---|---|---|
| Mike Garrison          903-440-5557 | M-7119 Big Dawg Motors | DATE:  10/16/19 |
| Rock Hill Used Cars | Kyle Way | STATUS:  SLD |
| 549 Interstate 30 East | 236 Main St | DRIVE:  Yellow |
| Sulphur Springs, TX 75482 | Hot Springs, AR | LANE |

**VEHICLE DESCRIPTION**

SERIAL  1FDAF57R48EB34427   B34427
ODOMETER STATUS
YEAR  2008   MAKE  FORD
MODEL  SUPER DUTY F BODY
COLOR  White   RADIO
LICENSE      FUEL  Diesel
TITLE        TRANS AUTO

SALE PRICE:  28,500
BUYER FEE:   490.00
DRAFT FEE:
SALES TAX
TOTAL DUE:  28,990.00
PAID:
BALANCE:  $28,990.00
PD BY:

**ODOMETER DISCLOSURE STATEMENT**

Federal law (and state law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I _____ state that the odometer
*(Transferor's /seller hand printed name)*

(Of the vehicle herein described) now reads  199211  miles and to the best of my knowledge, it reflects the actual mileage of the vehicle, unless one of the following statements is checked.

[ ] (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.
[ ] (2) I hereby certify that the odometer reading is NOT the actual mileage.
   **WARNING - ODOMETER DISCREPANCY.**

Transferor's (Seller) signature _____

Transferee's (buyer) signature _____

Transferee's (buyer) signature _____

Printed name of person(buyer) signing _____

ALL SALES FINAL DAY OF SALE. It is understood and agreed, between the consignor, the purchaser and Lawton Cache Auto Auction is not responsible for fire, theft, or damage to the above described vehicle while on the premises before, during or after the sale. LAWTON CACHE AUTO AUCTION DOES NOT HAVE INSURANCE COVERING ANY VEHICLE. "This sale is solely a transaction between the buyer and the seller parties" -- Subject to final handing and approving of the Auction. The buyer is expected to pay for any vehicle which he/she buys unless excused by the Auction. Please clear all items promptly after purchase. The Auction does not guarantee the mileage, year, model or factory warranty on any vehicle sold through this auction. Seller warrants that he/she has good negotiable title and that it is free and clear of all items and or encumbrances. Signatory parties agree that sale transaction is not complete until all drafts or checks have cleared and title is assigned to purchaser.
Effective IMMEDIATELY. AS OF TODAY January 17, 2018, ALL SALES MUST be paid for the night of the Auction, with cash, check or a floor plan company. If NO payment is here at the time title arrives, a fee of $25.00 will be added to your total daily.

**EXHIBIT "C"**

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO |
|---|---|---|---|
| 1FDAF57R48EB34427 | 2008 | FORD | 810006408904 |

| BODY TYPE | MODEL | | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|---|
| CB | F5D | | 18-Oct-2007 | 11-Mar-2019 |

| AGENT NO. | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|
| M3219 | 08-Mar-2019 | Exempt | Transfer |

DATE INS. LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD
PO BOX 3177
MCALESTER OK 74502-3177

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
46895304

(This is not a title number)

### ASSIGNMENT OF TITLE BY REGISTERED OWNER   (If Dealer, List License # Here: US2316 )

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Big Dawg Motorz
Purchaser(s) Complete Address: 210 Main St D Hotsprings AR 71[?]

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked.

| E | X | 5 | M | P | T | (NO TENTHS) |

☐ 1. The odometer has exceeded its mechanical limits
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): _____  Printed Name of Seller(s): Jason B[...]
Subscribed and Sworn to Before me this ___14___ Day of __March__ 20_19_
Notary Public: Ben Schoggins    Commission Expiration _____



*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): Kyle Lucy    Printed Name of Buyer(s): Kyle Lucy

**VOID IF ALTERED**



## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _UCD3116_

[OKLAHOMA MOTOR VEHICLE $3.50 TAX STAMP 2288787]

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _Red Hill Used Cars_
Purchaser(s) Complete Address: _519 I-30 Sulphur Springs TX 75482_
Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

[ 2 ][ Y ][ 2 ][ 4 ][ P ][ T ] (NO TENTHS)
☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): _[signature]_    Printed Name of Seller(s): _Jason Ball_
Subscribed and Sworn to Before me this _15_ Day of _April_, 20_19_
Notary Public: _Ben Schoggins_   Commission Expiration: _____

[Notary seal: BEN SCHOGGINS #14096526 EXP 07/24/22 STATE OF OKLAHOMA]

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____    Printed Name of Buyer(s): _____

---

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

[PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE]

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____
Purchaser(s) Complete Address: _____
Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

[ ][ ][ ][ ][ ][ ] (NO TENTHS)
☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): _____    Printed Name of Seller(s): _____
Subscribed and Sworn to Before me this ____ Day of _____, 20____
Notary Public: _____   Commission Expiration: _____

[Affix Notary Seal / Stamp Here]

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____    Printed Name of Buyer(s): _____

---

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____    DATE OF LIEN: _____
LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

**EXHIBIT "D"**

Lawton Cache Auto Auction

1 Southwest 112th St.
Lawton, OK 73505

INVOICE & BILL OF SALE
580-536-4645
Print Date: 1/09/2020
Print Time: 3:50 PM

| ANNOUNCED CONDITIONS OR COMMENTS: | UNIT# 150 |
|---|---|

| BUYER(Purchaser) :P-109420  376 | Seller  M-7119 | SALE#: 39379 |
|---|---|---|
| Mike Garrison  903-440-5557 | M-7119 Big Dawg Motors | DATE: 1/08/20 |
| Rock Hill Used Cars | Kyle Way | STATUS: SLD |
| 549 Interstate 30 East | 236 Main St | DRIVE: |
| Sulphur Springs, TX 75482 | Hot Springs, AR | LANE |

**VEHICLE DESCRIPTION**
SERIAL 3D7TT2CT2BG511932    511932
ODOMETER STATUS
YEAR 2011    MAKE DODGE
MODEL RAM 2500    BODY CREW C
COLOR Gray    RADIO
LICENSE    FUEL Gas
TITLE    TRANS AUTO

| SALE PRICE: | 22,500 |
|---|---|
| BUYER FEE: | 440.00 |
| DRAFT FEE: | |
| SALES TAX | |
| TOTAL DUE: | 22,940.00 |
| PAID: | |
| BALANCE: | $22,940.00 |
| PD BY: | N@ft |

**ODOMETER DISCLOSURE STATEMENT**

Federal law (and state law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I _____ state that the odometer
(Transferor's /seller hand printed name)

(Of the vehicle herein described) now reads 104360 miles and to the best of my knowledge, it reflects the actual mileage of the vehicle, unless one of the following statements is checked.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.
☐ (2) I hereby certify that the odometer reading is NOT the actual mileage.
**WARNING - ODOMETER DISCREPANCY.**

Transferor's (Seller) signature _____

Transferee's (buyer) signature _____

Transferee's (buyer) signature _____

Printed name of person(buyer) signing _____

ALL SALES FINAL DAY OF SALE. It is understood and agreed, between the consignor, the purchaser and Lawton Cache Auto Auction is not responsible for fire, theft, or damage to the above described vehicle while on the premises before, during or after the sale. LAWTON CACHE AUTO AUCTION DOES NOT HAVE INSURANCE COVERING ANY VEHICLE. "This sale is solely a transaction between the buyer and the seller parties" ~ Subject to final handing and approving of the Auction. The buyer is expected to pay for any vehicle which he/she buys unless excused by the Auction. Please clear all items promptly after purchase. The Auction does not guarantee the mileage, year, model or factory warranty on any vehicle sold through this auction. Seller warrants that he/she has good negotiable title and that it is free and clear of all items and or encumbrances. Signatory parties agree that sale transaction is not complete until all drafts or checks have cleared and title is assigned to purchaser.
Effective IMMEDIATELY, AS OF TODAY January 17, 2018, ALL SALES MUST be paid for the night of the Auction, with cash, check or a floor plan company. If NO payment is here at the time title arrives, a fee of $25.00 will be added to your total daily.

**EXHIBIT "E"**

# CERTIFICATE OF TITLE

MVD 10030 REV. 02/06

| VEHICLE IDENTIFICATION NUMBER | TYPE OF TITLE | TITLE NUMBER |
|---|---|---|
| 3D7TT2CT2BG511932 | ORIGINAL | 13113703A602681 |

| ENGINE OR OTHER I.D. NUMBER | PREVIOUS TITLE NUMBER AND STATE | 1ST REG | DATE OF ISSUE |
|---|---|---|---|
|  | 110520GPE004911 NM | 2011 | 04/23/2013 |

| YEAR | MAKE | MODEL | BODY | CYLS. | DGVW | WT./WHEELS | TYPE OF FUEL | LIENS |
|---|---|---|---|---|---|---|---|---|
| 2011 | DODG | RPC | CW | 08 | 8510 | 6232 | GASOLINE | 1 |

1st LIENHOLDER (OR OWNER(S) IF NO LIEN)
MEMBERS FINANCIAL FCU

LICENSE PLATE NUMBER(S): 825PKW

PO BOX 9609
MIDLAND TX 79708

VEHICLE CLASS: TRUCK
CLERK: SLP

FILE DATE: 04/23/2013
MATURITY DATE: 06/26/2017
*ODOMETER & CODE: 000005 AM
MH SIZE: 00*000
CNTY: 00

REGISTERED OWNER(S)
MUNOZ JESSE
1106 E FIESTA
CARLSBAD NM 88220

SECOND LIENHOLDER
00000

ODOMETER CODES: AM = ACTUAL VEHICLE MILEAGE, EL = MILEAGE IN EXCESS OF MECHANICAL LIMITS OR NM = NOT ACTUAL MILEAGE WARNING-ODOMETER DISCREPANCY

NOT A TITLE NO. 19602681

FILE DATE | MATURITY DATE

DO NOT CARRY IN VEHICLE - KEEP IN SAFE PLACE. IMPORTANT: THERE IS AN ADDITIONAL STATUTORY FEE FOR FAILURE BY PURCHASER TO APPLY FOR TRANSFER WITHIN 30 DAYS FROM DATE OF SALE.

DIRECTOR MVD

**RELEASE OF LIEN:** I hereby certify, that interest in the vehicle described above on this Certificate of Title is hereby released.
Name of Lienholder: Members Financial FCU
Date: 5-12-2017

This Certificate of Title is evidence of legal ownership of the vehicle described above. Upon sale of this vehicle, this certificate must be properly assigned below and presented by the purchaser to the Motor Vehicle Division for transfer. The Division is not responsible for false or fraudulent statements made in connection with this Certificate of Title or held liable for recording errors.

IMPORTANT: Buyer (except for dealer) must apply to the Motor Vehicle Division within 30 days for transfer of title and registration. Federal and state law requires the seller (including dealers) to state the odometer mileage upon transfer of ownership. ANYONE CONVICTED OF A FALSE ODOMETER STATEMENT WILL BE SUBJECT TO FINES AND/OR IMPRISONMENT.

ASSIGNMENT OF TITLE FOR THE EXACT AMOUNT OF $ _____ I (we) hereby sell, assign,
transfer and convey this 17 day of July YR 2019 to
Buyer's Name(s): Tate Branch Dodge
Address: 919 S First Street Artesia NM 88210

the vehicle described on the front side of this Certificate of title and warrant it at time of delivery to be free of any liens or encumbrances unless specified below. IF NO LIEN, WRITE WORD "NONE".

Name & Address of Lienholder: NONE

Lienholder No. (if any) _____ File Date _____ Maturity Date _____

ODOMETER DISCLOSURE STATEMENT: I (we) hereby certify that the ODOMETER READING of this vehicle is: 104352 (NO TENTHS) miles and that stated mileage is (check one of the following): A ☐ the actual mileage OR B ☐ Mileage in excess of mechanical limits OR C ☐ NOT the actual mileage: WARNING-ODOMETER DISCREPANCY.

Signature(s) of Seller(s): X Jesse Munoz by POA
Printed Name: Jesse Munoz by POA

Signature(s) of Buyer(s): X _____ AGT
Printed Name: Vincent Salas AGT

**NEW MEXICO MOTOR VEHICLE DIVISION**

**FIRST REASSIGNMENT BY DEALER: FOR VALUE RECEIVED,** I hereby sell, reassign, transfer and convey this __26__ day of __Sept__, Yr __2019__ to
Buyer's Name(s): Austin Financial Services
Address: 549 Interstate Highway 30 Sulphur Springs TX 75482
the vehicle described on the front side of the Certificate of Title and warrant it at time of delivery to be free of any liens or encumbrances unless specified below. IF NO LIEN, WRITE WORD 'NONE'

Name & Address of Lienholder: NONE
Lienholder No. (if any)_____ File Date_____ Maturity Date_____
**ODOMETER DISCLOSURE STATEMENT:** I (we) hereby certify that the ODOMETER READING of this vehicle is __104,354__ (NO TENTHS) miles and that stated mileage is (check one of the following): A.☐ The actual mileage OR B.☐ Mileage in excess of mechanical limits OR C.☐ NOT the actual mileage: WARNING ODOMETER DISCREPANCY.
Name of Dealership: Tate Branch Dodge
Signature of Authorized Agent X _____ Printed Name: Vincent Salas
Buyer's Signature X _____ Printed Name: JR Huff

**SECOND REASSIGNMENT BY DEALER: FOR VALUE RECEIVED,** I hereby sell, reassign, transfer and convey this __28__ day of __Sept__, Yr __2019__ to
Buyer's Name(s): BIG DAWG MOTORS
Address: 210 Main St Hot Springs AR
the vehicle described on the front side of the Certificate of Title and warrant it at time of delivery to be free of any liens or encumbrances unless specified below. IF NO LIEN, WRITE WORD 'NONE'

Name & Address of Lienholder: None
Lienholder No. (if any)_____ File Date_____ Maturity Date_____
**ODOMETER DISCLOSURE STATEMENT:** I (we) hereby certify that the ODOMETER READING of this vehicle is __104,354__ (NO TENTHS) miles and that stated mileage is (check one of the following): A.☐ The actual mileage OR B.☒ Mileage in excess of mechanical limits OR C.☐ NOT the actual mileage: WARNING ODOMETER DISCREPANCY.
Name of Dealership: Austin Financial
Signature of Authorized Agent X JR Huff Printed Name: JR Huff
Buyer's Signature X Kyle Way Printed Name: Kyle Way

**THIRD REASSIGNMENT BY DEALER: FOR VALUE RECEIVED,** I hereby sell, reassign, transfer and convey this _____ day of _____, Yr _____ to
Buyer's Name(s): ROCK HILL USED CARS
Address: _____
the vehicle described on the front side of the Certificate of Title and warrant it at time of delivery to be free of any liens or encumbrances unless specified below. IF NO LIEN, WRITE WORD 'NONE'

Name & Address of Lienholder: _____
Lienholder No. (if any)_____ File Date_____ Maturity Date_____
**ODOMETER DISCLOSURE STATEMENT:** I (we) hereby certify that the ODOMETER READING of this vehicle is __104,340__ (NO TENTHS) miles and that stated mileage is (check one of the following): A.☐ The actual mileage OR B.☐ Mileage in excess of mechanical limits OR C.☐ NOT the actual mileage: WARNING ODOMETER DISCREPANCY.
Name of Dealership: _____
Signature of Authorized Agent X Kyle Way Printed Name: Kyle Way
Buyer's Signature X _____ Printed Name _____

**FOURTH REASSIGNMENT BY DEALER: FOR VALUE RECEIVED,** I hereby sell, reassign, transfer and convey this _____ day of _____, Yr _____ to
Buyer's Name(s): _____
Address: _____
the vehicle described on the front side of the Certificate of Title and warrant it at time of delivery to be free of any liens or encumbrances unless specified below. IF NO LIEN, WRITE WORD 'NONE'

Name & Address of Lienholder: _____
Lienholder No. (if any)_____ File Date_____ Maturity Date_____
**ODOMETER DISCLOSURE STATEMENT:** I (we) hereby certify that the ODOMETER READING of this vehicle is _____ (NO TENTHS) miles and that stated mileage is (check one of the following): A.☐ The actual mileage OR B.☐ Mileage in excess of mechanical limits OR C.☐ NOT the actual mileage: WARNING ODOMETER DISCREPANCY.
Name of Dealership: _____
Signature of Authorized Agent X _____ Printed Name _____
Buyer's Signature X _____ Printed Name _____

**FIFTH REASSIGNMENT BY DEALER: FOR VALUE RECEIVED,** I hereby sell, reassign, transfer and convey this _____ day of _____, Yr _____ to
Buyer's Name(s): _____
Address: _____
the vehicle described on the front side of the Certificate of Title and warrant it at time of delivery to be free of any liens or encumbrances unless specified below. IF NO LIEN, WRITE WORD 'NONE'

Name & Address of Lienholder: _____
Lienholder No. (if any)_____ File Date_____ Maturity Date_____
**ODOMETER DISCLOSURE STATEMENT:** I (we) hereby certify that the ODOMETER READING of this vehicle is _____ (NO TENTHS) miles and that stated mileage is (check one of the following): A.☐ The actual mileage OR B.☐ Mileage in excess of mechanical limits OR C.☐ NOT the actual mileage: WARNING ODOMETER DISCREPANCY.
Name of Dealership: _____
Signature of Authorized Agent X _____ Printed Name _____
Buyer's Signature X _____ Printed Name _____

**SIXTH REASSIGNMENT BY DEALER: FOR VALUE RECEIVED,** I hereby sell, reassign, transfer and convey this _____ day of _____, Yr _____ to
Buyer's Name(s): _____
Address: _____
the vehicle described on the front side of the Certificate of Title and warrant it at time of delivery to be free of any liens or encumbrances unless specified below. IF NO LIEN, WRITE WORD 'NONE'

Name & Address of Lienholder: _____
Lienholder No. (if any)_____ File Date_____ Maturity Date_____
**ODOMETER DISCLOSURE STATEMENT:** I (we) hereby certify that the ODOMETER READING of this vehicle is _____ (NO TENTHS) miles and that stated mileage is (check one of the following): A.☐ The actual mileage OR B.☐ Mileage in excess of mechanical limits OR C.☐ NOT the actual mileage: WARNING ODOMETER DISCREPANCY.
Name of Dealership: _____
Signature of Authorized Agent X _____ Printed Name _____
Buyer's Signature X _____ Printed Name _____

**ANY ALTERATIONS OR ERASURES WILL VOID THIS TITLE**

*(Side margins: NEW MEXICO MOTOR VEHICLE DIVISION)*

DEAL # 52975
STK # A1038   CUST # 104170

## POWER OF ATTORNEY
## TO DISCLOSE MILEAGE AND ASSIGN TITLE

This form may only be used by dealers accepting a trade-in or to apply for a duplicate title. The original Power of Attorney must accompany the title and be submitted to the New Mexico Motor Vehicle Division or applicable state having jurisdiction. Failure to do so may result in fines and/or imprisonment. Dealer must retain a copy for five (5) years.

I/WE __Jessie Munoz Hernandez__

APPOINT, (PRINT NAME OF ATTORNEY-IN-FACT) __Tate Branch Dodge Chrysler Jeep__

WHOSE ADDRESS IS: __919 South First Street__   __Artesia__   __NM__   __88210__
　　　　　　　　　　　Street　　　　　　　　　　City　　　　State　　Zip Code

AS MY ATTORNEY-IN-FACT TO DISCLOSE THE MILEAGE ON THE VEHICLE DESCRIBED HEREIN AND ASSIGN TITLE TO DEALER INDICATED BELOW. THE POWER GRANTED BY THIS INSTRUMENT WILL BE REVOKED WHEN THE VEHICLE IS SOLD AT RETAIL.

VEHICLE IDENTIFICATION NUMBER (VIN)　　　　　　　　　　　　　　　　　　　　YEAR
__3D7TT2CT2BG511932__　　　　　　　　　　　　　　　　　　　　　　　　　　　__2011__

MAKE __Ram__   MODEL __2500__   BODY TYPE __Crew Cab 4WD__

### ODOMETER DISCLOSURE STATEMENT

FEDERAL AND STATE LAW REQUIRES THE TRANSFEROR (SELLER) OF A VEHICLE TO STATE THE ODOMETER MILEAGE UPON TRANSFER OF OWNERSHIP. ANYONE CONVICTED OF A FRAUDULENT ODOMETER STATEMENT WILL BE SUBJECT TO FINES AND/OR IMPRISONMENT.

I hereby certify that the odometer currently reads __104352__ (no tenths) miles and to the best of my knowledge reflects the actual mileage (Code AM) of the vehicle described above unless one of the following is checked:   ☐ Mileage in excess of mechanical limits (Code EL) or  ☐ WARNING! Not the actual mileage - Odometer Discrepancy (Code NM).

__Jessie Munoz Hernandez__       X _[signature]_                          07/17/2019
Printed Name of First Seller       Signature of First Seller              Date

                                   X
Printed Name of Second Seller (if Joint Ownership)   Signature of Second Seller   Date

__1106 E Fiesta Dr__      __Carlsbad__      __NM__      __88210__
Sellers Street Address    City             State       Zip Code

OFFICIAL SEAL
SUBSCRIBED AND SWORN BEFORE ME THIS __17th__ DAY OF __July__ 20 __19__
NOTARY PUBLIC-State of New Mexico
My Commission Expires __10-10__ 20 __21__
MY COMMISSION EXPIRES                                NOTARY PUBLIC

I certify that the mileage stated in this Power of Attorney Disclosure is greater than the mileage previously stated on the Certificate of Title.

__Tate Branch Dodge Chrysler Jeep__        _[signature]_                    07/17/2019
PRINT DEALERSHIP NAME       SIGNATURE OF DEALER OR AUTHORIZED AGENT         DATE

WHITE COPY: New Mexico Motor Vehicle Division or applicable state having jurisdiction. YELLOW COPY: Seller  PINK COPY: Dealer

LAW  FORM NO. LAWNM-POA-CO (REV. 2/16)
The Reynolds and Reynolds Company  TO ORDER: www.reysource.com; 1-800-344-0996, fax 1-800-531-9055

THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

**EXHIBIT "F"**

Lawton Cache Auto Auction

1 Southwest 112th St.
Lawton, OK 73505

INVOICE & BILL OF SALE
580-536-4645
Print Date: 9/04/2019
Print Time: 10:44 AM

ANNOUNCED CONDITIONS OR COMMENTS:

UNIT# 154

| BUYER(Purchaser): P-109420   376 | Seller   M-7119 | SALE#: 36814 |
|---|---|---|
| Mike Garrison   903-440-5557 | M-7119 Big Dawg Motors | DATE: 9/04/19 |
| Rock Hill Used Cars | Kyle Way | STATUS: SLD |
| 549 Interstate 30 East | 236 Main St | DRIVE: Green |
| Sulphur Springs, TX 75482 | Hot Springs, AR | LANE |

**VEHICLE DESCRIPTION**
SERIAL 5UTGN2428HM007662   007662
ODOMETER STATUS
YEAR 2017   MAKE Tiger
MODEL Car Trailer   BODY TRAILE
COLOR     RADIO
LICENSE   FUEL
TITLE     TRANS

| SALE PRICE: | 29,250 |
|---|---|
| BUYER FEE: | 490.00 |
| DRAFT FEE: | |
| SALES TAX | |
| TOTAL DUE: | 29,740.00 |
| PAID: | 29,740.00 |
| BALANCE: | $0.00 |
| PD BY:F1 AFC | |

**ODOMETER DISCLOSURE STATEMENT**

Federal law (and state law, if applicable) requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I _____ state that the odometer
*(Transferor's /seller hand printed name)*

(Of the vehicle herein described) now reads __00__ miles and to the best of my knowledge, it reflects the actual mileage of the vehicle, unless one of the following statements is checked.

[ ] (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.
[ ] (2) I hereby certify that the odometer reading is NOT the actual mileage.
**WARNING - ODOMETER DISCREPANCY.**

Transferor's (Seller) signature _____

Transferee's (buyer) signature _____

Transferee's (buyer) signature _____

Printed name of person(buyer) signing _____

ALL SALES FINAL DAY OF SALE. It is understood and agreed, between the consignor, the purchaser and Lawton Cache Auto Auction is not responsible for fire, theft, or damage to the above described vehicle while on the premises before, during or after the sale. LAWTON CACHE AUTO AUCTION DOES NOT HAVE INSURANCE COVERING ANY VEHICLE. "This sale is solely a transaction between the buyer and the seller parties" ~ Subject to final handing and approving of the Auction. The buyer is expected to pay for any vehicle which he/she buys unless excused by the Auction. Please clear all items promptly after purchase. The Auction does not guarantee the mileage, year, model or factory warranty on any vehicle sold through this auction. Seller warrants that he/she has good negotiable title and that it is free and clear of all items and or encumbrances. Signatory parties agree that sale transaction is not complete until all drafts or checks have cleared and title is assigned to purchaser.
Effective IMMEDIATELY, AS OF TODAY January 17, 2018, ALL SALES MUST be paid for the night of the Auction, with cash, check or a floor plan company. If NO payment is here at the time title arrives, a fee of $25.00 will be added to your total daily.

**EXHIBIT "G"**

111205544 BDB

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

CITY NATIONAL BANK
PO BOX 798
SULPHUR SPRINGS, TX 75483-0798

JAC JAN 24 2018 DKC

0007010

▼ DETACH HERE ▼

## TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

TxDMV

137984463

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 5UTGN2428HM007662 | 2017 | TIGR | UT |

TITLE/DOCUMENT NUMBER: 11200043109110146    DATE TITLE ISSUED: 01/19/2018

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| | | 4000 | 917579J |

PREVIOUS OWNER
BRINKLEY AUCTIONS IDABEL OK

OWNER
JANET LEIGH DUNLAP
JARRED AUSTIN DUNLAP
601 S KAUFMAN
MT VERNON, TX 75482

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN: 01/11/2018    1ST LIENHOLDER: CITY NATIONAL BANK
PO BOX 798
SUL SPGS, TX 75483

1ST LIEN RELEASED: 8-15-18
BY: _____ AUTHORIZED AGENT

DATE OF LIEN:    2ND LIENHOLDER:
2ND LIEN RELEASED: _____ DATE
BY: _____ AUTHORIZED AGENT

DATE OF LIEN:    3RD LIENHOLDER:
3RD LIEN RELEASED: _____ DATE
BY: _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS

**RIGHTS OF SURVIVORSHIP AGREEMENT**
WE THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE
SIGNATURE _____ DATE
SIGNATURE _____ DATE

FORM 30-C REV. 05/2016    DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

443058-1037 ROCK HILL USED CARS DALLAS
5UTGN2428HM007662

Whenever you sell or trade in a vehicle, be sure to **protect yourself by filing the Vehicle Transfer Notification** online at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

**You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.**

Before you buy, do a Title Check. For more information, go to www.TxDMV.gov and click on the "Title Check" icon.

---

WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE INDICATING A DATE OF SALE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.

137984463

FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

**ASSIGNMENT OF TITLE**

Name of Purchaser: Austin Financial Services
Street: 549 I-30
City: Sulphur Springs
State: TX
Zip: 75402

Date of Sale: 5-3-18
Printed Name (seller): Samuel Austin Dunlap
Printed Name (buyer): A GARSON

**FIRST REASSIGNMENT DEALER ONLY**

Name of Purchaser: Big Jimmy Motors
Street: 1748 Airport Rd
City: Hot Springs
State: AR
Zip: 71913

Date of Sale: 8-1-19
Dealer's Name: Austin Financial Services
Dealer No: M7119
Printed Name (seller): Austin [Lawrence]
Signature of Buyer/Agent: Kyle Way
Printed Name (buyer): Kyle Way

**SECOND REASSIGNMENT DEALER ONLY**

Name of Purchaser: Rock Hill Used Cars
Street: 519 I-30
City: Sulphur Springs
State: TX
Zip: 75402

Date of Sale: [blank]
Dealer's Name: Big Jimmy Motors
Dealer No: M7119
Printed Name: Kyle Way
Agent's Signature: Kyle Way

**THIRD REASSIGNMENT DEALER ONLY**

[blank]

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND<br>AUTOMOTIVE FINANCE<br>CORPORATION,<br><br>      Plaintiffs,<br>v.<br><br>DRUIEN, INC. D/B/A LAWSTON<br>AUTO AUCTION, LISA DRUIEN,<br>MICHAEL GARRISON D/B/A ROCK<br>HILL USED CARS, AND AUSTIN<br>GARRISON D/B/A AUSTIN FINANCIAL<br>SERVICES,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Adv. Pro. No. 18-03393<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BUSINESS RECORDS AFFIDAVIT**

STATE OF \*_____ §
§
COUNTY OF \*_____ §

  BEFORE ME, the undersigned official, on this day personally appeared \*_____, known to me to be a credible person and whom, after having been by me first duly sworn, under oath deposed and stated the following:

  1.  My name is \*_____. I am over eighteen years old, I understand the nature of this oath, and I am otherwise competent to testify as to the matters stated in this Affidavit. My title at Big Dawg Motors LLC is \*_____, and I am authorized by Big Dawg Motors LLC to testify herein. This testimony is based on my own personal knowledge and the facts stated herein are true and correct. I have also personally reviewed each of the documents attached hereto.

2.   I am a custodian of the records of Big Dawg Motors LLC concerning business dealings with Garrison d/b/a Rock Hill Used Cars and/or Druien, Inc. d/b/a Lawton Auto Auction. Attached hereto are *_____ pages of records. These said pages of records are kept by Big Dawg Motors LLC in the regular course of business, and it was the regular course of Big Dawg Motors LLC's business for an employee or representative with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

Further affiant sayeth not.

Executed this the *____ day of *_____, 2021.

*_____

By: *_____

Title: *_____

SUBSCRIBED AND SWORN TO before me by the said *_____, the *_____ of Big Dawg Motors LLC, on this the *_____ day of *_____, 2021, to certify which witness my hand and seal of office.

_____
Notary Public In and For Said
County and State