IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(FORT WORTH DIVISION)

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION,<br><br>               Plaintiffs,<br><br>v.<br><br>DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND AUSTIN MICHAEL GARRISON A/K/A MIKE GARRISON D/B/A AUSTIN FINANCIAL SERVICES,<br><br>               Defendants. | Civil Action No. 4:20-CV-959-BJ |

**PLAINTIFF'S MOTION TO COMPEL RULE 26 INITIAL DISCLOSURES FROM DEFENDANTS DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION AND LISA DRUIEN**

COMES NOW Plaintiffs NextGear Capital, Inc. and Automotive Finance Corporation, Plaintiffs herein, and files this Motion to Compel Rule 26 Initial Disclosures from Defendants Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction and Lisa Druien (the "Motion") pursuant to Rule 37 of the Federal Rules of Civil Procedure, and would respectfully show the Court as follows:

**I.
SUMMARY OF THE MOTION**

1. Defendants Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction and Lisa Druien (collectively, the "Defendants") have failed to provide adequate Rule 26 initial disclosures. Defendants have failed to identify or provide copies of any documents that may be used to support Defendants' claims or defenses. Instead, Defendants stated "None at the time.

Defendant will supplement."[1] Defendants' initial disclosures were served on November 24, 2020 and Defendants have yet to supplement an answer.[2] Defendants have thus failed to sufficiently disclose information and/or documentation in support of their claims or defenses. The deadline for making Rule 26 (a)(1) initial disclosures was on December 4, 2020.[3] In view of the impending discovery deadline on May 7, 2021[4], this Court should order that Defendants Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction and Lisa Druien adequately provide their initial disclosures in accordance with FED. R. CIV. P. 26.

## II.
## MOTION TO COMPEL

2.  Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires the disclosing party to describe "all documents, electronically stored information, and tangible things" in its possession. The 1993 Advisory Notes to Fed. R. Civ. P. 26 explain that the initial disclosures "describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records … sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests."

3.  Defendants did not meet this standard. Rather, three months have passed since Defendants served their initial disclosures promising to supplement, and Defendants have failed to supplement such disclosures or disclose a single document responsive to Federal Rule of Civil Procedure 26(a)(1)(A)(ii). Accordingly, Defendants have neither identified nor produced a single

---

[1] *See* Exhibit A, Defendants' Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction and Lisa Druien Rule 26(a)(1) Initial Disclosures.
[2] Exhibit A, pg. 5.
[3] *See* Scheduling Order [Doc. # 23], pg. 2.
[4] *See* Scheduling Order [Doc. # 23] pg. 2.

document to support their claims or defenses, ignoring a critical category of Rule 26(a) initial disclosures.

4.  If a party fails to provide Rule 26(a) initial disclosures, the other party may file a motion to compel.[5] An evasive or incomplete disclosure must be treated as a failure to disclose.[6] The consequence of a party's failure to disclose as required under Rule 26 is set forth in Rule 37 as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)**  may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)**  may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[7]

There is no justification for Defendants' failure to adequately serve their Rule 26(a) initial disclosures, and such failure was not harmless. As a result of Defendants' failure, Plaintiffs has been required to incur necessary attorneys' fees to prosecute the instant Motion, for which Plaintiffs seek recovery under Rule 37(c)(1)(A).

5.  Defendants should not be permitted to disregard and ignore their discovery obligations while Plaintiffs timely served its Rule 26 initial disclosures and has been producing documents to counsel for Defendants voluntarily without requiring Defendants to serve formal

---

[5] *See* Fed. R. Civ. P. 37(a)(3)(A).
[6] See Fed. R. Civ. P. 37(a)(4).
[7] Fed. R. Civ. P. 37(c)(1).

requests for production.  Plaintiffs will bear the burden of proof at trial. Plaintiffs' presentation and preparation for trial is unreasonably impaired if Plaintiffs are prevented from investigating sources of evidence which may be helpful. For all of the foregoing reasons, Plaintiffs requests the Court GRANT its Motion.

### III.
### PRAYER

WHEREFORE, NextGear Capital, Inc. and Automotive Finance Corporation respectfully request that this Court enter an Order GRANTING Plaintiffs' Motion as follows:

(a) Compelling Defendants to supplement their Rule 26(a) Initial Disclosures to fully and completely produce or identify all documents, electronically stored information, and tangible things in Defendants' possession within fourteen (14) days upon entry of such an order;

(b) Assessing reasonable and necessary attorneys' fees in an amount to be determined by the Court should this Motion be granted pursuant the submission of a fee application or any additional briefing or documentation requested by the Court; and

(c) Granting such other and further relief to which Plaintiffs may be justly entitled.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D.# 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear and AFC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2021, I served a copy of the foregoing to Druien, Inc. and Lisa Druien, by and through their counsel of record, Joseph M. Vacek and Richard Tallini, of Bailey & Galyen at 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, via ECF and/or e-mail at jvacek@galyen and rtallini@galyen.com, and defendants Michael Vernon Garrison, *pro se*, at 549 I-30 E., Sulphur Springs, Texas 75482, and Austin Michael Garrison, *pro se*, at 4658 I-30 E., Sulphur Springs, Texas 75482, via certified mail, return receipt requested.

/s/ *Christopher V. Arisco*
Christopher V. Arisco

## CERTIFICATE OF CONFERENCE

This is to certify that on March 3, 2021, I placed a call to counsel for Druien, Inc. and Lisa Druien, Richard Tallini, to discuss the relief requested in this motion. Pursuant to the phone conversation with Mr. Tallini, he advised he was opposed to the relief sought. Accordingly, this motion is presented to the court for determination.

/s/ *Christopher V. Arisco*
Christopher V. Arisco