# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# (FORT WORTH DIVISION)

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND AUSTIN MICHAEL GARRISON A/K/A MIKE GARRISON D/B/A AUSTIN FINANCIAL SERVICES,<br><br>Defendants. | Civil Action No. 4:20-CV-959-BJ |

## PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE CONCERNING MEDIATION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, NextGear Capital, Inc. ("NextGear") and Automotive Finance Corporation ("AFC") and collectively "Plaintiffs," hereby file this their Response To Order To Show Cause Concerning Mediation [Doc. # 43] entered in the above-styled case on March 3, 2021. For the reasons set forth below, Plaintiffs have been unable to reach an agreement with *pro se* defendants Michael Vernon Garrison d/b/a Rock Hill Used Cars or Austin Garrison d/b/a Austin Financial Services concerning a mediator or mediation dates, and have likewise been unable to agree with counsel for Druien, Inc. d/b/a Lawton Auto Auction and Lisa Druien on a mediator or mediation dates.

## I.
## RESPONSE TO SHOW CAUSE ORDER

1.     Due to a clerical error, counsel for Plaintiffs did not calendar the deadline to submit a report consistent with the Order of Referral for Mediation entered on November 24, 2020 [Doc. # 24]. Had the deadline been calendared, counsel for Plaintiffs certainly would have filed a report prior to the March 1st deadline advising the Court of the status of mediation, and such failure was not intentional.

2.     Even if counsel for Plaintiffs had properly calendared the March 1st deadline, counsel for Plaintiff would have reported that counsel for Plaintiffs was unable to contact *pro se* defendants Michael Garrison and Austin Garrison to discuss any aspect of the case, including mediation, prior to the March 1st deadline.

3.     Prior to the February 26th settlement conference deadline, counsel for Plaintiffs, Christopher Arisco, placed a phone call to Austin Garrison to discuss the status of the case, discuss mediation, and arrange for an in-person phone conference. Although *pro se* defendants Michael Vernon Garrison d/b/a Rock Hill Used Cars and Austin Garrison d/b/a Austin Financial Services do not list any telephone number on their Original Answer filed on September 21, 2020 [Doc. # 5], counsel for Plaintiffs had previously been communicating with Austin Garrison by telephone when arranging for the parties' initial in-person settlement conference that took place on October 23, 2020. During these telephone conversations, Austin Garrison represented he would relay the parties' conversation to his father, defendant Michael Garrison.

4.     Using that same telephone number for Austin Garrison, counsel for Plaintiffs attempted to contact Michael Garrison and Austin Garrison by phone on February 10, 2021, to discuss the relief sought in the pending Motion to Dismiss as to Austin Garrison only and also to

discuss mediation prior to the March 1st deadline, among other matters.  However, neither Michael Garrison nor Austin Garrison responded to counsel for Plaintiffs.

5. Thereafter, on February 25, 2021, Mr. Arisco again followed up with Michael Garrison and Austin Garrison by e-mail.  Per the e-mail, counsel for Plaintiffs advised that the parties needed to arrange an in-person meeting as required by the Court's Scheduling Order, that counsel for Plaintiffs have attempted several times to get in touch with the *pro se* defendants Michael Garrison and Austin Garrison, but have not been successful in contacting either of them.  Per the e-mail, counsel for Plaintiffs advised that they would be required to attend an in-person settlement conference.  A true and correct copy of the e-mail sent by counsel for Plaintiffs to Michael Garrison and/or Austin Garrison on February 25, 2021, is attached hereto as Exhibit "A."  However, neither Michael Garrison nor Austin Garrison responded to counsel for Plaintiffs' February 25th e-mail.  Therefore, counsel for Plaintiffs was unable to arrange an in-person settlement discussion with either Michael Garrison or Austin Garrison.

6. On March 4, 2021, *pro se* defendant Michael Garrison placed a phone call to Mr. Arisco pursuant to an e-mail sent by counsel for Plaintiffs on March 4, 2021, to dgarrison31@hotmail.com, which contained a draft of this Settlement Report for defendants' review and feedback. Michael Garrison verified that "dgarrison31@hotmail.com" was his correct e-mail address.  This was the same e-mail address to which counsel for Plaintiffs previously sent the Exhibit "A" e-mail on February 25, 2021.

7. Further, Michael Garrison advised counsel for Plaintiffs on March 4th that he had not been receiving any orders or filings from this Court at his address at 549 I-30 E. Sulphur Springs, Texas 75482.  However, Michael Garrison did verify he received Plaintiffs' Motion to Dismiss as to Austin Garrison only at this address.  During the phone March 4th conversation,

Michael Garrison stated he was unaware of the March 1st mediation report deadline, but had no specific preference on which mediator was chosen and was generally flexible on mediation dates. Now that counsel for Plaintiff has Michael Garrison's confirmed phone number and e-mail address, it is the intent of counsel for Plaintiffs and Michael Garrison to schedule mediation, subject to the response and feedback of counsel for Druien, Inc. and Lisa Druien.

8. Additionally, counsel for Plaintiffs, Christopher Arisco, placed a phone call to counsel for Druien, Inc. and Lisa Druien on February 10, 2021, to arrange for a time to meet in person for a settlement conference and to also confer on Plaintiffs' Motion to Dismiss as to Austin Garrison only. During the phone call on February 10th, a legal assistant at the law firm of Bailey & Galyen advised that lead counsel, Joseph Vacek, was no longer employed by Bailey & Galyen or representing Druien, Inc. and Lisa Druien in the litigation. Mr. Arisco then inquired who at Bailey & Galyen would be taking over Mr. Vacek's responsibilities. The legal assistant at Bailey & Galyen stated she would get an attorney to call me back and took down Mr. Arisco' contact information.

9. Despite Mr. Arisco's inquiry with the law office of Bailey & Galyen on February 10, 2021, no attorney responded to counsel for Plaintiffs' phone call prior to the March 1st mediator report deadline. Further, when counsel for Plaintiffs would e-mail Joseph Vacek, counsel for Plaintiffs would receive an auto-reply response indicating he no longer worked at the firm, but the auto-reply response did not indicate who at Bailey & Galyen, if anyone, was taking over his responsibilities. Mr. Arisco subsequently placed another call to the law office of Bailey & Galyen on February 25, 2021, during which time Mr. Arisco was advised for the first time that Richard Tallini would be taking over representation of Druien, Inc. and Lisa Druien. Mr. Arisco left an

urgent and detailed message for Mr. Tallini to return counsel for Plaintiffs' phone call, but did not receive any response prior to the March 1st mediation report deadline.

10. After the March 1st mediation report deadline passed, Mr. Arisco again placed a call to Mr. Tallini to discuss the status of the case on March 3, 2021. Mr. Arisco and Mr. Tallini participated in a phone discussion, at which time counsel for Plaintiffs was advised Mr. Tallini was newly assigned as counsel for Druien, Inc. and Lisa Druien during the time Winter Storm Uri had the entire State of Texas in a state of emergency, and that he had not yet had an opportunity to review the file or assess the status of the case. Mr. Arisco and Mr. Tallini discussed the deadlines set forth in the Scheduling Order, the Show Cause Order issued concerning the parties' requirement to submit mediator information to the Court, and conferred on Plaintiffs' pending motion to compel disclosure responses. Pursuant to the March 3rd phone conference, Mr. Tallini was unable to provide any suggestions or input as to a specific mediator, stating that he was unfamiliar with the file or the name of specific mediators who would be able to assist in this matter.

11. For all of the foregoing reasons, counsel for Plaintiffs did not submit a mediator report as of March 1st, 2021, although Plaintiffs remain willing to engage in any form of settlement or alternative dispute resolution as ordered by this Court. Mr. Arisco circulated an e-mail on March 4th to *pro se* defendants Michael Garrison and Austin Garrison, as well as Mr. Tallini suggesting that the parties utilize Judge Jenevein of Waddell Serafino in Dallas as mediator. As set forth above, Michael Garrison is unopposed to using Judge Jenevein as mediator. As of the time of filing this response, Mr. Tallini has not provided his feedback on whether he is agreeable to Judge Jenevein as mediator.

12. WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully requests the court extend the deadline to submit a mediator report identifying the agreed-upon mediator's name,

address, telephone number, and facsimile number, unless the parties are unable to mutually agree on a mediator, at which time the Court will appoint one at either party's written request.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D.# 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear and AFC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2021, I served a copy of the foregoing to Druien, Inc. and Lisa Druien, by and through their counsel of record, Joseph M. Vacek and Richard Tallini, of Bailey & Galyen at 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, via ECF and/or e-mail at jvacek@galyen and rtallini@galyen.com, and defendants Michael Vernon Garrison, *pro se*, at 549 I-30 E., Sulphur Springs, Texas 75482, and Austin Michael Garrison, *pro se*, at 4658 I-30 E., Sulphur Springs, Texas 75482, via certified mail, return receipt requested, and e-mail at dgarrison31@hotmail.com and sharksrb26@hotmail.com.

/s/ *Christopher V. Arisco*

Christopher V. Arisco