IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(FORT WORTH DIVISION)

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION,<br><br>   Plaintiffs,<br><br>   v.<br><br>DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, AND MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS,<br><br>   Defendants. | Civil Action No. 4:20-CV-959-BJ |

**PLAINTIFF'S MOTION TO COMPEL RULE 26 INITIAL DISCLOSURES FROM DEFENDANT MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS**

COMES NOW Plaintiffs NextGear Capital, Inc. and Automotive Finance Corporation, Plaintiffs herein, and files this Motion to Compel Rule 26 Initial Disclosures from Defendant Michael Vernon Garrison d/b/a Rock Hill Used Cars (the "Motion") pursuant to Rule 37 of the Federal Rules of Civil Procedure, and would respectfully show the Court as follows:

**I.
SUMMARY OF THE MOTION**

1.   Defendant Michael Vernon Garrison d/b/a Rock Hill Used Cars ("Defendant") has failed to serve any Rule 26 initial disclosures. Defendant has failed to identify or provide copies of any documents that may be used to support his claims or defenses. The deadline for making Rule 26 (a)(1) initial disclosures was on December 4, 2020.[1] In view of the impending discovery

---

[1] *See* Scheduling Order [Doc. # 23], pg. 2.

deadline on May 7, 2021[2], this Court should order Defendant Michael Vernon Garrison d/b/a Rock Hill Used Cars to serve his initial disclosures in accordance with FED. R. CIV. P. 26.

## II.
## MOTION TO COMPEL

2.  Federal Rule of Civil Procedure 26(a) requires each party to disclose certain information without request. Federal Rule of Civil Procedure 26(a)(1)(A)(ii) requires the disclosing party to describe "all documents, electronically stored information, and tangible things" in its possession. The 1993 Advisory Notes to Fed. R. Civ. P. 26 explain that the initial disclosures "describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records … sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the requests."

3.  Defendant did not meet this standard. Rather, three months have passed since the deadline for making Rule 26 (a)(1) initial disclosures on December 4, 2020 and Defendant has failed to disclose any information to Plaintiffs. Accordingly, Defendant has neither provided the name, address, and phone number of anyone likely to have discoverable information, nor has Defendant identified or produced a single document to support his claims or defenses, ignoring all critical categories of Rule 26(a) initial disclosures.

4.  If a party fails to provide Rule 26(a) initial disclosures, the other party may file a motion to compel.[3]  The consequence of a party's failure to disclose as required under Rule 26 is set forth in Rule 37 as follows:

---

[2] *See* Scheduling Order [Doc. # 23] pg. 2.
[3] *See* Fed. R. Civ. P. 37(a)(3)(A).

**PLAINTIFFS' MOTION TO COMPEL RULE 26 INITIAL DISCLOSURES**                                                                                   **PAGE 2**

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> **(B)** may inform the jury of the party's failure; and
>
> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).[4]

There is no justification for Defendant's failure to serve their Rule 26(a) initial disclosures, and such failure was not harmless. As a result of Defendant's failure, Plaintiffs have been required to incur necessary attorneys' fees to prosecute the instant Motion, for which Plaintiffs seek recovery under Rule 37(c)(1)(A). Plaintiffs also seeks relief under Rule 37(b)(2)(A)(ii), which if granted, would prohibit Defendant from supporting his affirmative defenses with any evidence or witnesses not properly disclosed or opposing Plaintiffs' remaining claims with any evidence or witnesses not properly disclosed, along with any additional or further relief that the Court finds is proper under the circumstances.[5]

5.   Defendant should not be permitted to disregard and ignore his discovery obligations while Plaintiffs timely served its Rule 26 initial disclosures and has been producing documents to Defendant voluntarily without requiring Defendant to serve formal requests for production. Plaintiffs will bear the burden of proof at trial. Plaintiffs' presentation and preparation for trial is unreasonably impaired if Plaintiffs are prevented from investigating sources of evidence which may be helpful. For all of the foregoing reasons, Plaintiffs requests the Court GRANT its Motion.

---

[4] Fed. R. Civ. P. 37(c)(1).
[5] Fed. R. Civ. P. 37(b)(2)(A)(ii).

# III.
# PRAYER

WHEREFORE, NextGear Capital, Inc. and Automotive Finance Corporation respectfully request that this Court enter an Order GRANTING Plaintiffs' Motion as follows:

(a) Compelling Defendant to fully respond and serve his Rule 26(a) Initial Disclosures in full compliance with the requirements of Rule 26(a) within fourteen (14) days upon entry of such an order;

(b) Granting Plaintiffs' request for sanctions under Rule 37(b)(2)(A)(ii), prohibiting Defendant from offering or relying on any witness, evidence or document that was not disclosed in his Rule 26(a) disclosures to support his defenses asserted in this case, or alternatively awarding Plaintiffs any other available sanction under Rule 37(b)(2)(A);

(c) Assessing reasonable and necessary attorneys' fees in an amount to be determined by the Court should this Motion be granted pursuant the submission of a fee application or any additional briefing or documentation requested by the Court; and

(d) Granting such other and further relief to which Plaintiffs may be justly entitled.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D.# 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear and AFC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2021, I served a copy of the foregoing to Druien, Inc. and Lisa Druien, by and through their counsel of record, Joseph M. Vacek and Richard Tallini, of Bailey & Galyen at 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, via ECF and/or e-mail at jvacek@galyen and rtallini@galyen.com, and defendant Michael Vernon Garrison, *pro se*, at 549 I-30 E., Sulphur Springs, Texas 75482, via certified mail, return receipt requested.

/s/ *Christopher V. Arisco*
Christopher V. Arisco

## CERTIFICATE OF CONFERENCE

This is to certify that on March 10, 2021, I attempted to contact Michael Vernon Garrison d/b/a Rock Hill Used Cars by telephone call and by e-mail to discuss the relief requested in this motion but was unable to speak with him. I left Mr. Garrison a voicemail message and forwarded a copy of the draft motion to compel by e-mail, but at the time of filing I have not received a response. In addition, I placed a phone call to Richard Tallini at Bailey & Galyen to discuss the relief sought in this motion and left a voicemail, but have not received a response. Accordingly, this motion is presented to the court for determination.

/s/ *Christopher V. Arisco*
Christopher V. Arisco