IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(FORT WORTH DIVISION)

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION,<br><br>        Plaintiffs,<br><br>  v.<br><br>DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND EMMETT DRUIEN,<br><br>        Defendants. | Civil Action No. 4:20-cv-959-BJ |

**PLAINTIFFS' UNOPPOSED MOTION TO
AMEND SCHEDULING ORDER**

Plaintiffs, NextGear Capital, Inc. and Automotive Finance Corporation, by and through its undersigned counsel, files this Motion To Amend Scheduling Order (the "Motion") and would respectfully show the Court the following:

**I.
RELEVANT FACTS**

1.    On August 24, 2020, the Plaintiffs filed their original Complaint [Doc. #1] against defendants Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction, Lisa Druien, Michael Vernon Garrison d/b/a Rock Hill Used Cars, and Austin Michael Garrison a/k/a Mike Garrison d/b/a Austin Financial Services (collectively, the "Defendants") for breach of contract, conversion, fraud, conspiracy to commit fraud, and exemplary damages.

2.    Defendants Michael Vernon Garrison d/b/a Rock Hill Used Cars and Austin Michael Garrison d/b/a Austin Financial Services filed their *pro se* answer to Plaintiff's Original

Complaint on September 21, 2020 [Doc. # 5].  That same day, the Court entered an Order [Doc. # 6] requiring Plaintiffs to file an amended complaint containing additional details to support why venue was proper in the District and Division of the Northern District of Texas.  Defendants Druien, Inc. d/b/a Lawton Auto Auction and Lisa Druien subsequently filed their Original Answer and entered an appearance in the above-styled matter on October 7, 2020.

3. Plaintiffs timely filed their First Amended Complaint on October 12, 2020 [Doc. # 14], which contained additional factual allegations as to why venue was appropriate in the Northern District of Texas.  Since that time, counsel for Plaintiffs has conferred with the *pro se* Defendants and counsel for Defendants Druien, Inc. d/b/a Lawton Auto Auction and Lisa Druien.  Pursuant to informal discovery and documents exchanged between Plaintiffs' counsel and Austin Michael Garrison d/b/a Austin Financial Services, plaintiff NextGear Capital, Inc. filed a motion to dismiss its breach of contract claims as to Austin Michael Garrison only.  The Court subsequently entered an order granting the motion to dismiss on March 10, 2021 [Doc. # 71].  Meanwhile, Plaintiffs have served numerous subpoenas on third parties in order to support their allegations against the remaining Defendants and continue to engage in third-party written discovery.

4. As a result of additional information and documents received by Plaintiffs since the filing of this lawsuit, Plaintiffs have confirmed that Emmett Druien, who is believed to be the husband of Lisa Druien, has personally participated in the fraudulent conduct related to the creation, generation, issuance, and circulation of false, fraudulent, and fictitious invoices from Druien, Inc. d/b/a Lawton Auto Auction upon which Plaintiffs relied when provided financing requested by Michael Vernon Garrison d/b/a Rock Hill Used Cars.  Plaintiffs' review of the invoices from Druien, Inc. d/b/a Lawton Auto Auction show that Emmett Druien personally sold

at least two vehicles or trailers that are the subject of Plaintiffs' fraud claims against the remaining Defendants. As a result, Plaintiffs timely filed their Motion for Leave to File Second Amended Complaint [Doc. # 41] (the "Motion for Leave") on March 1, 2021. At the time of filing this Motion, Plaintiffs' Motion for Leave remains pending before the Court.

5. Pursuant to the Scheduling Order entered in the above-styled case [Doc. # 23] (the "Scheduling Order") on November 24, 2020, the deadline for parties to complete all discovery is May 7, 2021, and all discovery must be served sufficiently ahead of the discovery deadline to permit the party from whom discovery is sought to respond within the time periods contemplated by the Federal Rules of Civil Procedure. However, Plaintiffs anticipate that additional written discovery will need to be served on Emmett Druien, if leave is granted to add him as a defendant, before depositions can be scheduled for defendants Druien, Inc. d/b/a Lawton Auto Auction and Lisa Druien. Additionally, although extensive third-party discovery has been conducted by Plaintiffs, Plaintiffs anticipate an extension of the discovery period will be necessary to complete written discovery and depositions with respect to defendants Michael Garrison, Druien, Inc. d/b/a Lawton Auto Auction, and Lisa Druien.

6. Moreover, defendants are unopposed to the relief sought in this Motion. Specifically, Richard Tallini advised counsel for Plaintiffs pursuant to a phone call on March 12, 2021, that he was unopposed to extending the deadlines set forth in the current Scheduling Order. Defendant Michael Garrison also advised counsel for Plaintiffs by phone on March 17, 2021, that he was unopposed to amending the Scheduling Order to allow the parties additional time to conduct discovery. Accordingly, Plaintiffs seek an extension of the expert witness disclosure deadline of March 26th, 2021, discovery deadline of May 7, 2021, pre-trial and dispositive motions deadlines of May 28, 2021, final pre-trial conference of September 30, 2021, and non-jury trial

currently scheduled for October 25, 2021, by ninety (90) or more days pursuant to a separate amended scheduling order to be issued by the Court. Plaintiffs do not seek at this time the modification of any other deadlines set forth in the Scheduling Order.

## II.
## ARGUMENTS & AUTHORITIES

7. Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." The party seeking the modification must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Financial Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). A court considers four factors when deciding whether to modify a scheduling order: "(1) the explanation for failure to timely [meet the deadlines]; (2) the importance of the [request to modify the deadlines]; (3) potential prejudice in allowing the [modification to the deadline]; and (4) the availability of a continuance to cure such prejudice." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). A trial court has "broad discretion to preserve the integrity and purpose of the pretrial order, which, toward the end of court efficiency, is to expedite pretrial procedure." *Id.* at 535 (citations omitted).

### A. Amending The Scheduling Order Will Facilitate All Parties In Meeting Remaining Deadlines

8. Plaintiffs file this Motion well in advance of the May 7th discovery deadline. Therefore, no deadlines have been missed and this Motion is timely filed for consideration prior to the expiration of the deadlines. Written discovery is not yet complete, and Plaintiff currently has two pending motions to compel Rule 26(a) initial disclosures as to *pro se* defendant Michael Garrison and defendants Druien, Inc. and Lisa Druien. If and when Plaintiffs receive responses to the Rule 26(a) initial disclosures, Plaintiffs anticipate they will serve additional written discovery,

including requests for production, based on the responses by defendants. Plaintiffs desire to complete written discovery as to all defendants prior scheduling of depositions, and it is unclear given the current discovery deficiencies by defendants as to when written discovery will be completed.

9. Further, Plaintiffs have sought to add Emmett Druien as a defendant pursuant to Plaintiffs' Motion for Leave. As a result of adding defendant Emmett Druien, Plaintiffs anticipate they will engage in additional written discovery. Plaintiffs prefer to complete written discovery as to Emmet Druien prior to scheduling the depositions. Even if the Court were to enter an order granting Plaintiffs' Motion for Leave as to Emmett Druien shortly after the filing of this Motion, the parties will be under a severe time crunch to accomplish all remaining written discovery before May 7th in addition to scheduling and completing depositions. Plaintiffs believe that extending the current deadlines by approximately ninety (90) days should be sufficient to allow for the parties to complete both written discovery and oral depositions.

## B. Importance of Request to Modify Deadlines

10. Granting an additional ninety (90) days for the parties to conduct written discovery and complete depositions will provide Plaintiffs with a full and fair opportunity to fully investigate their claims for breach of contract, fraud, and conspiracy with respect to all defendants, including Emmett Druien. Plaintiffs have not yet obtained all relevant documents that are both necessary and critical to Plaintiffs' presentation of their case. Modifying the deadlines in the Scheduling Order as requested herein would assist in an orderly administration of this case and allow the parties to better prepare for trial.

### C. **Modifying Deadlines Will Not Result In Prejudice**

11.     There are no reasons such as undue delay, bad faith, dilatory motive on the part of the Plaintiffs, or undue prejudice to permit the requested amendment of the Scheduling Order. *See, e.g., Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982).  The addition of Emmett Druien as a party to this lawsuit will not unduly prejudice the remaining Defendants, as Plaintiffs have timely sought leave to amend, and the claims against Emmett Druien for fraud and conspiracy to commit fraud are consistent with the claims of fraud as to the remaining Defendants and dependent on substantially the same facts and transactions.  Moreover, this Motion is unopposed by all defendants in this matter, and none have expressed any concern that modifying the deadlines in the Scheduling Order will lead to prejudice or hardship.

## III.
## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated above, the Plaintiffs respectfully request the Court grant the Plaintiffs Motion and extend all remaining deadlines with respect to expert witness disclosure deadline, discovery deadline, pre-trial and dispositive motions deadlines, final pre-trial conference date, and non-jury trial date as set forth in the Scheduling Order by approximately ninety (90) days, and issue a new scheduling order consistent with the relief sought herein, along with all other and additional relief to which Plaintiffs may justly be entitled.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610


/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D.# 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear and AFC*

## CERTIFICATE OF SERVICE

This is to certify that on March 18, 2021, a true and correct copy of the foregoing Unopposed Motion to Amend Scheduling Order has been forwarded to defendant M. Garrison*, pro se,* at 549 i-30 E., Sulphur Springs, Texas 75482, via certified mail, return receipt requested and via email at dgarrison31@hotmail.com, and Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction and Lisa Druien, by and through their counsel of record, Joseph M. Vacek and Richard Tallini, of Bailey & Galyen at 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, via ECF and/or e-mail at jvacek@galyen and rtallini@galyen.com.


/s/ Christopher V. Arisco
Christopher V. Arisco

## CERTIFICATE OF CONFERENCE

      This is to certify that on March 12, 2021, I placed a phone call to Richard Tallini of Bailey & Galyen, counsel for Druien, Inc. and Lisa Druien to discuss the relief sought in this Motion. Pursuant to the phone call, Mr. Tallini advised he was **unopposed** to the relief sought. Additionally, I placed a phone call to Michael Garrison d/b/a Rock Hill Used Cars to discuss the relief sought in this Motion on March 17, 2021.  Pursuant to the phone call, Michael Garrison advised he was **unopposed** to the relief sought in this Motion.

                                                         /s/ Christopher V. Arisco
                                                           Christopher V. Arisco