# EXHIBIT K

Appendix 1363



- Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

9167 of 15041

TDECU
1001 FM 2004 RD
LAKE JACKSON, TX 77566-4027

0
1
3
6
5
6

32549-11

DETACH HERE

**TEXAS CERTIFICATE OF TITLE**

TEXAS DEPARTMENT OF MOTOR VEHICLES

120114539

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
| 3D7ML48C26G178761 | 2006 | DODG | PK |

| | | | TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
| | | | 11130342009113142 | 01/14/2015 |

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
| | | 12000 | FGV5525 |

PREVIOUS OWNER
BIG REDS EQUIPMENT

ODOMETER READING
EXEMPT

OWNER
JODY RUSSELL BERMAN
3211 N ROADRUNNER CT
GRANBURY, TX 76049

REMARK(S)

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER |
| 01/06/2015 | TDECU |
| | 1001 FM 2004 |
| | LAKE JACKSON, TX 77566 |

1ST LIEN RELEASED    2-11-16
BY _____
AUTHORIZED AGENT

| DATE OF LIEN | 2ND LIENHOLDER |

2ND LIEN RELEASED
BY _____
AUTHORIZED AGENT

| DATE OF LIEN | 3RD LIENHOLDER |

3RD LIEN RELEASED
BY _____
AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

R I G H T S   O F   S U R V I V O R S H I P   A G R E E M E N T
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

| SIGNATURE | DATE |
| SIGNATURE | DATE |
| SIGNATURE | DATE |

FORM 30-C REV. 04/2012          DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

ROCK HILL USED CARS
3D7ML48C26G178761
443058-1028

Whenever you sell or trade in a vehicle, be sure to **protect yourself by filing the Vehicle Transfer Notification online** at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

**You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.**

Always remember to "Protect your title, Texas." For more information, go to www.TxDMV.gov and click on the "Protect your title" topic.

---

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**

**FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

### ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: *Colby Parker P.O. Box 895 Sulphur Springs TX 75482*
Street / City / State / Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): *EXEMPT*

Date of Sale: *7-28-19*

Signature of Seller/Agent: *J. Berr*
Printed Name (same as signature): *Jody Russell Berman*

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: *Colby Parker   Jody Berman*
Printed Name (same as signature): *Colby Parker*

### FIRST REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: *Rock Hill Used Cars 519 I-30 Sulphur springs TX 75482*
Street / City / State / Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): *EXEMPT*

Date of Sale: *8-1-19*

Dealer's Name: *Colby Parker*
Dealer No.:

Agent's Signature: *Colby Parker*
Printed Name (same as signature): *Colby Parker*

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent:
Printed Name (same as signature):

### SECOND REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser:
Street / City / State / Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths):

Date of Sale:

Dealer's Name:
Dealer No.:

Agent's Signature:
Printed Name (same as signature):

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent:
Printed Name (same as signature):

### THIRD REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser:
Street / City / State / Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths):

Date of Sale:

Dealer's Name:
Dealer No.:

Agent's Signature:
Printed Name (same as signature):

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent:
Printed Name (same as signature):

### LIEN

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE.
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

\*\*\*\*\*\*\*\*\*AFFIDAVIT OF CORRECTION\*\*\*\*\*\*\*\*\*

The strikeover on the following Statement of Origin/Title/Vin#
_____ was made due to the following with no fraud intended

() typographical error          () Seller signed name incorrectly

() customer changed mind, sale did not take place no possession

() seller assigned title to himself/herself

() seller assigned title to wrong party

() purchaser's name misspelled, should read _____

() assignment placed in dealer assignment in error

() notary placed signature in wrong space

(√) seller signed name in buyer space

() buyer signed name in seller space

() address incorrect should read: _____

()

Bruce Holman  7/29/2019
NOTARY PUBLIC    DATE          SIGNATURE OF SELLER

STATE OF OKLAHOMA, MY COMMISSION _____ 3/17/2023
COUNTY OF MCCURTAIN

BRUCE HOLMES
IN AND FOR
#03004320
EXP. 03/17/23
STATE OF OKLAHOMA
NOTARY PUBLIC

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

D353757A

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| 3D7ML48A18G219298 | 2008 | DODG | 810007086812 |

| BODY TYPE | MODEL | | DATE ISSUED |
|---|---|---|---|
| CW | SQ3 | DATE 1st SOLD | 11-Jul-2019 |

| AGENT NO. | COLOR | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|---|
| M2515 | Maroon | 10-Jul-2019 | 83656 Actual | Duplicate |

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

MARSHALL MCGUIRE
PO BOX 650
PAULS VALLEY OK 73075-0650

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

443058 – 1029
ROCK HILL USED CARS
DALLAS
3D7ML48A1 8G219298

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
47393598

(This is not a title number)

## ASSIGNMENT OF TITLE BY REGISTERED OWNER    (If Dealer, List License # Here): _____

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate

Purchaser(s) Name (Type or Print): **Seth Wadley Auto Group**
P. O. Box 650
Purchaser(s) Complete Address: Pauls Valley, OK. 73075

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

Exempt   (NO TENTHS)
☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): _Marshall McGuire_    Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _24_ Day of _July_ 20 _19_

Notary Public: _____    Commission Expiration: _____

JESSICA TAYLOR
NOTARY
#17000969
EXP 01/27/21
STATE OF OKLAHOMA
PUBLIC

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____    Printed Name of Buyer(s): _____

VOID IF ALTERED

A TITLE (THIS IS A COPY) IS HELD BY AFC
SUBJECT TO AFC'S SECURITY INTEREST
WWW.AFCDealer.com
ORIGINAL SUBJECT IS HELD BY
AFC'S SECURITY INTEREST

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _UD2430_

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _Advantage Truck & Trailer_

Purchaser(s) Complete Address: _1635 S. green Purcell, OK 73080_

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

_EXEMPT_ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

Signature of Seller(s): _Scott_   Printed Name of Seller(s): _Scott_

Subscribed and Sworn to Before me this _29_ Day of _July_, 20_19_

Notary Public _____   Commission Expiration: _____

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _David Ivy_

OKLAHOMA MOTOR VEHICLE $3.50 TAX STAMP 2534574

---

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _UD8266_

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _ROCK HILL Used CARS_

Purchaser(s) Complete Address: _549 I-30 E Sulphur Springs TX 75482_

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

_EXEMPT_ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

Signature of Seller(s): _____   Printed Name of Seller(s): _David Ivy_

Subscribed and Sworn to Before me this _29th_ Day of _July_, 20_19_

Notary Public _____   Commission Expiration: _08/09/22_

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

---

## LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____   DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____



SETH WADLEY
CADILLAC  BUICK  GMC
200 Bolbrd Road, Pauls Valley, OK 73075
Phone (405) 238-9681
1-800-582-1277

130969

STATE OF OKLAHOMA)
COUNTY OF GARVIN) SS
POWER OF ATTORNEY

I, *Marshall Mcguire* of 10937 Indian Meridia Ave Pool OK
(Address, City, State, Zip) 73074

Owner of Motor Vehicle: Year and Make *2008 Dodge*

Serial Number *3D7ML48A18G219298* do constitute Seth Wadley Cadillac Buick GMC my
true and lawful attorney, for me and in my name to assign title to said motor vehicle and or to execute all necessary written
instruments in connection therewith and to whomsoever as may be designated by my said attorney.

Executed on this the *8th* of *June* *2019*

SIGNED (Individual or Individuals)

SIGNED (Company or Corporation)

Subscribed and sworn to before me this *8th* day of *June*

My Comm Expires:

ESTIMATED TRADE PAYOFF

The payoff figure of _____ on the trade, _____
(Year, Make, Model)

is an estimate only. If the actual payoff is higher, I will pay the difference to Seth Wadley Cadillac Buick GMC within three (3)
working days of notice of such. If actual payoff is less Seth Wadley Cadillac Buick GMC will refund the difference to me
when sending the title to me. I authorize lendor to send lien releases & or title direct to Seth Wadley Cadillac Buick GMC.

I have read and fully understand the above

Signed _____ Date *6-8-2019*
Customer

For Seth Wadley Cadillac Buick GMC

_____ Date *6-8-19*
Business Manager

TRADE TITLE AGREEMENT

I agree to provide Seth Wadley Cadillac Buick GMC a negotiable trade title in my name, free and clear from all liens.
I understand any taxes including excise tax and tag fees will be paid by me to bring the tag and tax current at time of trade.
I understand Seth Wadley Cadillac Buick GMC will not accept an insurance dated or salvage title on this trade and I agree
to repurchase my trade for full trade in value allowed on the purchase contract if the title is salvage or insurance dated.

Signed _____ Date *6-8-2019*
Customer

For Seth Wadley Cadillac Buick GMC

_____ Date *6-8-19*
Business Manager



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

VEHICLE IDENTIFICATION NUMBER
1FTSW21P57EB14538

YEAR
2007

MAKE
FORD

TITLE NO.
810006631861

BODY TYPE
PK

MODEL
F2S

DATE 1st SOLD
04-Dec-2006

DATE ISSUED
17-Apr-2019

AGENT NO.
M8832

APPLICATION DATE
16-Apr-2019

ODOMETER
Exempt

TYPE OF TITLE
Transfer

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD
PO BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

443058 – 1034

ROCK HILL USED CARS

DALLAS

1FTSW21P57EB14538

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
47053629

(This is not a title number)

---

OKLAHOMA
MOTOR VEHICLE
$3.50
TAX STAMP
2601315

ASSIGNMENT OF TITLE BY REGISTERED OWNER   (If Dealer, List License # Here: UD2133 )

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Rock Hill Used Cars

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle: _____

I certify that to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s): _Christi Sander_   Printed Name of Seller(s): CHRISTI SANDERS

Subscribed and Sworn to Before me this 31 Day of May 2019

Notary Public: _Kathy Martin_   Commission Expiration: _____

Notarization required only for seller's signature(s). Affix notary seal/stamp to the right.

KATHY MARTIN
NOTARY
# 0001694P4
EXP. 11/22/20
STATE OF OKLAHOMA
PUBLIC

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

## VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

**Purchaser(s) Name** (Type or Print): _____

**Purchaser(s) Complete Address:** _____

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:** _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.

☐ 2. The odometer reading is NOT the actual mileage. **Warning—Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20_____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

**Purchaser(s) Name** (Type or Print): _____

**Purchaser(s) Complete Address:** _____

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:** _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.

☐ 2. The odometer reading is NOT the actual mileage. **Warning—Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20_____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

**LIENHOLDER NAME:** _____   **DATE OF LIEN:** _____

**LIENHOLDER ADDRESS / CITY / STATE / ZIP:** _____

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

CITY NATIONAL BANK
PO BOX 798
SULPHUR SPRINGS, TX 75483-0798          JAN 24 2018

DETACH HERE

0070100

# TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

**137984463**

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 5UTGN2428HM007662 | 2017 | TIGR | UT |

TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED
11200043109110146  01/19/2018

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| | | 4000 | 917579J |

PREVIOUS OWNER
BRINKLEY AUCTIONS IDABEL OK

OWNER
JANET LEIGH DUNLAP
JARRED AUSTIN DUNLAP
601 S KAUFMAN
MT VERNON, TX 75482

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

ROCK HILL USED CARS
DALLAS
443058 - 1037
5UTGN2428 HM007662

DATE OF LIEN | 1ST LIENHOLDER
01/11/2018  CITY NATIONAL BANK
PO BOX 798
SUL SPGS, TX 75483

1ST LIEN RELEASED
8-15-18 DATE
BY _____
AUTHORIZED AGENT

DATE OF LIEN | 2ND LIENHOLDER

2ND LIEN RELEASED
DATE
BY _____
AUTHORIZED AGENT

DATE OF LIEN | 3RD LIENHOLDER

3RD LIEN RELEASED
DATE
BY _____
AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE | DATE

SIGNATURE | DATE

SIGNATURE | DATE

FORM 30-C REV. 05/2016    DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Whenever you sell or trade in a vehicle, be sure to **protect yourself by filing the Vehicle Transfer Notification online** at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

**You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.**

Before you buy, do a Title Check. For more information, go to www.TxDMV.gov and click on the "Title Check" icon.

---

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE INDICATING A DATE OF SALE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**

137984463

**FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

### ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Austin Financial Services  Street: 549 I-50  City: Sulphur Springs  State: TX  Zip: 75402

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale: 5-23-18

Signature of Seller/Agent

Printed Name (same as signature): Samuel Austin Dunlap Scott Lish

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent

Printed Name (same as signature): A. GARSON

### FIRST REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Big Remy Motors  Street: 1748 Airport Rd  City: Hotsprings  State: AR  Zip: 71913

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale: 8-1-19

Dealer's Name: Austin Financial Services    Dealer No.: M7119

Agent's Signature

Printed Name (same as signature): Austin Garrson

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: Kyle Way

Printed Name (same as signature): Kyle Way

### SECOND REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Rock Hill Used Cars  Street: 519 I-30  City: Sulphur Springs  State: TX  Zip: 75402

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale:

Dealer's Name: Big Remy Motors    Dealer No.: M7119

Agent's Signature: Kyle Way

Printed Name (same as signature): Kyle Way

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent

Printed Name (same as signature)

### THIRD REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser  Street  City  State  Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale

Dealer's Name    Dealer No.

Agent's Signature

Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent

Printed Name (same as signature)

### LIEN

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

THIS (CERTIFIED COPY) IS HELD BY AFC AND IS SUBJECT TO A SECURITY INTEREST. ALL TITLE AND IS SUBJECT TO A SECURITY INTEREST. www.afc.com



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

VEHICLE IDENTIFICATION NUMBER
1GNEC16Z82J293191

YEAR
2002

MAKE
CHEV

TITLE NO.
810006672244

BODY TYPE
UT

MODEL
C15

DATE 1st SOLD
06-Nov-2013

DATE ISSUED
19-Apr-2019

AGENT NO.
M8832

APPLICATION DATE
18-Apr-2019

ODOMETER
Exempt

TYPE OF TITLE
Transfer

NAME AND ADDRESS OF VEHICLE OWNER

DATE INS.
LOSS OR SALVAGE

MAINER FORD
PO BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

ROCK HILL USED CARS
DALLAS

443058 — 1049

1GNEC1628 2J293191

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
47063823

(This is not a title number)

ASSIGNMENT OF TITLE BY REGISTERED OWNER   (If Dealer, List License # Here: UD2133)

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

OKLAHOMA
MOTOR VEHICLE
$3.50
TAX STAMP
2601303

Purchaser(s) Name (Type or Print): Rock Hill Used Cars
Purchaser(s) Complete Address: 549 Interstate 30 East Sulphur Spring TX 75482
Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

exempt  (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning— Odometer Discrepancy

Signature of Seller(s): Christi Sanders   Printed Name of Seller(s): CHRISTI SANDERS

Subscribed and Sworn to Before me this 31 Day of May 20 19

Notary Public: Kathy Martinez   Commission Expiration:

Affix
Notary Seal / Stamp
Here

(Notarization required day of seller's signature(s). Affix notary seal/stamp to the right.)

Signature of Buyer(s):   Printed Name of Buyer(s):

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
(NO TENTHS) ☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s):                    Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20 ____

Notary Public: _____ Commission Expiration: _____

Affix
Notary Seal / Stamp
Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                    Printed Name of Buyer(s):

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
(NO TENTHS) ☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s):                    Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20 ____

Notary Public: _____ Commission Expiration: _____

Affix
Notary Seal / Stamp
Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                    Printed Name of Buyer(s):

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME:                    DATE OF LIEN:

LIENHOLDER ADDRESS / CITY / STATE / ZIP:



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| JM1GG12L761105547 | 2006 | MAZD | 810003520053 |

| BODY TYPE | MODEL | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|
| SD | SPEED | | 4/3/2017 |

| AGENT NO. | | ODOMETER | TYPE OF TITLE |
|---|---|---|---|
| M8813 | | Exempt | Transfer |

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

DAVID KORZUN OR
BRENDA KORZUN
14300 OLD BARN RD
EDMOND OK 73025-9129

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

3/3/2017       WELLS FARGO DLR SERVICES

JM1GG12L7 61105547
443058 – 1050
ROCK HILL USED CARS
DALLAS
T

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
44071975
(This is not a title number)

**ASSIGNMENT OF TITLE BY REGISTERED OWNER**   (If Dealer, List License # Here: _____)

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted. **Mainer Ford**
Purchaser(s) Name (Type or Print): **PO Box 834**
Purchaser(s) Complete Address: **Okarche, OK 73762**
Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

exempt (NO TENTHS)

Signature of Seller(s): _____       Printed Name of Seller(s): David Korzun

Subscribed and Sworn to Before me the 23 Day of March 20 19

Notary Public: Kathy Martin       Commission Expiration: _____

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): Christi Sander       Printed Name of Buyer(s): CHRISTI SANDE

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _UD 2133_

OKLAHOMA
MOTOR VEHICLE
$3.50
TAX STAMP
2601320

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _Rock Hill Used Cars_

Purchaser(s) Complete Address: _549 Interstate 30 East Sulphur Spring T_

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

_exempt_ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _Christi Sanders_       Printed Name of Seller(s): _CHRISTI SANDERS_

Subscribed and Sworn to Before me this _31_ Day of _May_ , 20_19_

Notary Public: _Kathy Martina_ Commission Expiration: _____

_Notarization required only of seller's signature(s). Affix notary seal/stamp to the right._

Signature of Buyer(s): _____       Printed Name of Buyer(s): _____

---

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____       Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____ , 20 _____

Notary Public: _____ Commission Expiration: _____

Affix Notary Seal / Stamp Here

_Notarization required only of seller's signature(s). Affix notary seal/stamp to the right._

Signature of Seller(s): _____       Printed Name of Buyer(s): _____

---

## LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____       DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

5780420201

OKLAHOMA TAX COMMISSION

LIEN HOLDERS RELEASE FORMS

196455216

VIN: JM1GG12L761105547          VEHYR: 2006      MAKE: MAZD          MODEL: SPEED      BODY:
AGNT #: M5579                                      LIEN DATE: 03/03/2017

LIEN DEBTOR: KORZUN,DAVID & BRENDA

KORZUN,DAVID & BRENDA
14300 OLD BARN RD
EDMOND OK 73025-9129

LIEN HOLDER: WELLS FARGO DLR SERVICES

WELLS FARGO DLR SERVICES                                        REF#: 196455216
PO BOX 997517
SACRAMENTO CA 95899-7517

TO:   OKLAHOMA TAX COMMISSION
      MOTOR VEHICLE DIVISION
      P.O. BOX 269061
      OKLAHOMA CITY OK 73126

TO WHOM IT MAY CONCERN: WE HAVE RELEASED OUR SECURITY INTEREST IN THE MOTOR VEHICLE
DESCRIBED ABOVE, EFFECTIVE ON THE DATE WHICH APPEARS BY MY SIGNATURE. PLEASE REVISE YOUR
RECORDS TO REFLECT THIS RELEASE.
SIGNATURE OF REPRESENTATIVE OF SECURED PARTY.

Wachovia Dealer Services, Inc.
WFS Financial Inc.
WFS FNCL INC
Wells Fargo Dealer Services
Without Warranty

X _____                                        DATE   MAR 2 1 2019

**LENDER: TO ENSURE PROPER PROCESSING OF YOUR COMPLETED LIEN RELEASE,
PLEASE NOTE THE FOLLOWING.**

DO NOT ALTER THIS DOCUMENT

NO STAPLES

**THIS IS A TRUE AND EXACT**                NO TAPE
**COPY OF THE ORIGINAL**
                            NO FOREIGN FIXTURES OR ATTACHMENTS

NO WRITING OR MARKING
(OTHER THAN SIGNATURE AND DATE FOR RELEASE)

DO NOT ALTER THE SIZE OF THIS DOCUMENT

KATHY MARTIN
# 00019494
EXP. 11/22/20
STATE OF OKLAHOMA
NOTARY PUBLIC

Appendix 1378



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| 1GRAA9224SB029809 | 1995 | GDAN | 810007174953 |

| BODY TYPE | MODEL | | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|---|
| VAN | | | | 05-Sep-2019 |

| AGENT NO. | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|
| M1617 | 04-Sep-2019 | 0 | Original |

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

LAWTON AUTO AUCTION
1 SW 112TH ST
LAWTON OK 73505-9553

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

1GRAA9224 SB029809

ROCK HILL USED CARS
DALLAS

443058 — 1053

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named herein is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
47631782

(This is not a title number)

---

**ASSIGNMENT OF TITLE BY REGISTERED OWNER** (If Dealer, List License # Here: UD 7857

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Austin Financial Services Rock Hill Used Cars

Purchaser(s) Complete Address: 549 Interstate Hwy 30 E

Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s): Emmitt D

Printed Name of Seller(s): Emmitt Druien

Subscribed and Sworn to Before me this _____ 11 Day of Oct 20 19

Notary Public: _____

Commission Expiration: 4-19-22

ISA DRUIEN
NOTARY
#10003225
EXP. 4/19/2022
PUBLIC
STATE OF OKLAHOMA

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____

Printed Name of Buyer(s): _____

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
(NO TENTHS)   ☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____     Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____     Printed Name of Buyer(s): _____

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
(NO TENTHS)   ☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____     Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____     Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____     DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

# **Lawton Auto Auction**

**#9 SW 112th Street**

**Lawton, Oklahoma  73505**

**580/536-4645**

**ERROR AFFADAVIT**

**STATE OF OKLAHOMA**

TITLE NO __81000717496 8__ VIN __1GRAA9224SB029809__

YEAR __1995__, MAKE __GDan__ MODEL __Van__

**REASON FOR ERROR:**

____ Seller signed his/her name in the wrong assignment section.

____ Seller assigned title to himself.

__X__ Seller assigned title to wrong party.

____ Purchaser's name in FIRST assignment should read: __Rock Hill Used Cars__

____ Scrapped, dismantled/destroyed vehicle section in error.

____ Address was entered incorrectly in FIRST assignment should read:_____

____ Assignment was placed in wrong assignment section in error.

____ Seller signed in the lien release section in error.

____ Mileage in assignment should read:_____

____ Customer changed his/her mind.

____ Date of sale recorded in error.  Date sold should read:_____

____ Other:_____

_____

Date __10 - 11 - 18__   Signed __Emmit__

Notary _____   Commission Expires __4-19-22__

LISA DRUIEN
NOTARY
#10003225
EXP. 4/19/2022
PUBLIC
STATE OF OKLAHOMA



# CERTIFICATE OF TITLE
## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| 2B3CJ4DV0AH184071 | 2010 | DODG | 810007155335 |

| BODY TYPE | MODEL | | DATE ISSUED |
|---|---|---|---|
| CP | CHE | DATE 1st SOLD: 26-Mar-2010 | 12-Jul-2019 |

| AGENT NO. | | | TYPE OF TITLE |
|---|---|---|---|
| M8832 | APPLICATION DATE 11-Jul-2019 | ODOMETER 154868 Actual | Transfer |

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD
PO BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

443058 — 1054
ROCK HILL USED CARS
DALLAS
2B3CJ4DV0 AH184071

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
47401143
(This is not a title number)

**ASSIGNMENT OF TITLE BY REGISTERED OWNER** (If Dealer, List License # Here: UD2133)

OKLAHOMA MOTOR VEHICLE
$3.50
TAX STAMP
2598694

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Rock Hill Used Cars

Purchaser(s) Complete Address: 549 I-30 East   Sulphur Springs TX 75482

Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s): Christi Sander   Printed Name of Seller(s): CHRISTI SANDERS

Subscribed and Sworn to Before me this _____ Day of _____ 20___

Notary Public: Kathy Martin   Commission Expiration: _____

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

VOID IF ALTERED

A TITLE (THIS IS A COPY) IS HELD BY AFC   SUBJECT TO AFC'S SECURITY INTEREST   WWW.AFCDealer.com

**Ownership Transfer Information**

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

---

**REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:** _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____        Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 ____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____        Printed Name of Buyer(s): _____

---

**REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:** _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____        Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 ____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____        Printed Name of Buyer(s): _____

---

**LIENHOLDER INFORMATION**

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____                DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____



# TEXAS CERTIFICATE OF TITLE

VEHICLE TITLES AND REGISTRATION DIVISION

91767888

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
| --- | --- | --- | --- |
| 1FTSX20R89EA01704 | 2009 | FORD | PK |

TITLE DOCUMENT NUMBER    DATE TITLE ISSUED

16320140015132727  08/03/2009

| MODEL | MFG CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
| --- | --- | --- | --- |
| | 3/4 | 6800 | 0536AD |

PREVIOUS OWNER

CHAPARRAL FORD INC DEVINE TX

OWNER

W M LEASING OF TEXAS LP
4730 SE LOOP 410
SAN ANTONIO, TX 78222

ACTUAL MILI
DIESEL

X
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE

DATE OF LIEN          1ST LIENHOLDER

NONE

1ST LIEN RELEASED _____ DATE

BY _____
AUTHORIZED AGENT

DATE OF LIEN          2ND LIENHOLDER

2ND LIEN RELEASED _____ DATE

BY _____
AUTHORIZED AGENT

DATE OF LIEN          3RD LIENHOLDER

3RD LIEN RELEASED _____ DATE

BY _____
AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE

SIGNATURE _____ DATE

SIGNATURE _____ DATE

FORM 30-C REV. 6/2000          DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION

Appendix 1385

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIP.., AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOP, WITHIN 20 WORKING DAYS TO AVOID PENALTY.**

▶ **FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

## ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Frontera Truck Parts + Equipment Int 3116 S Hwy 77 Waxahachie Tx 75165

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
- ☐ 1. The mileage stated is in excess of its mechanical limits.
- ☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

ODOMETER READING: 345,468

Date of Sale: 11 26 18

Signature of Seller/Agent

Printed Name (same as signature): Roseur C Peon

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent: Kalien Thomas

Printed Name (same as signature): Kalien Thomas

## FIRST REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Frontera Vehicle Sales + Parts Inc. 3030 S Hwy 77 Waxahachie Tx 75165

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
- ☐ 1. The mileage stated is in excess of its mechanical limits.
- ☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

ODOMETER READING (No Tenths): 345,168

Date of Sale: 11 26 18

Dealer's Name: Frontera Truck Parts + Equipment, Inc

Dealer No: P121786

Agent's Signature: Kalien Thomas

Printed Name (same as signature): Kalien Thomas

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent

Printed Name (same as signature)

## SECOND REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Rock Hill Used Cars

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
- ☐ 1. The mileage stated is in excess of its mechanical limits.
- ☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

ODOMETER READING (No Tenths): 345169

Date of Sale: 5 13 19

Dealer's Name: Frontera Vehicle Sales+Parts Inc

Dealer No: 148883

Agent's Signature: Klaus

Printed Name (same as signature): Klaus

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent

Printed Name (same as signature)

## THIRD REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Street City State Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
- ☐ 1. The mileage stated is in excess of its mechanical limits.
- ☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY

ODOMETER READING (No Tenths):

Date of Sale:

Dealer No:

Dealer's Name:

Agent's Signature

Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent

Printed Name (same as signature)

## LIEN

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

# STATEMENT OF FACT

YEAR: 2009   MAKE: Ford   VIN: 1FTSX20R89EA01704

DOCUMENT
TITLE NUMBER: 16320140015132727 _____ STATE: TX

_____ Name of Purchaser was entered in error and has been corrected to show correct Purchaser as:
_____

_____ The Names _____ and _____
are one and the same.

_____ Date of sale on the above title was entered in error and been corrected to read
as_____

_____ Seller assigned title to him/herself in error. Title is now corrected to show correct purchaser as
_____.

_____ Seller signed on purchaser line error

__X__ Odometer reading was entered in error on the title/transfer document for the above described
vehicle. Odometer reading should read as follows: __345,168_____

_____ Other: _____

**I CERTIFY TO THE BEST OF MY KNOWLEDGE THAT THE ODMETOR READING IS THE ACTUAL MILEAGE OF
THE VEHICLE UNLESS ONE OF THE FOLLOWING STATEMENTS IS CHECKED:**

_____ The mileage stated is in excel of its mechanical limits
_____ The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY
                                           ODOMETER READING (NO TENTHS)

_____        Robert C Peek        DATE: 11-26-18
Signature of Seller/Agent         Printed Name

_____        Kalien Thomas        DATE: 11-26-18
Signature of Buyer/Agent          Printed Name

**WARNING: Transportation Code, Section, 501.155, provides that falsifying information on title transfer documents
is a THIRD-DEGREE FELONY OFFENSE PUNISHABLE BY NOT MORE THAN TEN (10) YEARS IN PRISON. In addition to
imprisonment, a fine up to $10,000 may also be imposed.
THE UNDERSIGNED HEREBY CERTIFIES THE FOLLOWING FACTS REGARDING THE VEHICLE DESCRIBED ARE TO BE
TRUE AND CORRECT:**



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

VEHICLE IDENTIFICATION NUMBER
**1HSHBAHNXXH659029**

YEAR **1999**   MAKE **INTL**

TITLE NO. **810007400403**

BODY TYPE **TR**   MODEL **8000**

DATE 1st SOLD

DATE ISSUED **08-Oct-2019**

AGENT NO. **M4517**   COLOR **White**

APPLICATION DATE **07-Oct-2019**

ODOMETER **Exempt**

TYPE OF TITLE **Original**

DATE INS: LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

HORACE WHITTEN
PO BOX 716
IDABEL OK 74745-0716

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

**443058 – 1056**
ROCK HILL USED CARS DALLAS

1HSHBAHNX XH659029

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
**47774378**
(This is not a title number)

### ASSIGNMENT OF TITLE BY REGISTERED OWNER    (If Dealer, List License # Here: _____)

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): *Star Motors*

Purchaser(s) Complete Address: *P.O. Box 895 Sulphur Springs, TX 7548*

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

[odometer boxes] *E X C M P T* (NO TENTHS)

Signature of Seller(s): *Horace Witten*   Printed Name of Seller(s): *HORACE WHITTEN*

Subscribed and Sworn to Before me this *18th* Day of *October*, 20 *19*

Notary Public: *Sean Smith*   Commission Expiration: *03-05-23*

SEAN SMITH
IN AND FOR
#19002342
EXP. 03/05/23
STATE OF OKLAHOMA
NOTARY PUBLIC

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____   Printed Name of Buyer(s): *Bobby*

## VOID IF ALTERED

A TITLE (THIS IS A COPY) IS HELD BY AFC SUBJECT TO AFC'S SECURITY INTEREST
WWW.AFCDealer.com

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

---

**REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:** _P117163_

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _Rock Hill Used Cars_

Purchaser(s) Complete Address: _519 I-30 Sulphur Springs tx_ _75482_

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

_E X C C u 8 5_ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.

☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _Colby Parker_    Printed Name of Seller(s): _Colby Parker_

Subscribed and Sworn to Before me this _____ Day of _____, 20 ____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____    Printed Name of Buyer(s): _____

---

**REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:** _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.

☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____    Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 ____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____    Printed Name of Buyer(s): _____

---

## LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____    DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

Appendix 1389

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

FORREST L SHAW
3577 FM 2262
GROVETON, TX 75845

DETACH HERE

## TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

TxDMV

### CERTIFIED COPY

11173072

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1FDNR72P7JVA28327 | 1988 | FORD | DP |

TITLE/DOCUMENT NUMBER
26928043717130400

ORIGINAL TITLE DATE

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER | CERTIFIED COPY DATE |
|---|---|---|---|---|
| | | 12700 | 1GC467 | 09/11/2019 |

PREVIOUS OWNER
DAVID BRYAN MT ENTERPRI, TX

OWNER
FORREST L SHAW
3577 FM 2262
GROVETON, TX 75845

DIESEL

REMAI

ROCK HILL USED CARS
DALLAS
443058 - 1058

1FDNR72P7JVA28327

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

WARNING:
THIS IS A REPLACEMENT CERTIFICATE OF TITLE AND MAY BE SUBJECT TO THE RIGHTS OF A PERSON UNDER THE ORIGINAL CERTIFICATE. ANY PURCHASER OR LIENHOLDER MAY REQUIRE THE SELLER TO GUARANTEE AGAINST ANY LOSS CLAIMED UPON THE PRESENTATION OF THE ORIGINAL CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER | 1ST LIEN RELEASED | DATE |
|---|---|---|---|
| | | BY | AUTHORIZED AGENT |
| DATE OF LIEN | 2ND LIENHOLDER | 2ND LIEN RELEASED | DATE |
| | | BY | AUTHORIZED AGENT |
| DATE OF LIEN | 3RD LIENHOLDER | 3RD LIEN RELEASED | DATE |
| | | BY | AUTHORIZED AGENT |

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

| SIGNATURE | DATE |
|---|---|
| SIGNATURE | DATE |
| SIGNATURE | DATE |

FORM 30-CCO REV. 05/2016     DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

THIS IS A COPY) IS HELD BY AFC SUBJECT TO AFC'S SECURITY INTEREST WWW.AFCdealer.com

Appendix 1390

Whenever you sell or trade in a vehicle, be sure to **protect yourself by filing the Vehicle Transfer Notification online** at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

**You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.**

Before you buy, do a Title Check. For more information, go to www.TxDMV.gov and click on the "Title Check" icon.

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE INDICATING A DATE OF SALE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**   11173072

▶ **FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

**ASSIGNMENT OF TITLE**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Star Motors   Street: P.O. Box 895   City: Sulphur Springs   State: TX   Zip: 75483

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING / ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): EXEMPT

Date of Sale: 10-20-19

Signature of Seller/Agent
Printed Name (same as signature): F L SHAW

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent
Printed Name (same as signature): Colby Parker

**FIRST REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Rock Hill Used Cars   Street: 519 I-30   City: Sulphur Springs   State: TX   Zip: 75482

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths): EXEMPT

Date of Sale: 10-20-19

Dealer's Name: STAR MOTORS   Dealer No.: P117163

Agent's Signature: Colby Pmd
Printed Name (same as signature): Colby Parker

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent
Printed Name (same as signature):

**SECOND REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser:   Street:   City:   State:   Zip:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths):

Date of Sale:

Dealer's Name:   Dealer No.:

Agent's Signature
Printed Name (same as signature):

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent
Printed Name (same as signature):

**THIRD REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser:   Street:   City:   State:   Zip:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths):

Date of Sale:

Dealer's Name:   Dealer No.:

Agent's Signature
Printed Name (same as signature):

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent
Printed Name (same as signature):

**LIEN**   LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE
1ST LIEN IN FAVOR OF: (NAME & ADDRESS)



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

VEHICLE IDENTIFICATION NUMBER
1GC0KVCG2BZ387391

YEAR
2011

MAKE
CHEV

TITLE NO.
810007611013

BODY TYPE
PK

MODEL
2KH

DATE 1st SOLD
25-Jul-2011

DATE ISSUED
11-Oct-2019

AGENT NO.
M8812

COLOR
White

APPLICATION DATE
10-Oct-2019

ODOMETER
266155
Actual

TYPE OF TITLE
Duplicate

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

EXECUTIVE KARS
4200 NEWCASTLE RD
OKLAHOMA CITY OK 73119-1221

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

ROCK HILL USED CARS
DALLAS
443058 – 1062
T
1G00KVCG2 BZ387391

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
47786738

(This is not a title number)

ASSIGNMENT OF TITLE BY REGISTERED OWNER   (If Dealer, List License # Here: WD 0418)

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly listed on this certificate.

Purchaser(s) Name (Type or Print): ROCK Hill Used Cars

Purchaser(s) Complete Address: 519 I-30 E Sulphur Springs, TX 75482

Actual Purchase Price of Vehicle:

OKLAHOMA
MOTOR VEHICLE
$3.50
TAX STAMP
2858915

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

266956 (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s):                          Printed Name of Seller(s):

Subscribed and Sworn to Before me this  20th  Day of  Oct  20 19

Notary Public:                          Commission Expiration: 1-29-23

CHERYL SMITH
#15000893
EXP. 01/29/23
Here
STATE OF OKLAHOMA
NOTARY PUBLIC

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                          Printed Name of Buyer(s):

VOID IF ALTERED

### Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 ____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 ____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____ DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| 1FT7W2BTXFEC20953 | 2015 | FORD | 810007261348 |

| BODY TYPE | MODEL | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|
| PK | F250 | | 29-Aug-2019 |

| AGENT NO. | COLOR | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|---|
| M8828 | Black | 28-Aug-2019 | 185463 Actual | Original |

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD
PO BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

ROCK HILL USED CARS
DALLAS
443058 — 1068

1FT7W2BTX FEC20953

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
47606113

(This is not a title number)

**ASSIGNMENT OF TITLE BY REGISTERED OWNER**   (If Dealer, List License # Here: UD2133

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on the certificate.

Purchaser(s) Name (Type or Print): *Rock Hill Used Cars*

Purchaser(s) Complete Address: *549 I-30 East   Sulphur Springs TX 75482*

Actual Purchase Price of Vehicle: _____

OKLAHOMA MOTOR VEHICLE $3.50 TAX STAMP
2598704

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.

☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s): *Christi Sande*   Printed Name of Seller(s): *CHRISTI SANDERS*

Subscribed and Sworn to Before me this _____ Day of _____ 20___

Notary Public: *Kathy Martin*   Commission Expiration: _____

KATHY MARTIN NOTARY #00019494 EXP. 11/22/20 STATE OF OKLAHOMA PUBLIC

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

## VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____     Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____     Printed Name of Buyer(s): _____

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____     Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____     Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____                DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

VEHICLE IDENTIFICATION NUMBER
1FD8W3HT2FEA32814

YEAR
2015

MAKE
FORD

TITLE NO.
810004658680

BODY TYPE
CH

MODEL
F3D

DATE 1st SOLD
08-Oct-2014

DATE ISSUED
23-Jan-2018

AGENT NO.
M8808

ODOMETER
79806
Actual

TYPE OF TITLE
Transfer

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

ENVIROCLEAN SERVICES LLC
PO BOX 721090
OKLAHOMA CITY OK 73172-1090

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

12/18/2017    FORD MOTOR CREDIT COMPANY

ROCK HILL USED CARS
DALLAS

443058 — 1079

1FD8W3HT2 FEA32814

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
45232706
(This is not a title number.)

### ASSIGNMENT OF TITLE BY REGISTERED OWNER    (If Dealer, List License # Here:)

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to liens or encumbrances, if any, property noted on this certificate.

Purchaser(s) Name (Type or Print): ROCK HILL USED CARS

Purchaser(s) Complete Address: 5191-30 E, SULPHUR SPRGS TX 75482

Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.

☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

1 1 2 6 3 7 (NO TENTHS)

Signature of Seller(s): _____

Printed Name of Seller(s): Clifford CFa

Subscribed and Sworn to Before me this 23rd Day of December, 20 22

Notary Public: _____   Commission Expiration: 9-27-2022

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____

Printed Name of Buyer(s): _____

MOLLY B. PATULLO
NOTARY PUBLIC
# 18009768
EXP. 09/27/22
STATE OF OKLAHOMA

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS' SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.

(NO TENTHS)   ☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____   Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.

(NO TENTHS)   ☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____   Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____   DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

 FORD **CREDIT**

P.O. Box 152271
Irving, TX 75015-2271
1-800-727-7000

12/2/2019

ENVIROCLEAN SERVICES LLC
PO BOX 721090
OKLAHOMA CITY        OK 73172

Fax to: N/A

## LIEN RELEASE

**Account No:** 55649088

| **Vehicle Owner:** | ENVIROCLEAN SERVICES LLC |
| | PO BOX 721090 |
| | OKLAHOMA CITY      OK 73172 |

### Vehicle Information

| | |
|---|---|
| **Make:** FORD | **Model:** F350 |
| **Year:** 2015 | **ID No:** 1FD8W3HT2FEA32814 |

**We regret we were unable to locate the original Oklahoma Lien Entry Form.  Please use this document to release the lien.**

This is to certify that Ford Motor Credit Company's security interest in the above-described vehicle has been satisfied by payment on 11/29/19.

Ford Motor Credit Company

Account Services Representative

Sworn to and subscribed before me this _____3_____ day of _December_ _2019_

_____
Notary Public

My Commission Expires: _____

STEPHANIE NESTO
STATE
OF
TENNESSEE
NOTARY
PUBLIC
WILLIAMSON COUNTY



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| | | | |
|---|---|---|---|
| VEHICLE IDENTIFICATION NUMBER 1T9AS40285B540094 | YEAR 2005 | MAKE TAK | TITLE NO. 810004401306 |
| BODY TYPE TRLR | MODEL TRLR | DATE 1st SOLD | DATE ISSUED 06-Nov-2017 |
| AGENT NO. M8805 | | ODOMETER 0 | TYPE OF TITLE Transfer |
| | | | DATE INS. LOSS OR SALVAGE |

NAME AND ADDRESS OF VEHICLE OWNER

REYMUNDO MARRUFO
3722 NW 14TH ST
OKLAHOMA CITY OK 73107-4308

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

ROCK HILL USED CARS
DALLAS
4443058 — 1080
1T9AS40285B540094

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
44960219
(This is not a title number.)

---

## ASSIGNMENT OF TITLE BY REGISTERED OWNER    (If Dealer, List License # Here:

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): GPR Auto + Truck Sales Inc

Purchaser(s) Complete Address: 5112 S. Shields Blvd Okc OK 73129

Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s):

Subscribed and Sworn to Before me this  9th  Day of  Nov , 20 18

Notary Public:    Commission Expiration: 2/10/2020

Printed Name of Seller(s): Reymundo Marrufo

SUSANA Y. GONZALEZ
NOTARY
Affix
Notary Stamp
# 16001418
EXP. 02/10/20
STATE OF OKLAHOMA

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):    Printed Name of Buyer(s) GPR Auto + Truck Sales Inc.

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS' SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: 5503

OKLAHOMA
MOTOR VEHICLE
$3.50
ST. TAX STAMP
2863913

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): ROCK HILL USED CARS

Purchaser(s) Complete Address: 519 I-30 E Sulphur Springs TX 75482

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
(NO TENTHS)   ☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): _____   Printed Name of Seller(s): GPR Auto + Truck Sales, Inc.

Subscribed and Sworn to Before me this 29 Day of DEC , 20 19

Notary Public: Marsie Davis   Commission Expiration: _____

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

MARSIE DAVIS
IN AND
Notary Seal / Stamp
#14005426
EXP. 06/16/22
STATE OF OKLAHOMA
NOTARY PUBLIC

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
(NO TENTHS)   ☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____ , 20 ___

Notary Public: _____   Commission Expiration: _____

Affix
Notary Seal / Stamp
Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

## LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____   DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | | TITLE NO. |
|---|---|---|---|---|
| 3C63RRGL8EG149807 | 2014 | RAM | | 810007322630 |

| BODY TYPE | MODEL | | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|---|
| CW | 3ST | | 03-Jun-2014 | 13-Aug-2019 |

| AGENT NO. | | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|---|
| M1430 | | 12-Aug-2019 | 52 Actual | Repo |

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

ME/CU
8812 S WALKER AVE
OKLAHOMA CITY OK 73139-9440

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

ROCK HILL USED CARS
DALLAS
443058 — 1081
T
3C63RRGL8 EG149807

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
47534190

(This is not a title number)

---

### ASSIGNMENT OF TITLE BY REGISTERED OWNER    (If Dealer, List License # Here:_____)

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Austin Financial Services

Purchaser(s) Complete Address:_____

Actual Purchase Price of Vehicle:_____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

149454 (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage.

MUNICIPAL EMPLOYEES CREDIT UNION

Signature of Seller(s):_____

Printed Name of Seller(s): John Cunning

Subscribed and Sworn to Before me this ____ 8th ____ Day of ____ September ____, 20 19

Notary Public:_____   Commission Expiration:_____

Affix Notary Seal/Stamp Here

SHARON HEATH
NOTARY
# 03009265
EXP. 06/23/23
PUBLIC
OF OKL

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): JR Huff   Printed Name of Buyer(s): JR HUFF

### VOID IF ALTERED

AN AFC TITLE (THIS IS A COPY) IS HELD BY AFC
SUBJECT TO AFC'S SECURITY INTEREST
WWW.AFCDealer.com

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: P132441W

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Bottoms Up Motorsports

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

149460 (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning—Odometer Discrepancy**

Signature of Seller(s): JR Huff          Printed Name of Seller(s): JR Huff

Subscribed and Sworn to Before me this _____ Day of _____ , 20 ____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): Michael Lawson          Printed Name of Buyer(s): Michael Lawson

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: UD4843

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Rockhill Used Cars

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning—Odometer Discrepancy**

Signature of Seller(s): Michael Lawson          Printed Name of Seller(s): Michael Lawson

Subscribed and Sworn to Before me this _____ Day of _____ , 20 ____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____          Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____          DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

Appendix 1402



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | | TITLE NO. |
|---|---|---|---|---|
| 1FT7W2BTXFEA02463 | 2015 | FORD | | 810007970079 |

| BODY TYPE | MODEL | | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|---|
| CW | F2S | | 01-Jul-2014 | 09-Jan-2020 |

| AGENT NO. | COLOR | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|---|
| M8808 | White | 08-Jan-2020 | 88828 Actual | Duplicate |
| | | | | DATE INS. LOSS OR SALVAGE |

NAME AND ADDRESS OF VEHICLE OWNER

ENVIROCLEAN SERVICES LLC
PO BOX 721090
OKLAHOMA CITY OK 73172-1090

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
48111363
(This is not a title number)

ROCK HILL USED CARS DALLAS   4443058 - 1084
1FT7W2BTX FEA02463

## ASSIGNMENT OF TITLE BY REGISTERED OWNER    (If Dealer, List License # Here: _____)

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): ROCK HILL USED CARS

Purchaser(s) Complete Address: 519 I-30 E, Sulphur Sprgs, TX 75482

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

| 1 | 4 | 7 | 8 | 6 | 4 | (NO TENTHS) |

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning - Odometer Discrepancy

Signature of Seller(s): _____

Printed Name of Seller(s): Jessica

Subscribed and Sworn to Before me this 14th Day of Jan 20

Notary Public: Aura Murphy   Commission Expiration: 6-20-20

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____    Printed Name of Buyer(s): _____

AURA MURPHY
#05843
EXP. 06/20/20
STATE OF OKLAHOMA
NOTARY PUBLIC

VOID IF ALTERED

A TITLE (THIS IS A COPY) IS HELD SUBJECT TO AFC'S SECURITY INTEREST. WWW.AFCDealer.com

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____ DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

24372A

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

REBUILT

VEHICLE IDENTIFICATION NUMBER
1GTJK33214F263548

YEAR
2004

MAKE
GMC

TITLE NO.
810007834109

BODY TYPE
PK

MODEL
NEW SIERRA

DATE 1st SOLD
31-Dec-2019

DATE ISSUED

AGENT NO.
M0929

COLOR
Silver

APPLICATION DATE
30-Dec-2019

ODOMETER
Exempt

TYPE OF TITLE
Original

DATE INS.
LOSS OR SALVAGE
9/3/2016

NAME AND ADDRESS OF VEHICLE OWNER

RICK JONES BUICK-GMC INC
PO BOX 158
EL RENO OK 73036-0158

OR
Rebuilt

9/30/2016

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named herein is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
48080471

(This is not a title number)

ROCK HILL USED CARS
DALLAS

443058 — 1085

ASSIGNMENT OF TITLE BY REGISTERED OWNER    (If Dealer, List License # Here: UD2790

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate)

OKLAHOMA
MOTOR VEHICLE
$3.50
TAX STAMP
1944596

Purchaser(s) Name (Type or Print): Rock Hill Used Cars

Purchaser(s) Complete Address: Cars 519 I-30E, Sulphur Springs TX 75482

Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

exmpt [ ] (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): Kathy Loula

Printed Name of Seller(s): Kathy Loula

Subscribed and ___ 13 Day of Jan 2020

Notary Public: Cristina Davidson    Commission Expiration:

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s):

Printed Name of Buyer(s):

CRISTINA DAVIDSON
NOTARY
#14007655
EXP. 08/24/20
PUBLIC
STATE OF OKLAHOMA

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning——Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____ Commission Expiration: _____

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Affix
Notary Seal / Stamp
Here

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning——Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____ Commission Expiration: _____

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Affix
Notary Seal / Stamp
Here

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____ DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | | TITLE NO. |
|---|---|---|---|---|
| 1FMJU1K54CEF09406 | 2012 | FORD | | 810007809865 |

| BODY TYPE | MODEL | | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|---|
| UT | EXPEDITION | | | 17-Jan-2020 |

| AGENT NO. | COLOR | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|---|
| M8832 | White | 16-Jan-2020 | 106157 Actual | Original |

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD
PO BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

443058 - 1086
ROCK HILL USED CARS
DALLAS
1FMJU1K54 0EF09406

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
48144988
(This is not a title number)

### ASSIGNMENT OF TITLE BY REGISTERED OWNER   (If Dealer, List License # Here: UD2133)

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): RockHill Used Cars

Purchaser(s) Complete Address: 549 Interstate 30 East Sulphur Springs Tx

Actual Purchase Price of Vehicle:

OKLAHOMA MOTOR VEHICLE
$3.50
TAX STAMP
2849381

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

1 0 6 1 5 7 (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.

☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): Christi Sanders   Printed Name of Seller(s): CHRISTI SANDERS

Subscribed and Sworn to Before me this _____ Day of _____ 20___

Notary Public: Kathy Martin   Commission Expiration: _____

Affix Notary Seal / Stamp Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 ___

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 ___

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____   DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

VEHICLE IDENTIFICATION NUMBER
1FMHK8F89BGA68442

YEAR
2011

MAKE
FORD

TITLE NO.
810003905080

BODY TYPE
UT

MODEL
EPR

DATE 1st SOLD
02-Jun-2011

DATE ISSUED
30-Jun-2017

AGENT NO.
M5579

ODOMETER
101929
Actual

TYPE OF TITLE
Transfer

NAME AND ADDRESS OF VEHICLE OWNER

DATE INS.
LOSS OR SALVAGE

MICHAEL PEREZ
13117 BEAUMONT DR
PIEDMONT OK 73078-3034

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

6/7/2017    BANK OF AMERICA,N.A.

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
44454557
(This is not a title number.)

## ASSIGNMENT OF TITLE BY REGISTERED OWNER     (If Dealer, List License # Here:

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):  **Mainer Ford**

Purchaser(s) Complete Address:  **PO Box 834**
**Okarche, OK 73762**

Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s):  _____

Printed Name of Seller(s):  _Michael Perez_

Subscribed and Sworn to Before me this ____ Day of _June_ 20 _19_

Notary Public: _____    Commission Expiration:

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____    Printed Name of Buyer(s) _CHRISTI SANDEE_

VOID IF ALTERED

THIS IS A COPY) IS HELD BY AFC'S SECURITY INTEREST
SUBJECT TO AFC'S WWW.AFCDealer.com
THIS IS AFC'S SECURITY INTEREST
ROCK HILL USED CARS
DALLAS
443058 – 1087
1FMHK8F89 BGA68442

Appendix 1409

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS' SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: **UD2133**



I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): **Rock Hill Used Cars**

Purchaser(s) Complete Address: **549 I-30 East   Sulphur Springs TX 75482**

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.

(NO TENTHS) ☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): *Christi Sanders*   Printed Name of Seller(s) **CHRISTY SANDERS**

Subscribed and Sworn to Before me this **12** Day of **July**, 20 **19**

Notary Public *Kathy Martinez* Commission Expiration: _____

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

---

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.

(NO TENTHS) ☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 ___

Notary Public: _____ Commission Expiration: _____

Notary Seal / Stamp Here

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

---

## LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____   DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

Appendix 1410



# TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

**TxDMV**

134606574

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 3D7KU28C64G204039 | 2004 | DODG | PK |

TITLE/DOCUMENT NUMBER                DATE TITLE ISSUED

25000042899135946  06/23/2017

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
|  |  | 7100 | 1TA698 |

PREVIOUS OWNER

RAYMOND CURBOW MINEOLA TX

ODOMETER READING

**EXEMPT**

OWNER

REMARK(S)

CHRISTOPHER CLYDE BRADY
PO BOX 525
QUITMAN, TX 75783

**DIESEL**

X

SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER |
|---|---|

1ST LIEN RELEASED          DATE

NONE

BY
AUTHORIZED AGENT

| DATE OF LIEN | 2ND LIENHOLDER |
|---|---|

2ND LIEN RELEASED          DATE

BY
AUTHORIZED AGENT

| DATE OF LIEN | 3RD LIENHOLDER |
|---|---|

3RD LIEN RELEASED          DATE

BY
AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

**RIGHTS OF SURVIVORSHIP AGREEMENT**
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE          DATE

SIGNATURE          DATE

SIGNATURE          DATE

FORM 30-C REV. 05/2016          DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION

ROCK HILL USED CARS DALLAS
3D7KU28C64G204039
443058 - 1088

WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE INDICATING A DATE OF SALE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.

134606574

▶ FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

## ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Rock Hill Used Cars    519 I-30 Sulphur Springs TX 75482

Name of Purchaser / Street / City / State / Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale

*Chris Brady* (Signature of Seller/Agent)    Chris brady (Printed Name (same as signature))

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent    Printed Name (same as signature)

## FIRST REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser / Street / City / State / Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale    Dealer No.

Dealer's Name

Agent's Signature    Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent    Printed Name (same as signature)

## SECOND REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser / Street / City / State / Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale    Dealer No.

Dealer's Name

Agent's Signature    Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent    Printed Name (same as signature)

## THIRD REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser / Street / City / State / Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale    Dealer No.

Dealer's Name

Agent's Signature    Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent    Printed Name (same as signature)

## LIEN

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

Appendix 1412



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

VEHICLE IDENTIFICATION NUMBER
3D7MX48A37G804242

YEAR
2007

MAKE
DODG

TITLE NO.
810005985354

BODY TYPE
CW

MODEL
SQ3

DATE 1st SOLD

DATE ISSUED
29-Oct-2018

AGENT NO.
M6710

APPLICATION DATE
26-Oct-2018

ODOMETER
108369
Actual

TYPE OF TITLE
Repo

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

SECURITY STATE BANK
PO BOX 749
WEWOKA OK 74884-0749

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

ROCK HILL USED CARS
DALLAS
3D7MX48A3 7G804242
443058 – 1089

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle a above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
46401594

(This is not a title number)

A TITLE THIS IS A COPY) IS HELD BY AFC
SUBJECT TO AFC'S SECURITY INTEREST
WWW.AFCDealer.com

ASSIGNMENT OF TITLE BY REGISTERED OWNER    (If Dealer, List License # Here: _____

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ ☐ ☐ ☐ ☐ ☐ (NO TENTHS)    ☐ 1. The odometer has exceeded its mechanical limit.    ☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): _____ Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ 30 _____ Day of _____ Nov _____ 20 19

Notary Public: _____ Commission Expiration: _____

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____ Printed Name of Buyer(s): _____

VOID IF ALTERED



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | | TITLE NO. |
|---|---|---|---|---|
| 3D7KR28A48G116225 | 2008 | DODG | | 810007878625 |

| BODY TYPE | MODEL | | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|---|
| PK | RAM 2500 | | | 28-Jan-2020 |

| AGENT NO. | COLOR | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|---|
| M8805 | Gray | 27-Jan-2020 | Exempt | Original |
| | | | | DATE INS. LOSS OR SALVAGE |

NAME AND ADDRESS OF VEHICLE OWNER

GPR AUTO & TRUCK SALES, INC
5112 S SHIELDS BLVD
OKLAHOMA CITY OK 73129-3218

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

443058 – 1090
ROCK HILL USED CARS
DALLAS
3D7KR28A4 8G116225

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named herein is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
48180483

(This is not a title number)

ASSIGNMENT OF TITLE BY REGISTERED OWNER    (If Dealer, List License # Here: ___5503___)

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): *Rock Hill Used Cars*

Purchaser(s) Complete Address: *519 I-30 E  Sulphur Springs, TX  75482*

Actual Purchase Price of Vehicle: _____

OKLAHOMA
MOTOR VEHICLE
$3.50
TAX STAMP
2863895

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

ℓ X ℓ m P T (NO TENTHS)  ☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): *Cutir Gonzy*   Printed Name of Seller(s): GPR Auto + Truck Sales, Inc

Subscribed and Sworn to Before me this ___4___ Day of ___Feb.___, 20 _20_

Notary Public *Sandra Patton* Commission Expiration: _11-20-23_

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

SANDRA PATTON
#9016685
STATE OF OKLAHOMA
NOTARY PUBLIC

VOID IF ALTERED

**Ownership Transfer Information**

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

**REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:** _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

**Purchaser(s) Name** (Type or Print): _____

**Purchaser(s) Complete Address:** _____

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:** _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____ Commission Expiration: _____

*Affix
Notary Seal / Stamp
Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

**REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:** _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

**Purchaser(s) Name** (Type or Print): _____

**Purchaser(s) Complete Address:** _____

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:** _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____ Commission Expiration: _____

*Affix
Notary Seal / Stamp
Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

**LIENHOLDER INFORMATION**

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

**LIENHOLDER NAME:** _____   **DATE OF LIEN:** _____

**LIENHOLDER ADDRESS / CITY / STATE / ZIP:** _____

BA1040C

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

CLASSIC

VEHICLE IDENTIFICATION NUMBER
1FTHX25F0TEB25935

YEAR
1996

MAKE
FORD

TITLE NO.
810008003355

BODY TYPE
PK

MODEL
F25

DATE 1st SOLD

DATE ISSUED
07-Feb-2020

AGENT NO.
M6214

COLOR
White

APPLICATION DATE
06-Feb-2020

ODOMETER
Exempt

TYPE OF TITLE
Transfer

NAME AND ADDRESS OF VEHICLE OWNER

DATE INS.
LOSS OR SALVAGE

SETH WADLEY FORD LINCOLN
MERCURY
PO BOX 650
PAULS VALLEY OK 73075-0650

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

4430058 – 1091
ROCK HILL USED CARS
DALLAS

1FTHX25F0TEB25935

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
48222957

(This is not a title number)

---

**OKLAHOMA MOTOR VEHICLE**
**$3.50**
TAX STAMP
3140797

### ASSIGNMENT OF TITLE BY REGISTERED OWNER   (If Dealer, List License # Here: UD2860

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): ROCK Hill USED CARD

Purchaser(s) Complete Address: 519 I-30 E, SUlPhuR SPRGS TX 75482

Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

EXEMPT (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limit.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): DHardimon   Printed Name of Seller(s): DHardimon

Subscribed and Sworn to Before me this ___ 14th ___ Day of ___ FeB ___ 20 20

Notary Public: _____   Commission Expiration: _____

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

NOTARY PUBLIC State of OK
AP JOSEPH
Comm. # 16004973
Expires 05-18-2020

## VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ ☐ ☐ ☐ ☐ ☐  (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning——Odometer Discrepancy**

Signature of Seller(s): _____     Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____ Commission Expiration: _____

Affix
Notary Seal / Stamp
Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____     Printed Name of Buyer(s): _____

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ ☐ ☐ ☐ ☐ ☐  (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning——Odometer Discrepancy**

Signature of Seller(s): _____     Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____ Commission Expiration: _____

Affix
Notary Seal / Stamp
Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____     Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____     DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

Appendix 1417



V18364   Store 2571

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA   146240

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| 1FVACWDU5DHFA3237 | 2013 | FRHT | 610712306002A |

| BODY TYPE | MODEL | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|
| CC | 16M | 06/07/2012 | 05/17/2013 |

| AGENT NO. | | ODOMETER | TYPE OF TITLE |
|---|---|---|---|
| 6107 | | 30636 | TRANSFER |
| | | ACTUAL | DATE INS. LOSS OR SALVAGE |

NAME AND ADDRESS OF VEHICLE OWNER

LOWE'S HOME CENTERS INC
530 S GEORGE NIGH EXPY
MCALESTER        OK  74501-6711

283526

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

ROCK HILL USED CARS   DALLAS

1FVACWDU5 DHFA3237

4430058 — 1092

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.  131376107A2956
38257513
(This is not a title number)

### ASSIGNMENT OF TITLE BY REGISTERED OWNER   (If Dealer, List License # Here: _____)

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____ Ryder Truck Rental, LT.
Purchaser(s) Complete Address: 4040 NW 72 Ave., Miami, FL 33166

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

3 1 1 4 1 0 (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning— Odometer Discrepancy

Signature of Seller(s): _____ For: Lowe's Home Centers Inc Printed Name of Seller(s): Jessenia Jimenez

Subscribed and Sworn to Before me this 28th Day of January 20___

Notary Public: _____ Commission Expiration: May 6 2020

GRETA CHEN
MY COMMISSION # FF 961778
EXPIRES: May 6, 2020
Bonded Thru Notary Public Underwriters

Notarization required only of seller's signature(s). Affix notary seal/stamp in box here.

Signature of Buyer(s): _____ for: Ryder Truck Rental L.T.   Printed Name of Buyer(s): Vanessa Blanco

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: VW-1043956-1

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Ryder Vehicle Sales, LLC

Purchaser(s) Complete Address: 4040 NW 72 Ave., Miami, FL 33166

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

3 1 1 4 1 0 (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

Signature of Seller(s): for Ryder Truck Rental L.T.   Printed Name of Seller(s): Vanessa Bianco

Subscribed and Sworn to Before me this 28th Day of January, 20 20

Notary Public: ____   Commission Expiration: May 8, 2020

GRETA CHEN
MY COMMISSION # FF 961778
EXPIRES: May 8, 2020
Bonded Thru Notary Public Underwriters

Notarization required only if seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): for Ryder Vehicle Sales, LLC   Printed Name of Buyer(s): Tatyana Rivera

---

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: VI-1043022-3

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Bayshore Ford Truck Sales Inc

Purchaser(s) Complete Address: 4003 N Dupont Hwy New Castle DE 19720

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

3 1 1 4 1 0 (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

Signature of Seller(s): for Ryder Vehicle Sales, LLC   Printed Name of Seller(s): Tatyana Rivera

Subscribed and Sworn to Before me this 28th Day of January, 20 20

Notary Public: ____   Commission Expiration: May 8, 2020

GRETA CHEN
MY COMMISSION # FF 961778
EXPIRES: May 8, 2020
Bonded Thru Notary Public Underwriters

Notarization required only if seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): ____   Printed Name of Buyer(s): Erica Marinangeli

---

## LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: ____   DATE OF LIEN: ____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: ____

**STATE OF DELAWARE**
**DIVISION OF MOTOR VEHICLES**
P.O. BOX 698
DOVER, DELAWARE 19903

DOCUMENT NO. 45-07-08-06-03

**DELAWARE**
**DEALER'S**
**REASSIGNMENT**

**INVENTORY CONTROL NO.**
484627

THIS FORM IS TO BE USED BY A LICENSED DELAWARE DEALER FOR THE PURPOSE OF REASSIGNMENT OF A VEHICLE
CERTIFICATE OF TITLE OR MANUFACTURER'S CERTIFICATE OF ORIGIN.

DESCRIPTION OF VEHICLE (Required Ownership Documents must Accompany this form)

| YEAR | MAKE | STYLE | MODEL | COLOR | VEHICLE IDENTIFICATION NO. | TITLE NO. OF ATTACHED TITLE | STATE |
|------|------|-------|-------|-------|---------------------------|---------------------------|-------|
| 2015 | FRHT | TK | 16M | | IFVACWDU5DHFA3237 | 6107123060021A | OK |

**DELAWARE DEALER REASSIGNMENT 1**

The vehicle described above was sold for a:

Total price of $
Less trade-in (DE only) $
Net cost $
Document fee $
I, the undersigned licensed dealer, do hereby sell, assign or transfer to:

If trade-in is indicated, this information is required:
(Delaware registered vehicles only)

| Year | Make | Title, Tag No. | State |
|------|------|---------------|-------|
| | | | |

**FULL NAME OF PURCHASER**
Rock Hill Used Cars

The vehicle described above and said vehicle is subject to liens or encumbrance
set forth herein and none other. If no lien write "None" below.

| DATE OF BIRTH | IF UNDER 18 PARENT OR GUARDIAN'S CONSENT | NAME OF LIEN HOLDER |
|---------------|------------------------------------------|---------------------|

| STREET ADDRESS OF PURCHASER | STREET ADDRESS OF LIEN HOLDER |
|-----------------------------|-------------------------------|

| CITY OR TOWN | STATE | ZIP | CITY OR TOWN | STATE | ZIP |
|--------------|-------|-----|--------------|-------|-----|

**ODOMETER DISCLOSURE STATEMENT**

Federal and State law require that you state the mileage in connection with transfer of ownership. Failure to complete
odometer statement or providing a false statement may result in fines and/or imprisonment.
I certify to the best of my knowledge that the ODOMETER READING is the ACTUAL MILEAGE of the vehicle unless one of
the following is checked:

ODOMETER READING - MILES (NO TENTHS)
311,412

☐ 1. The mileage stated is in excess of odometer
mechanical limits. (Exceeds 99,999)
☐ 2. The odometer reading is not the actual mileage. -
WARNING - ODOMETER DISCREPANCY

I/WE CERTIFY, UNDER PENALTY OF PERJURY, THAT THE STATEMENTS MADE HEREIN ARE TRUE AND CORRECT TO
THE BEST OF MY/OUR KNOWLEDGE, INFORMATION AND BELIEF.

| PRINTED NAME OF DEALER | DEALER NUMBER | SIGNATURE OF SELLER/AGENT |
|------------------------|---------------|---------------------------|
| Bayshore Ford Truck Sales, Inc. 385 | | PRINTED NAME OF SELLER/AGENT   DATE OF SALE |
| | | Erica Marinangeli |

| PRINTED NAME OF PURCHASER/COMPANY/DEALER | I AM AWARE OF THE ABOVE ODOMETER CERTIFICATION |
|------------------------------------------|-------------------------------------------------|
| | SIGNATURE OF PURCHASER/AGENT |
| | X |
| | PRINTED NAME OF PURCHASER/AGENT |

Appendix 1420

## DELAWARE DEALER REASSIGNMENT 2

If trade-in is indicated, this information is required:
(Delaware registered vehicles only)

| Total price of $ | | Year | Make | Title, Tag No. | State |
|---|---|---|---|---|---|
| Less trade-in (DE only) $ | | | | | |
| Net cost $ | | | | | |
| Document fee $ | | | | | |

I, the undersigned licensed dealer, do hereby sell, assign or transfer to

**FULL NAME OF PURCHASER**

The vehicle described above and said vehicle is subject to liens or encumbrance set forth herein and none other. If no lien write "None" below

| DATE OF BIRTH | IF UNDER 18 PARENT OR GUARDIAN'S CONSENT | NAME OF LIEN HOLDER |
|---|---|---|

| STREET ADDRESS OF PURCHASER | STREET ADDRESS OF LIEN HOLDER |
|---|---|

| CITY OR TOWN | STATE | ZIP | CITY OR TOWN | STATE | ZIP |
|---|---|---|---|---|---|

### ODOMETER DISCLOSURE STATEMENT

Federal and State law require that you state the mileage in connection with transfer of ownership. Failure to complete odometer statement or providing a false statement may result in fines and/or imprisonment.

I certify to the best of my knowledge that the ODOMETER READING is the ACTUAL MILEAGE of the vehicle unless one of the following is checked:

ODOMETER READING - MILES (NO TENTHS)

☐ 1. The mileage stated is in excess of odometer mechanical limits. (Exceeds 99,999)

☐ 2. The odometer reading is not the actual mileage. - WARNING - ODOMETER DISCREPANCY

I/WE CERTIFY, UNDER PENALTY OF PERJURY, THAT THE STATEMENTS MADE HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY/OUR KNOWLEDGE, INFORMATION AND BELIEF.

| PRINTED NAME OF DEALER | DEALER NUMBER | SIGNATURE OF SELLER/AGENT |
|---|---|---|
| | | X |
| | | PRINTED NAME OF SELLER/AGENT     DATE OF SALE |

| PRINTED NAME OF PURCHASER/COMPANY/DEALER | I AM AWARE OF THE ABOVE ODOMETER CERTIFICATION SIGNATURE OF PURCHASER/AGENT |
|---|---|
| | X |
| | PRINTED NAME OF PURCHASER/AGENT |

Appendix 1421



# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

VEHICLE IDENTIFICATION NUMBER
1GCJK33265F919308

YEAR
2005

MAKE
CHEV

TITLE NO.
810003569400

BODY TYPE
PK

MODEL
SK3

DATE 1st SOLD
11-Jul-2005

DATE ISSUED
12-May-2017

AGENT NO.
M3707

ODOMETER
Exempt

TYPE OF TITLE
Transfer

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

CHANDLER MAASS OR
CRISTINA MAASS
27875 N 2780 RD
OKARCHE OK 73762-7227

443058 — 1093
ROCK HILL USED CARS
DALLAS
1GCJK3326 5F919308

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
44256463
(This is not a title number.)

### ASSIGNMENT OF TITLE BY REGISTERED OWNER    (If Dealer, List License # Here:

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):  _Jacksons of Kingfisher_

Purchaser(s) Complete Address:  _Box 260  Kingfisher, ok 73750_

Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy.

_EXEMPT_    (NO TENTHS)

Signature of Seller(s):

Printed Name of Seller(s):  _Chandler O. Maass_

Subscribed and Sworn to Before me this  6  Day of  7 , 20 19

Notary Public:    Commission Expiration:  1-18-21

# 17860483
E Notary 12-21

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s):    Printed Name of Buyer(s):  _Jacksons of Kingfisher_

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS' SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _UD2332_

**OKLAHOMA MOTOR VEHICLE $3.50 TAX STAMP**
2852459

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _Rock Hill Used Cars_

Purchaser(s) Complete Address: _519 I-30 E Sulphur Springs, TX 75482_

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

exempt (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _Jacksons of Longview_

Subscribed and Sworn to Before me this _10_ Day of _2_, 20_20_   # 17020483 EXP _1-18-21_

Notary Public: _____   Commission Expiration: _1-18-21_

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

---

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. **Warning — Odometer Discrepancy**

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20_____

Notary Public: _____   Commission Expiration: _____

Affix Notary Seal / Stamp Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

---

## LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____   DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

Appendix 1423



CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

VEHICLE IDENTIFICATION NUMBER
1GCJK33648F114088

YEAR
2008

MAKE
CHEV

TITLE NO.
810007625646

BODY TYPE
CK30

MODEL
SILV

DATE 1st SOLD
04-Sep-2007

DATE ISSUED
19-Nov-2019

AGENT NO.
M6115

APPLICATION DATE
18-Nov-2019

ODOMETER
84000
Actual

TYPE OF TITLE
Duplicate
DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

HENRY E MOSS
92 TOW RD
MCALESTER OK 74501-6676

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named herein is the owner of the ve
above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
47932435
(This is not a title number)

ASSIGNMENT OF TITLE BY REGISTERED OWNER     (If Dealer, List License # Here: _____)

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _Lee Auto Sales_

Purchaser(s) Complete Address: _1300 South Main McAlester OK 74501_

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

_EXEMPT_ (NO TENTHS)

Signature of Seller(s): _____   Printed Name of Seller(s): _Henry Moss_

Subscribed and Sworn to Before me this _6_ Day of _Dec_

Notary Public: _____   Commission Expiration: _7-7-20_

CATRINA LEE
Notary Public - State of Oklahoma
Commission Number 08006631
My Commission Expires Jul 7, 2020

Notarization required only of seller's signature(s). Affix notary seal/stamp to the left.

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

VOID IF ALTERED

A TITLE (THIS IS A COPY) IS ISSUED BY AFC'S SECURITY INTEREST IS SUBJECT TO AFC'S SECURITY INTEREST www.AFCdealer.com

443058 — 1094
ROCK HILL USED CARS
DALAS
1GCJK33648F114088

**Ownership Transfer Information**

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: *UP6768*

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): *Roswell Used Cars*

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.

(NO TENTHS)   ☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

Signature of Seller(s): _____   Printed Name of Seller(s): *Chan Lee*

Subscribed and Sworn to Before me this _*25*_ Day of _*Feb*_, 20 *20*

Notary Public: _____   Commission Expiration: *7-7-20*

*CATRINA LEE*
Notary Public - State of Oklahoma
Commission Number 08006631
My Commission Expires Jul 7, 2020
*Affix Notary Seal / Stamp*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: _____

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.

(NO TENTHS)   ☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____, 20 ___

Notary Public: _____   Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

**LIENHOLDER INFORMATION**

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____   DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

Upon sale of this vehicle, ...urchaser must apply for a new title withi... days unless the vehicle i... purchased by a dealer. Un... a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

6080361100329101 01

0 0 5 2 1 3

**NORTH EAST TEXAS CREDIT UNION**
**105 W 18TH ST**
**MT PLEASANT, TX 75455**

DETACH HERE

---

## TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

TxDMV

13154 1750

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1HFVE04R7G4000179 | 2016 | HOND | MV |

| | TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|---|
| MODEL   MFG. CAPACITY IN TONS   WEIGHT   LICENSE NUMBER | 22530042721144808 | 12/26/2016 |

PREVIOUS OWNER
**AUSTIN MICHAEL GARRISON**

OWNER
**AUSTIN MICHAEL GARRISON**
**4658 I-30 EAST**
**SULPHUR SPRINGS, TX 75482**

OFF-HIGHWA...

ROCK HILL USED CARS
DALLAS
443058 - 1095
1HFVE04R7 G4000179

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER | |
|---|---|---|
| 12/15/2016 | NORTH EAST TEXAS CREDIT UNION 105 W 18TH ST MT PLEASANT, TX 75455 | 1ST LIEN RELEASED    DATE |

NORTH EAST TEXAS CREDIT UNION
AUTHORIZED AGENT

| DATE OF LIEN | 2ND LIENHOLDER | 2ND LIEN RELEASED    DATE |
|---|---|---|

BY _____
AUTHORIZED AGENT

| DATE OF LIEN | 3RD LIENHOLDER | 3RD LIEN RELEASED    DATE |
|---|---|---|

BY _____
AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

**R I G H T S   O F   S U R V I V O R S H I P   A G R E E M E N T**
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

| SIGNATURE | DATE |
|---|---|
| SIGNATURE | DATE |
| SIGNATURE | DATE |

FORM 30-C REV. 05/2016     DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

...ever you sell or trad... a vehicle, be sure to **protect yourself** ...ling the **Vehicle Transfer** ...ation online** at www.TxDMV.gov. The notification removes your responsibility for anything the ...yer might do with the vehicle. It's free!

**You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in the vehicle to remove your liability.**

Before you buy, do a Title Check. For more information, go to www.TxDMV.gov and click on the "Title Check" icon.

---

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE INDICATING A DATE OF SALE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**    131541750

► **FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

### ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

RocKH;11 USEDCArS

Name of Purchaser          Street          City          State          Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale _____ Aug Symm          Austin Garrison

Signature of Seller/Agent          Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent          Printed Name (same as signature)

### FIRST REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser          Street          City          State          Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale          Dealer No.

Dealer's Name

Agent's Signature          Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent          Printed Name (same as signature)

### SECOND REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser          Street          City          State          Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale          Dealer No.

Dealer's Name

Agent's Signature          Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent          Printed Name (same as signature)

### THIRD REASSIGNMENT DEALER ONLY

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser          Street          City          State          Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale          Dealer No.

Dealer's Name

Agent's Signature          Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent          Printed Name (same as signature)

### LIEN

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

# EXHIBIT L

## DEMAND PROMISSORY NOTE AND SECURITY AGREEMENT

FOR VALUE RECEIVED, each of the undersigned (hereinafter referred to jointly and severally as the "Dealer" which term shall mean as applicable each of the undersigned individually and all of the undersigned collectively) on behalf of themselves individually and in their representative capacity hereby promise to pay to the order of Automotive Finance Corporation, an Indiana corporation ("LENDER"), with its principal office listed on the web site currently located at www.AFCDEALER.com or a successor thereto or such other place as LENDER may designate, the principal sum of One Hundred Thousand Dollars ($100000) (the "Aggregate Advance Limit") or such greater or lesser principal amount as may be outstanding pursuant hereto, with interest on any outstanding balance prior to an Event of Default, as defined in Section 7.0 hereof, at the rate of interest (based upon a 360 day year, compounded daily, meaning that the annual interest rate set forth in the Term Sheet will be divided by 360 to arrive at a daily rate, and the daily rate will be applied to the outstanding balance each day, and interest will accrue each day and be added to the outstanding balance) set forth in the Term Sheet and as amended from time to time; provided, however, that in no event shall the calculation of prime rate in the Term Sheet be at a rate less than five percent (5%) per annum. In the event that no Term Sheet is executed or effective, then interest shall accrue at a variable rate, adjusted each business day, based upon the most recent prime rate published in The Wall Street Journal plus five percent (5%) per annum (based on a 360-day year and applied and compounded daily, as described above), accruing from, the earlier of the date of a requested Advance or the date that an Obligation is incurred; provided, however, that in no event shall the calculation of prime rate be at a rate less than five percent (5%) per annum ("Prime Rate"). After an Event of Default, interest shall accrue at a rate of fifteen percent (15%) per annum ("Default Rate"), with such interest compounded daily and accruing from the date on which the Event of Default first occurred. All payments shall be made in lawful money of the United States and in immediately available funds, whether via Check, via ACH, via certified funds, or otherwise.

Until demand by LENDER or until an Event of Default (at which time the Obligations shall at LENDER's option and without notice become immediately due and payable in full), Dealer shall pay the Obligations as provided in Section 2.6.

Dealer: (a) waives demand and presentment for payment, protest, notice of protest and notice of non-payment or dishonor of this Note; (b) consents to any extension of the time of payment hereof; (c) waives all defenses based on suretyship or impairment of collateral; and (d) waives any defenses which Dealer may assert on the Obligations including but not limited to failure of consideration, breach of warranty, fraud, payment, statute of frauds, bankruptcy, lack of legal capacity, statute of limitations, lender liability, accord and satisfaction, and usury.

In consideration of the premises and the mutual covenants and conditions contained herein, the parties further agree as follows:

### AGREEMENT

1.0   **DEFINITIONS**. When used herein, the following terms shall have the following meanings:

1.1   ACH – an electronic network for financial transactions, also known as automated clearing house payment system, which processes credit and debit transactions including payments by or on behalf of Dealer or LENDER.

1.2   Advance - discretionary loan(s) to Dealer or payment(s) on behalf of Dealer by LENDER pursuant to the terms of this Note.

1.3   Aggregate Advance Limit - the maximum lending limit, as set forth above.

1.4   Approved Auction Purchase – any Vehicle, vehicle part, or goods of any kind, now or hereafter acquired by Dealer from a LENDER-approved auction if LENDER pays the Advance for such Vehicle, vehicle part, or other good directly to the auction.

1.5   Check - a payment by or on behalf of Dealer to LENDER which is   other than a payment in cash, via ACH or via certified funds.

1.6   Collateral – all of Dealer's assets and properties wherever located, including without limitation: (a) accounts, chattel paper, deposit accounts, documents, equipment, fixtures, inventory, and other goods, general intangibles, instruments, insurance policies, investment property, letter of credit rights, money, software, supporting obligations, and Titles, all of the foregoing now owned or hereafter acquired by Dealer; (b) any and all proceeds, products, additions, accessions, accessories, and replacements of the foregoing; (c) all of Dealer's computer records, business papers, ledger sheets, files, books, and records relating to the foregoing, now owned or hereafter acquired; and (d) the following:

1.7   Curtailment Date - that certain day at the end of the Period when all Obligations concerning or relating to an item of Purchase Money Inventory become due and payable.

1.8   Dealer's Place of Business - any or all of the following locations: (a) the place where the Collateral and Dealer's books and records are kept; (b) the place from which Dealer's business affairs and operations are conducted, unless otherwise disclosed in writing to LENDER by Dealer; and (c) the place where Dealer's registered office is located.

1.9   Default Rate has the meaning given to it in the introductory paragraph of this Note.

1.10  Equipment – all goods, other than inventory, of any kind and wherever located.

1.11  Floorplan Fee - that non-refundable fee payable to LENDER by Dealer in the amount set forth on the Term Sheet for each Period, or portion thereof, in which an Advance for each individual item of Purchase Money Inventory is outstanding, provided that in the event no Term Sheet is executed and effective, then the Floorplan Fee shall be equal to One Hundred Dollars ($100.00). Notwithstanding the foregoing or any provision in the Term Sheet to the contrary, LENDER reserves the right to charge a Floorplan Fee in a higher amount as a condition to making an Advance if, in its sole

THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

Appendix 1429

discretion, LENDER determines that the circumstances so warrant.

1.12 Interest - those finance charges owed by Dealer to LENDER on all outstanding Obligations, which charges shall begin to accrue, on the earlier of the date of each Advance or the date that an Obligation is incurred, compounded daily, and shall be payable at the rate and upon the terms and conditions set forth in this Note.

1.13 Late Fee - that non-refundable fee payable to LENDER by Dealer, in the amount set forth on the Term Sheet for each item of Purchase Money Inventory, assessed each week, or portion thereof, that Dealer fails to repay Obligations under this Note when due as provided by this Note, provided that in the event no Term Sheet is executed and effective, then the Late Fee shall be equal to Ninety-Five dollars ($95.00). Dealer agrees that this Late Fee is a reasonable estimate of LENDER's probable losses due to the delay, inconvenience, and administrative expense associated with late payment. LENDER may also charge an amount equal to the lesser of $25 or the maximum amount permitted by law for each Check or ACH tendered to LENDER, by or on behalf of Dealer, that is subsequently dishonored, in addition to any charge or fee imposed by the depository institution for each returned or dishonored item and any other charges or fees permitted by law.

1.14 NAP Fee - that non-refundable fee payable to LENDER by Dealer, in addition to the Floorplan Fee, in the amount set forth on the Term Sheet for each individual item of Purchase Money Inventory acquired by Dealer as a Non-Auction Purchase, provided that in the event no Term Sheet is executed and effective or no NAP Fee is listed in the Term Sheet, then the NAP Fee shall be equal to Seventy-five Dollars ($75.00). Notwithstanding the foregoing or any provision in the Term Sheet to the contrary, LENDER reserves the right to charge a NAP Fee in a higher amount as a condition to making an Advance for a Non-Auction Purchase if, in its sole discretion, LENDER determines that the circumstances so warrant.

1.15 Non-Auction Purchase - a transaction other than an Approved Auction Purchase in which any Vehicle, vehicle part, or goods of any kind, is now or hereafter acquired or refinanced by Dealer.

1.16 Note - this Demand Promissory Note and Security Agreement and all amendments and addenda thereto.

1.17 Number of Curtailment Date Extensions - the number of times set forth on the Term Sheet that the Curtailment Date may be extended for an item of Purchase Money Inventory pursuant to this Note, provided that in the event no Term Sheet is executed and effective, the Number of Curtailment Date Extensions shall be zero (0).

1.18 Obligations - all Advances, debts, Purchase Money Inventory Obligations, liabilities, financial obligations, charges, expenses, fees, attorney fees, costs of collection, covenants, and duties owing, arising, due, or payable from Dealer to LENDER of any kind or nature, present or future, under any instrument, guaranty, or other document whether arising under this Note or any other agreement, whether direct or indirect (including those acquired by assignment), absolute or contingent, primary or secondary, due or become due, now

existing or hereafter arising and however acquired including, without limitation, all Interest, Floorplan Fee(s), Late Fee(s), NAP Fee(s), and other expenses, costs or fees provided for herein.

1.19 Odometer Disclosure Statement - that statement of mileage for a Vehicle required, by the Motor Vehicle Information and Cost Savings Act as amended (49 U.S.C. § 32701 et seq.) and the regulations implementing same (49 C.F.R. § 580 et seq.), to be provided to a Vehicle purchaser by the transferor.

1.20 Period - that number of days set forth on the Term Sheet, beginning on the earlier of the date of a requested Advance or the date that an Obligation is incurred and ending on the Curtailment Date that an item of Purchase Money Inventory will be financed by LENDER pursuant to this Note, provided that in the event no Term Sheet is executed and effective, then the Period shall be thirty (30) days.

1.21 Prime Rate has the meaning given to it in the introductory paragraph of this Note.

1.22 Purchase Money Inventory - any and all Vehicles, vehicle parts, or goods of any kind, now or hereafter acquired, financed or refinanced by Dealer with an Advance.

1.23 Purchase Money Inventory Obligations - the liabilities owing, arising, due, or payable from Dealer to LENDER with respect to specific Advances for specific items of Purchase Money Inventory now existing or hereafter arising including, without limitation, all Interest, Floorplan Fee(s) and Late Fee(s), and other expenses, costs or fees provided for herein.

1.24 Retail Installment Contract - that contract of sale and security agreement, whether or not constituting chattel paper under Article 9 of the UCC, whereby Dealer sells a Vehicle to a retail customer in the ordinary course of Dealer's business.

1.25 Terms and Conditions – All provisions of this Note, excluding any language specifically referencing Dealer by individual or business name or address, or referencing the dollar amount of Dealer's Aggregate Advance Limit.

1.26 Term Sheet - that agreement in effect from time to time executed by Dealer and LENDER containing information including but not limited to the Floorplan Fee and other fees, Interest and Period, attached hereto as Exhibit A and incorporated herein by reference.

1.27 Title - the certificate of title, manufacturer's statement of origin or certificate of origin, or other document issued by a duly authorized state, province or government agency evidencing ownership of a Vehicle.

1.28 UCC - the Uniform Commercial Code as enacted in Indiana and amended from time to time. Any term used in the UCC and not defined herein has the meaning given to the term in the UCC as presently enacted in Indiana or modified hereafter.

1.29 Vehicle - a vehicle, the ownership of which is embodied in a Title,
driven or drawn by mechanical power, manufactured primarily for
use on the public streets, roads, and highways.

AFC Rev. 04/26/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

## 2.0  FINANCING PROCEDURES.

2.1  <u>Discretionary Advances.</u>  LENDER may, in its sole discretion, from time to time make an Advance to or on behalf of Dealer for the purpose of enabling Dealer to purchase and/or hold Purchase Money Inventory for resale, and for other purposes as determined in LENDER's sole discretion. Dealer acknowledges and agrees that LENDER may, with or without cause, refuse to make an Advance. Dealer further agrees that LENDER's decision to make an Advance shall be binding only if it is in writing and signed by LENDER. Dealer and LENDER agree that Dealer is not obligated to finance any Purchase Money Inventory, or any other assets through LENDER.

2.2  <u>Advance Requests: Purchase Money Inventory.</u>  Dealer may request an Advance for the purpose of enabling Dealer to purchase, finance or refinance and hold an item of Purchase Money Inventory for resale by providing LENDER with: (a) a copy of the bill of sale which indicates the vendor and the actual purchase price of the Purchase Money Inventory; and (b) as to Vehicles, a completed Odometer Disclosure Statement and the Title duly assigned to Dealer. Dealer represents and warrants that each such Advance will be used only to purchase, finance or refinance Vehicles encumbered by this Note.

2.3  <u>Advance Requests: Other Purposes.</u>  Dealer may request an Advance for purposes other than enabling Dealer to purchase and hold an item of Purchase Money Inventory for resale by providing LENDER with: (a) a written request setting forth the purpose for the requested Advance, and (b) such other information as LENDER may require. If LENDER elects to make any such Advance, the Advance shall be deemed an additional Obligation under this Note from the date on which the Advance is made.

2.4  <u>Conditions to Advances.</u>  As a condition precedent to an Advance, Dealer shall deliver to LENDER, at LENDER's request, a certificate in a form acceptable to LENDER certifying that (a) no Event of Default has occurred or is continuing, (b) Dealer is in complete compliance with the terms and conditions of this Note, (c) all prior Advances made for the purpose of enabling Dealer to purchase an item of Purchase Money Inventory have only been used to purchase Vehicles encumbered by this Note, (d) no material adverse effect to the operation or prospects of Dealer (financial, business, labor or otherwise) exists or is threatened, (e) no Checks or ACHs issued by Dealer to LENDER have been dishonored, and (f) such other information as LENDER may request.

2.5  <u>Advances Without Request.</u>  If at any time including but without limitation during an Event of Default or acceleration under this Note, Dealer is in default on any obligation to a third party, LENDER may in its sole discretion elect, but is not required to, make payment or transfer on Dealer's behalf to the third party, in any amount up to the total obligation owed by Dealer to the third party, as a means of satisfying Dealer's obligation to the third party in whole or in part. If LENDER elects to make any such payments or transfers, they shall be deemed additional Obligations under this Note from the date on which the payment or transfer is made. Such payments or transfers may be made without prior notice to Dealer and without regard to any Aggregate Advance Limit then in effect for Dealer.

2.6  <u>Repayment of Obligations.</u>  Dealer shall pay to LENDER at the offices of LENDER the Obligations, on demand and without notice, and in any event, with respect to an item of Purchase Money Inventory on the earliest of: (a) LENDER's demand, (b) forty-eight (48) hours after the disposition by sale or otherwise of an item of Purchase Money Inventory; or (c) the Curtailment Date. All proceeds of any such disposition shall be received by Dealer in trust for LENDER and forwarded promptly to LENDER as noted below. LENDER shall apply applicable payments to the Purchase Money Inventory Obligation incurred from said item of Purchase Money Inventory. Notwithstanding anything herein to the contrary including Sections 3.0 and 4.0 if, after the disposition by sale or otherwise and subsequent payment to LENDER as delineated above, a shortage exists between any payments received by LENDER and the Purchase Money Inventory Obligation with respect to an item of Purchase Money Inventory, that shortage shall be considered an Obligation owed by Dealer to LENDER and secured with Collateral other than Purchase Money Inventory. The order and method of application of payments of the Obligations, excluding payments with respect to Purchase Money Inventory Obligations, shall be at the sole discretion of LENDER. Notwithstanding anything herein to the contrary, LENDER reserves the right to require that payments be made via ACH, and Dealer shall execute an ACH payment authorization upon request.

2.7  <u>Extension of Curtailment Date.</u>  If Dealer is in compliance with all other provisions of this Note, LENDER may, in its sole discretion, permit an extension of the Curtailment Date relative to an item of Purchase Money Inventory for a Period, upon the payment of Interest, Floorplan Fee(s) and the minimum principal amount of the Advance relating to such item of Purchase Money Inventory as set forth in the Term Sheet, provided that in the event no Term Sheet is executed and effective, then the minimum amount of such payment shall be equal to Five Percent (5%) of the outstanding principal amount of the Advance relating to such item of Purchase Money Inventory.

2.8  <u>Presumptions Regarding Outstanding Balance.</u>  The date and amount of each Advance made by LENDER and of each repayment of principal or interest thereon shall be recorded by LENDER. The aggregate unpaid principal amount, interest, fees, and other Obligations so recorded by LENDER shall constitute prima facie evidence of the sums owing and unpaid under this Note; provided, however, that the failure by LENDER to so record any such amount or any error in so recording any such amount shall not limit or otherwise affect the liability of Dealer under this Note to repay the Obligations.

2.9  <u>Purchase Money Inventory and Title Control.</u>  At any and all reasonable times Dealer shall allow LENDER's officers, employees, agents, attorneys, designees and representatives (including but not limited to representatives of AutoVin, Inc., its successors, affiliates, subsidiaries and parent companies) access to Dealer's books and records and the Dealer's Place of Business for the purpose of conducting an audit of Dealer's inventory, books and records. Dealer agrees to pay an audit charge in the amount set forth on the Term Sheet for each audit, and all of LENDER's expenses in conducting such audit, provided that in the event no Term Sheet is executed and effective, then the audit charge shall be equal to $80.00.

AFC Rev. 04/26/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

Dealer may request the Title to a Vehicle or Vehicles held by LENDER for purposes of correcting same or taking said Vehicle(s) to an auction. If LENDER in its sole discretion agrees with such request, Dealer shall deliver to LENDER a Check or draft in an amount equal to the Advance(s) relating to such Vehicle(s). Unless such Title(s) are returned to LENDER within the time period established by LENDER, (a) LENDER may (i) deposit or present such Check or draft for payment or (ii) process such payment via ACH and return the Check to Dealer, and (b) any outstanding Obligation(s), Floorplan Fee(s) or accrued interest relating to Advance(s) for such Vehicle(s) shall become immediately due and payable.

2.10  Authorization of LENDER.  By execution of this Note, Dealer authorizes LENDER and any of its officers, employees or agents to take any and all action to secure and perfect its interest in the Collateral including but not limited to taking possession of the Collateral and executing and filing, on behalf of Dealer and without Dealer's signature, original financing statements, amendments, continuation statements, and any other documents LENDER deems necessary or desirable to protect its interests. Dealer authorizes LENDER to supply any omitted information and correct errors in any document executed by or on behalf of Dealer, and to contact any bank or other depository institution to obtain account information concerning Dealer. Dealer authorizes LENDER to obtain credit information from a credit bureau, and any financial institutions or trade creditor that Dealer has provided as well as other credit investigation that LENDER in LENDER's sole discretion deems necessary. Dealer also authorizes LENDER to contact any third parties to disclose information, including information contained in this Note, for the purposes of, including, but not limited to assessing Dealer's credit worthiness, collection of any outstanding debt, obtaining intercreditor agreements, and perfecting LENDER's security interest. Dealer also authorizes LENDER to disclose the above described information to any of its successors, affiliates, subsidiaries, and parent companies. Further, Dealer authorizes LENDER to review Dealer's account periodically, which could include obtaining additional credit reports. Dealer authorizes LENDER to disclose Dealer's credit information into any credit database. In addition, Dealer shall execute the Power of Attorney incorporated herein by reference as Exhibit D.

3.0  GRANT OF SECURITY INTEREST.  To secure Dealer's prompt payment of the Purchase Money Inventory Obligations, Dealer hereby grants to LENDER a lien and a security interest in the Purchase Money Inventory and the Titles thereto.  To secure Dealer's prompt payment of the Obligations, Dealer hereby grants to LENDER a lien and security interest in all of the Collateral.  Dealer understands and agrees that LENDER at all times intends to maintain the status of a purchase money secured creditor with priority rights in the Purchase Money Inventory as provided under the UCC. Therefore, to the extent purchase money status can be maintained under applicable law, Dealer also grants LENDER a lien and a security interest as follows: (a) the Purchase Money Inventory also secures Obligations that are not Purchase Money Inventory Obligations, and (b) Collateral that is not Purchase Money Inventory also secures Purchase Money Inventory Obligations.

4.0  SALES OF PURCHASE MONEY INVENTORY.  Unless and until an Event of Default shall have occurred, Dealer may sell the Purchase Money Inventory to bona fide buyers in the ordinary and regular course of Dealer's business, but nothing herein shall be deemed to waive or release any interest LENDER may have hereunder or under any other agreement in any proceeds or replacements of the Purchase Money Inventory.  Upon the sale of any item of Purchase Money Inventory, Dealer shall hold the amount received from the disposition of inventory in trust for the benefit of LENDER and Dealer shall pay promptly to LENDER, in accordance with Section 2.6, an amount equal to the unpaid balance of the Purchase Money Inventory Obligations and any other Obligations relating to such Purchase Money Inventory.

5.0  DEALER'S COVENANTS.  Until payment in full of all of the Obligations or unless LENDER shall otherwise consent in writing, each undersigned Dealer covenants and agrees as follows:

5.1  Disposition of Purchase Money Inventory.  Unless Purchase Money Inventory is the subject of a Retail Installment Contract that satisfies the requirements of Section 6.7 or is sold pursuant to Section 4.0, Dealer shall not attempt to or actually, sell, lease, transfer, mortgage, encumber, or otherwise dispose of the Purchase Money Inventory, any part thereof, or any interest therein, or remove, for a period exceeding twenty-four (24) hours, any item of Purchase Money Inventory from the Dealer's Place of Business. In addition, Dealer shall keep the Purchase Money Inventory free from any lien, security interest, mortgage, claim, charge or other encumbrance, other than those granted pursuant to this Note or permitted in writing by LENDER.

5.2  Unconditional Payment Obligation.  Dealer's obligation to make full payment under this Note is unconditional and shall not be affected by claims or disputes Dealer may have against any other person, including but not limited to claims or disputes Dealer may have against LENDER or any person or entity who transferred, conveyed, or sold one or more Vehicles to Dealer.

5.3  Maintenance of Collateral.  Dealer shall keep and maintain the Collateral in good repair and safe condition, and not cannibalize, alter or substantially modify the Collateral except to enhance its value, nor secrete or conceal the Collateral.

5.4  Dealer's Books and Records.  Dealer has kept and shall continue to keep true and accurate books and records concerning its business affairs and the Collateral. Such books and records shall contain full and correct entries of all business transactions and shall be kept in accordance with generally accepted accounting principles consistently applied. Dealer shall at least annually and upon request furnish financial statements and sales information to LENDER based upon said books and records and upon request shall permit LENDER to inspect, make extracts from and receive from Dealer originals or true copies of Dealer's books and records and any papers relating to the Collateral. All financial statements submitted to LENDER shall fairly present the financial condition of Dealer and any other person or entity identified in such financial statements as of the preparation date. Dealer represents and warrants that all information provided to LENDER concerning Dealer's business affairs and the Collateral, including without limitation financial statements and sales information, is true, accurate and complete. Dealer shall notify LENDER, in writing, of any material adverse change in the financial condition of Dealer as

Page 4 of 11

THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

Appendix 1432

compared to any prior financial statements submitted to LENDER.

5.5 Insurance. Dealer shall keep the Collateral insured against such risks and in an amount equal to the Aggregate Advance Limit or such lesser amount as LENDER may from time to time permit and with such insurer or insurers as LENDER may from time to time approve. Dealer shall provide LENDER, or LENDER's designees, with copies of its policies of insurance covering the Collateral together with evidence that the premium therefor has been paid and that LENDER has been named as loss payee or additional insured on such policies. The proceeds of loss under such policies are hereby assigned to LENDER. If LENDER determines, in its sole discretion, that Dealer has not maintained adequate insurance coverage for the Collateral, LENDER may, but has no obligation to, purchase a policy or policies of insurance (through forced placement or otherwise) and may treat amounts so expended as additional Obligations. The risk of loss or damage to the Collateral shall at all times remain solely with Dealer.

5.6 Litigation Notice. Dealer shall provide to LENDER within five (5) days after service of process, notice of any litigation, arbitration, or other proceeding by or before any court, governmental agency, or entity affecting Dealer.

5.7 Taxes. Dealer has paid and shall pay all taxes and assessments relating to its business affairs and shall pay all taxes and assessments at any time levied on the Collateral as and when the same become due and payable in the ordinary course. If Dealer fails to pay taxes or assessments relating to the Collateral, LENDER may, but has no obligation to, pay said taxes or assessments and may treat amounts so expended as additional Obligations.

5.8 Further Assurances. Dealer shall execute any and all documents necessary to confirm an Advance or perfect LENDER's lien and security interest in the Collateral. Dealer shall, at any time and at the request of LENDER, deliver the originally executed Retail Installment Contracts to LENDER. Dealer shall, at any time and at the request of LENDER, assign in writing any or all Retail Installment Contracts.

5.9 Acknowledgments. Dealer acknowledges that LENDER has relied on Dealer's Covenants and Dealer's Representations and Warranties as delineated in this Note, and is not charged with any contrary knowledge that may be ascertained by examination of the public records, or that may have been received by any officer, director, agent, employee, representative or shareholder of LENDER.

5.10 Changes in Dealer's Business. Upon the execution of this Note, Dealer shall provide LENDER with a document listing Dealer's Place(s) of Business. Dealer shall provide LENDER written notice within 30 days of any of the following: (a) any change in Dealer's Place of Business or chief executive office, (b) any change in the corporate, business or ownership structure of Dealer, (c) any change in the state or jurisdiction of incorporation, organization or business entity registration of Dealer, (d) any change in the legal name or trade name of Dealer, (e) any consolidation or merger with any other person or entity, (f) any change in control of Dealer, (g) any sale, transfer or issuance of equity securities or reclassification, readjustment or other change in capital structure, or (h) any amendment to Dealer's articles, by-laws or other organizational documents.

5.11 Notice to Account Debtors. Dealer shall, at any time and at the request of LENDER, notify any or all account debtors or obligors that LENDER has the right to enforce Dealer's rights against the account debtors or obligors, that LENDER has a security interest in the accounts and/or chattel paper, and that the account debtors and obligors must direct payment to LENDER.

5.12 Guaranties. At the request of LENDER prior to the execution of this Note and at any time thereafter, Dealer shall deliver to LENDER a duly executed guaranty or guaranties of a third party or parties in the form attached hereto as Exhibit C.

5.13 Control Agreements. Dealer shall cooperate with LENDER in obtaining control agreements or similar type agreements in form and substance satisfactory to LENDER with respect to Collateral consisting of deposit accounts, certificates of deposit, investment property, letter of credit rights, electronic chattel paper, certified or uncertified securities, and other collateral which may require steps in addition to filing a financing statement to perfect LENDER's security interest. In the event satisfactory control agreements cannot be obtained, Dealer shall cooperate with LENDER in placing the account or other property in LENDER's name as owner or co-owner.

6.0 DEALER'S REPRESENTATIONS AND WARRANTIES. On the date of this Note and until the Obligations are paid in full and Dealer has performed all of its obligations hereunder, the representations and warranties contained in this Note and every factual matter in any other document delivered to LENDER by or on behalf of each individual undersigned Dealer shall be true and correct in all material respects for each individual undersigned Dealer and will remain true and correct for each individual undersigned Dealer.

6.1 Permits and Licenses. Dealer has all applicable permits and licenses necessary to conduct business as a retail or wholesale seller, as applicable, of the Collateral. Dealer has all required government certificates, licenses, registrations, and charters to operate as the entity or business type identified by Dealer in the Dealer application and is in good standing with all applicable governmental authorities. Dealer shall comply with, and not permit any violation by its agents or employees of, all applicable laws, regulations, and orders of public authorities relating to Dealer's business affairs and the Collateral.

6.2 Authority. The undersigned is legally competent, and has been duly authorized by all necessary action, to execute and deliver this Note and consummate all of the transactions contemplated hereby. Dealer has now and will have at the time of each Advance full right, power, and authority to borrow in the manner and on the terms and conditions set out in this Note, and to grant LENDER the lien and security interest granted in this Note without the consent or approval of any third party or public authority.

6.3 Ownership. Dealer has now and will have at the time of each Advance good and marketable title to the Purchase Money Inventory, free and clear of all liens, security interests,

Page 5 of 11

AFC Rev. 04/26/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT

mortgages, charges, claims, and other encumbrances or interests whatsoever, except the lien and security interest granted under this Note, or except as permitted by LENDER in writing or acknowledged by LENDER's written notification to such third party advising such third party of LENDER's purchase money security interest in the Purchase Money Inventory and the proceeds thereof.

6.4  Enforceability.  This Note, and any other agreements or documents contemplated herein or executed in connection herewith, constitute valid and binding obligations of the Dealer and all are enforceable in accordance with their respective terms.

6.5  Litigation.  No legal, arbitration, or administrative proceedings are pending or threatened against Dealer which could reasonably affect the Collateral or which materially and adversely affect the properties, business, prospects, or condition, financial or otherwise, of the Dealer or Dealer's ability to honor its obligations hereunder.

6.6  Check Representations.  With each and every payment to LENDER by Check or ACH, Dealer represents and warrants (regardless of whether Dealer is the drawer thereof ), that, at the time of issuance of the Check or ACH and at the time such Check or ACH may be presented for payment, the account upon which such Check or ACH is drawn contains immediately available funds sufficient for payment of that Check or ACH and all other Checks and ACHs issued or outstanding at that time.

6.7  Retail Installment Contract Representations.  With respect to each Retail Installment Contract: (a) Dealer is the owner thereof; (b) Dealer has made all filings and recordations, and has taken all necessary actions (including registration on a certificate of title) which are required to perfect Dealer's interest with respect to the Collateral therein; (c) such Retail Installment Contract is the result of a bona fide transaction entered into in the ordinary course of Dealer's operations; (d) such Retail Installment Contract is true, valid, genuine, binding, and enforceable in accordance with the written terms thereof; (e) such Retail Installment Contract is the only chattel paper with respect to the subject thereof; (f) such Retail Installment Contract will continue to be free from all defenses, setoffs, and counterclaims of any kind; (g) such Retail Installment Contract conforms with all applicable laws; (h) except as to any interest disclosed in writing to LENDER, such Retail Installment Contract is free from all security, liens, and/or encumbrances; and (i) the property which is the subject of the Retail Installment Contract has been delivered to the retail purchaser under such Retail Installment Contract.

6.8  Lot Representation.  All Vehicles located at Dealer's Place of Business constitute Inventory for resale in the ordinary course of Dealer's business unless the Vehicle is plainly marked otherwise. None of the Vehicles are in Dealer's possession pursuant to a consignment or other agreement providing that someone other than Dealer is the Vehicle's owner or has rights in the Vehicle superior to the rights of Dealer or LENDER, unless (a) LENDER has been notified in writing that such Vehicles are in Dealer's possession and (b) the Vehicles are plainly so marked and identified.

6.9  Name of Dealer.  Dealer's legal name is precisely the name set forth as such on the last page of this Note.

6.10  State of Organization.  Dealer's jurisdiction of incorporation, organization or other business entity registration is the state or jurisdiction set forth as such on the last page of this Note. Upon request, Dealer shall furnish to LENDER an official certificate from the appropriate governing authority evidencing the current legal status of Dealer's business organization.

7.0  EVENT OF DEFAULT.  Each and every one of the following events shall be considered an Event of Default:

7.1  the default in any payment or repayment when due of any of the Purchase Money Inventory Obligations or Obligations, as provided in the Note;

7.2  LENDER's deeming itself insecure regarding the Collateral or the possibility of Dealer's default in any payment or repayment of any of the Obligations;

7.3  LENDER's receipt of any report indicating that LENDER is not prior to all other liens, security interests, mortgages, charges, claims, encumbrances or interests of any kind in the Purchase Money Inventory, except as expressly permitted by LENDER in writing or acknowledged by LENDER's written notification to such third party advising such third party of LENDER's purchase money security interest in the Purchase Money Inventory and the proceeds thereof;

7.4  the default in payment or performance of any debt or obligation of Dealer whether to LENDER or to a third party;

7.5  LENDER determining, in its sole discretion, that any covenant, warranty, representation, or statement made by Dealer in connection with this Note, related documents, any Advance or otherwise to or for the benefit of LENDER has been breached or is false or misleading;

7.6  the loss, theft, damage, destruction, sale (except as permitted by Section 4.0), or encumbrance of the Collateral (except as permitted by Section 6.3), or the making of any levy, seizure, attachment, or execution against Dealer, any of the Collateral or any of its other property;

7.7  the inability of Dealer or any guarantor to pay debts as they mature, insolvency of Dealer or any guarantor, appointment of a receiver for Dealer or any guarantor, assignment for the benefit of creditors by Dealer, commencement of any proceeding under any bankruptcy or insolvency law by or against Dealer or any guarantor, or entry of or issuance of any order of attachment, execution, sequestration, or other order in the nature of a writ levied upon the Collateral;

7.8  the death or incompetency of Dealer if Dealer is an individual or any guarantor, or the death, incompetency, or resignation of a principal stockholder, officer, or manager of Dealer or any guarantor;

7.9  dissolution, merger or consolidation, or transfer of any substantial part of the property of Dealer or of any guarantor; or

7.10  LENDER's determination, in its sole discretion, that control contests or other management disputes within or regarding the Dealer threaten or may threaten the timely repayment of the Obligations by Dealer.

AFC Rev. 04/26/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

7.11 An Event of Default by any one undersigned Dealer shall be deemed an event of default by all the undersigned Dealers.

8.0   REMEDIES.

8.1   Whenever an Event of Default shall exist, or at any time thereafter (such a default not having previously been cured), LENDER, at its option and without demand or notice of any kind, may declare the Obligations to be immediately due and payable. Upon such Event of Default, LENDER shall have the rights and remedies of a secured party under the UCC with respect to the Collateral, and any other rights or remedies at law, in equity, by agreement or otherwise. LENDER shall have the right to pursue any of its rights and remedies separately, successively or concurrently, and the exercise of any right or remedy shall not preclude its subsequent exercise at a later time or the exercise of other rights or remedies. Without limiting the foregoing, LENDER may (a) notify any or all creditors, account debtors or obligors of Dealer's default and/or of the security interest of LENDER in Dealer's accounts or chattel paper and direct payment of same to LENDER; (b) demand, receive, sue for and give receipts or acquittances for any moneys due or to become due on any account receivable, Retail Installment Contract, or under any chattel paper or endorse any item representing any payment on or proceeds of the Collateral; (c) assent to any or all extensions or postponements of time of payment or any other indulgence in release of the Collateral, to the addition or release of acceptance of partial payments and the settlement, compromise or adjustment of such claims, all in a manner and at times as LENDER shall deem advisable; (d) execute and deliver for value all necessary or appropriate bills of sale, documents of title, and other documents and instruments in connection with the management or disposition of the Collateral or any part thereof; (e) hold, store, keep idle, lease, operate, remove, or otherwise use or permit the use of the Collateral or any part of it, for that time and upon those terms as LENDER, in its sole discretion, deems to be in its own best interests; and/or (f) take possession of the Collateral and sell the same. For all such purposes, LENDER may, without prior notice, enter upon the premises on which the Collateral is situated (or is believed to be situated) and either cause the Collateral to remain on, be stored on, or managed at such premises at Dealer's expense, pending sale or other disposition of the Collateral, or remove the Collateral to such other place as LENDER shall determine. Notwithstanding the foregoing rights, Dealer shall, upon LENDER's demand, make the Collateral available to LENDER at a place to be designated by LENDER which is reasonably convenient to both parties. Dealer hereby consents to the appointment of a receiver by any court of competent jurisdiction without necessity of notice, hearing, or bond.

8.2   Procedures. LENDER may comply with any provision of this Note and any applicable state or federal law requirements in connection with a disposition of the Collateral, and compliance will not be considered adversely to affect the commercial reasonableness of any sale of Collateral. Dealer agrees that a sale of any Vehicle by auction to other vehicle dealers shall be commercially reasonable. LENDER may sell Collateral without giving any warranties and may specifically disclaim warranties, including warranties of title and the like. LENDER shall not be liable or accountable for the failure to seize, collect, realize, sell, or obtain possession or payment of all or any part of the Collateral and shall not be bound to institute

proceedings for the purpose of seizing, collecting, realizing, selling or obtaining possession or payment of same or for the purpose of preserving any rights of LENDER, Dealer or any other person. LENDER shall not have any obligation to take any steps to preserve rights against prior parties to any Collateral, whether or not in LENDER's possession, and shall not be liable for failure to do so. Dealer shall remain liable to pay LENDER any deficiency balance remaining after any sale.

8.3   No Obligation to Pursue Others. LENDER shall have no obligation to attempt to satisfy the Obligations by collecting them from any other person liable for them, and LENDER may release, modify or waive any Collateral provided by any other person to secure any of the Obligations, all without affecting LENDER's rights against Dealer. Dealer waives any right it may have to require LENDER to pursue any third person for any of the Obligations.

8.4   Sales on Credit. If LENDER sells any of the Collateral on credit, Dealer will be credited only with payments actually made by the purchaser, received by LENDER and applied to the indebtedness of the purchaser. In the event the purchaser fails to pay for the Collateral, LENDER may resell the Collateral and Dealer shall be credited with the net proceeds of the sale.

8.5   Notice of Sale. Dealer agrees that motor vehicles are a type of collateral customarily sold on a recognized market and that LENDER therefore has no obligation to notify Dealer, or any other person, prior to their sale. In the event LENDER does send notice prior to sale of any Collateral, Dealer agrees that the sending of notice, whether delivered personally, by courier service or by certified or registered mail to any address of Dealer set forth in this Note, of the time and place of any public sale or the time after which any private sale or other intended disposition is to be made, shall be deemed reasonable notice thereof. LENDER may, without further notice or publication, adjourn any public or private sale or cause the same to be adjourned from time to time by announcement at the time and place fixed for the sale, and such sale may be made at any time or place at which it was announced at the sale so adjourned. Dealer agrees that a sale of any Vehicle by auction to other vehicle dealers shall be commercially reasonable.

8.6   Action Against Bond. To the extent not prohibited by law, Dealer authorizes LENDER to proceed in an action to collect on or against any bond posted by Dealer with any state or local authorities.

8.7   No Marshalling. LENDER shall have no obligation to marshal any assets in favor of Dealer, or against or in payment of the Note, any Obligations or any other obligation owed to LENDER by Dealer or any other person.

8.8   Right of Set-Off. Upon the occurrence and during the continuance of an Event of Default, LENDER is authorized at any time and from time to time, without notice to Dealer, to set-off and apply, directly or through any of LENDER's affiliates, any and all deposits (whether general or special, time or demand, provisional or final, or otherwise) and other assets and properties at any time held in the possession, custody or control of LENDER or its affiliates, and any indebtedness at any time owing by LENDER or its

Page 7 of 11

AFC Rev. 04/26/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

affiliates to or for the credit, account or benefit of Dealer, against any and all of Dealer's Obligations.

9.0  **GENERAL.**

9.1  Indemnification.  Dealer shall indemnify and hold LENDER harmless from and against any and all liabilities, loss, damage, costs, or expenses of whatever kind or nature relating to claims of third parties arising out of or in any way connected to this Note or Dealer's business affairs including, without limitation, attorneys' fees and expenses incurred both in the defense of any action against LENDER and in any action to enforce these indemnity rights as against the Dealer.

9.2  No Partnership; Joint Venture; Dealer's Business Affairs. Notwithstanding anything to the contrary herein contained or implied, LENDER, by this Note or by any action pursuant hereto, shall not be deemed to be a partner or joint venturer of Dealer. Dealer furthermore agrees that notwithstanding the conditions of lending herein, the purchase or sale of Vehicles or Equipment by Dealer is in the ordinary course and, prior to an Event of Default, at the discretion and subject to the business judgment of Dealer. LENDER has no responsibility or liability of any kind with regard to the quantity, quality, condition, purchase price, or marketability of any item of Purchase Money Inventory. LENDER is not a party to any loss or gain in the sale of any Purchase Money Inventory sold by Dealer.

9.3  Expenses.  Dealer agrees to pay in the ordinary course as additional Obligations all LENDER's fees, expenses and costs incidental to the financing provided for under this Note. Such charges shall include, but are not limited to, Late Fees, NAP Fees, highline fees, title fees and other standard fees charged by LENDER, fees and expenses incurred by LENDER or its counsel (including paralegals and similar persons), and any filing fees, stamp taxes, insurance or other charges associated with the creation, perfection, or maintenance of the security interest granted herein. Dealer agrees that if it fails or refuses to pay any taxes or assessments relating to the Collateral or maintain proper insurance coverage for the Collateral, LENDER may, but has no obligation to, pay said taxes or assessments and purchase a policy or policies of insurance and may treat amounts so expended as additional Obligations. Any amount so paid or advanced by LENDER, plus related costs, shall be repaid by Dealer on demand and shall bear interest at the Default Rate from the date of such payment or advance.

9.4  Notices.  All notices, requests, or other communications by Dealer required by, permitted under, or relating to this Note shall be in writing. Any notice shall be effective (a) if delivered personally (or by courier) with signed receipt therefor, or (b) three days after dispatch, if delivered via certified or registered U.S. Mail, postage prepaid and addressed as follows:

If intended for LENDER
Automotive Finance Corporation
then addressed to LENDER at the corporate headquarters of LENDER as listed on the web site currently located at www.AFCDEALER.com or a successor thereto.

If intended for Dealer
**MICHAEL VERNON GARRISON**
**DBA: ROCK HILL USED CARS**
**519 INTERSTATE HIGHWAY 30 E**
**SULPHUR SPRINGS, TX  75482**

All such notices shall be deemed reasonably and promptly given if the effective date thereof is at least five (5) days prior to the event with respect to which notice is given.

9.5  Merger, Modification; Headings; Waiver.  This Note and the documents contemplated hereby are intended by the parties as an amendment and restatement of any prior Promissory Note and Security Agreement or agreements with regard to the subject matter hereof.  Notwithstanding the foregoing, this Note and the documents contemplated hereby contain the entire agreement of the parties with regard to the subject matter hereof, and shall be binding upon and inure to the benefit of the successors and assigns of the parties; however, no obligation or rights of Dealer shall be assignable.  Dealer authorizes LENDER to alter, amend or modify the Terms and Conditions of this Note at any time by posting notice of such altered, amended or modified Terms and Conditions on its web site currently located at www.AFCDEALER.com or any successor web site. Any request for an Advance by Dealer and subsequent Advance by LENDER pursuant to Sections 2.1, 2.2 or 2.3 shall constitute the assent of the parties to the Terms and Conditions in effect at that time.  The provisions of this Note may not be altered, amended, or modified by Dealer except in a writing signed by both parties.  The parties acknowledge that the headings herein are for convenience only and shall not be considered in the interpretation of this Note.

9.6  Usury.  Notwithstanding any provisions of this Note to the contrary, at no time shall Dealer be obligated to pay interest at a rate which would subject LENDER to either civil or criminal liability due to interest being in excess of the maximum rate LENDER is permitted by law to contract or Dealer is permitted by law to agree to pay.  In such circumstances, the rate of interest hereunder shall be deemed to be immediately reduced to such maximum rate, and such interest and the portion of all prior interest payments in excess of such maximum rate shall be applied and shall be deemed to have been payments in reduction of the principal balance of the Obligations as of the date such payment was made.  Any such excess shall be held by LENDER for Dealer's benefit without interest and shall be subject to setoff by LENDER.

9.7  No Waiver.  No delay or omission by LENDER to exercise any right or remedy shall (a) impair any right or remedy, (b) waive any default or operate as an acquiescence to any Event of Default, or (c) affect any subsequent default, right or remedy of the same or of a different nature.

9.8  Demand Nature of Credit Facility.  Dealer acknowledges and agrees that the Obligations evidenced by this Note are payable upon demand.  Nothing in this Note is intended to nor shall be construed to change the demand nature of this Note, including, without limitation, any reference to Events of Default, to annual financial statements, to Curtailment Dates, to Periods, or otherwise.  Dealer acknowledges and agrees that LENDER, at any time, without notice and with or without reason, may demand that this Obligation be immediately paid in full.  Dealer acknowledges that

Page 8 of 11

THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

demand may be made by LENDER even if the Dealer is in compliance with each and every term of this Note.

9.9 Signature. LENDER and Dealer expressly agree that LENDER may, at LENDER's option, execute this Note and the documents contemplated hereby by way of a signature stamp or other authorized facsimile signature of an officer of LENDER. LENDER and Dealer expressly agree that except as authorized under Section 2.10 or the attached Power of Attorney, Dealer may only execute this Note and the documents contemplated hereby by way of an original signature and not by way of a facsimile thereof.

9.10 Enforcement. LENDER and Dealer intend and believe that each provision in this Note complies with all applicable ordinances, laws, statutes and judicial and administrative decisions; however, if any provision in this Note is found by a court of law to be in violation of any applicable ordinances, laws, statutes, judicial or administrative decisions, or public policy, then it is the intent of the parties of this Note that such provision be given force to the fullest possible extent that it is legal, valid and enforceable, that the remainder of this Note shall be construed as if such provision were not contained herein and that the remainder of this Note continue in full force and effect.

9.11 JURISDICTION AND CHOICE OF LAW. THIS NOTE AND ANY AND ALL AGREEMENTS OR AUTHORIZATIONS EXECUTED BY DEALER OR LENDER IN CONNECTION HEREWITH SHALL BE GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF INDIANA, AS AMENDED FROM TIME TO TIME, WITHOUT RESORT TO PRINCIPLES OF CONFLICTS OF LAWS. BY EXECUTION OF THIS NOTE, DEALER SUBMITS TO THE PERSONAL JURISDICTION OF THE COURTS OF THE STATE OF INDIANA AND TO VENUE IN THE CIRCUIT AND SUPERIOR COURTS OF HAMILTON COUNTY OR MARION COUNTY, INDIANA. ANY ACTION INITIATED BY DEALER AGAINST LENDER SHALL BE FILED AND CONDUCTED SOLELY IN SAID COURTS. LENDER MAY BRING ANY SUIT AGAINST DEALER IN ANY COURT OF COMPETENT JURISDICTION, AND DEALER HEREBY CONSENTS TO LENDER'S CHOICE IN FORUM. DEALER FURTHER WAIVES ANY RIGHT WHICH IT MAY HAVE TO REMOVE SUCH LITIGATION OR MATTER TO A FEDERAL COURT OR TO REQUIRE THAT ANY SUCH LITIGATION OR MATTER TAKE PLACE IN A FEDERAL COURT. DEALER AND LENDER AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THE CLAIMANT'S INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING OR AS A NAMED OR UNNAMED MEMBER IN A CLASS, CONSOLIDATED, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL ACTION. THIS PARAGRAPH IS A MATERIAL INDUCEMENT FOR LENDER ENTERING INTO THIS AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY.

9.12 WAIVER OF JURY TRIAL RIGHTS. DEALER AND LENDER EACH ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL

ONE, BUT THAT IT MAY BE WAIVED, THEREFORE, EACH PARTY, AFTER CONSULTING, OR HAVING HAD THE OPPORTUNITY TO CONSULT, WITH COUNSEL OF THEIR CHOICE, HEREBY KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY, FOR THEIR MUTUAL BENEFIT, WAIVES ANY RIGHT TO TRIAL BY JURY IN RESPECT TO ANY LITIGATION ARISING OUT OF OR IN CONNECTION WITH ANY ASPECT OF THE PAST, PRESENT, OR FUTURE RELATIONSHIP OF THE PARTIES INCLUDING, BUT NOT LIMITED TO, ANY LITIGATION ARISING OUT OF OR IN CONNECTION WITH THIS NOTE AND ANY RELATED AGREEMENTS, INSTRUMENTS OR TRANSACTIONS. THIS PARAGRAPH IS A MATERIAL INDUCEMENT FOR LENDER ENTERING INTO THIS AGREEMENT AND THE TRANSACTIONS CONTEMPLATED HEREBY. Nothing in this section shall be construed as limiting or waiving any right LENDER may have pursuant to Section 9.13 of this Agreement.

9.13 Arbitration. Except as expressly provided elsewhere in this agreement, or as otherwise expressly agreed to in writing by LENDER, any and all questions or disputes between LENDER and Dealer, including, but not limited to, any questions or disputes arising from or relating to the operation of, the interpretation of, or in any way connected with, this Agreement, may, at the unilateral discretion and direction of LENDER, be submitted for final determination via arbitration pursuant to applicable laws of Indiana, and Dealer hereby consents to the final determination by arbitration of any disputes so submitted by LENDER. In the event that litigation has been commenced by Dealer or guarantor(s), (if any), against LENDER prior to such submission, or if in the event that litigation has been commenced by LENDER against Dealer, guarantor or any third party, at the sole discretion of LENDER to arbitrate such litigation, all parties to such litigation hereby agree to permanently discontinue, without delay, such litigation upon receipt of 15 days written notice. ANY DISPUTE RESOLUTION PROCEEDINGS, WHETHER IN ARBITRATION OR COURT, WILL BE CONDUCTED ONLY ON AN INDIVIDUAL BASIS AND NOT IN A CLASS OR REPRESENTATIVE ACTION OR AS A NAMED OR UNNAMED MEMBER IN A CLASS, CONSOLIDATED, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL ACTION, UNLESS BOTH DEALER AND LENDER SPECIFICALLY AGREE TO DO SO IN WRITING FOLLOWING INITIATION OF THE ARBITRATION. The arbitration shall be conducted by a single arbitrator. Each party shall select a certified arbitrator. Those arbitrators shall then select one arbitrator who shall arbitrate the case. Any arbitrator selected shall be qualified to conduct commercial arbitrations under the provisions of the applicable laws of Indiana. The proceedings before the arbitrator shall take place in Hamilton County or Marion County, Indiana or such other place as the arbitrator may direct. The parties to this agreement, including guarantor(s), (if any), agree and represent to one another that the decision or award of the arbitrator so appointed shall be final and binding upon such parties and shall not be subject to appeal or judicial review. The parties to this agreement, including the guarantor(s), (if any), represent to one another that this section constitutes

AFC Rev. 04/26/13

THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

Appendix 1437

an express agreement between them to arbitrate in the event that LENDER, in its sole discretion, decides to submit a question or dispute to arbitration. The parties to this agreement hereby agree that the costs of the arbitration shall be Obligations as defined in this agreement.

9.14 Title Processing Fees. If LENDER determines that it is necessary or desirable to transfer or convert title or obtain a new or replacement Title for any Vehicle, Dealer agrees to pay LENDER a title transfer or processing fee not to exceed $100 for each Title processed, in addition to all of LENDER's expenses and costs incidental thereto, which shall include, but are not limited to, fees and expenses incurred by attorneys (including paralegals and similar persons) and any filing fees or taxes.

9.15 Attorneys' Fees Expenses and Costs. In addition to all other amounts payable hereunder by Dealer, Dealer agrees to reimburse LENDER on demand for any and all attorneys' (including paralegals' and similar persons') fees, accountants' fees, appraisers' fees, and all expenses and costs incurred in collecting or enforcing payment of the Obligations hereunder or in curing any default, including without limitation those fees and costs incurred (a) with or without suit; (b) in any appeal; (c) in any bankruptcy, insolvency or receivership proceeding; and (d) in any post-judgment collection proceedings, plus Interest at the rate provided herein.

9.16 Communication. Dealer acknowledges that Dealer is obtaining credit from, or is guaranteeing credit from, LENDER. Dealer authorizes LENDER to (a) share any and all information that it possesses regarding Dealer's account, including but not limited to information regarding Dealer's loan history, account history, account balance, credit worthiness, and inventory vehicle data with any third party and (b) to receive information concerning Dealer's business affairs from any third party. Dealer does hereby authorize LENDER to release and disclose any and all of Dealer's general business information now or hereinafter in LENDER's possession, including but not limited to information regarding the business name, address, email address, and telephone number, to any third party. Dealer also authorizes LENDER to release and disclose any and all of Dealer's account and inventory information now or hereinafter in LENDER's possession, including but not limited to any and all inventory vehicle data loan documents, any business financial information retained or maintained by LENDER, and/or any information relating to Dealer's performance history with LENDER to any third party. Dealer authorizes LENDER, and its respective affiliates, subsidiaries and parent companies to: a) send facsimile transmissions to Dealer at the facsimile numbers listed as Dealer's facsimile number in any communication sent from time to time by Dealer; b) make telephone calls to Dealer at the telephone numbers listed as Dealer's telephone number in any communication sent from time to time by Dealer; c) send emails to Dealer at the email addresses listed as Dealer's email address in any communication sent from time to time by Dealer; and d) communicate to Dealer via any and all other forms of communications, for the purposes of including, but not limited to marketing, collection and any other communication needs. Dealer agrees that this permission will remain in effect until cancelled by Dealer in writing.

[Signatures on next page]

AFC Rev. 04/26/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

Dealer's Name and Dealer's Place(s) of Business:
MICHAEL VERNON GARRISON
DBA: ROCK HILL USED CARS
519 INTERSTATE HIGHWAY 30 E
SULPHUR SPRINGS, TX  75482

Dealer's state of incorporation, organization or other business entity registration: Texas

WHEREFORE, the Dealer has on behalf of themselves individually and in their representative capacity, executed this Note on the Third day of September, 2013.

| Dealership: MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS | Automotive Finance Corporation ("LENDER") |
|---|---|
| By: _____ Owner | By: _____ |
| MICHAEL VERNON GARRISON , OWNER | An Officer of LENDER |
| By: _____ | To be executed at AFC Corporate office |
| By: _____ | |
| By: _____ | |

AFC Rev. 04/26/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

Appendix 1439

## TERM SHEET FOR
## DEMAND PROMISSORY NOTE AND SECURITY AGREEMENT

Dealer: MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS

Date of Original Note: SEP 03, 2013

The following terms, as defined in the Demand Promissory Note and Security Agreement (the "Note"), shall apply effective immediately:

Floorplan Fee: The Floorplan Fee shall be:
$85
In addition, for each extension of the Curtailment Date, the Floorplan Fee shall be $85.

Purchases of vehicles with a purchase price over $40,000 will be charged a Highline Fee of 0.5% of the principal amount advanced for that vehicle instead of the Floorplan Fee for the initial Period. The Floorplan Fee will be charged for any additional Period.

Interest: Interest shall accrue on all Obligations under the Note at a variable rate, adjusted each business day, based upon the most recent prime rate published in The Wall Street Journal plus:
4.5% per annum, compounded daily.

However, in no event shall the calculation of prime rate be at a rate less than five percent (5%) per annum.

Number of Curtailment Date Extensions: The Number of Curtailment Date extensions shall be limited to:
2 times. Notwithstanding the definition of Period below, the Period for each such extension shall be equal to 30 days.

Period: The Period shall be:
30 days.

Executed by the undersigned duly authorized representatives effective as of the Third day of September, 2013.

| Dealership: MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS | Automotive Finance Corporation ("LENDER") |
|---|---|
| By: _Michael Garrison Owner_ MICHAEL VERNON GARRISON , OWNER | By: _____ An Officer of LENDER To be executed at AFC Corporate office |
| By: _____ | |
| By: _____ | |
| By: _____ | |

# EXHIBIT A

AFC Rev. 04/26/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

Appendix 1440

## POWER OF ATTORNEY

KNOW ALL BY THESE PRESENTS:

That pursuant to Ind. Code § 30-5-1-1 et seq. and in accordance with the Demand Promissory Note and Security Agreement between Automotive Finance Corporation ("LENDER") and **MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS** (hereinafter referred to jointly and severally as the "Dealer"), to which reference is made for the meaning of all capitalized terms used herein, a power of attorney is hereby conferred by the undersigned on his or her behalf and on behalf of Dealer upon LENDER, an Indiana corporation, the address of the principal office of which is listed on the web site currently located at WWW.AFCDEALER.com or a successor thereto or such other place as LENDER may designate, to:

    (a)  act with general authority with respect to all personal property of the undersigned or Dealer and transactions involving or relating to the same;

    (b)  act on behalf of the undersigned and Dealer to assign, reassign, or obtain titles in connection with transactions involving Purchase Money Inventory, Collateral and other property of the undersigned or Dealer;

    (c)  act on behalf of the undersigned and Dealer to prepare, sign, endorse, execute and deliver documents including, but not limited to financing statements, notes, checks, drafts, and titles in connection with transactions involving Purchase Money Inventory, Collateral and other property of the undersigned or Dealer;

    (d)  act with general authority with respect to claims and litigation of or relating to Purchase Money Inventory, Collateral, and other property of the undersigned or Dealer;

    (e)  act with general authority with respect to delegating authority;

    (f)  act with general authority with respect to insurance, and accounts or transactions with banks and other financial institutions, of or relating to Purchase Money Inventory, Collateral, and other property of the undersigned or Dealer; and

    (g)  act with general authority regarding all other matters which LENDER may, in its sole discretion, deem expedient, reasonable, or necessary in the discharge of the authority hereby conferred -- all as if done by the undersigned or Dealer directly.

Dealer shall indemnify, defend and hold harmless LENDER, its affiliates, subsidiaries, officers, directors, employees, representatives, successors, and assigns from and against any and all loss, damage, liability, claims, cause of action, and expenses of whatever kind, arising from the exercise of authority hereunder. The liability of LENDER and/or any person to whom it delegates authority hereunder, to the undersigned, Dealer or any third person shall be limited to acts in bad faith. This power of attorney shall be irrevocable until such time as each and every Obligation of the undersigned and Dealer to LENDER has been satisfied in full. The revocation or termination hereof shall be ineffective unless and until actual notice or knowledge of such revocation or termination shall have been received by the parties acting under this power of attorney. The undersigned represents and warrants that he/she is a duly authorized agent of Dealer and by execution of this Power of Attorney, Dealer is lawfully bound to and obligated by the terms hereof. This power of attorney shall be governed by the substantive laws of the State of Indiana without resort to principles of conflicts of law.

[Signatures on next page]

## EXHIBIT B
Page 1 of 2

AFC Rev. 04/26/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

Executed this Third day of September, 2013.

MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS

By: _____ Owner        Sep 03, 2013        _____        Sep 03, 2013
MICHAEL VERNON GARRISON , OWNER      Date               MICHAEL VERNON GARRISON          Date

By: _____                Date               _____                Date

By: _____                Date               _____                Date

By: _____                Date               _____                Date

STATE OF _Texas_                COUNTY OF _TARRANT_

Before me the undersigned, a Notary Public in and for the said County and State, personally appeared the above-referred individual(s) who acknowledged the execution of the foregoing Power of Attorney this _4_ of _September_, _2013_.

_____                My Commission Expires: _____    ADAM JAMES COMPTON
(Notary Public Signature)                                            Notary Public, State of Texas
                                                                     My Commission Expires
_Adam Compton_                   My County of Residence: _DALLAS_    November 21, 2016
(Printed Name)

**EXHIBIT B**
Page 2 of 2

AFC Rev. 04/26/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

**TERM SHEET FOR SALVAGE VEHICLES**
**DEMAND PROMISSORY NOTE AND SECURITY AGREEMENT**
**(U.S.)**

Dealer: **MICHAEL VERNON GARRISON, DBA: ROCK HILL USED CARS**

The following terms, as defined or redefined below or in the Demand Promissory Note and Security Agreement, shall apply effective immediately:

Floorplan Fee: The Floorplan Fee for Salvage Vehicles shall be assessed each Period as follows: *$50 if less than or equal to $1,000 or $75 if over $1,000.*

Interest:  Interest shall accrue on all Obligations for Salvage Vehicles, pursuant to the Note, at a variable rate, adjusted each business day, based upon the most recent prime rate published in The Wall Street Journal plus *4.5 %* per annum.

However, in no event shall the calculation of prime rate be at a rate less than five percent (5%) per annum.

Number of Curtailment Date Extensions: For Salvage Vehicles the Number of Curtailment Date Extensions shall be limited to *2* times.  If Dealer is in compliance with all other provisions of this Agreement, LENDER may, in its sole discretion, permit an extension of the Curtailment Date relative to a Salvage Vehicle, upon the payment of Interest, Floorplan Fee(s), and a minimum of Five Percent (5%) of the outstanding Advance relating to such Salvage Vehicle.

Period:  The Period for Salvage Vehicles shall be *40* days.

Sales of Purchase Money Inventory:  Notwithstanding anything in the Note or the attached Exhibits to the contrary, Dealer represents that all Advances shall be used to purchase either a Vehicle(s) or a Salvage Vehicle(s) and that said Vehicle(s) or Salvage Vehicle(s) will not be broken down or dismantled and sold as vehicle parts.

Salvage Vehicle:  a Vehicle (i) acquired at a salvage auction, (ii) listed as a total loss by the insurer of such Vehicle, or (iii) titled as "salvage" under applicable state laws; provided that such Vehicle (x) was acquired for the purpose of resale and not for the purpose of being dismantled and (y) has not been dismantled, disassembled or reduced to component parts.

The Unconditional Guarantor(s), hereinafter collectively referred to as "Guarantor", reaffirms the terms and obligations of Guarantor's Unconditional Guaranty with respect to the Note as supplemented herein.

[Signatures on next page]

Salvage US Rev. 10/24/2012
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

Appendix 1443

**TERM SHEET FOR SALVAGE VEHICLES**
**DEMAND PROMISSORY NOTE AND SECURITY AGREEMENT**
**(U.S.)**

Executed by the undersigned duly authorized representatives effective as of the **Third day of September, 2013.**

Dealership: **MICHAEL VERNON GARRISON, DBA:**
**ROCK HILL USED CARS**

By: _____
MICHAEL VERNON GARRISON , OWNER

By: _____

By: _____

By: _____

Guarantor: _____
MICHAEL VERNON GARRISON

Automotive Finance Corporation
("LENDER")

By: _____
An Officer of LENDER
To be executed at AFC Corporate office

Only for LENDER office use

| Dealer #: 443058 | Contract #: 10645860 | Branch #: 170 |
| --- | --- | --- |

Page 2 of 2

Salvage US Rev. 10/24/2012
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

## U.S. TERM SHEET AMENDMENT FOR
## DEMAND PROMISSORY NOTE AND SECURITY AGREEMENT

Dealer: MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS

Dealer #: 443058          Date of Original Note: 09/03/2013

Contract Id #: 12288280          Branch #: 1170

IN ACCORDANCE with the Demand Promissory Note and Security Agreement ("Note") between Automotive Finance Corporation ("LENDER") and the undersigned Dealer, said Note incorporated herein by reference, and in consideration of credit and/or services given or to be given to the undersigned by LENDER under the Note, the undersigned and LENDER expressly agree as follows:

The following terms, as defined in the Note, shall apply effective immediately:

Floorplan Fee:  The Floorplan Fee shall be:
$85
In addition, for each extension of the Curtailment Date, the Floorplan Fee shall be $85.

Purchases of vehicles with a purchase price over $40,000 will be charged a Highline Fee of 0.5% of the principal amount advanced for that vehicle instead of the Floorplan Fee for the initial Period.  The Floorplan Fee will be charged for any additional Period.

Interest:  Interest shall accrue on all Obligations under the Note at a variable rate, adjusted each business day, based upon the most recent prime rate published in The Wall Street Journal plus:
6.25% per annum, compounded daily.

However, in no event shall the prime interest rate be less than three and one quarter percent (3.25%) per annum.

Number of Curtailment Date Extensions:  The Number of Curtailment Date Extensions shall be limited to:
2 times. Notwithstanding the definition of Period below, the Period for each such extension shall be equal to 30 days.

Period:  The Period shall be:
30 days.

The Unconditional Guarantor(s), hereinafter collectively referred to as "Guarantor", reaffirms the terms and obligations of Guarantor's Unconditional Guaranty with respect to the Note including but not limited to the Term Sheet changes as set out above.

[Signatures on next page]

Page 1 of 2

Term Amend. AFC Rev. 01/31/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

Executed by the undersigned duly authorized representatives effective as of the **Thirtieth day of April, 2015**.

**Dealership** MICHAEL VERNON GARRISON DBA:
ROCK HILL USED CARS

By: _____ owner
MICHAEL VERNON GARRISON, OWNER

**Automotive Finance Corporation**
("LENDER")

By: _____
An Officer of LENDER
To be executed at AFC Corporate office

**Guarantor:**

_____
MICHAEL VERNON GARRISON

STATE OF __Texas__          COUNTY OF __Denton__

Before me the undersigned, a Notary Public in and for the said County and State, personally appeared the above-referred individual(s) who acknowledged the execution of the foregoing Amendment this __30__ of __April__, __2015__.

_____
(Notary Public Signature)

_Jonathan McAffrey Howell_
(Printed Name)

My Commission Expires: _____

**JONATHAN MCAFFREY HOWELL**
Notary Public, State of Texas
My Commission Expires
**November 24, 2018**

My County of Residence: __Tarrant__

Eligible for Non AFC Witness, AFC Witness, or Notary

Witnessed By: _____          By: _____
                    Signature                                      Print Name

Page 2 of 2

THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT .

Appendix 1446

## U.S. AGGREGATE ADVANCE LIMIT AMENDMENT
## TO DEMAND PROMISSORY NOTE AND SECURITY AGREEMENT

Dealer: MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS

Dealer #: 443058                     Date of Original Note: 09/03/2013

Contract Id #: 12288280              Branch #: 1170

IN ACCORDANCE with the Demand Promissory Note and Security Agreement ("Note") between Automotive Finance Corporation ("LENDER") and the undersigned Dealer, said Note incorporated herein by reference, and in consideration of credit and/or services given or to be given to the undersigned by LENDER under the Note, the undersigned and LENDER expressly agree as follows:

1) The Aggregate Advance Limit under the Note shall be **One Hundred Fifty Thousand Dollars ($150000)**.

2) The Unconditional Guarantor(s), hereinafter collectively referred to as "Guarantor", reaffirms the terms and obligations of Guarantor's Unconditional Guaranty with respect to the Note, including but not limited to the increase in the Aggregate Advance Limit as set out above.

Executed by the undersigned duly authorized representatives effective as of the **Thirtieth day of April, 2015**.

<table>
<tr><td>

**Dealership: MICHAEL VERNON GARRISON DBA:**
**ROCK HILL USED CARS**

By: _____ OWNER
MICHAEL VERNON GARRISON, OWNER

</td><td>

**Automotive Finance Corporation**
**("LENDER")**

By: _____
An Officer of LENDER
To be executed at AFC Corporate office

</td></tr>
</table>

**Guarantor:** _____
MICHAEL VERNON GARRISON

STATE OF _Texas_                 COUNTY OF _Denton_

Before me the undersigned, a Notary Public in and for the said County and State, personally appeared the above-referred individual(s) who acknowledged the execution of the foregoing Aggregate Advance Limit Amendment this 30 of April 2015

_____
(Notary Public Signature)

_Jonathan McAffrey Howell_
(Printed Name)

My Commission Expires: _____

My County of Residence: _Tarrant_

JONATHAN MCAFFREY HOWELL
Notary Public, State of Texas
My Commission Expires
November 24, 2018

Eligible for Non AFC Witness, AFC Witness, or Notary

Witnessed By: _____          By: _____
                    Signature                                    Print Name

Page 1 of 1

Line Amend. AFC Rev. 01/31/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

## U.S. AGGREGATE ADVANCE LIMIT AMENDMENT
## TO DEMAND PROMISSORY NOTE AND SECURITY AGREEMENT

Dealer: **MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS**

Dealer #: 443058          Date of Original Note: 09/03/2013

Contract Id #: 12582730          Branch #: 1026

IN ACCORDANCE with the Demand Promissory Note and Security Agreement ("Note") between Automotive Finance Corporation ("LENDER") and the undersigned Dealer, said Note incorporated herein by reference, and in consideration of credit and/or services given or to be given to the undersigned by LENDER under the Note, the undersigned and LENDER expressly agree as follows:

1) The Aggregate Advance Limit under the Note shall be **Three Hundred Thousand Dollars ($300000)**.

2) The Unconditional Guarantor(s), hereinafter collectively referred to as "Guarantor", reaffirms the terms and obligations of Guarantor's Unconditional Guaranty with respect to the Note, including but not limited to the increase in the Aggregate Advance Limit as set out above.

Executed by the undersigned duly authorized representatives effective as of the **Sixth day of August, 2015**.

**Dealership: MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS**

By: _____ OWNER
MICHAEL VERNON GARRISON, OWNER

**Automotive Finance Corporation ("LENDER")**

By: _____
An Officer of LENDER
To be executed at AFC Corporate office

Guarantor: _____
MICHAEL VERNON GARRISON

STATE OF _____          COUNTY OF _____

Before me the undersigned, a Notary Public in and for the said County and State, personally appeared the above-referred individual(s) who acknowledged the execution of the foregoing Aggregate Advance Limit Amendment this ____ of _____, 20___.

_____
(Notary Public Signature)

My Commission Expires: _____

_____
(Printed Name)

My County of Residence: _____

Eligible for Non AFC Connected AFC Witness or Notary

Witnessed By: _____          By: _____
            Signature                                    Print Name

Page 1 of 1

Line Amend. AFC Rev. 01/31/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BANK OF MONTREAL, AS AGENT.

Appendix 1448

## U.S. TERM SHEET AMENDMENT FOR
## DEMAND PROMISSORY NOTE AND SECURITY AGREEMENT

Dealer: **MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS**

Dealer #: 443058          Date of Original Note: 09/03/2013

Contract Id #: 12582730          Branch #: 1026

IN ACCORDANCE with the Demand Promissory Note and Security Agreement ("Note") between Automotive Finance Corporation ("LENDER") and the undersigned Dealer, said Note incorporated herein by reference, and in consideration of credit and/or services given or to be given to the undersigned by LENDER under the Note, the undersigned and LENDER expressly agree as follows:

The following terms, as defined in the Note, shall apply effective immediately:

Floorplan Fee:  The Floorplan Fee shall be:
$85
In addition, for each extension of the Curtailment Date, the Floorplan Fee shall be $85.

Purchases of vehicles with a purchase price over $40,000 will be charged a Highline Fee of 0.5% of the principal amount advanced for that vehicle instead of the Floorplan Fee for the initial Period. The Floorplan Fee will be charged for any additional Period.

Interest:  Interest shall accrue on all Obligations under the Note at a variable rate, adjusted each business day, based upon the most recent prime rate published in The Wall Street Journal plus:
6.25% per annum, compounded daily.

However, in no event shall the calculation of prime rate be at a rate less than three and one quarter percent (3.25%) per annum.

Number of Curtailment Date Extensions:  The Number of Curtailment Date Extensions shall be limited to:
1 time. Notwithstanding the definition of Period below, the Period for each such extension shall be equal to 45 days.

Period:  The Period shall be:
45 days.

The Unconditional Guarantor(s), hereinafter collectively referred to as "Guarantor", reaffirms the terms and obligations of Guarantor's Unconditional Guaranty with respect to the Note including but not limited to the Term Sheet changes as set out above.

[Signatures on next page]

Term Amend. AFC Rev. 01/31/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BANK OF MONTREAL, AS AGENT.

Appendix 1449

Executed by the undersigned duly authorized representatives effective as of the **Sixth day of August, 2015**.

---

**Dealership MICHAEL VERNON GARRISON DBA:**
**ROCK HILL USED CARS**

By: _____ OWNER

MICHAEL VERNON GARRISON, OWNER

---

**Automotive Finance Corporation**
("LENDER")

By: _____

An Officer of LENDER

To be executed at AFC Corporate office

---

**Guarantor:**

_____

MICHAEL VERNON GARRISON

---

STATE OF _____        COUNTY OF _____

Before me the undersigned, a Notary Public in and for the said County and State, personally appeared the above-referred individual(s) who acknowledged the execution of the foregoing Amendment this _____

_____                   My Commission Expires: _____
(Notary Public Signature)

_____                   My County of Residence: _____
(Printed Name)

Eligible for Non-AFC Witness, AFC Witness, or Notary

Witnessed By: _____        By: _____
                    Signature                              Print Name

Term Amend. AFC Rev  01/31/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BANK OF MONTREAL, AS AGENT.

**U.S. AGGREGATE ADVANCE LIMIT AMENDMENT**
**TO DEMAND PROMISSORY NOTE AND SECURITY AGREEMENT**

Dealer: **MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS**

Dealer #: 443058                    Date of Original Note: 09/03/2013

Contract Id #: 13709091             Branch #: 1026

IN ACCORDANCE with the Demand Promissory Note and Security Agreement ("Note") between Automotive Finance Corporation ("LENDER") and the undersigned Dealer, said Note incorporated herein by reference, and in consideration of credit and/or services given or to be given to the undersigned by LENDER under the Note, the undersigned and LENDER expressly agree as follows:

1) The Aggregate Advance Limit under the Note shall be **Five Hundred  Thousand Dollars ($500000)**.

2) The Unconditional Guarantor(s), hereinafter collectively referred to as "Guarantor", reaffirms the terms and obligations of Guarantor's Unconditional Guaranty with respect to the Note, including but not limited to the increase in the Aggregate Advance Limit as set out above.

Executed by the undersigned duly authorized representatives effective as of the **Thirteenth day of July, 2016**.

| | |
|---|---|
| **Dealership: MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS** | **Automotive Finance Corporation ("LENDER")** |
| By: _____ Owner | By: _____ |
| MICHAEL VERNON GARRISON, OWNER | An Officer of LENDER |
| | To be executed at AFC Corporate office |

**Guarantor:** _____

MICHAEL VERNON GARRISON

STATE OF _____Texas_____   COUNTY OF _____Dallas_____

Before me the undersigned, a Notary Public in and for the said County and State, personally appeared the above-referred individual(s) who acknowledged the execution of the foregoing Aggregate Advance Limit Amendment this 14 of July 2016

_____
(Notary Public Signature)

My Commission Expires: 02/28/18

My County of Residence: Dallas

SABRINA L. MERRITT
Notary Public, State of Texas
My Commission Expires
February 28, 2018

Eligible for Non AFC Witness, AFC Witness, or Notary

Witnessed By: _____          By: _____
                    Signature                              Print Name

Line Amend. AFC Rev. 01/01/2016
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BANK OF MONTREAL, AS AGENT.

Appendix 1451

## UNCONDITIONAL AND CONTINUING GUARANTY

TO:   **AUTOMOTIVE FINANCE CORPORATION**

DATE: September 3, 2013

FOR VALUE RECEIVED, and in consideration of credit and services given or to be given to MICHAEL VERNON GARRISON DBA: ROCK HILL USED CARS (hereinafter referred to jointly and severally as the "Debtor") by Automotive Finance Corporation ("LENDER"), the undersigned hereby jointly and severally guaranty the full and prompt payment, when due, whether by acceleration or otherwise, together with interest and all costs, expenses and attorneys' fees, of any and all obligations of the Debtor to LENDER including such indebtedness as may be encompassed by the term "Obligations" as defined in the Demand Promissory Note and Security Agreement executed by and between LENDER and Debtor, as amended, supplemented or modified from time to time, whether or not such amounts exceed any advance limit applicable to Debtor or communicated to the undersigned (hereinafter collectively referred to as the "Liabilities"). Interest shall be charged from the date of demand until payment in full, both before and after judgment at the same rate per annum as set out in the Liabilities. This is an irrevocable, unconditional and continuing guaranty; it shall cover and secure any amount at any time owing on the Liabilities.

The undersigned each hereby waive any and all presentment, demand, protest and notice of dishonor, non-payment or other default with respect to any of the Liabilities. The undersigned each hereby grant to LENDER full power to deal in any manner with the Liabilities without notice to the undersigned, including, but without limiting the generality of the foregoing, the following powers: (a) to modify or otherwise change any terms of all or any part of the Liabilities or the rate of interest thereon, to grant any extension or renewal thereof, and any other indulgence with respect thereto, and to effect any release, compromise or settlement with respect thereto; and (b) to enter into any agreement of forbearance with respect to all or any part of the Liabilities or with respect to all or any part of the collateral related thereto and to change the terms of any such agreement. The obligations of the undersigned hereunder shall not be released, discharged or in any way affected, nor shall the undersigned have any rights or recourse against LENDER by reason of any action LENDER may take or omit to take under the foregoing powers.

If a claim is made upon LENDER at any time for repayment or recovery of any amount(s) or other value received by LENDER, from any source, in payment of or on account of any of the Liabilities of the Debtor guarantied hereunder and LENDER repays or otherwise becomes liable for all or any part of such claim by reason of: (a) any judgment, decree or order of any court or administrative body having competent jurisdiction; or (b) any settlement or compromise of any such claim, the undersigned shall remain jointly and severally liable to LENDER hereunder for the amount so repaid or for which LENDER is otherwise liable to the same extent as if such amount(s) had never been received by LENDER, notwithstanding any termination hereof or the cancellation of any note, instrument, or other agreement evidencing any of the Liabilities.

In case the Debtor shall fail to pay all or any part of the Liabilities when due, whether by acceleration or otherwise, according to the terms thereof, the undersigned will immediately pay the amount due and unpaid by the Debtor to LENDER. Inasmuch as if such amount constituted the direct and primary obligation of the undersigned, LENDER shall not be required, prior to any such payment by or demand on the undersigned, to make any demand upon or pursue or exhaust any of its rights or remedies against the Debtor or others with respect to the payment of any of the Liabilities.

Notwithstanding anything to the contrary in this guaranty, the undersigned each hereby irrevocably waive(s) all rights he/she may have at law or in equity (including, without limitation, any law subrogating the undersigned to the rights of LENDER) to seek contribution, indemnification, or any other form of reimbursement from the Debtor, any other guarantor, or any other person hereafter primarily or secondarily liable for any obligations of the Debtor to LENDER, for any disbursement made by the undersigned under or in connection with this guaranty or otherwise. The undersigned furthermore waive: (a) all defenses based on suretyship, notice, impairment of collateral, or LENDER's failure to perfect or keep perfected any security interest in the collateral; and (b) any defenses which the Debtor may assert on the Liabilities including but not limited to failure of consideration, breach of warranty, fraud, payment, statute of frauds, bankruptcy, lack of legal capacity, statute of limitations, lender liability, accord and satisfaction, and usury.

This guaranty is in addition to and not in substitution for any other guaranty or other securities which LENDER may now or hereafter hold for all or any part of the Liabilities, and LENDER shall not be under any other obligation to marshal in favor of the undersigned any other guaranties or other securities or any monies or other assets which LENDER may be entitled to receive or may have a claim upon. No loss of or in respect of or unenforceability of any other guaranties or other securities which LENDER may now or hereafter hold in respect of any of the Liabilities, whether resulting from the fault of LENDER or otherwise, shall in any way limit or lessen the undersigned's liability under this guaranty.

The undersigned understand and agree that no loans made by the undersigned to the Debtor are permitted to be repaid by the Debtor while this guaranty or any indebtedness to LENDER is outstanding. All debts and liabilities, present and future, of Debtor to the undersigned are hereby assigned to LENDER and postponed to the Liabilities, and all monies received by the undersigned in respect thereof shall be received in trust for LENDER and forthwith upon receipt shall be paid over to LENDER, unless prior written authorization to the contrary has been obtained from LENDER, without in any way lessening or limiting the liability of the undersigned under this guaranty. This assignment and postponement is independent of the guaranty and shall remain in full force and effect until repayment in full to LENDER of all the Liabilities, notwithstanding that the liability of the undersigned under this guaranty may have been discharged or terminated.

By execution of this guaranty, the undersigned authorizes LENDER and any of its officers or employees to take any and all action to secure and perfect its interest in the foregoing assignment including but not limited to executing and filing, on behalf of the undersigned and without the undersigned's signature, original financing statements, amendments, continuation statements, and any other documents LENDER deems necessary or desirable to protect its interests.

This guaranty shall not be discharged or otherwise affected by the death or loss of capacity of the Debtor, by any change in the name of the Debtor, or (if a partnership, limited liability company or other membership organization) by any change in the membership of the Debtor or (if a corporation) by any change in the officers, capital structure, by-laws or articles of the Debtor, by the sale of the Debtor's business or any part thereof, by the Debtor being reorganized or being amalgamated with one or more other corporations or other entities, by the Debtor becoming bankrupt or insolvent or by any other matter or thing whatsoever but shall continue to apply to all Liabilities whether incurred before or after any such event. In the case of a change in the membership, partners or shareholders of the Debtor or in the case of the Debtor being reorganized or being amalgamated with one or more other entities, this guaranty shall apply to the liabilities of the resulting entity, and the term "Debtor" includes each such resulting entity. This guaranty shall not be discharged or otherwise affected by the death of the undersigned.

The undersigned hereby warrants to LENDER that the undersigned has by independent means made himself/herself fully aware of Debtor's financial condition. The undersigned agrees to pay all costs, expenses, and attorneys' fees incurred by LENDER in the enforcement of this guaranty.

## EXHIBIT C
Page 1 of 3

AFC Rev  04/26/13

THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

The undersigned acknowledges that the undersigned is guaranteeing credit from LENDER. The undersigned authorizes LENDER to obtain credit information from a credit bureau and any financial institution or trade creditor that the undersigned has provided as well as any other credit investigation that LENDER in LENDER's sole discretion deems necessary. The undersigned also authorizes LENDER to contact any third parties and to disclose the undersigned's information for purposes of, including, but not limited to, assessing the undersigned's credit worthiness, collection of any outstanding debt, and obtaining intercreditor agreements and perfecting LENDER's security interest. The undersigned also authorizes LENDER to disclose the above described information to any of its affiliates, subsidiaries, and parent companies. Further, if credit is granted to the Debtor, the undersigned authorizes LENDER to review the account periodically, which could include obtaining additional credit reports regarding the undersigned. The undersigned also authorizes LENDER to disclose credit information into any credit database.

The undersigned authorizes LENDER to share any and all information that it possesses regarding the undersigned's account and relationship to Debtor, including but not limited to information regarding loan history, account history, account balance, and credit worthiness with any third party. The undersigned does hereby authorize LENDER to release and disclose any and all of the undersigned's general business information now or hereinafter in LENDER's possession, including but not limited to information regarding the business name, address, and telephone number, to any third party. The undersigned also authorizes LENDER to release and disclose any and all account information now or hereinafter in LENDER's possession, including but not limited to any and all loan documents, any business financial information retained or maintained by LENDER, and/or any information relating to the undersigned's performance history with LENDER to any third party.

Whenever possible each provision of this guaranty shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this guaranty shall be prohibited by or invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this guaranty.

THIS GUARANTY SHALL BE GOVERNED BY THE SUBSTANTIVE LAWS OF THE STATE OF INDIANA, AS AMENDED FROM TIME TO TIME, WITHOUT RESORT TO PRINCIPLES OF CONFLICTS OF LAWS. BY EXECUTION OF THIS GUARANTY, THE UNDERSIGNED SUBMITS TO THE PERSONAL JURISDICTION OF THE COURTS OF THE STATE OF INDIANA AND TO VENUE IN THE CIRCUIT AND SUPERIOR COURTS OF HAMILTON COUNTY OR MARION COUNTY, INDIANA. ANY ACTION INITIATED BY THE UNDERSIGNED AGAINST LENDER SHALL BE FILED AND CONDUCTED SOLELY IN SAID COURTS. LENDER MAY BRING ANY SUIT AGAINST THE UNDERSIGNED IN ANY COURT OF COMPETENT JURISDICTION, AND THE UNDERSIGNED HEREBY CONSENTS TO LENDER'S CHOICE OF FORUM. THE UNDERSIGNED FURTHER WAIVES ANY RIGHT WHICH IT MAY HAVE TO REMOVE SUCH LITIGATION OR MATTER TO A FEDERAL COURT OR TO REQUIRE THAT ANY SUCH LITIGATION OR MATTER TAKE PLACE IN A FEDERAL COURT. THE UNDERSIGNED AND LENDER AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN THE CLAIMANT'S INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING OR AS A NAMED OR UNNAMED MEMBER IN A CLASS, CONSOLIDATED, REPRESENTATIVE OR PRIVATE ATTORNEY GENERAL ACTION.

THE UNDERSIGNED AND LENDER EACH ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL ONE, BUT THAT IT MAY BE WAIVED. THEREFORE, EACH PARTY, AFTER CONSULTING, OR HAVING HAD THE OPPORTUNITY TO CONSULT, WITH COUNSEL OF THEIR CHOICE, HEREBY KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY, FOR THEIR MUTUAL BENEFIT, WAIVES ANY RIGHT TO TRIAL BY JURY IN RESPECT TO ANY LITIGATION BETWEEN THEM, INCLUDING, BUT NOT LIMITED TO, ANY LITIGATION ARISING OUT OF OR IN CONNECTION WITH THIS GUARANTY. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER ENTERING INTO THIS GUARANTY AND THE TRANSACTIONS CONTEMPLATED HEREBY.

All rights, powers, privileges and immunities of LENDER hereunder shall inure to the benefit of the successors and assigns of LENDER, and shall be binding upon each of the undersigned, his/her personal representatives, heirs and assigns.

[Signatures on next page]

# EXHIBIT C

Page 2 of 3

AFC Rev. 04/26/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

Witness the hand and seal of the undersigned the day and year first above written.

MICHAEL VERNON GARRISON          Sep 03, 2013
                                 Date                                    Date

_____    _____          _____    _____
                                 Date                                    Date

_____    _____          _____    _____
                                 Date                                    Date

_____    _____          _____    _____
                                 Date                                    Date

STATE OF _Texas_                 COUNTY OF _TARRANT_

Before me the undersigned, a Notary Public in and for the said County and State, personally appeared the above-referred individual(s) who acknowledged the execution of the foregoing Unconditional and Continuing Guaranty this _4_ of _September_, 20_13_.

_____          My Commission Expires: _____
(Notary Public Signature)

_Adam Compton_                           My County of Residence: _____
(Printed Name)

                                                        DALLAS

ADAM JAMES COMPTON
Notary Public, State of Texas
My Commission Expires
November 21, 2016

# EXHIBIT C
Page 3 of 3

AFC Rev. 04/26/13
THIS RECEIVABLE HAS BEEN SOLD TO AFC FUNDING CORPORATION AND AN INTEREST THEREIN HAS BEEN GRANTED TO BMO CAPITAL MARKETS CORP. AS AGENT.

UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Automotive Finance Corporation 317-843-4770

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)
Automotive Finance Corporation
13085 Hamilton Crossing Blvd, Suite 300
Carmel, IN 46032
USA

FILING NUMBER: 13-0028278970
FILING DATE: 09/05/2013    09:46 AM
DOCUMENT NUMBER: 499502730002
FILED: Texas Secretary of State
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME - Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | |
|---|---|---|
| 1a. ORGANIZATION'S NAME | | |

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| GARRISON | MICHAEL | VERNON | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 519 INTERSTATE HIGHWAY 30 E | SULPHUR SPRINGS | TX | 75482 | USA |

2. DEBTOR'S NAME - Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME |
|---|
| ROCK HILL USED CARS |

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 519 INTERSTATE HIGHWAY 30 E | SULPHUR SPRINGS | TX | 75482 | USA |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY) - Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |
|---|
| AUTOMOTIVE FINANCE CORPORATION |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| WWW.AFCDEALER.COM, 13085 HAMILTON CROSSING BLVD SUITE 300 | CARMEL | IN | 46032 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
All of Debtors assets and properties wherever located, including without limitation: accounts, chattel paper, deposit accounts, documents, equipment, fixtures, inventory and other goods, general intangibles, instruments, insurance policies, investment property, letter of credit rights, money, software, supporting obligations, and titles, now owned or hereafter acquired by Debtor; any and all proceeds, products, additions, accessions, accessories, and replacements of the foregoing; and all of Debtors computer records, business papers, ledger sheets, files, books, and records relating to the foregoing, now owned or hereafter acquired.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
443058ER

FILING OFFICE COPY

**UCC FINANCING STATEMENT AMENDMENT**

**FOLLOW INSTRUCTIONS**

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Automotive Finance Corporation 317-843-4770

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
Automotive Finance Corporation
13085 Hamilton Crossing Blvd, Suite 300
Carmel, IN 46032
USA

**FILING NUMBER:** 18-00083882
**FILING DATE:** 03/13/2018     12:09 PM
**DOCUMENT NUMBER:** 799858470003
**FILED: Texas Secretary of State**
**IMAGE GENERATED ELECTRONICALLY FOR WEB FILING**
**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

| 1a. INITIAL FINANCING STATEMENT FILE NUMBER | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| **13-0028278970** | Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13 |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of the Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT** (full or partial): Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and also name of Assignor in item 9.
For partial assignment, complete item 7 and 9 and also indicate affected collateral in item 8

4. ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes. This Change affects ☐ Debtor or ☐ Secured Party of record. AND Check one of these three boxes to:

☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c     ☐ ADD name: Complete item 7a or 7b, and item 7c     ☐ DELETE name: Give record name to be deleted in item 6a or 6b.

6. CURRENT RECORD INFORMATION: Complete for Party Information Change - provide only one name (6a or 6b)

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | | | | |
| | 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | | | | |
| | 7b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

8. ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT: Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)

If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | **AUTOMOTIVE FINANCE CORPORATION** | | | |
| | 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA:
**443058ER MICHAEL VERNON GARRISON**

**FILING OFFICE COPY**



**EXHIBIT F**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(FORT WORTH DIVISION)



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAY 1 2 2021

CLERK, U.S. DISTRICT COURT
By_____
　　　　　Deputy

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND EMMETT DRUIEN, <br><br> Defendants. | Civil Action No. 4:20-cv-00959-BJ |

## AGREED JUDGMENT AS TO DEFENDANT MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS ONLY

Came on for consideration the agreement in this case between NextGear Capital, Inc. ("NextGear") and Automotive Finance Corporation ("AFC") (collectively the "Plaintiffs"), and Defendant Michael Vernon Garrison d/b/a Rock Hill Used Cars ("M. Garrison"). Pursuant to the agreement of Plaintiffs and M. Garrison, as reflected herein by the signature of counsel for NextGear and AFC and the signature of Garrison, a *pro se* Defendant, the Court finds that entry of a judgment against Garrison is proper in this case.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff NextGear Capital, Inc. do have and recover of and from Defendant Michael Vernon Garrison d/b/a Rock Hill Used Cars the sum of $936,999.94, pre-judgment and post-judgment interest as provided by law along with all costs of court. Additionally, Plaintiff NextGear Capital, Inc. shall recover of and from Defendant Michael Vernon Garrison d/b/a Rock Hill Used Cars the sum of $50,000.00 for Plaintiff NextGear Capital, Inc.'s reasonable and necessary attorney's fees

AGREED JUDGMENT AS TO DEFENDANT MICHAEL
VERNON GARRISON D/B/A ROCK HILL USED CARS ONLY
Page 1

with post judgment interest at the rate of 5.00%, and with its costs in this behalf expended and that it have its execution.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that Plaintiff Automotive Finance Corporation do have and recover of and from Defendant Michael Vernon Garrison d/b/a Rock Hill Used Cars the sum of $392,994.79, pre-judgment and post-judgment interest as provided by law along with all costs of court. Additionally, Plaintiff Automotive Finance Corporation shall recover of and from Defendant Michael Vernon Garrison d/b/a Rock Hill Used Cars the sum of $50,000.00 for Plaintiff Automotive Finance Corporation's reasonable and necessary attorney's fees with post judgment interest at the rate of 5.00%, and with its costs in this behalf expended and that it have its execution.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all writs and processes, including any writ of execution, for the enforcement and collection of this judgment or the costs of court shall issue as necessary in favor of Plaintiffs.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all relief not specifically granted herein is denied.

SIGNED this the 12 day of May , 2021.

_____
Jeffrey L. Cureton
UNITED STATES MAGISTRATE JUDGE

**AGREED JUDGMENT AS TO DEFENDANT MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS ONLY**                                    Page 2

**AGREED FOR ENTRY:**

*NextGear Capital, Inc.*

/s/ John Wick_____
By: __John Wick_____
Its : Vice President_____


*Automotive Finance Corporation*

/s/ Tamara Weisfeld_____
By: __Tamara Weisfeld_____
Its : ___Senior Corporate Counsel_____

*Michael Vernon Garrison d/b/a Rock Hill Used Cars*

/s/ Michael Vernon Garrison

_____

By: Michael Vernon Garrison


AGREED JUDGMENT AS TO DEFENDANT MICHAEL
VERNON GARRISON D/B/A ROCK HILL USED CARS ONLY                    Page 3

## EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Adv. Pro. No. 18-03393 |
| DRUIEN, INC. D/B/A LAWSTON AUTO AUCTION, LISA DRUIEN, MICHAEL GARRISON D/B/A ROCK HILL USED CARS, AND AUSTIN GARRISON D/B/A AUSTIN FINANCIAL SERVICES, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**AFFIDAVIT OF DOUG TURNER**

| | |
|---|---|
| STATE OF OKLAHOMA | § |
| | § |
| COUNTY OF CREEK | § |

BEFORE ME, the undersigned official, on this day personally appeared Doug Turner, known to me to be a credible person and whom, after having been by me first duly sworn, under oath deposed and stated the following:

1.     My name is Doug Turner. I am over eighteen years old, I understand the nature of this oath, and I am otherwise competent to testify as to the matters stated in this Affidavit. My title at Mainer Auto Group, LP d/b/a Mainer Ford ("Mainer") is Chief Financial Officer, and I am authorized by Mainer to testify herein. This testimony is based on my own personal knowledge, which personal knowledge I gained in my role as CFO of Mainer. The facts stated herein are true and correct. I have also personally reviewed each of the documents attached hereto.

2.      I am a custodian of the records of Mainer concerning Mainer's business dealings with Rock Hill Used Cars. Attached hereto are fifty-five (55) pages of records. The records attached hereto are kept by Mainer in the regular course of business, and it was the regular course of Mainer's business for an employee or representative with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the records or to transmit information thereof to be included in such records; and the records were made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the originals.

3.      At no time has Mainer conducted any business or sold any motor vehicles through or with Druien, Inc. d/b/a Lawton Auto Auction d/b/a Lawton Cache Auto Auction (the "Auction"). All of the records attached hereto reflect transactions involving only Mainer and Rock Hill Used Cars. None of the vehicles described or identified in the attached records were sold through an auction sales process or, more specifically, through the Auction.  Any auction invoice created, issued, or circulated by the Auction that identifies Mainer as a seller of any motor vehicle is not a true and correct auction invoice but was instead created, issued and/or circulated without the knowledge or consent of Mainer.

Further affiant sayeth not.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]


AFFIDAVIT OF DOUG TURNER PAGE 2

Executed this the __12__ day of March, 2021.

By:     Doug Turner

Title:    Chief Financial Officer

       SUBSCRIBED AND SWORN TO before me by the said Doug Turner, the Chief Financial Officer of Mainer Auto Group, LP d/b/a Mainer Ford, on this the __12__ day of March, 2021, to certify which witness my hand and seal of office.

Notary Public In and For Said
County and State

## Exhibit "A"
## Duces Tecum

**Documents and Records to be Produced:**

Document Requests Related to 2004 Chevrolet Avalanche, VIN # 3GNEC12T04G171303

1. Produce all auction invoices, receipts, and statements related to the sale of the 2004 Chevrolet Avalanche, VIN # 3GNEC12T04G171303, which is identified in the Exhibit "B" Lawton Auto Auction invoice dated August 14, 2019.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Mainer Ford of the 2004 Chevrolet Avalanche, VIN # 3GNEC12T04G171303.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Mainer Ford of the 2004 Chevrolet Avalanche, VIN # 3GNEC12T04G171303.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2004 Chevrolet Avalanche, VIN # 3GNEC12T04G171303 to Rock Hill Used Cars in June of 2019 as set forth in the attached Exhibit "C" Texas Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2004 Chevrolet Avalanche, VIN # 3GNEC12T04G171303 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2004 Chevrolet Avalanche, VIN # 3GNEC12T04G171303 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Lisa Druien related to the sale or transfer of the 2004 Chevrolet Avalanche, VIN # 3GNEC12T04G171303 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by Mainer Ford that correspond to payment from the sale of the 2004 Chevrolet Avalanche, VIN # 3GNEC12T04G171303 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Mainer Ford that correspond to payment from the sale of the 2004 Chevrolet Avalanche, VIN # 3GNEC12T04G171303 from January 1, 2019, to present.

## PURCHASE AGREEMENT

**MAINER** *Ford*
*of Okarche*
1724 234TH ST NW OKARCHE, OK 73762
www.mainerfordofokarche.com

| | |
|---|---|
| BUYER'S NAME (S) | ROCK HILL USED CARS |
| ADDRESS | 549 I-30 EAST |
| CITY | SULPHUR SPRINGS | STATE | TX | ZIP | 75482 |
| RES. PHONE | (903)951-8597 | BUS. PHONE | N/A |
| COUNTY OF RES. | HOPKINS | DATE OF BIRTH | |
| DRIVER'S LICENSE NO. | |

PLEASE ENTER MY ORDER FOR THE FOLLOWING: ☐ NEW  ☒ USED  ☐ DEMO

### VEHICLE TO BE PURCHASED INFORMATION

| YEAR | MAKE | MODEL/SERIES | BODY/STYLE |
|---|---|---|---|
| 2004 | CHEVROLET | AVALANCHE | 1500 5DR CREW C |
| COLOR | TRIM | TOP | STRIPE |
| BLUE | N/A | | |
| WEIGHT | STOCK NO. | ENGINE | ODOMETER READING |
| N/A | F171303 | | 289187 |
| VEHICLE or ENGINE NO. | | 3GNEC12T04G171303 | |

| DATE | SALES REPRESENTATIVE |
|---|---|
| 07/03/19 | CODY MARSHALL |

### TRADE-IN VEHICLE INFORMATION

| YEAR | MAKE | MODEL/SERIES | BODY/STYLE |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| COLOR | STOCK NO. | ENGINE | ODOMETER READING |
| N/A | N/A | | N/A |
| VEHICLE or ENGINE NO. | | | |
| N/A | | | |
| BALANCE OWED TO: | | | |
| N/A | | | |
| ADDRESS: | | | |

**LIEN VERIFICATION**

I/We the undersigned being duly sworn deposes and say(s) that I/we am/are of legal age and competent to make this contract and am/are the true lawful owner(s) of the used vehicle described in this contract and am/are trading (or placing on sale) in accordance with the terms hereof; that there is no lien, mortgage, unpaid balance on any conditional sales agreement or other incumbrances of any kind or character, including lien of any judgment or execution, except as follows: $ _____ payable to _____ address _____ and for _____ (debts); that this affidavit is made for the purpose of obtaining credit and to guarantee title to the above mentioned used vehicle and that all statements made herein are true and correct.

X _____  X _____

| | | |
|---|---|---|
| BASE VEHICLE PRICE | $ | 1,500.00 |
| ACCESSORIES | | . |
| N/A | | N/A |
| N/A | | N/A |
| DOC FEE | | N/A |
| LIEN FEE | | N/A |
| TOTAL | | 1,500.00 |

| | | |
|---|---|---|
| TOTAL TAXABLE PRICE | | 1,500.00 |
| LICENSE (or Transfer Fee) | | N/A |
| TITLE (or Transfer Fee) | | N/A |
| SALES TAX | | N/A |
| NON-TAXABLE CHARGES | | N/A |
| TOTAL DELIVERED PRICE | | 1,500.00 |
| TRADE-IN ($ | N/A ) | |
| LESS LIEN - ($ | N/A ) | |
| NET ALLOWANCE TRADE-IN | | N/A |
| CASH DEPOSIT / FACTORY REBATE | | N/A |
| CASH DUE ON DELIVERY | | N/A |
| TOTAL DOWN PAYMENT | | N/A |
| BALANCE DUE | | 1,500.00 |
| EXTENDED SERVICE CONTRACT | | N/A |
| TOTAL AMOUNT DUE | | 1,500.00 |

| CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY | This order shall not become binding until dealer's authorized representative's signature appears here. |
|---|---|
| *This information you use see the window form for this vehicle is part of this contract information on the window form overrides any contrary provisions in the contract of sale.* | MANAGER'S APPROVAL |
| | 07/03/19 |
| | DATE |

| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | FINANCE SOURCE |
|---|---|---|---|---|
| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | CITY |
| | AMOUNT | MONTHS | DATE | bal. |

1. Unless dealer furnishes buyer with dealer's written warranty or service agreement, or the used car sticker on the window of the vehicle indicates otherwise, all goods, services and vehicles sold here under are sold "AS IS". Warranties, if any, on dealer-installed accessories are provided by the manufacturer or supplier of such accessories and not dealer. Only the manufacturer or supplier of such accessories is responsible for performance under any such warranty. This limitation in no way affects the vehicle manufacturer's warranty, if any.
2. If this is a credit sale and a financing disclosure statement has not been completely filled in, this order is not binding on either the Buyer or the Dealer, and either can cancel it, in which event the Buyer will recover the deposit. However, this order shall become binding on the Buyer upon Buyer's receipt of a completely filled in financing disclosure statement.
3. THE SALESPERSON HAS NO AUTHORITY TO MAKE ANY PROMISES OR REPRESENTATIONS UNLESS THEY ARE WRITTEN ON THIS ORDER AND APPROVED BY DEALER'S AUTHORIZED REPRESENTATIVE.
4. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON REVERSE SIDE ARE PART OF THIS ORDER.
5. Unless otherwise noted, the buyer's name listed on line (A) below is the registered owner of the vehicle. If credit life insurance and/or accident and health insurance is selected, the registered owner of the vehicle is the insured.

BUYER REPRESENTATIONS: Buyer certifies that no credit has been either extended to him by dealer or arranged for him by dealer for the cash down payment unless it appears in writing on the face of this order. The front and back of this Order comprise the entire agreement affecting this purchase and no other representation or understanding of any nature concerning same has been made or entered into, or will be recognized. I have read the matter printed on the back hereof and agree to it as part of this order as if it were printed above my signature. I certify that I am 18 years of age or older, and hereby acknowledge receipt of a copy of this order.

| 07/03/19 | | 07/03/19 |
|---|---|---|
| PURCHASER'S SIGNATURE | DATE | CO-PURCHASER'S SIGNATURE | DATE |

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS

Appendix 1464

**MIKE GARRISON**
DBA ROCK HILL USED CARS
549 I-30 EAST
SULPHUR SPRINGS, TX 75482

1038

88-560/1119

7-22 20 19

PAY TO THE
ORDER OF _____ MAinev Ford _____ $ 1500

Fifteen    hundred    + 00/100 _____ DOLLARS

Texas American Bank
A Branch of FNB - Gilmer
PO Box 9 Mt. Vernon, TX 75457
(903) 537-2700   Fax (903) 537-2770

MEMO _____ 04 Avalone _____

⑈"001038"⑈ ⑈:1119056091:⑈ ⑈"008651701"⑈

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| 3GNEC12T04G171303 | 2004 | CHEV | 810006241985 |

| BODY TYPE | MODEL | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|
| PK | CAV | 26-Jan-2009 | 07-Jan-2019 |

| AGENT NO. | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|
| M0923 | 04-Jan-2019 | Exempt | Transfer |

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

KELLY LONG
11713 NW 116TH ST
YUKON OK 73099-8107

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
46639629
(This is not a title number)

---

ASSIGNMENT OF TITLE BY REGISTERED OWNER     (If Dealer, List License # Here: _____ )

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE.

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Mainer Ford

Purchaser(s) Complete Address: PO Box 834    Okarche, OK 73762

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s): _____     Printed Name of Seller(s): Kelly Long

Subscribed and Sworn to Before me this 8 Day of June, 20 19

Notary Public: Kathy Martina     Commission Expiration: _____

Notarization required only on seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____     Printed Name of Buyer(s): CHRISTI SANDERS

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: *UD 2133*

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

OKLAHOMA MOTOR VEHICLE
$3.50
TAX STAMP
2598515

Purchaser(s) Name (Type or Print): *Rock Hill Used Cars*

Purchaser(s) Complete Address: *549 I-30 East   Sulphur Springs TX   75482*

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)   ☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

Signature of Seller(s): *Christi Sanders*   Printed Name of Seller(s): *CHRISTI SANDERS*

Subscribed and Sworn to Before me this *12* Day of *July* 20 *19*

Notary Public: *Kathy Martin*   Commission Expiration:

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):   Printed Name of Buyer(s):

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)   ☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

Signature of Seller(s):   Printed Name of Seller(s):

Subscribed and Sworn to Before me this   Day of   20

Notary Public:   Commission Expiration:

Affix Notary Seal / Stamp Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):   Printed Name of Buyer(s):

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME:   DATE OF LIEN:

LIENHOLDER ADDRESS / CITY / STATE / ZIP:

Appendix 1467

Document Requests Related to 2011 Chevrolet Tahoe, VIN # 1GNSCDFJ5BR260679

10. Produce all auction invoices, receipts, and statements related to the sale of the 2011 Chevrolet Tahoe, VIN # 1GNSCDFJ5BR260679, which is identified in the Exhibit "D" Lawton Auto Auction invoice dated October 30, 2019.

11. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Mainer Ford of the 2011 Chevrolet Tahoe, VIN # 1GNSCDFJ5BR26067903.

12. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Mainer Ford of the 2011 Chevrolet Tahoe, VIN # 1GNSCDFJ5BR260679.

13. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2011 Chevrolet Tahoe, VIN # 1GNSCDFJ5BR260679 to Rock Hill Used Cars in June of 2019 as set forth in the attached Exhibit "E" Texas Certificate of Title.

14. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2011 Chevrolet Tahoe, VIN # 1GNSCDFJ5BR260679 from January 1, 2019, to present.

15. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2011 Chevrolet Tahoe, VIN # 1GNSCDFJ5BR260679 from January 1, 2019, to present.

16. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Lisa Druien related to the sale or transfer of the 2011 Chevrolet Tahoe, VIN # 1GNSCDFJ5BR260679 from January 1, 2019, to present.

17. Produce all copies of checks (front and back) received by Mainer Ford that correspond to payment from the sale of the 2011 Chevrolet Tahoe, VIN # 1GNSCDFJ5BR260679 from January 1, 2019, to present.

18. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Mainer Ford that correspond to payment from the sale of the 2011 Chevrolet Tahoe, VIN # 1GNSCDFJ5BR260679 from January 1, 2019, to present.

## PURCHASE AGREEMENT

**MAINER** Ford
1724 234TH ST NW OKARCHE, OK 73762
www.mainerfordofokarche.com

BUYERS NAME(S): ROCK HILL USED CARS
ADDRESS: 549 I-30 EAST
CITY: SULPHUR SPRINGS   STATE: TX   ZIP: 75482
RES. PHONE: (903)951-8597   BUS. PHONE: N/A
COUNTY OF RES.: HOPKINS   DATE OF BIRTH: _____
DRIVER'S LICENSE NO.: _____

PLEASE ENTER MY ORDER FOR THE FOLLOWING: ☐ NEW  ☒ USED  ☐ DEMO

### VEHICLE TO BE PURCHASED INFORMATION

| YEAR | MAKE | MODEL/SERIES | BODY STYLE |
|---|---|---|---|
| 2011 | CHEVROLET | TAHOE HYBRID | 2WD 4DR |

| COLOR | TRIM | TOP | STRIPE |
|---|---|---|---|
| SILVER | N/A | | |

| WEIGHT | STOCK NO. | ENGINE | ODOMETER READING |
|---|---|---|---|
| N/A | P260679 | | 118255 |

VEHICLE or ENGINE No.: 3R260679

| DATE | SALES REPRESENTATIVE |
|---|---|
| 05/28/19 | CODY MARSHALL |

### TRADE-IN VEHICLE INFORMATION

| YEAR | MAKE | MODEL/SERIES | BODY STYLE |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

| COLOR | STOCK NO. | ENGINE | ODOMETER READING |
|---|---|---|---|
| N/A | N/A | | N/A |

VEHICLE or ENGINE NO.: N/A
BALANCE OWED TO: N/A
ADDRESS:

**LIEN VERIFICATION**

X _____   X _____

| | | |
|---|---|---|
| BASE VEHICLE PRICE | $ | 9,000.00 |
| ACCESSORIES | | |
| N/A | | N/A |
| N/A | | N/A |
| DOC FEE | | N/A |
| LIEN FEE | | N/A |
| TOTAL | | 9,000.00 |

| | | |
|---|---|---|
| | | 9,000.00 |
| | | N/A |
| | | N/A |
| | | N/A |
| | | N/A |
| TO: | | 9,000.00 |
| TRADE ... (S | N/A | ) |
| LESS LIEN - ($ | N/A | ) |
| NET ALLOWANCE TRADE-IN | | N/A |
| CASH DEPOSIT/FACTORY REBATE | | N/A |
| CASH DUE ON DELIVERY | | N/A |
| TOTAL DOWN PAYMENT | | N/A |
| BALANCE DUE | | 9,000.00 |
| EXTENDED SERVICE CONTRACT | | N/A |
| TOTAL AMOUNT DUE | | 9,000.00 |

CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY

This order shall not become binding until dealer's authorized representative's signature appears here.

MANAGER'S APPROVAL
05/28/19

| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | FINANCE SOURCE |
|---|---|---|---|---|
| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | CITY |
| | AMOUNT | | MONTHS | RATE | INS. |

1. Unless dealer furnishes buyer with dealer's written warranty or service agreement, or the used car sticker on the window of the vehicle indicates otherwise, all goods, services and vehicles sold here under are sold "AS IS". Warranties, if any, on dealer-installed accessories are provided by the manufacturer or supplier of such accessories and not dealer. Only the manufacturer or supplier of such accessories is responsible for performance under any such warranty. This limitation is no way affects the vehicle manufacturer's warranty, if any.
2. If this is a credit sale and a financing disclosure statement has not been completely filled in, this order is not binding on either the Buyer or the Dealer, and either can cancel it, in which event, the Buyer will recover the deposit. However, this order shall become binding on the Buyer upon Buyer's receipt of a completely filled in financing disclosure statements.
3. THE SALESPERSON HAS NO AUTHORITY TO MAKE ANY PROMISES OR REPRESENTATIONS UNLESS THEY ARE WRITTEN ON THIS ORDER AND APPROVED BY DEALER'S AUTHORIZED REPRESENTATIVE.
4. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON REVERSE SIDE ARE PART OF THIS ORDER.
5. Unless otherwise noted, the buyer's name listed on line (A) below is the registered owner of the vehicle. If credit life insurance and/or accident and health insurance is selected, the registered owner of the vehicle is the insured.

BUYER REPRESENTATIONS: Buyer certifies that no credit has been either extended to him by dealer or arranged for him by dealer for the cash down payment unless it appears in writing on the face of this order. The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized I have read the matter printed on the back hereof and agree to it as part of this order as if it were printed above my signature. I certify that I am 18 years of age or older, and hereby acknowledge receipt of a copy of this order.

| PURCHASER'S SIGNATURE | DATE 05/28/19 | CO-PURCHASER'S SIGNATURE | DATE 05/28/19 |
|---|---|---|---|

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS

Appendix 1469

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| 1GNSCDFJ5BR260679 | 2011 | CHEV | 810006768663 |

| BODY TYPE | MODEL | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|
| UT | CTA | 27-Sep-2011 | 11-Jun-2019 |

| AGENT NO. | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|
| M8832 | 08-Jun-2019 | 118245 Actual | Transfer |

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD OF BRISTOW
PO BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.

(This is not a title number)

---

**ASSIGNMENT OF TITLE BY REGISTERED OWNER**   (If Dealer, List License # Here: UD 2133 )

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Rock Hill Used Cars

Purchaser(s) Complete Address: 549 I-30 East   Sulphur Springs TX 75482

Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked.

| 1 | 1 | 8 | 2 | 4 | 5 | (NO TENTHS) |

☑  1. The odometer has exceeded its mechanical limits.

☐  2. The odometer reading is NOT the actual mileage. Warning— Odometer Discrepancy

Signature of Seller(s): Chris Sanders   Printed Name of Seller(s): CHRISN SANDERS

Subscribed and Sworn to Before me this 17 Day of June, 20 19

Notary Public: Kathy Martin   Commission Expiration:

*Notarization required only if seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):    Printed Name of Buyer(s):

OKLAHOMA MOTOR VEHICLE
$3.50
TAX STAMP
2601424

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-In:**

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s):                                    Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20 _____

Notary Public: _____ Commission Expiration: _____

Affix
Notary Seal / Stamp
Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                                    Printed Name of Buyer(s):

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-In:**

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s):                                    Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20 _____

Notary Public: _____ Commission Expiration: _____

Affix
Notary Seal / Stamp
Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                                    Printed Name of Buyer(s):

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME:                                         DATE OF LIEN:

LIENHOLDER ADDRESS / CITY / STATE / ZIP:

F260079

**MIKE GARRISON**
DBA ROCK HILL USED CARS
549 I-30 EAST
SULPHUR SPRINGS, TX 75482

1025

6-21   20 09

88-580/1119

PAY TO THE
ORDER OF _____ MAiner Fvre _____ $ 9,000

Nine thousand & co/₁₀ _____ DOLLARS

**Texas American Bank**
A Branch of FNB - Gilmer
PO Box 9 Mt. Vernon, TX 75457
(903) 537-2700   Fax (903) 537-2770

MEMO _____ 11   TAHOE

⑉0010 25⑉   ⑆111905809⑆   ⑉0086 5170 1⑉

<u>Document Requests Related to 1996 Ford Windstar, VIN # 2FMDA5148TBB47033</u>

19. Produce all auction invoices, receipts, and statements related to the sale of the 1996 Ford Windstar, VIN # 2FMDA5148TBB47033, which is identified in the Exhibit "F" Lawton Auto Auction invoice dated January 29, 2020.

20. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Mainer Ford of the 1996 Ford Windstar, VIN # 2FMDA5148TBB47033.

21. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Mainer Ford of the 1996 Ford Windstar, VIN # 2FMDA5148TBB47033.

22. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 1996 Ford Windstar, VIN # 2FMDA5148TBB47033 to Rock Hill Used Cars in July of 2019 as set forth in the attached Exhibit "G" Texas Certificate of Title.

23. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 1996 Ford Windstar, VIN # 2FMDA5148TBB47033 from January 1, 2019, to present.

24. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 1996 Ford Windstar, VIN # 2FMDA5148TBB47033 from January 1, 2019, to present.

25. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Lisa Druien related to the sale or transfer of the 1996 Ford Windstar, VIN # 2FMDA5148TBB47033 from January 1, 2019, to present.

26. Produce all copies of checks (front and back) received by Mainer Ford that correspond to payment from the sale of the 1996 Ford Windstar, VIN # 2FMDA5148TBB47033 from January 1, 2019, to present.

27. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Mainer Ford that correspond to payment from the sale of the 1996 Ford Windstar, VIN # 2FMDA5148TBB47033 from January 1, 2019, to present.



## PURCHASE AGREEMENT

**MAINER** Ford
1724 234TH ST NW OKARCHE, OK 73762
www.mainerfordofokarche.com

BUYER'S NAME (S) _____ ROCK HILL USED CARS

ADDRESS _____ 549 I-30 EAST

CITY ___ SULPHUR SPRINGS ___ STATE __ TX __ ZIP __ 75482

RES. PHONE ___ (903) 951-8597 ___ BUS. PHONE ___ N/A

COUNTY OF RES. ___ HOPKINS ___ DATE OF BIRTH _____

DRIVER'S LICENSE NO. _____

PLEASE ENTER MY ORDER FOR THE FOLLOWING: ☐ NEW  ☒ USED  ☐ DEMO

### VEHICLE TO BE PURCHASED INFORMATION

| YEAR | MAKE | MODEL/SERIES | BODY STYLE |
|------|------|-------------|-----------|
| 1996 | FORD | WINDSTAR | 120.7" WB GL |
| COLOR | TRIM | TOP | STRIPE |
| N/A | N/A | | |
| WEIGHT | STOCK NO. | ENGINE | ODOMETER READING |
| N/A | FB47033 | | 106333 |
| VEHICLE or ENGINE NO. | | 2FMDA514STBB47033 | |

---

DATE 07/03/19

SALES REPRESENTATIVE CODY MARSHALL

### TRADE-IN VEHICLE INFORMATION

| YEAR | MAKE | MODEL/SERIES | BODY STYLE |
|------|------|-------------|-----------|
| N/A | N/A | N/A | N/A |
| COLOR | STOCK NO. | ENGINE | ODOMETER READING |
| N/A | N/A | | N/A |

VEHICLE or ENGINE NO.
N/A
BALANCE OWED TO:
N/A
ADDRESS:

### LIEN VERIFICATION

I/we the undersigned being duly sworn depose(s) and say(s) that the amount of legal age and competent to make this contract and I/we have the true lawful owner(s) of the used vehicle described in this contract and I am/we trading (or placing as sale) in accordance with the terms hereof; that there is no lien, mortgage, equals balance on any conditional sales agreement or other encumbrances of any kind or character, including lien of any judgment or execution, except as follows: ___ payable to ___ address ___ and the ___ (date); that this amount is made for the purpose of obtaining credit and to guarantee title to the above mentioned used vehicle and that these statements made herein are true and correct.

X _____  X _____

| BASE VEHICLE PRICE | $ 500.00 |
|---|---|
| ACCESSORIES | |
| N/A | N/A |
| N/A | N/A |
| DOC FEE | N/A |
| LIEN FEE | N/A |
| TOTAL | 500.00 |

CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY

"The information you see on this window form for this vehicle is part of this contract information on the window form overrides any contrary provisions in the contract of sale."

This order shall not become binding until seller's authorized representative's signature appears here.

MANAGER'S APPROVAL
07/03/19

| TOTAL TAXABLE PRICE | 500.00 |
|---|---|
| LICENSE (or Transfer Fee) | N/A |
| TITLE (or Transfer Fee) | N/A |
| SALES TAX | N/A |
| NON-TAXABLE CHARGES | N/A |
| TOTAL DELIVERED PRICE | 500.00 |
| TRADE-IN ($ N/A ) | |
| LESS LIEN - ($ N/A ) | |
| NET ALLOWANCE TRADE-IN | N/A |
| CASH DEPOSIT / FACTORY REBATE | N/A |
| CASH DUE ON DELIVERY | N/A |
| TOTAL DOWN PAYMENT | N/A |
| BALANCE DUE | 500.00 |
| EXTENDED SERVICE CONTRACT | N/A |
| TOTAL AMOUNT DUE | 500.00 |

| RECEIPT NO. | AMOUNT REC'D | DATE | IN BY | FINANCE SOURCE |
|---|---|---|---|---|
| RECEIPT NO. | AMOUNT REC'D | DATE | IN BY | CITY |
| | AMOUNT | MONTHS | RATE | INS. |

1. Unless dealer furnishes buyer with dealer's written warranty or service agreement, or the used car sticker on the window of the vehicle indicates otherwise, all goods, services and vehicles sold here under are sold "AS IS". Warranties, if any, on dealer-installed accessories are provided by the manufacturer or supplier of such accessories and not dealer. Only the manufacturer or supplier of such accessories is responsible for performance under any such warranty. This limitation in no way affects the vehicle manufacturer's warranty, if any.

2. If this is a credit sale and a financing disclosure statement has not been completely filled in, this order is not binding on either the Buyer or the Dealer, and either can cancel it, in which event, the buyer will receive the deposit. However, this order shall become binding on the Buyer upon Buyer's receipt of a completely filled in financing disclosure statement.

3. The SALESPERSON HAS NO AUTHORITY TO MAKE ANY PROMISES OR REPRESENTATIONS UNLESS THEY ARE WRITTEN ON THIS ORDER AND APPROVED BY DEALER'S AUTHORIZED REPRESENTATIVE.

4. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON REVERSE SIDE ARE PART OF THIS ORDER.

5. Unless otherwise noted, the buyer's name listed on line (A) below is the registered owner of the vehicle. If credit life insurance and/or accident and health insurance is selected, the registered owner of the vehicle is the insured.

BUYER REPRESENTATIONS: Buyer certifies that no credit has been either extended to him by dealer or arranged for him by dealer for the cash down payment unless it appears in writing on the face of this order. The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement of any nature concerning same has been made or entered into, or will be recognized. I have read the matter printed on the back hereof and agree to it as part of this order as if it were printed above my signature. I certify that I am 18 years of age or older, and hereby acknowledge receipt of a copy of this order.

_____ 07/03/19
PURCHASER'S SIGNATURE   DATE

_____ 07/03/19
CO-PURCHASER'S SIGNATURE   DATE

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS

MIKE GARRISON
DBA ROCK HILL USED CARS
549 I-30 EAST
SULPHUR SPRINGS, TX 75482

1040

7-23 20 19

88-560/1119

PAY TO THE
ORDER OF ___ Miner Ford _____ $ 5vo

Five hundred a oo/ _____ DOLLARS

**Texas American Bank**
A Branch of FNB - Gilmer
PO Box 9 Mt. Vernon, TX 75457
(903) 537-2700   Fax (903) 537-2770

MEMO _____ 96 Ford VAN

⑆00 1040⑆  ⑈1119 0 5609⑈  ⑆0086 5 170 1⑆

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| 2FMDA5148TBB47033 | 1996 | FORD | 810006996409 |

| BODY TYPE | MODEL | | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|---|
| SV | WWG | | | 14-Jun-2019 |

| AGENT NO. | | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|---|
| M8832 | | 13-Jun-2019 | Exempt | Original |
| | | | | DATE INS. LOSS OR SALVAGE |

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD
PO BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named herein is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
0

(This is not a title number)

---

**ASSIGNMENT OF TITLE BY REGISTERED OWNER**    (If Dealer, List License # Here: UD2133 )

| OKLAHOMA MOTOR VEHICLE $3.50 TAX STAMP 2598505 |
|---|

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Rock Hill Used Cars

Purchaser(s) Complete Address: 549 I-30 East   Sulphur Springs TX 75482

Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐☐☐☐☐☐ (NO TENTHS)

☑ 1. The odometer has exceeded its mechanical limits.

☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): Chris Sanders    Printed Name of Seller(s): CHRIS N. SANDERS

Subscribed and Sworn to Before me this 12 Day of July, 20 19

Notary Public: Kathy Martin    Commission Expiration:

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____    Printed Name of Buyer(s): _____

## VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

---

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s):                          Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20 _____

Notary Public: _____  Commission Expiration: _____

Affix Notary Seal / Stamp Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                          Printed Name of Buyer(s):

---

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s):                          Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20 _____

Notary Public: _____  Commission Expiration: _____

Affix Notary Seal / Stamp Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                          Printed Name of Buyer(s):

---

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME:                                    DATE OF LIEN:

LIENHOLDER ADDRESS / CITY / STATE / ZIP:

<u>Document Requests Related to 2006 Nissan Maxima, VIN # 1N4BA41E46C810994</u>

1. Produce all auction invoices, receipts, and statements related to the sale of the 2006 Nissan Maxima, VIN # 1N4BA41E46C810994, which is identified in the Exhibit "H" Lawton Auto Auction invoice dated January 29, 2020.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Mainer Ford of the 2006 Nissan Maxima, VIN # 1N4BA41E46C810994.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Mainer Ford of the 2006 Nissan Maxima, VIN # 1N4BA41E46C810994.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2006 Nissan Maxima, VIN # 1N4BA41E46C810994 to Rock Hill Used Cars in July of 2019 as set forth in the attached Exhibit "I" Texas Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2006 Nissan Maxima, VIN # 1N4BA41E46C810994 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2006 Nissan Maxima, VIN # 1N4BA41E46C810994 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Lisa Druien related to the sale or transfer of the 2006 Nissan Maxima, VIN # 1N4BA41E46C810994 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by Mainer Ford that correspond to payment from the sale of the 2006 Nissan Maxima, VIN # 1N4BA41E46C810994 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Mainer Ford that correspond to payment from the sale of the 2006 Nissan Maxima, VIN # 1N4BA41E46C810994 from January 1, 2019, to present.



PURCHASE AGREEMENT

**MAINER** *Ford*
1724 234TH ST NW OKARCHE, OK 73762
www.mainerfordofokarche.com

| BUYER'S NAME (S) | ROCK HILL USED CARS |
| --- | --- |
| ADDRESS | 549 I-30 EAST |
| CITY | SULPHUR SPRINGS |
| STATE | TX | ZIP | 75482 |
| RES. PHONE | (903)951-8597 | BUS. PHONE | N/A |
| COUNTY OF RES. | HOPKINS | DATE OF BIRTH |

DRIVER'S LICENSE NO.

PLEASE ENTER MY ORDER FOR THE FOLLOWING: ☐ NEW  [X] USED  ☐ DEMO

**VEHICLE TO BE PURCHASED INFORMATION**

| DATE 07/03/19 | SALES REPRESENTATIVE CODY MARSHALL |
| --- | --- |

**TRADE-IN VEHICLE INFORMATION**

| YEAR N/A | MAKE N/A | MODEL/SERIES N/A | BODY STYLE N/A |
| --- | --- | --- | --- |
| COLOR N/A | STOCK NO. N/A | ENGINE | ODOMETER READING N/A |

VEHICLE or ENGINE NO. N/A
BALANCE OWED TO: N/A
ADDRESS:

**LIEN VERIFICATION**

I/we the undersigned being duly sworn depose(s) and say(s) that I/we am/are of legal age and competent to make this contract and am/are the true lawful owner(s) of the used vehicle described in this contract and am/are trading (or placing on sale) in accordance with the terms hereof; that there is no lien, mortgage, unpaid balance or any conditional sales agreement or other incumbrance of any kind in existence, including lien of any judgment or execution, except as follows: $_____ payable to _____ address _____ and due _____ (date); that this affidavit is made for the purpose of obtaining credit and to guarantee title to the above mentioned used vehicle and that all statements made herein are true and correct.

X_____  X_____

| | VEHICLE TO BE PURCHASED INFORMATION | | |
| --- | --- | --- | --- |
| YEAR 2006 | MAKE NISSAN | MODEL/SERIES MAXIMA | BODY STYLE 4DR SDN V6 AUTO |
| COLOR N/A | TRIM N/A | TOP | STRIPE |
| WEIGHT N/A | STOCK NO. F610994 | ENGINE | ODOMETER READING 125715 |

VEHICLE or ENGINE NO.   1N4BA41E46C810994

| | |
| --- | --- |
| TOTAL TAXABLE PRICE | 1,000.00 |
| LICENSE (or Transfer Fee) | N/A |
| TITLE (or Transfer Fee) | N/A |
| SALES TAX | N/A |
| NON-TAXABLE CHARGES | N/A |
| TOTAL DELIVERED PRICE | 1,000.00 |
| TRADE-IN ($ N/A ) | |
| LESS LIEN - ($ N/A ) | |
| NET ALLOWANCE TRADE-IN | N/A |
| CASH DEPOSIT / FACTORY REBATE | N/A |
| CASH DUE ON DELIVERY | N/A |
| TOTAL DOWN PAYMENT | N/A |
| BALANCE DUE | 1,000.00 |
| EXTENDED SERVICE CONTRACT | N/A |
| **TOTAL AMOUNT DUE** | **1,000.00** |

| | |
| --- | --- |
| BASE VEHICLE PRICE | $ 1,000.00 |
| ACCESSORIES | |
| N/A | N/A |
| N/A | N/A |
| DOC FEE | N/A |
| LIEN FEE | N/A |
| TOTAL | 1,000.00 |

| RECEIPT NO. | AMOUNT REC'D | DATE | IN BY | FINANCE SOURCE |
| --- | --- | --- | --- | --- |
| RECEIPT NO. | AMOUNT REC'D | DATE | IN BY | CITY |
| | AMOUNT | MONTHS | | RATE | INS. |

CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY
*The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.*

This order shall not become binding until dealer's authorized representative's signature appears here.

MANAGER'S APPROVAL
07/03/19
DATE

1. Unless dealer furnishes buyer with dealer's written warranty or service agreement, or the used car sticker on the window of the vehicle indicates otherwise, all goods, services and vehicles sold here under are sold "AS IS". Warranties, if any, on dealer-installed accessories are provided by the manufacturer or supplier of such accessories and not dealer. Only the manufacturer or supplier of such accessories is responsible for performance under any such warranty. This limitation in no way affects the vehicle manufacturer's warranty, if any.
2. If this is a credit sale and a financing disclosure statement has not been completely filled in, this order is not binding on either the Buyer or the Dealer, and either can cancel it, in which event the Buyer will recover the deposit. However, this order shall become binding on the Buyer upon Buyer's receipt of a completely filled in financing disclosure statements.
3. THE SALESPERSON HAS NO AUTHORITY TO MAKE ANY PROMISES OR REPRESENTATIONS UNLESS THEY ARE WRITTEN ON THIS ORDER AND APPROVED BY DEALER'S AUTHORIZED REPRESENTATIVE.
4. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON REVERSE SIDE ARE PART OF THIS ORDER.
5. Unless otherwise noted, the buyer's name listed on line (A) below is the registered owner of the vehicle. If credit life insurance and/or accident and health insurance is selected, the registered owner of the vehicle is the insured.

BUYER REPRESENTATIONS: Buyer certifies that no credit has been either extended to him by dealer or arranged for him by dealer for the cash down payment unless it appears in writing on the face of this order. The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized. I have read the matter printed on the back hereof and agree to it as part of this order as if it were printed above my signature. I certify that I am 18 years of age or older, and hereby acknowledge receipt of a copy of this order.

_____  07/03/19
PURCHASER'S SIGNATURE   DATE

_____  07/03/19
CO-PURCHASER'S SIGNATURE   DATE

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS

**MIKE GARRISON**
DBA ROCK HILL USED CARS
549 I-30 EAST
SULPHUR SPRINGS, TX 75482

1037

88-560/1119

7-23, 19

PAY TO THE
ORDER OF ___ MAin OF For2 ___ $ 1,000

one thousand + oo/100 ___ **DOLLARS**

Texas American Bank
A Branch of FNB - Gilmer
PO Box 9 Mt. Vernon, TX 75457
(903) 537-2700   Fax (903) 537-2770

MEMO ___ OO Mations ___

⑈OO1037⑈ ⑉111905609⑉ ⑈OO685170⑈

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| 1N4BA41E46C810994 | 2006 | NISS | 810007013704 |

| BODY TYPE | MODEL | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|
| SD | MAXIMA | | 21-Jun-2019 |

| AGENT NO. | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|
| M8832 | 20-Jun-2019 | Exempt | Original |
| | | | DATE INS. LOSS OR SALVAGE |

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD
PO BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named herein is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
47316219

(This is not a title number)

ASSIGNMENT OF TITLE BY REGISTERED OWNER   (If Dealer, List License # Here: UD2133

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Rock Hill Used Cars

Purchaser(s) Complete Address: 549 I-30 East   Sulphur Springs TX 75482

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked.

OKLAHOMA
MOTOR VEHICLE
$3.50
NOTARY STAMP
26985 13

☐ (NO TENTHS)   ☐ 1. The odometer reading is NOT the actual mileage. Warning— Odometer Discrepancy.
☐ 2. The odometer has exceeded its mechanical limits.

Signature of Seller(s): Christi Sanders

Printed Name of Seller(s): CHRISTI SANDERS

Subscribed and Sworn to before me this 12 Day of July 20 19

Notary Public: Kathy Martin

Commission Expiration: _____

Notarization required only on seller signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

### ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicles odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ (NO TENTHS)
☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): _____  Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____ 20___

Notary Public: _____ Commission Expiration: _____

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Affix Notary Seal / Stamp Here

Signature of Buyer(s): _____  Printed Name of Buyer(s): _____

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): _____

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicles odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ (NO TENTHS)
☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): _____  Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____ 20___

Notary Public: _____ Commission Expiration: _____

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Affix Notary Seal / Stamp Here

Signature of Buyer(s): _____  Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____  DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

Appendix 1482

<u>Document Requests Related to 2007 Ford F250, VIN # 1FTSW21P57EB14538</u>

1. Produce all auction invoices, receipts, and statements related to the sale of the 2007 Ford F250, VIN # 1FTSW21P57EB14538, which is identified in the Exhibit "J" Lawton Auto Auction invoice dated August 21, 2019.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Mainer Ford of the 2007 Ford F250, VIN # 1FTSW21P57EB14538.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Mainer Ford of the 2007 Ford F250, VIN # 1FTSW21P57EB14538.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2007 Ford F250, VIN # 1FTSW21P57EB14538 to Rock Hill Used Cars in May of 2019 as set forth in the attached Exhibit "K" Texas Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2007 Ford F250, VIN # 1FTSW21P57EB14538 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2007 Ford F250, VIN # 1FTSW21P57EB14538 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Lisa Druien related to the sale or transfer of the 2007 Ford F250, VIN # 1FTSW21P57EB14538 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by Mainer Ford that correspond to payment from the sale of the 2007 Ford F250, VIN # 1FTSW21P57EB14538 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Mainer Ford that correspond to payment from the sale of the 2007 Ford F250, VIN # 1FTSW21P57EB14538 from January 1, 2019, to present.



PURCHASE AGREEMENT

**MAINER** *Ford*
*BY OKARCHE*
1724 234TH ST NW OKARCHE, OK 73762
www.mainerfordofokarche.com

BUYER'S NAME (S) _____ ROCK HILL USED CARS

ADDRESS _____ 549 I-30 EAST

CITY ___ SULPHUR SPRINGS ___ STATE ___ TX ___ ZIP ___ 75482

RES. PHONE ___ (903)951-8597 ___ BUS. PHONE ___ N/A

COUNTY OF RES. ___ HOPKINS ___ DATE OF BIRTH _____

DRIVER'S LICENSE NO. _____

PLEASE ENTER MY ORDER FOR THE FOLLOWING: ☐ NEW   ☒ USED   ☐ DEMO

**VEHICLE TO BE PURCHASED INFORMATION**

| YEAR | MAKE | MODEL/SERIES | BODY STYLE |
|---|---|---|---|
| 2007 | FORD | SUPER DUTY F-25 | 4WD CREW CAB 1 |
| COLOR | TRIM | TOP | STRIPE |
| GRAY | LARIAT | | |
| WEIGHT | STOCK NO. | ENGINE | ODOMETER READING |
| N/A | FB14538 | | 253117 |
| VEHICLE or ENGINE No. | | | |
| | 1FTSW21P67EB14538 | | |

| | |
|---|---|
| TOTAL TAXABLE PRICE | 4,500.00 |
| LICENSE (or Transfer Fee) | N/A |
| TITLE (or Transfer Fee) | N/A |
| SALES TAX | N/A |
| NON-TAXABLE CHARGES | N/A |
| TOTAL DELIVERED PRICE | 4,500.00 |
| TRADE-IN ($ N/A ) | |
| LESS LIEN - ($ N/A ) | |
| NET ALLOWANCE TRADE-IN | N/A |
| CASH DEPOSIT / FACTORY REBATE | N/A |
| CASH DUE ON DELIVERY | N/A |
| TOTAL DOWN PAYMENT | N/A |
| BALANCE DUE | 4,500.00 |
| EXTENDED SERVICE CONTRACT | N/A |
| **TOTAL AMOUNT DUE** | **4,500.00** |

| DATE | SALES REPRESENTATIVE: |
|---|---|
| 05/28/19 | CODY MARSHALL |

**TRADE-IN VEHICLE INFORMATION**

| YEAR | MAKE | MODEL/SERIES | BODY STYLE |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| COLOR | STOCK NO. | ENGINE | ODOMETER READING |
| N/A | N/A | | N/A |
| VEHICLE or ENGINE NO. | | | |
| N/A | | | |
| BALANCE OWED TO: | | | |
| N/A | | | |
| ADDRESS: | | | |

**LIEN VERIFICATION**

I/we the undersigned being duly sworn depose(s) and say(s) that I/we am/are of legal age and competent to make this contract and am/are the true lawful owner(s) of the above vehicle described in this contract and am/are trading (or placing on sale) in accordance with the terms hereof; that there is no lien, mortgage, unpaid balance or any conditional sales agreement, or other incumbrance of any kind or character, including lien of any judgment or execution, except as follows: $ _____ payable to _____ address _____ and due _____ (date); that this affidavit is made for the purpose of obtaining credit and to guarantee title to the above mentioned used vehicle and that all statements made herein are true and correct.

X _____   X _____

| | | |
|---|---|---|
| BASE VEHICLE PRICE | $ | 4,500.00 |
| ACCESSORIES | | |
| N/A | | N/A |
| N/A | | N/A |
| DOC FEE | | N/A |
| LIEN FEE | | N/A |
| TOTAL | | 4,500.00 |

| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | FINANCE SOURCE |
|---|---|---|---|---|
| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | CITY |
| | AMOUNT | | MONTHS | RATE | INS. |

CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY

*The information you see on this window form for this vehicle is part of this contract Information on the window form overrides any contrary provisions in the contract of sale.*

This order shall not become binding until seller's authorized representative's signature appears here.

MANAGER'S APPROVAL
05/28/19
DATE

1. Unless dealer furnishes buyer with dealer's written warranty or service agreement, or the used car sticker on the window of the vehicle indicates otherwise, all goods, services and vehicles sold here under are sold "AS IS". Warranties, if any, on dealer-installed accessories are provided by the manufacturer or supplier of such accessories and not dealer. Only the manufacturer or supplies of such accessories is responsible for performance under any such warranty. This limitation in no way affects the vehicle manufacturer's warranty, if any.
2. If this is a credit sale and a financing disclosure statement has not been completely filled in, this order is not binding on either the Buyer or the Dealer, and either can cancel it, in which event the Buyer will recover the deposit. However, this order shall become binding on the Buyer upon Buyer's receipt of a completely filled in financing disclosure statements.
3. THE SALESPERSON HAS NO AUTHORITY TO MAKE ANY PROMISES OR REPRESENTATIONS UNLESS THEY ARE WRITTEN ON THIS ORDER AND APPROVED BY DEALER'S AUTHORIZED REPRESENTATIVE.
4. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON REVERSE SIDE ARE PART OF THIS ORDER.
5. Unless otherwise noted, the buyer's name listed on line (A) below is the registered owner of the vehicle. If credit life insurance and/or accident and health insurance is selected, the registered owner of the vehicle is the insured.

BUYER REPRESENTATIONS: Buyer certifies that no credit has been either extended to him by dealer or arranged for him by dealer for the cash down payment unless it appears in writing on the face of this order. The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized. I have read the matter printed on the back hereof and agree to it as part of this order as if it were printed above my signature. I certify that I am 18 years of age or older, and hereby acknowledge receipt of a copy of this order.

05/28/19
PURCHASER'S SIGNATURE          DATE

05/28/19
CO-PURCHASER'S SIGNATURE          DATE

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS

MIKE GARRISON
DBA ROCK HILL USED CARS
548 I-30 EAST
SULPHUR SPRINGS, TX 75482

1017

6-1 20 19

88-560/1119

PAY TO THE
ORDER OF      MiAiner  Ford                          $ 4,500

Forty  Five  hundred  &w/s                          DOLLARS

Texas American Bank
A Branch of FNB - Gilmer
PO Box 9 Mt. Vernon, TX 75457
(903) 537-2700    Fax (903) 537-2770

MEMO

⑆001017⑆ ⑆111905609⑆ ⑆0086 5170 1⑈

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| 1FTSW21P57EB14538 | 2007 | FORD | 810006631861 |

| BODY TYPE | MODEL | | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|---|
| PK | F2S | | 04-Dec-2006 | 17-Apr-2019 |

| AGENT NO. | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|
| M8832 | 16-Apr-2019 | Exempt | Transfer |

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD
P.O. BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIENS:

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
47053629

(This is not a title number)

---

### ASSIGNMENT OF TITLE BY REGISTERED OWNER

**OKLAHOMA MOTOR VEHICLE**
**$3.50**
**TAX STAMP**
2601315

(If Dealer, List License # Here: UD2133)

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name: (Type or Print): Rock Hill Used Cars

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s): _____   Printed Name of Seller(s): CHRISTI SANDERS

Subscribed and Sworn to before me this ___ 31 ___ Day of ___ May ___, 20 19

Notary Public: _____   Commission Expiration: _____

Notarization required only if seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

## VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-In:**

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.

☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s):                    Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20 ____

Notary Public: _____   Commission Expiration: _____

Affix
Notary Seal / Stamp
Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                    Printed Name of Buyer(s):

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-In:**

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.

☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s):                    Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20 ____

Notary Public: _____   Commission Expiration: _____

Affix
Notary Seal / Stamp
Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                    Printed Name of Buyer(s):

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____                    DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

Appendix 1487

<u>Document Requests Related to 2002 Chevrolet C1500, VIN # 1GNEC16Z82J293191</u>

1. Produce all auction invoices, receipts, and statements related to the sale of the 2002 Chevrolet C1500, VIN # 1GNEC16Z82J293191, which is identified in the Exhibit "L" Lawton Auto Auction invoice dated September 25, 2019.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Mainer Ford of the 2002 Chevrolet C1500, VIN # 1GNEC16Z82J293191.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Mainer Ford of the 2002 Chevrolet C1500, VIN # 1GNEC16Z82J293191.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2002 Chevrolet C1500, VIN # 1GNEC16Z82J293191 to Rock Hill Used Cars in May of 2019 as set forth in the attached Exhibit "M" Texas Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2002 Chevrolet C1500, VIN # 1GNEC16Z82J293191 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2002 Chevrolet C1500, VIN # 1GNEC16Z82J293191 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Lisa Druien related to the sale or transfer of the 2002 Chevrolet C1500, VIN # 1GNEC16Z82J293191 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by Mainer Ford that correspond to payment from the sale of the 2002 Chevrolet C1500, VIN # 1GNEC16Z82J293191 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Mainer Ford that correspond to payment from the sale of the 2002 Chevrolet C1500, VIN # 1GNEC16Z82J293191 from January 1, 2019, to present.

## PURCHASE AGREEMENT

**MAINER** *Ford*
541 Oklahoma
1724 234TH ST NW OKARCHE, OK 73762
www.mainerfordofokarche.com

BUYER'S NAME (S) __ROCK HILL USED CARS__

ADDRESS __549 I-30 EAST__

CITY __SULPHUR SPRINGS__  STATE __TX__  ZIP __75482__

RES. PHONE __(903)951-8597__  BUS. PHONE __N/A__

COUNTY OF RES. __HOPKINS__  DATE OF BIRTH _____

DRIVER'S LICENSE NO._____

PLEASE ENTER MY ORDER FOR THE FOLLOWING:  ☐ NEW  ☒ USED  ☐ DEMO

### VEHICLE TO BE PURCHASED INFORMATION

| YEAR 2002 | MAKE CHEVROLET | MODEL/SERIES SUBURBAN | BODY STYLE 4DR 1500 LS |
|---|---|---|---|
| COLOR WHITE | TRIM LS | TOP | STRIPE |
| WEIGHT N/A | STOCK NO. F293191 | ENGINE | ODOMETER READING 315810 |
| VEHICLE or ENGINE NO. | 1GNEC16Z82J293191 | | |

| | |
|---|---|
| DATE 05/28/19 | SALES REPRESENTATIVE CODY MARSHALL |

### TRADE-IN VEHICLE INFORMATION

| YEAR N/A | MAKE N/A | MODEL/SERIES N/A | BODY STYLE N/A |
|---|---|---|---|
| COLOR N/A | STOCK NO. N/A | ENGINE | ODOMETER READING N/A |

VEHICLE or ENGINE NO.
N/A
BALANCE OWED TO.
N/A
ADDRESS:

#### LIEN VERIFICATION

(I/we the undersigned being duly sworn depose(s) and say(s) that I/we am/are of legal age and competent to make this contract and aware the true lawful owner(s) of the used vehicle described in this contract and am/are trading or placing on as(s) in accordance with the terms hereof; that there is no lien, mortgage, unpaid balance on any conditional sales agreement or other incumbrance of any kind or character, including lien of any judgment or execution, except as follows: $_____ payable to _____ address _____ and due _____ I/we make this affidavit in order for the purpose of obtaining credit and to guarantee title to the above mentioned used vehicle and that all statements made herein are true and correct.

X_____    X_____

| | |
|---|---|
| BASE VEHICLE PRICE | $ 500.00 |
| ACCESSORIES | |
| N/A | N/A |
| N/A | N/A |
| DOC FEE | N/A |
| LIEN FEE | N/A |
| TOTAL | 500.00 |

| | |
|---|---|
| TOTAL TAXABLE PRICE | 500.00 |
| LICENSE (or Transfer Fee) | N/A |
| TITLE (or Transfer Fee) | N/A |
| SALES TAX | N/A |
| NON-TAXABLE CHARGES | N/A |
| TOTAL DELIVERED PRICE | 500.00 |
| TRADE-IN  ($ N/A ) | |
| LESS LIEN - ($ N/A ) | |
| NET ALLOWANCE TRADE-IN | N/A |
| CASH DEPOSIT / FACTORY REBATE | N/A |
| CASH DUE ON DELIVERY | N/A |
| TOTAL DOWN PAYMENT | N/A |
| BALANCE DUE | 500.00 |
| EXTENDED SERVICE CONTRACT | N/A |
| **TOTAL AMOUNT DUE** | **500.00** |

CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY
"The information you see on the window form for this vehicle is part of this contract information on the window form overrides any contrary provisions in the contract of sale."

This order shall not become binding until dealer's authorized representative's signature appears here.

MANAGER'S APPROVAL
05/28/19
DATE

| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | FINANCE SOURCE |
|---|---|---|---|---|
| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | CITY |
| | AMOUNT | | MONTHS | RATE | INS. |

1. Unless dealer furnishes buyer with dealer's written warranty or service agreement, or the used car sticker on the window of the vehicle indicates otherwise, all goods, services and vehicles sold here under are sold "AS IS". Warranties, if any, on dealer-installed accessories are provided by the manufacturer or supplier of such accessories and not dealer. Only the manufacturer or supplier of such accessories is responsible for performance under any such warranty. This limitation in no way affects the vehicle manufacturer's warranty, if any.
2. If this is a credit sale and a financing disclosure statement has not been completely filled in, this order is not binding on either the Buyer or the Dealer, and either can cancel it, in which event the Buyer will recover the deposit. However, this order shall become binding on the Buyer upon Buyer's receipt of a completely filled in financing disclosure statements.
3. THE SALESPERSON HAS NO AUTHORITY TO MAKE ANY PROMISES OR REPRESENTATIONS UNLESS THEY ARE WRITTEN ON THIS ORDER AND APPROVED BY DEALER'S AUTHORIZED REPRESENTATIVE.
4. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON REVERSE SIDE ARE PART OF THIS ORDER.
5. Unless otherwise noted, the buyer's name listed on line (A) below is the registered owner of the vehicle. If credit life insurance and/or accident and health insurance is selected, the registered owner of the vehicle is the insured.

BUYER REPRESENTATIONS: Buyer certifies that no credit has been either extended to him by dealer or arranged for him by dealer for the cash down payment unless it appears in writing on the face of this order. The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized. I have read the matter printed on the back hereof and agree to it as part of this order as if it were printed above my signature. I certify that I am 18 years of age or older, and hereby acknowledge receipt of a copy of this order.

| 05/28/19 | 05/28/19 |
|---|---|
| PURCHASER'S SIGNATURE    DATE | CO-PURCHASER'S SIGNATURE    DATE |

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS

F293191

**MIKE GARRISON**
DBA ROCK HILL USED CARS.
549 I-30 EAST
SULPHUR SPRINGS, TX 75482

1014

6-1 20 19

88-560/1119

PAY TO THE
ORDER OF    MAiner Fire                                    $ 500

Fire   hvndred   + 00/100                          DOLLARS

**Texas American Bank**
A Branch of FNB - Gilmer
PO Box 9 Mt. Vernon, TX 75457
(903) 537-2700   Fax (903) 537-2770

MEMO                    82 Suburbn

⑈0010114⑈  ⑈111905609⑈  ⑈008651701⑈

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

VEHICLE IDENTIFICATION NUMBER
1GNEC16Z82J293191

YEAR
2002

MAKE
CHEV

TITLE NO.
810006672244

BODY TYPE
UT

MODEL
C15

DATE 1st SOLD
06-Nov-2013

DATE ISSUED
19-Apr-2019

AGENT NO.
M8832

APPLICATION DATE
18-Apr-2019

ODOMETER
Exempt

TYPE OF TITLE
Transfer

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD
PO BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
47063823

(This is not a title number)

---

## ASSIGNMENT OF TITLE BY REGISTERED OWNER   (If Dealer, List License # Here: UD2133 )

**OKLAHOMA MOTOR VEHICLE $3.50 TAX STAMP**

2601303

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Rock Hill Used Cars

Purchaser(s) Complete Address: _____

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked.

☑ 1. The odometer has exceeded its mechanical limits.
(NO TENTHS) ☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

Signature of Seller(s): Christi Sanders
Printed Name of Seller(s): CHRISTI SANDERS

Subscribed and Sworn to Before me this 31 Day of May , 20 19

Notary Public: _____   Commission Expiration: _____

Notarization required only on seller's signature(s). Affix notary seal/stamp to the right.

Notary Seal / Stamp Here

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

VOID IF ALTERED

Appendix 1491

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on the vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:**

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s):                          Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                          Printed Name of Buyer(s):

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:**

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s):                          Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20____

Notary Public: _____ Commission Expiration: _____

*Affix Notary Seal / Stamp Here*

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                          Printed Name of Buyer(s):

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME:                          DATE OF LIEN:

LIENHOLDER ADDRESS / CITY / STATE / ZIP:

<u>Document Requests Related to 2001 Mazda Speed6, VIN # JM1GG12L761105547</u>

1. Produce all auction invoices, receipts, and statements related to the sale of the 2001 Mazda Speed6, VIN # JM1GG12L761105547, which is identified in the Exhibit "N" Lawton Auto Auction invoice dated September 25, 2019.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Mainer Ford of the 2001 Mazda Speed6, VIN # JM1GG12L761105547.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Mainer Ford of the 2001 Mazda Speed6, VIN # JM1GG12L761105547.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2001 Mazda Speed6, VIN # JM1GG12L761105547 to Rock Hill Used Cars in March of 2019 as set forth in the attached Exhibit "O" Texas Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2001 Mazda Speed6, VIN # JM1GG12L761105547 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2001 Mazda Speed6, VIN # JM1GG12L761105547 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Lisa Druien related to the sale or transfer of the 2001 Mazda Speed6, VIN # JM1GG12L761105547 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by Mainer Ford that correspond to payment from the sale of the 2001 Mazda Speed6, VIN # JM1GG12L761105547 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Mainer Ford that correspond to payment from the sale of the 2001 Mazda Speed6, VIN # JM1GG12L761105547 from January 1, 2019, to present.



## PURCHASE AGREEMENT

**MAINER Ford**
1724 234TH ST NW OKARCHE, OK 73762
www.mainerfordofokarche.com

BUYER'S NAME (S) ____ ROCK HILL USED CARS

ADDRESS ____ 549 I-30 EAST

CITY ____ SULPHUR SPRINGS ____ STATE ____ TX ____ ZIP ____ 75482

RES. PHONE ____ (903)951-8597 ____ BUS. PHONE ____ N/A

COUNTY OF RES. ____ HOPKINS ____ DATE OF BIRTH ____

DRIVER'S LICENSE NO. ____

PLEASE ENTER MY ORDER FOR THE FOLLOWING: ☐ NEW   ☒ USED   ☐ DEMO

### VEHICLE TO BE PURCHASED INFORMATION

| YEAR | MAKE | MODEL/SERIES | BODY STYLE |
|------|------|--------------|------------|
| 2005 | MAZDA | MAZDA6 MAZDASP | N/A |

| COLOR | TRIM | TOP | STRIPE |
|-------|------|-----|--------|
| SILVER | N/A | | |

| WEIGHT | STOCK NO. | ENGINE | ODOMETER READING |
|--------|-----------|--------|------------------|
| N/A | F106547 | | 168421 |

VEHICLE or ENGINE NO.   JM1GG12L761105547

| | |
|---|---|
| TOTAL TAXABLE PRICE | 2,000.00 |
| LICENSE (or Transfer Fee) | N/A |
| TITLE (or Transfer Fee) | N/A |
| SALES TAX | N/A |
| NON-TAXABLE CHARGES | N/A |
| TOTAL DELIVERED PRICE | 2,000.00 |
| TRADE-IN ($ ____ N/A ____ ) | |
| LESS LIEN - ($ ____ N/A ____ ) | |
| NET ALLOWANCE TRADE-IN | N/A |
| CASH DEPOSIT / FACTORY REBATE | N/A |
| CASH DUE ON DELIVERY | N/A |
| TOTAL DOWN PAYMENT | N/A |
| BALANCE DUE | 2,000.00 |
| EXTENDED SERVICE CONTRACT | N/A |
| TOTAL AMOUNT DUE | 2,000.00 |

| DATE | SALES REPRESENTATIVE |
|------|----------------------|
| 05/28/19 | CODY MARSHALL |

### TRADE-IN VEHICLE INFORMATION

| YEAR | MAKE | MODEL/SERIES | BODY STYLE |
|------|------|--------------|------------|
| N/A | N/A | N/A | N/A |

| COLOR | STOCK NO. | ENGINE | ODOMETER READING |
|-------|-----------|--------|------------------|
| N/A | N/A | | N/A |

VEHICLE or ENGINE NO.
N/A
BALANCE OWED TO:
N/A
ADDRESS:

### LIEN VERIFICATION

I/we the undersigned being only sworn d(epose)s) and say(s) that I/we am/are of legal age and competent to make this contract and am/are the lawful owner(s) of the used vehicle described in this contract and am/are trading (or placing on sale) in accordance with the terms hereof; that there is no lien, mortgage, unpaid balance on any condition(al) sales agreement or other incumbrance of any kind or character, including lien of any judgment or execution, except as follows: $ ____ payable to ____ address ____ and the ____ (date); that this affidavit is made for the purpose of obtaining credit and to guarantee title to the above mentioned used vehicle and that all statements herein are true and correct.

X ____   X ____

| BASE VEHICLE PRICE | $ | 2,000.00 |
|--------------------|---|----------|
| ACCESSORIES | | |
| N/A | | N/A |
| N/A | | N/A |
| DOC FEE | | N/A |
| LIEN FEE | | N/A |
| TOTAL | | 2,000.00 |

This order shall not become binding until order is authorized representative's signature appears here.

MAINER'S APPROVAL
05/28/19
DATE

CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY
*The information you see on the window next for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.*

| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | FINANCE SOURCE |
|------------|--------------|------|-------|----------------|

| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | CITY |
|------------|--------------|------|-------|------|

| AMOUNT | | MONTHS | RATE | INS. |
|--------|---|--------|------|------|

1. Unless dealer furnishes buyer with dealer's written warranty or service agreement, or the used car sticker on the window of the vehicle indicates otherwise, all goods, services and vehicles sold here under are sold "AS IS". Warranties, if any, on dealer-installed accessories are provided by the manufacturer or supplier of such accessories and not dealer. Only the manufacturer or supplies of such accessories is responsible for performance under any such warranty. This limitation in no way affects the vehicle manufacturer's warranty, if any.
2. If this is a credit sale and a financing disclosure statement has not been completely filled in, this order is not binding on either the Buyer or the Dealer, and either can cancel it, in which event the Buyer will recover the deposit. However, this order shall become binding on the Buyer upon Buyer's receipt of a completely filled in financing disclosure statements.
3. THE SALESPERSON HAS NO AUTHORITY TO MAKE ANY PROMISES OR REPRESENTATIONS UNLESS THEY ARE WRITTEN ON THIS ORDER AND APPROVED BY DEALER'S AUTHORIZED REPRESENTATIVE.
4. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON REVERSE SIDE ARE PART OF THIS ORDER.
5. Unless otherwise noted, the buyer's name listed on line (A) below is the registered owner of the vehicle. If credit life insurance and/or accident and health insurance is selected, the registered owner of the vehicle is the insured.

BUYER REPRESENTATIONS: Buyer certifies that no credit has been either extended to him by dealer or arranged for him by dealer for the cash down payment unless it appears in writing on the face of this order. The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized. I have read the matter printed on the back hereof and agree to it as part of this order as if it were printed above my signature. I certify that I am 18 years of age or older, and hereby acknowledge receipt of a copy of this order.

| 05/28/19 | | 05/28/19 |
|----------|---|----------|
| PURCHASER'S SIGNATURE   DATE | | CO-PURCHASER'S SIGNATURE   DATE |

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS

FIOSSA)

**MIKE GARRISON**
DBA ROCK HILL USED CARS
549 I-30 EAST
SULPHUR SPRINGS, TX 75482

1013

6-1   20 19

88-580/1119

PAY TO THE
ORDER OF   MAiner Ford                                    $ 2,000

Two   thousend   + °°/100                      DOLLARS

**Texas American Bank**
A Branch of FNB - Gilmer
PO Box 9 Mt. Vernon, TX 75457
(903) 537-2700   Fax (903) 537-2770

MEMO   06 MAZDA

⑈⑈OO1O13⑈⑈  ⑈:111905609⑈:   ⑈⑈OO865170 1⑈⑈

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| JM1GG12L761105547 | 2006 | MAZD | 810003520053 |

| BODY TYPE | MODEL | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|
| SD | SPEED | | 4/3/2017 |

| AGENT NO. | ODOMETER | TYPE OF TITLE |
|---|---|---|
| M8813 | Exempt | Transfer |
| | | DATE INS. |
| | | LOSS OR SALVAGE |

NAME AND ADDRESS OF VEHICLE OWNER

DAVID KORZUN OR
BRENDA KORZUN
14300 OLD BARN RD
EDMOND OK 73025-9129

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

3/3/2017    WELLS FARGO DLR SERVICES

It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown, however, the vehicle may be subject to other liens or security interests.

CONTROL NO.
44071975

(This is not a title number)

### ASSIGNMENT OF TITLE BY REGISTERED OWNER    (If Dealer, List License # Here: _____)

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted hereon upstate.

Purchaser(s) Name (Type or Print): Marler Ford
Purchaser(s) Complete Address: PO Box 534   Okarche, OK 73762

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked.

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

[E] [X] [C] [M] [P] [T]  (NO TENTHS)

Signature of Seller(s): _____

Printed Name of Seller(s): David Korzun

Subscribed and Sworn to Before me this 23 Day of March, 20 19

Notary Public: _____

Commission Expiration: _____

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____   Printed Name of Buyer(s): CHRISTI SAND__

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: UD 2133

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Rock Hill Used Cars

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-In:

OKLAHOMA
MOTOR VEHICLE
$8.50
TAX STAMP
2601320

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS) ☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s): Christi Sanders    Printed Name of Seller(s): CHRISTI SANDERS

Subscribed and Sworn to Before me this 31 Day of May 20 19

Notary Public:    Commission Expiration:

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):    Printed Name of Buyer(s):

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-In:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS) ☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s):    Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20 ____

Notary Public: _____ Commission Expiration: _____

Affix
Notary Seal / Stamp
Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):    Printed Name of Buyer(s):

## LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME:    DATE OF LIEN:

LIENHOLDER ADDRESS / CITY / STATE / ZIP:

**Document Requests Related to 2010 Dodge Challenger, VIN # 2B3CJ4DV0AH184071**

1. Produce all auction invoices, receipts, and statements related to the sale of the 2010 Dodge Challenger, VIN # 2B3CJ4DV0AH184071, which is identified in the Exhibit "P" Lawton Auto Auction invoice dated October 9, 2019.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Mainer Ford of the 2010 Dodge Challenger, VIN # 2B3CJ4DV0AH184071.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Mainer Ford of the 2010 Dodge Challenger, VIN # 2B3CJ4DV0AH184071.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2010 Dodge Challenger, VIN # 2B3CJ4DV0AH184071 to Rock Hill Used Cars as set forth in the attached Exhibit "Q" Texas Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2010 Dodge Challenger, VIN # 2B3CJ4DV0AH184071 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2010 Dodge Challenger, VIN # 2B3CJ4DV0AH184071 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Lisa Druien related to the sale or transfer of the 2010 Dodge Challenger, VIN # 2B3CJ4DV0AH184071 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by Mainer Ford that correspond to payment from the sale of the 2010 Dodge Challenger, VIN # 2B3CJ4DV0AH184071 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Mainer Ford that correspond to payment from the sale of the 2010 Dodge Challenger, VIN # 2B3CJ4DV0AH184071 from January 1, 2019, to present.

PURCHASE AGREEMENT

**MAINER** Ford

1724 234TH ST NW OKARCHE, OK 73762

www.mainerfordofokarche.com

| BUYER'S NAME (S) | ROCK HILL USED CARS | | |
|---|---|---|---|
| ADDRESS | 549 I-30 EAST | | |
| CITY SULPHUR SPRINGS | STATE TX | ZIP 75482 | |
| RES. PHONE (903)951-8597 | BUS. PHONE N/A | | |
| COUNTY OF RES. HOPKINS | DATE OF BIRTH | | |
| DRIVER'S LICENSE NO. | | | |

PLEASE ENTER MY ORDER FOR THE FOLLOWING: ☐ NEW  ☒ USED  ☐ DEMO

**VEHICLE TO BE PURCHASED INFORMATION**

| YEAR 2010 | MAKE DODGE | MODEL/SERIES CHALLENGER | BODY STYLE 2DR CPE SE |
|---|---|---|---|
| COLOR BLACK | TRIM SE | TOP | STRIPE |
| WEIGHT N/A | STOCK NO. F184071 | ENGINE | ODOMETER READING 154868 |
| VEHICLE or ENGINE No. | 2B3CJ4DV0AH184071 | | |

| DATE 08/12/19 | SALES REPRESENTATIVE N/A |
|---|---|

**TRADE-IN VEHICLE INFORMATION**

| YEAR N/A | MAKE N/A | MODEL/SERIES N/A | BODY STYLE N/A |
|---|---|---|---|
| COLOR N/A | STOCK NO. N/A | ENGINE | ODOMETER READING N/A |

VEHICLE or ENGINE NO. N/A

BALANCE OWED TO: N/A

ADDRESS

**LIEN VERIFICATION**

I/we the undersigned being duly sworn depose(s) and say(s) that I/we am/are of legal age and competent to make this contract and am/are the true lawful owner(s) of the used vehicle described in this contract and am/are trading (or placing on sale) in accordance with the terms hereof; that there is no lien, mortgage, unpaid balance on any conditional sales agreement or other encumbrance of any kind or character, including lien of any judgment or execution, except as follows: $_____ payable to _____ address _____ and due _____ (date) that this contract is made for the purpose of obtaining credit and to guarantee title to the above mentioned used vehicle and that all statements made herein are true and correct.

X_____   X_____

| BASE VEHICLE PRICE | $ | 3,000.00 |
|---|---|---|
| ACCESSORIES | | |
| N/A | | N/A |
| N/A | | N/A |
| DOC FEE | | N/A |
| LIEN FEE | | N/A |
| TOTAL | | 3,000.00 |

| CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY | This order shall not become binding until dealer's authorized representative's signature appears here. |
|---|---|
| *The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.* | MANAGER'S APPROVAL 08/12/19 DATE |

| TOTAL TAXABLE PRICE | 3,000.00 |
|---|---|
| LICENSE (or Transfer Fee) | N/A |
| TITLE (or Transfer Fee) | N/A |
| SALES TAX | N/A |
| NON-TAXABLE CHARGES | N/A |
| TOTAL DELIVERED PRICE | 3,000.00 |
| TRADE-IN ($ N/A ) | |
| LESS LIEN - ($ N/A ) | |
| NET ALLOWANCE TRADE-IN | N/A |
| CASH DEPOSIT / FACTORY REBATE | N/A |
| CASH DUE ON DELIVERY | N/A |
| TOTAL DOWN PAYMENT | N/A |
| BALANCE DUE | 3,000.00 |
| EXTENDED SERVICE CONTRACT | N/A |
| TOTAL AMOUNT DUE | 3,000.00 |

| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | FINANCE SOURCE |
|---|---|---|---|---|
| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | CITY |
| AMOUNT | | MONTHS | | RATE | INS. |

1. Unless dealer furnishes buyer with dealer's written warranty or service agreement, or the used car sticker on the window of the vehicle indicates otherwise, all goods, services and vehicles sold here under are sold "AS IS". Warranties, if any, on dealer-installed accessories are provided by the manufacturer or supplier of such accessories and not dealer. Only the manufacturer or supplies of such accessories is responsible for performance under any such warranty. This limitation in no way affects the vehicle manufacturer's warranty, if any.
2. If this is a credit sale and a financing disclosure statement has not been completely filled in, this order is not binding on either the Buyer or the Dealer, and either can cancel it, in which event the Buyer will recover this deposit. However, this order shall become binding on the Buyer upon Buyer's receipt of a completely filled in financing disclosure statement.
3. THE SALESPERSON HAS NO AUTHORITY TO MAKE ANY PROMISES OR REPRESENTATIONS UNLESS THEY ARE WRITTEN ON THIS ORDER AND APPROVED BY DEALER'S AUTHORIZED REPRESENTATIVE.
4. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON REVERSE SIDE ARE PART OF THIS ORDER.
5. Unless otherwise noted, the buyer's name listed on line (A) below is the registered owner of the vehicle. If credit life insurance and/or accident and health insurance is selected, the registered owner of the vehicle is the insured.

BUYER REPRESENTATIONS: Buyer certifies that no credit has been either extended to him by dealer or arranged for him by dealer for the cash down payment unless it appears in writing on the face of this order. The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or ordered into, or will be recognized I have read the matter printed on the back hereof and agree to it as part of this order as if it were printed above my signature. I certify that I am 18 years of age or older, and hereby acknowledge receipt of a copy of this order.

| 08/12/19 | | 08/12/19 |
|---|---|---|
| PURCHASER'S SIGNATURE DATE | | CO-PURCHASER'S SIGNATURE DATE |

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS

**MIKE GARRISON**
DBA ROCK HILL USED CARS
549 I-30 EAST
SULPHUR SPRINGS, TX 75482

1069

88-560/1119

_10 - 1_  20 _19_

PAY TO THE
ORDER OF _____ M A_i_u_e_ _F_u_ _d_ _____ $ _3,000_

_Three thousand + 00/100_ _____ **DOLLARS**

Texas American Bank
A Branch of FNB - Gilmer
PO Box 9 Mt. Vernon, TX 75457
(903) 537-2700   Fax (903) 537-2770

MEMO_____ _Charger_

⑈OO1069⑈ ⑆111905609⑆ ⑈008651701⑈

Appendix 1500

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

VEHICLE IDENTIFICATION NUMBER: 2B3CJ4DV0AH184071
YEAR: 2010
MAKE: DODG
TITLE NO.: 810007165335

BODY TYPE: CP
MODEL: CHE
DATE 1st SOLD: 26-Mar-2010
DATE ISSUED: 12-Jul-2019

AGENT NO.: M8832
APPLICATION DATE: 11-Jul-2019
ODOMETER: 154868 Actual
TYPE OF TITLE: Transfer

DATE INS
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD
PO BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S)

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
47401143
(This is not a title number)

## ASSIGNMENT OF TITLE BY REGISTERED OWNER   (If Dealer, List License # Here: UD2133)

OKLAHOMA MOTOR VEHICLE
$3.50 TAX STAMP
2598694

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): Rock Hill Used Cars
Purchaser(s) Complete Address: 549 I-30 East   Sulphur Springs TX 75482

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked.

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning - Odometer Discrepancy

Signature of Seller(s): _____
Printed Name of Seller(s): CHRISTI SANDERS

Subscribed and Sworn to Before me this _____ Day of _____, 20 _____

Notary Public: _____
Commission Expiration: _____

*Notarization required only if seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____
Printed Name of Buyer(s): _____

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)
- [ ] 1. The odometer has exceeded its mechanical limits.
- [ ] 2. The odometer reading is NOT the actual mileage. Warning —Odometer Discrepancy

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____ 20___

Notary Public: _____   Commission Expiration: _____

Affix Notary Seal / Stamp Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)
- [ ] 1. The odometer has exceeded its mechanical limits.
- [ ] 2. The odometer reading is NOT the actual mileage. Warning —Odometer Discrepancy

Signature of Seller(s): _____   Printed Name of Seller(s): _____

Subscribed and Sworn to Before me this _____ Day of _____ 20___

Notary Public: _____   Commission Expiration: _____

Affix Notary Seal / Stamp Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____   DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP: _____

Appendix 1502

<u>Document Requests Related to 2015 Ford F250, VIN # 1FT7W2BTXFEC20953</u>

1. Produce all auction invoices, receipts, and statements related to the sale of the 2015 Ford F250, VIN # 1FT7W2BTXFEC20953, which is identified in the Exhibit "R" Lawton Auto Auction invoice dated November 27, 2019.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Mainer Ford of the 2015 Ford F250, VIN # 1FT7W2BTXFEC20953.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Mainer Ford of the 2015 Ford F250, VIN # 1FT7W2BTXFEC20953.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2015 Ford F250, VIN # 1FT7W2BTXFEC20953 to Rock Hill Used Cars as set forth in the attached Exhibit "S" Texas Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2015 Ford F250, VIN # 1FT7W2BTXFEC20953 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2015 Ford F250, VIN # 1FT7W2BTXFEC20953 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Lisa Druien related to the sale or transfer of the 2015 Ford F250, VIN # 1FT7W2BTXFEC20953 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by Mainer Ford that correspond to payment from the sale of the 2015 Ford F250, VIN # 1FT7W2BTXFEC20953 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Mainer Ford that correspond to payment from the sale of the 2015 Ford F250, VIN # 1FT7W2BTXFEC20953 from January 1, 2019, to present.



## PURCHASE AGREEMENT

**MAINER** *Ford*

1724 234TH ST NW OKARCHE, OK 73762

www.mainerfordofokarche.com

BUYER'S NAME (S) ____ ROCK HILL USED CARS

ADDRESS ____ 549 I-30 EAST

CITY ____ SULPHUR SPRINGS    STATE __ TX    ZIP __ 75482

RES. PHONE ____ (903)951-8597    BUS. PHONE ____ N/A

COUNTY OF RES. ____ HOPKINS    DATE OF BIRTH ____

DRIVER'S LICENSE NO. ____

PLEASE ENTER MY ORDER FOR THE FOLLOWING:  ☐ NEW   ☒ USED   ☐ DEMO

**VEHICLE TO BE PURCHASED INFORMATION**

| YEAR 2015 | MAKE FORD | MODEL/SERIES F250 | BODY/STYLE N/A |
|---|---|---|---|
| COLOR N/A | TRIM N/A | TOP | STRIPE |
| WEIGHT N/A | STOCK NO. FC20953 | ENGINE | ODOMETER READING 185463 |
| VEHICLE or ENGINE No. | 1FT7W2GTXFEC20953 | | |

| DATE 08/12/19 | SALES REPRESENTATIVE N/A |
|---|---|

**TRADE-IN VEHICLE INFORMATION**

| YEAR N/A | MAKE N/A | MODEL/SERIES N/A | BODY/STYLE N/A |
|---|---|---|---|
| COLOR N/A | STOCK NO. N/A | ENGINE | ODOMETER READING N/A |

VEHICLE or ENGINE No. N/A

BALANCE OWED TO: N/A

ADDRESS:

**LIEN VERIFICATION**

I/we the undersigned being duly sworn depose(s) and say(s) that I/we are/am of legal age and competent to make this contract and I am/we the true lawful owner(s) of the used vehicle described in this contract and we/are trading (or placing on sale) in accordance with the terms hereof; that there is no lien, mortgage, unpaid balance on any conditional sales agreement or other incumbrance of any kind in above vin, including life of any judgment or execution, except as follows: $_____ payable to _____ address _____ and no _____ (date); that this affidavit is made for the purpose of obtaining credit and to guarantee title to the above mentioned used vehicle and that all statements made herein are true and correct.

X_____    X_____

| TOTAL TAXABLE PRICE | 26,000.00 |
|---|---|
| LICENSE (or Transfer Fee) | N/A |
| TITLE (or Transfer Fee) | N/A |
| SALES TAX | N/A |
| NON-TAXABLE CHARGES | N/A |
| TOTAL DELIVERED PRICE | 26,000.00 |

TRADE-IN   ($   N/A   )

LESS LIEN - ($   N/A   )

| NET ALLOWANCE TRADE-IN | N/A |
|---|---|
| CASH DEPOSIT / FACTORY REBATE | N/A |
| CASH DUE ON DELIVERY | N/A |
| TOTAL DOWN PAYMENT | N/A |
| BALANCE DUE | 26,000.00 |
| EXTENDED SERVICE CONTRACT | N/A |
| **TOTAL AMOUNT DUE** | 26,000.00 |

| BASE VEHICLE PRICE | $ | 26,000.00 |
|---|---|---|
| ACCESSORIES | | |
| N/A | | N/A |
| N/A | | N/A |
| DOC FEE | | N/A |
| LIEN FEE | | N/A |
| TOTAL | | 26,000.00 |

| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | FINANCE SOURCE |
|---|---|---|---|---|
| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | CITY |
| | AMOUNT | | MONTHS | RATE | INS. |

This order shall not become binding until dealer's authorized representative's signature appears here.

MANAGER'S APPROVAL

08/12/19
DATE

**CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY**

*The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

1. Unless dealer furnishes buyer with dealer's written warranty or service agreement, or the used car sticker on the window of the vehicle indicates otherwise, all goods, services and vehicles sold here under are sold "AS IS". Warranties, if any, on dealer-installed accessories are provided by the manufacturer or supplier of such accessories and not dealer. Only the manufacturer or supplies of such accessories is responsible for performance under any such warranty. This limitation in no way affects the vehicle manufacturer's warranty, if any.
2. If this is a credit sale and a financing disclosure statement has not been completely filled in, this order is not binding on either the Buyer or the Dealer, and either can cancel it, in which event the Buyer will recover the deposit. However, this order shall become binding on the Buyer upon Buyer's receipt of a completely filled in financing disclosure statements.
3. THE SALESPERSON HAS NO AUTHORITY TO MAKE ANY PROMISES OR REPRESENTATIONS UNLESS THEY ARE WRITTEN ON THIS ORDER AND APPROVED BY DEALER'S AUTHORIZED REPRESENTATIVE.
4. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON REVERSE SIDE ARE PART OF THIS ORDER.
5. Unless otherwise noted, the buyer's name listed on line (A) below is the registered owner of the vehicle. If credit life insurance and/or accident and health insurance is selected, the registered owner of this vehicle is the insured.

BUYER REPRESENTATIONS: Buyer certifies that no credit has been either extended to him by dealer or arranged for him by dealer for the cash down payment unless it appears in writing on the face of this order. The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized I have read the matter printed on the back hereof and agree to it as part of this order as if it were printed above my signature. I certify that I am 18 years of age or older, and hereby acknowledge receipt of a copy of this order.

08/12/19
PURCHASER'S SIGNATURE        DATE

08/12/19
CO-PURCHASER'S SIGNATURE        DATE

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS

Appendix 1504

**MIKE V GARRISON**
DBA ROCK HILL USED CARS
549 INTERSTATE HIGHWAY 30 E
SULPHUR SPRINGS, TEXAS 75492-6153

6214

88-1532/1119

DATE 10-20-19

PAY
TO THE
ORDER OF  MArner  Furc

$ 23,000

Twenty  three  thousand &  DOLLARS

*Guaranty*
Bank & Trust

FOR

⑈006214⑈ ⑆111915327⑆ ⑈1243749⑈

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| 1FT7W2BTXFEC20953 | 2015 | FORD | 810007261348 |

| BODY TYPE | MODEL | | | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|---|---|
| PK | F250 | | | | 28-Aug-2019 |

| AGENT NO. | COLOR | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|---|
| M8828 | Black | 28-Aug-2019 | 185463 Actual | Original |

| | | | DATE INS. LOSS OR SALVAGE |
|---|---|---|---|

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD
PO BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S)

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
47606113

(This is not a title number)

ASSIGNMENT OF TITLE BY REGISTERED OWNER   (If Dealer, List License # Here: UD2133)

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on the certificate.

Purchaser(s) Name (Type or Print): Rock Hill Used Cars

Purchaser(s) Complete Address: 549 I-30 East   Sulphur Springs TX 75482

Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked.

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning—Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s): _____   Printed Name of Seller(s): CHRISTI SANDERS

Subscribed and Sworn to Before me this _____ Day of _____, 20___

Notary Public: _____   Commission Expiration: _____

Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.

Signature of Buyer(s): _____   Printed Name of Buyer(s): _____

**OKLAHOMA MOTOR VEHICLE**
**$3.50**
**TAX STAMP**
2598704

## VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:**

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.

(NO TENTHS)  ☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s):                                    Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20 ___

Notary Public: _____ Commission Expiration: _____

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Affix
Notary Seal / Stamp
Here

Signature of Buyer(s):                                    Printed Name of Buyer(s):

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

PLACE OKLAHOMA
MOTOR VEHICLE TAX
STAMP HERE

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:**

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.

(NO TENTHS)  ☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s):                                    Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20 ___

Notary Public: _____ Commission Expiration: _____

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Affix
Notary Seal / Stamp
Here

Signature of Buyer(s):                                    Printed Name of Buyer(s):

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME:                                         DATE OF LIEN:

LIENHOLDER ADDRESS / CITY / STATE / ZIP:

Document Requests Related to 2012 Ford Expedition, VIN # 1FMJU1K54CEF09406

1. Produce all auction invoices, receipts, and statements related to the sale of the 2012 Ford Expedition, VIN # 1FMJU1K54CEF09406, which is identified in the Exhibit "T" Lawton Auto Auction invoice dated January 22, 2020.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Mainer Ford of the 2012 Ford Expedition, VIN # 1FMJU1K54CEF09406.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Mainer Ford of the 2012 Ford Expedition, VIN # 1FMJU1K54CEF09406.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2012 Ford Expedition, VIN # 1FMJU1K54CEF09406, to Rock Hill Used Cars as set forth in the attached Exhibit "U" Texas Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2012 Ford Expedition, VIN # 1FMJU1K54CEF09406 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2012 Ford Expedition, VIN # 1FMJU1K54CEF09406 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Lisa Druien related to the sale or transfer of the 2012 Ford Expedition, VIN # 1FMJU1K54CEF09406 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by Mainer Ford that correspond to payment from the sale of the 2012 Ford Expedition, VIN # 1FMJU1K54CEF09406 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Mainer Ford that correspond to payment from the sale of the 2012 Ford Expedition, VIN # 1FMJU1K54CEF09406 from January 1, 2019, to present.

MIKE GARRISON
DBA ROCK HILL USED CARS
5491 I-30 EAST
SULPHUR SPRINGS, TX 75482

1099

88-5601/1119

1-18    20 20

PAY TO THE
ORDER OF    Mike Thorsen    $ 9,000 —

Nine Thousand + 00/100    DOLLARS

Texas American Bank
A Branch of FNB - Gilmer
PO Box 9 Mt. Vernon, TX 75457
(903) 537-2700    Fax (903) 537-2710

MEMO

⑆00105⑆   ⑆111905601⑆   ⑆008851170⑆

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | TITLE NO. |
|---|---|---|---|
| 1FMJU1K54CEF09406 | 2012 | FORD | 8100007809865 |

| BODY TYPE | MODEL | | DATE 1st SOLD | DATE ISSUED |
|---|---|---|---|---|
| UT | EXPEDITION | | | 17-Jan-2020 |

| AGENT NO. | COLOR | APPLICATION DATE | ODOMETER | TYPE OF TITLE |
|---|---|---|---|---|
| M8832 | White | 16-Jan-2020 | 106157 Actual | Original |

DATE INS.
LOSS OR SALVAGE

NAME AND ADDRESS OF VEHICLE OWNER

MAINER FORD
PO BOX 834
OKARCHE OK 73762-0834

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIENS:

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
48144988
(This is not a title number)

---

**OKLAHOMA MOTOR VEHICLE** $3.50 TAX STAMP
2849 381

**ASSIGNMENT OF TITLE BY REGISTERED OWNER** (If Dealer, List License # Here: **UD2133**)

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):
Purchaser(s) Complete Address:
Actual Purchase Price of Vehicle:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s): *Chris Sanders*          Printed Name of Seller(s): CHRIS SANDERS

Subscribed and sworn to before me this _____ Day of _____, 20___

Notary Public: *Kathy Martin*          Commission Expiration:

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right*

Signature of Buyer(s): _____          Printed Name of Buyer(s): _____

Affix Notary Seal / Stamp Here

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on the vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:**

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s):                                 Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20____

Notary Public: _____ Commission Expiration: _____

Affix Notary Seal / Stamp Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                                 Printed Name of Buyer(s):

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

**Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:**

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

(NO TENTHS)

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

Signature of Seller(s):                                 Printed Name of Seller(s):

Subscribed and Sworn to Before me this _____ Day of _____ 20____

Notary Public: _____ Commission Expiration: _____

Affix Notary Seal / Stamp Here

*Notarization required only of seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s):                                 Printed Name of Buyer(s):

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME: _____ DATE OF LIEN: _____

LIENHOLDER ADDRESS / CITY / STATE / ZIP:

## PURCHASE AGREEMENT

**MAINER** Ford
*of Okarche*
1724 234TH ST NW OKARCHE, OK 73762
www.mainerfordofokarche.com

BUYER'S NAME(S) _____ ROCK HILL USED CARS

ADDRESS _____ 549 I-30 EAST

CITY _____ SULPHUR SPRINGS _____ STATE __TX__ ZIP __75482__

RES. PHONE _____ (903)951-8597 _____ BUS. PHONE _____ N/A

COUNTY OF RES. _____ HOPKINS _____ DATE OF BIRTH _____

DRIVER'S LICENSE NO. _____

PLEASE ENTER MY ORDER FOR THE FOLLOWING: ☐ NEW  ☒ USED  ☐ DEMO

### VEHICLE TO BE PURCHASED INFORMATION

| YEAR | MAKE | MODEL/SERIES | BODY/STYLE |
|---|---|---|---|
| 2012 | FORD | EXPEDITION | SUV |
| COLOR | TRIM | TOP | STRIPE |
| WHITE | N/A | | |
| WEIGHT | STOCK NO. | ENGINE | ODOMETER READING |
| N/A | FF09406 | | 106155 |

VEHICLE or ENGINE No. _____ 1FMJU1K54CEF09406

| | |
|---|---|
| TOTAL TAXABLE PRICE | 9,000.00 |
| LICENSE (or Transfer Fee) | N/A |
| TITLE (or Transfer Fee) | N/A |
| SALES TAX | N/A |
| NON-TAXABLE CHARGES | N/A |
| TOTAL DELIVERED PRICE | 9,000.00 |
| TRADE-IN    ($    N/A    ) | |
| LESS LIEN - ($    N/A    ) | |
| NET ALLOWANCE TRADE-IN | N/A |
| CASH DEPOSIT/FACTORY REBATE | N/A |
| CASH DUE ON DELIVERY | N/A |
| TOTAL DOWN PAYMENT | N/A |
| BALANCE DUE | 9,000.00 |
| EXTENDED SERVICE CONTRACT | N/A |
| TOTAL AMOUNT DUE | 9,000.00 |

| DATE 01/17/20 | SALES REPRESENTATIVE N/A |
|---|---|

### TRADE-IN VEHICLE INFORMATION

| YEAR | MAKE | MODEL/SERIES | BODY/STYLE |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
| COLOR | STOCK NO. | ENGINE | ODOMETER READING |
| N/A | N/A | | N/A |

VEHICLE or ENGINE NO. N/A
BALANCE OWED TO. N/A
ADDRESS: N/A

**LIEN VERIFICATION**
*lien verification text, small print*

X _____    X _____

| BASE VEHICLE PRICE | $ | 9,000.00 |
|---|---|---|
| ACCESSORIES | | |
| N/A | | N/A |
| N/A | | N/A |
| DOC FEE | | N/A |
| LIEN FEE | | N/A |
| TOTAL | | 9,000.00 |

CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY
*small print disclosure*

This order shall not become binding until dealer's authorized representative's signature appears here.

MANAGER'S APPROVAL
01/17/20
DATE

| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | FINANCE SOURCE |
|---|---|---|---|---|
| RECEIPT NO | AMOUNT REC'D | DATE | IN BY | CITY |
| No. | AMOUNT | MONTHS | RATE | INS. |

1. Unless dealer furnishes buyer with dealer's written warranty or service agreement, or the used car sticker on the window of the vehicle indicates otherwise, all goods, services and vehicles sold here under are sold "AS IS". Warranties, if any, on dealer-installed accessories are provided by the manufacturer or supplier of such accessories and not dealer. Only the manufacturer or supplier of such accessories is responsible for performance under any such warranty. This limitation in no way affects the vehicle manufacturer's warranty, if any.
2. If this is a credit sale and a financing disclosure statement has not been completely filled in, this order is not binding on either the Buyer or the Dealer, and either can cancel it, in which event the Buyer will recover the deposit. However, this order shall become binding on the Buyer upon Buyer's receipt of a completely filled in financing disclosure statement.
3. THE SALESPERSON HAS NO AUTHORITY TO MAKE ANY PROMISES OR REPRESENTATIONS UNLESS THEY ARE WRITTEN ON THIS ORDER AND APPROVED BY DEALER'S AUTHORIZED REPRESENTATIVE.
4. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON REVERSE SIDE ARE PART OF THIS ORDER.
5. Unless otherwise noted, the buyer's name listed on line (A) below is the registered owner of the vehicle. If credit life insurance and/or accident and health insurance is selected, the registered owner of the vehicle is the insured.

BUYER REPRESENTATIONS: Buyer certifies that no credit has been either extended to him by dealer or arranged for him by dealer for the cash down payment unless it appears in writing on the face of this order. The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized. I have read the matter printed on the back hereof and agree to it as part of this order as if it were printed above my signature. I certify that I am 18 years of age or older, and hereby acknowledge receipt of a copy of this order.

| _____ 01/17/20 | _____ 01/17/20 |
|---|---|
| PURCHASER'S SIGNATURE    DATE | CO-PURCHASER'S SIGNATURE    DATE |

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS

09406

<u>Document Requests Related to 2010 Ford Explorer, VIN # 1FMHK8F89BGA68442</u>

1. Produce all auction invoices, receipts, and statements related to the sale of the 2010 Ford Explorer, VIN # 1FMHK8F89BGA68442, which is identified in the Exhibit "V" Lawton Auto Auction invoice dated January 22, 2020.

2. Produce all written contracts, agreements, and any exhibits or attachments thereto with Druien Inc. d/b/a Lawton Auto Auction related to the sale by Mainer Ford of the 2010 Ford Explorer, VIN # 1FMHK8F89BGA68442.

3. Produce all written contracts, agreements, and any exhibits or attachments thereto with Michael Garrison d/b/a Rock Hill Used Cars related to the sale by Mainer Ford of the 2010 Ford Explorer, VIN # 1FMHK8F89BGA68442.

4. Produce all written contracts, agreements, invoices, receipts, certificates of title or title applications and documents, or other related documents reflecting the sale or transfer of ownership of the 2010 Ford Explorer, VIN # 1FMHK8F89BGA68442, to Rock Hill Used Cars in June of 2019 as set forth in the attached Exhibit "W" Texas Certificate of Title.

5. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Michael Garrison d/b/a Rock Hill Used Cars related to the sale or transfer of the 2010 Ford Explorer, VIN # 1FMHK8F89BGA68442 from January 1, 2019, to present.

6. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Druien, Inc. d/b/a Lawton Auto Auction related to the sale or transfer of the 2010 Ford Explorer, VIN # 1FMHK8F89BGA68442 from January 1, 2019, to present.

7. Produce all written communications, correspondence, notes, e-mails, and/or text messages by and between Mainer Ford and Lisa Druien related to the sale or transfer of the 2010 Ford Explorer, VIN # 1FMHK8F89BGA68442 from January 1, 2019, to present.

8. Produce all copies of checks (front and back) received by Mainer Ford that correspond to payment from the sale of the 2010 Ford Explorer, VIN # 1FMHK8F89BGA68442 from January 1, 2019, to present.

9. Produce any monthly bank statements (redaction of confidential material permitted) identifying the receipt of money by Mainer Ford that correspond to payment from the sale of the 2010 Ford Explorer, VIN # 1FMHK8F89BGA68442 from January 1, 2019, to present.



## PURCHASE AGREEMENT

**MAINER** *of Okarche* Ford

1724 234TH ST NW OKARCHE, OK 73762
www.mainerfordofokarche.com

BUYER'S NAME(S) ___ ROCK HILL USED CARS
ADDRESS ___ 549 I-30 EAST
CITY ___ SULPHUR SPRINGS ___ STATE TX ___ ZIP 75482
RES. PHONE (903)951-8597 ___ BUS. PHONE N/A
COUNTY OF RES. ___ HOPKINS ___ DATE OF BIRTH ___
DRIVER'S LICENSE NO. ___

PLEASE ENTER MY ORDER FOR THE FOLLOWING: ☐ NEW ☒ USED ☐ DEMO

### VEHICLE TO BE PURCHASED INFORMATION

| YEAR 2011 | MAKE FORD | MODEL/SERIES EXPLORER | BODY STYLE 4WD 4DR LIMITED |
|---|---|---|---|
| COLOR BLACK | TRIM LIMITED | TOP | STRIPE |
| WEIGHT N/A | STOCK NO. FA68442 | ENGINE | ODOMETER READING 135484 |
| VEHICLE or ENGINE NO. 1FMHK8F89BGA68442 | | | |

| | | |
|---|---|---|
| DATE 07/03/19 | SALES REPRESENTATIVE CODY MARSHALL | |

### TRADE-IN VEHICLE INFORMATION

| YEAR N/A | MAKE N/A | MODEL/SERIES N/A | BODY STYLE N/A |
|---|---|---|---|
| COLOR N/A | STOCK NO. N/A | ENGINE | ODOMETER READING N/A |
| VEHICLE or ENGINE NO. N/A | | | |
| BALANCE OWED TO: N/A | | | |
| ADDRESS: | | | |

#### LIEN VERIFICATION

I/we the undersigned being duly sworn deposes(s) and say(s) that I/we am/are of legal age and competent to make this contract and am/are the true (lawful owner(s) of the used vehicle described in this contract and am/are lending (or placing on sale) in accordance with the terms hereof; that there is no lien, mortgage, unpaid balance on any conditional sales agreement or other encumbrances of any kind or character, including lien of any judgment or execution, except as follows: $ _____ payable to _____ address _____ and the _____ (that); that this affidavit is made for the purpose of obtaining credit and to guarantee title to the above mentioned used vehicle and that all statements made herein are true and correct.

X _____     X _____

| BASE VEHICLE PRICE | $ | 8,500.00 |
|---|---|---|
| ACCESSORIES | | |
| N/A | | N/A |
| N/A | | N/A |
| DOC FEE | | N/A |
| LIEN FEE | | N/A |
| TOTAL | | 8,500.00 |

| TOTAL TAXABLE PRICE | 8,500.00 |
|---|---|
| LICENSE (or Transfer Fee) | N/A |
| TITLE (or Transfer Fee) | N/A |
| SALES TAX | N/A |
| NON-TAXABLE CHARGES | N/A |
| TOTAL DELIVERED PRICE | 8,500.00 |
| TRADE-IN ($ N/A ) | |
| LESS LIEN - ($ N/A ) | |
| NET ALLOWANCE TRADE-IN | N/A |
| CASH DEPOSIT / FACTORY REBATE | N/A |
| CASH DUE ON DELIVERY | N/A |
| TOTAL DOWN PAYMENT | N/A |
| BALANCE DUE | 8,500.00 |
| EXTENDED SERVICE CONTRACT | N/A |
| **TOTAL AMOUNT DUE** | **8,500.00** |

CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY

"The information you see on the window form for this vehicle is part of this contract information on the window form overrides any contrary provisions in the contract of sale."

This order shall not become binding until dealer's authorized representative's signature appears here.

MANAGER'S APPROVAL
07/03/19

| RECEIPT NO | AMOUNT REC'D | DATE | R BY | FINANCE SOURCE |
|---|---|---|---|---|
| RECEIPT NO | AMOUNT REC'D | DATE | R BY | CITY |
| | AMOUNT | MONTHS | RATE | INS. |

1. Unless dealer furnishes buyer with dealer's written warranty or service agreement, or the used car sticker on the window of the vehicle indicates otherwise, all goods, services and vehicles sold here under are sold "AS IS". Warranties, if any, on dealer-installed accessories are provided by the manufacturer or supplier of such accessories and not dealer. Only the manufacturer or supplier of such accessories is responsible for performance under any such warranty. This limitation in no way affects the vehicle manufacturer's warranty, if any.
2. If this is a credit sale and a financing disclosure statement has not been completely filled in, this order is not binding on either the buyer or the dealer, and either can cancel it, in which event the Buyer will recover the deposit. However, this order shall become binding on the Buyer upon Buyer's receipt of a completely filled in financing disclosure statements.
3. THE SALESPERSON HAS NO AUTHORITY TO MAKE ANY PROMISES OR REPRESENTATIONS UNLESS THEY ARE WRITTEN ON THIS ORDER AND APPROVED BY DEALER'S AUTHORIZED REPRESENTATIVE.
4. THE ADDITIONAL TERMS AND CONDITIONS PRINTED ON REVERSE SIDE ARE PART OF THIS ORDER.
5. Unless otherwise noted, the buyer's name listed on line (A) below is the registered owner of the vehicle. If credit life insurance and/or accident and health insurance is selected, the registered owner of the vehicle is the insured.

BUYER REPRESENTATIONS: Buyer certifies that no credit has been either extended to him by dealer or arranged for him by dealer for the cash down payment unless it appears in writing on the face of this order. The front and back of this order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized. I have read the matter printed on the back hereof and agree to it as part of this order. If it were printed above my signature. I certify that I am 18 years of age or older, and hereby acknowledge receipt of a copy of this order.

| 07/03/19 | | 07/03/19 |
|---|---|---|
| PURCHASER'S SIGNATURE | DATE | CO-PURCHASER'S SIGNATURE | DATE |

SEE REVERSE SIDE FOR ADDITIONAL TERMS AND CONDITIONS

**MIKE GARRISON**
DBA ROCK HILL USED CARS
549 I-30 EAST
SULPHUR SPRINGS, TX 75482

1039

7-23   20 19

88-560/1119

PAY TO THE
ORDER OF   M r. n e r   F o r d                               $ 8,500

Eighty   Five   hundred   +   ce 7,, —                        DOLLARS

Texas American Bank
A Branch of FNB - Gilmer
PO Box 9 Mt. Vernon, TX 75457
(903) 537-2700   Fax (903) 537-2570

MEMO                              Ford

⑆001039⑆  ⑆111905609⑆:   ⑈0086517011⑈

# CERTIFICATE OF TITLE

## STATE OF OKLAHOMA

VEHICLE IDENTIFICATION NUMBER
**1FMHK8F89BGA68442**

YEAR
**2011**

MAKE
**FORD**

TITLE NO.
**810003905080**

BODY TYPE
**UT**

MODEL
**EPR**

DATE 1st SOLD
**02-Jun-2011**

DATE ISSUED
**30-Jun-2017**

AGENT NO.
**M5579**

ODOMETER
**101929
Actual**

TYPE OF TITLE
**Transfer**

DATE INS.
**LOSS OR SALVAGE**

NAME AND ADDRESS OF VEHICLE OWNER

**MICHAEL PEREZ
13117 BEAUMONT DR
PIEDMONT OK 73078-3034**

THIS VEHICLE IS SUBJECT TO THE FOLLOWING LIEN(S):

6/7/2017          BANK OF AMERICA, N.A.

*It is hereby certified that according to the records of the Oklahoma Tax Commission, the person named hereon is the owner of the vehicle described above which is subject to a lien(s) as shown; however, the vehicle may be subject to other liens or security interests.*

CONTROL NO.
**44454557**
(This is not a title number.)

---

### ASSIGNMENT OF TITLE BY REGISTERED OWNER (If Dealer, List License # Here: _____ )

IF REGISTERED OWNER (SELLER) IS A LICENSED DEALER, PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

Purchaser(s) Name (Type or Print): **Mainer Ford**

Purchaser(s) Complete Address: **PO Box 834
Okarche, OK 73762**

Actual Purchase Price of Vehicle: _____

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning — Odometer Discrepancy

(NO TENTHS)

Signature of Seller(s): _____   Printed Name of Seller(s): Michael Perez

Subscribed and Sworn to Before me this ____ Day of **June** , 20 **19** .

Notary Public: _____   Commission Expiration: _____

*Notarization required only for seller's signature(s). Affix notary seal/stamp to the right.*

Signature of Buyer(s): _____   Printed Name of Buyer(s): CHRIST SANDE____

VOID IF ALTERED

## Ownership Transfer Information

Federal and state law requires that the odometer reading and its accuracy be disclosed upon every transfer of ownership of a motor vehicle unless otherwise exempted. Failure to complete or providing false information may result in fines and/or imprisonment.

The presence of any lien or encumbrance on this vehicle is to be so noted where indicated on the bottom of this page.

State law requires a transfer of ownership to be completed within thirty (30) days of acquiring ownership. Failure to do so subjects the owner or possessor to the assessment of delinquent penalties, as provided by law.

**ALL SELLERS' SIGNATURES ON THIS DOCUMENT MUST BE SWORN TO BEFORE A NOTARY PUBLIC.**

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER: UD 2133

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following. Subject only to the liens or encumbrances, if any, properly noted on the certificate.

Purchaser(s) Name (Type or Print): Rock Hill Used Cars

Purchaser(s) Complete Address: 549 I-30 East   Sulphur Springs TX 75483

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ (NO TENTHS)   ☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning— Odometer Discrepancy

Signature of Seller(s): _Christi Sandes_   Printed Name of Seller(s): CHRISTI SANDERS

Subscribed and Sworn to Before me this   12   Day of   July   , 20 19

Notary Public: _Kathy Martin_   Commission Expiration:

_Notarization required only of seller's signature(s). Affix notary seal/stamp to the right._

Signature of Buyer(s):   Printed Name of Buyer(s):

### REASSIGNMENT OF TITLE BY LICENSED DEALER NUMBER:

I/we hereby assign and warrant ownership of the vehicle described on this certificate to the following, subject only to the liens or encumbrances, if any, properly noted on this certificate.

PLACE OKLAHOMA MOTOR VEHICLE TAX STAMP HERE

Purchaser(s) Name (Type or Print):

Purchaser(s) Complete Address:

Actual Purchase Price of Vehicle, Excluding Credit for Any Trade-in:

I certify to the best of my knowledge that the ODOMETER READING reflected on the vehicle's odometer and listed below is the ACTUAL MILEAGE of the vehicle UNLESS one of the accompanying statements is checked:

☐ (NO TENTHS)   ☐ 1. The odometer has exceeded its mechanical limits.
☐ 2. The odometer reading is NOT the actual mileage. Warning— Odometer Discrepancy

Signature of Seller(s):   Printed Name of Seller(s):

Subscribed and Sworn to Before me this   Day of   , 20

Notary Public:   Commission Expiration:

_Notarization required only of seller's signature(s). Affix notary seal/stamp to the right._

Signature of Buyer(s):   Printed Name of Buyer(s):

### LIENHOLDER INFORMATION

Any active lien or encumbrance against this vehicle is to be described below. Any active lien reflected on the face of this certificate will carry forward to any subsequent Oklahoma title issued unless a proper release of lien has been executed.

LIENHOLDER NAME:   DATE OF LIEN:

LIENHOLDER ADDRESS / CITY / STATE / ZIP:

Appendix 1517

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION,<br><br>      Plaintiffs,<br><br>v.<br><br>DRUIEN, INC. D/B/A LAWSTON AUTO AUCTION, LISA DRUIEN, MICHAEL GARRISON D/B/A ROCK HILL USED CARS, AND AUSTIN GARRISON D/B/A AUSTIN FINANCIAL SERVICES,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Adv. Pro. No. 18-03393 |

**BUSINESS RECORDS AFFIDAVIT**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TITUS | § |

BEFORE ME, the undersigned official, on this day personally appeared Rhory Cheyenne Wilson, known to me to be a credible person and whom, after having been by me first duly sworn, under oath deposed and stated the following:

1. My name is Rhory Cheyenne Wilson. I am over eighteen years old, I understand the nature of this oath, and I am otherwise competent to testify as to the matters stated in this Affidavit. This testimony is based on my own personal knowledge and the facts stated herein are true and correct. I have also personally reviewed each of the documents attached hereto.

2. I am a custodian of the records concerning my business dealings with AuctioneerExpress.com. Attached hereto are nineteen (19) pages of records. These said pages of records are kept by me in the regular course of business, and it was the regular course of my business

**BUSINESS RECORDS AFFIDAVIT**                 **PAGE 1**

Appendix 1518

for an employee or representative with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

3.      At no time have I conducted any business or sold any motor vehicles through or with Druien, Inc. d/b/a Lawton Auto Auction d/b/a Lawton Cache Auto Auction (the "Auction."). All of the sales pertaining to the motor vehicles identified in the records attached hereto consisting of contracts for sale, checks, and titles were sold through AuctioneerExpress.com. Any auction invoice created, issued, or circulated by Druien, Inc. d/b/a Lawton Auto Auction d/b/a Lawton Cache Auto Auction that identifies me as a seller of any motor vehicle is not a true and correct auction invoice but was instead created, issued and/or circulated without my knowledge or consent.

Further affiant sayeth not.

Executed this the *22 day of March, 2021.



*_____
By: ~~Rhory~~ Cheyenne Wilson


SUBSCRIBED AND SWORN TO before me by the said Rhory Cheyenne Wilson, this the *22nd day of March, 2021, to certify which witness my hand and seal of office.

JANELL WALTON
Notary Public
State of Texas
ID # 12635497-9
My Comm. Expires 05-14-2022

_____
Notary Public In and For Said
County and State  Camp , Texas

# AuctioneerExpress.com

1521 w. 16th ST. Mt. Pleasant TX. 75455
903-572-4975
www.AuctioneerExpress.com

## Contract for Sale of Personal Property by means of Internet Auction

This agreement is made and entered into this __19__ day of __November 208__, I or we, herein referred to as such, or as "Seller", hereby grant unto AuctioneerExpress.com (Dale McGonagill TX.13801) herein referred to as such, or "Auctioneer", to serve as Seller's agent with the sole and exclusive right and authority to sell at public auction or Internet only auction for the highest and best bid or, by private treaty or otherwise in the most advantageous manner and amount, certain personal and chattel property belonging to Seller as generally described below or itemized on the reverse side or attached sheet(s):

| | | |
|---|---|---|
| Kenworth Cabover   VIN: 243451M | Reserve | 2500.00/xx |
| Gene Trailer   VIN: 9D76767 | Reserve | 2500.00/xx |
| Lufkin Trailer   VIN: ILO1A4820J1078533 | Reserve | 1950.00/xx |

Said personal and chattel property is located at:
**1521 W. 16th, Mount Pleasant, TX 75455.**

Auction to start ending at __11:00AM__ on or about __December 2018__ at the following address: __1521 W. 16th, Mount Pleasant, TX. 75455__

### THE SELLER'S EXPENSES ARE OUTLINED BELOW:

Seller agrees that in consideration of their mutual promises and covenants herein that Auctioneer shall receive as his auction sales fee and compensation for promoting and conducting said auction __10__ % of the gross amount for which each and every item/lot is sold, exclusive of sales tax and buyer's premium (if any). If any item/lot has a reserve the reserve will include the auction sales fee to be deducted by Auctioneer. The selling auction sales fee and buyer's premium (if any) will also apply to the sale of any property made by Auctioneer with Seller's approval, before or after the auction. Any expenses for preparation of items to be sold including but not limited to transporting merchandise, cleaning/detailing merchandise, repairs made to merchandise or any other charges relating to, will be deducted from gross proceeds of auction or paid directly to Auctioneer by seller.
Seller agrees to pay for any ads that they submit or request auctioneer to submit to any form of media for which compensation would be due. If Auctioneer submits ads at Sellers request the cost of ads will be deducted from gross proceeds. If Seller wishes to submit any ad to any form of media seller will provide a copy of ad to Auctioneer for approval before submitting.

Auctioneer will only pay the cost for ads that the Auctioneer elects to submit to American Classifieds, Country World, Newspapers, Radio, Online Auction Guides, or any other ad's that Auctioneer may be running and chooses to include the promotion of the auction.

If Auctioneer and or staff are required to go on location, other than the Auctioneer's premises to prepare items for auction, other charges may apply. Including but not limited to travel, lodging, hourly labor charges, material costs, rigging, and other expenses related to the auction. This will be negotiated per auction basis.

Auctioneer will handle titles for vehicles, watercraft, off road vehicles or other; there will be a **$0.00** fee per title. This fee includes certified mailing and filing the Texas Motor Vehicle Transfer Notification form with the State of Texas.

Seller agrees to allow Auctioneer the exclusive right, up to 30 days after the auction, to complete the sale of item(s) or negotiate sale between seller and buyer. The above commission rate will apply.

Any items of personal and chattel property to be sold that are encumbered by certain liens or encumbrances are described here (list items, secured party and balance): __none__

Further conditions: **Make Check Payable to :** __Rhory Wilson__

**Auctioneer warrants:** Auctioneer warrants (a) to use his professional skill, knowledge and experience to the best advantage of Seller and Auctioneer in preparing for and conducting the auction; (b) to provide equipment and materials necessary to conduct the

Contract - Consignment                    i                    _____ (Seller's initials) _____ (Auctioneer's initials)

auction; and, (c) to do all other things herein agreed, (d) that he/she is licensed by the state of Texas and if there are any unresolved complaints against this auctioneer/auction company, complaints may be directed to Texas Department of Licensing and Regulations, P.O. Box 12157, Austin, Texas 78711, 512-463-6599, cs.auctioneers@tdlr.texas.gov

**Seller Warrants:** (a) Seller hereby warrants and represents that I am, or we are, the lawful and sole owner(s) of the personal and chattel property specified, and that I, or we, have full power and authority to sell such property and I am, or we are, vested with the rights to the proceeds from the auction/sale; (b) property is free and clear of all claims, liens or encumbrances, title disputes, indebtedness, security interests and that consignor has full authority to sell the same without the joinder of any other party. Consignor agrees to indemnify, defend and hold Auctioneer harmless from any and all manner of cost or liability, including without limitation attorney's fees, that arise in any way out of a breach of this representation, including any claims that may allege Auctioneer's own negligence and can be sold without violation of any federal, state, or other regulations, except as disclosed in a written notice attached to this contract giving all details; (c) the property does not include dangerous, hazardous, harmful or illegal substances, has no hidden latent or patent defects, and poses no environmental, health, safety or other hazard; (d) full compliance with all requirements of the state of Texas, Uniform Commercial Code, and all other applicable rules of law and regulations, whether local, state or federal, to permit the sale of the property; (e) auctioneer reserves the right to remove any item from auction for any reason whether listed above or not before, during or after auction; (f) seller agrees that any item taken on consignment to be auctioned or sold may have the serial number and or vehicle identification number checked by the Texas Department of Public Safety (DPS) or other sources to make sure the item has not been reported stolen.

**Further Agreements by Seller:** (a) Seller agrees that they have a bona-fide intention to sell the property and will immediately convey possession and provide a good and marketable title of ownership to all items sold to the highest bidder; (b) Seller agrees to i) assist in preparing the property for auction, as requested by Auctioneer, and do those things deemed necessary by Auctioneer to present the property in the most favorable light; and ii) to accurately represent the property including, but not limited to, its description, type, composition, quality, condition, and value; (iii) not interfere with, prevent, or prohibit Auctioneer in any manner prior to or during auction from carrying out Auctioneer's duties and obligations of this contract; and, (c) to do all other things herein agreed, If the seller or any agent for the seller places a bid and is the successful high bidder of a item, seller is to pay the auctioneer a 5% auction sales fee of the gross amount of the successful high bid, with an auction sales fee cap of $250.00 for each item that seller buys back. The buyback fee will also apply to any item that seller places an undisclosed reserve on and reserve is not met. Seller agrees that the auction sales fee will be deducted from the gross proceeds of sale or paid directly to Auctioneer. Seller also agrees that if high bidder defaults on a bid for any reason that Auctioneer can go to a back up bidder to complete the sale;(d) seller agrees items that have a title and or other transfer documentation will be required to transfer ownership of said item will be properly endorsed and in Auctioneer's possession during and at end of auction.

**Definitions:** "Absolute Auction" means an auction in which real or personal property offered for auction is sold to the highest bidder without reserve, without the requirement of any minimum bid, and without the requirement of competing bids of any type by the seller or agent of the seller, and where the seller may not withdraw the real or personal property from auction once the auction is opened and there is public solicitation or calling for bids. "Reserve Auction" means an auction in which the seller or seller's agent reserves the right to establish a stated minimum bid or the right to accept or accept any or all bids, or to withdraw the real or personal property at any time prior to the completion of the auction by the Auctioneer. All auctions are to be with reserve unless it is explicitly stated otherwise in the contract and in the terms and conditions of the auction.

**Seller's Choice:** Seller understands that the auction can be conducted with a reserve or without reserve (as defined above). It is mutually agreed and understood that Seller has chosen to sell the property **without reserve** or limitation, unless otherwise agreed and the item is expressly held out to have a reserve and the reserve and the description of item is placed in writing as part of this contract.

**Seller's Identity:** Seller agrees that Auctioneer may disclose the seller's name and other information to bidders, law enforcement, financial institutions or other interested parties at any time before, during or after auction voluntarily or upon request. Seller also agrees that Auctioneer may use sellers name & other information in promoting the auction.

**No Guarantees:** (a) Auctioneer does not guarantee a sale and no guarantee is made as to the gross or net return to Seller; (b) Auctioneer is not responsible in the event the Seller and/or any buyer at the auction fail to live up to their respective agreements concerning any property to be sold at the auction, or in the event of any non-delivery of property by Seller to any such Buyer.

**Disclosed Dual Agency:** Seller consents that Auctioneer, his staff, and registered absentee bidders may participate in the auction to buy items by bidding fairly and competitively, thus the Auctioneer is a dual agent in these instances.

**Auctioneer's Discretion:** (a) Auctioneer may organize the property into separate lots for sale and use discretion to do what is deemed appropriate to affect an advantageous sale; (b) Auctioneer may decline to sell any property Auctioneer deems unsuitable for sale and may dispose of any such items as he sees fit, with no liability on his part.

**Right to Consign:** The Auctioneer, at his sole discretion, may add additional personal property to the Auction belonging to other consignors.

**As Is, Where Is:** The property will be sold "As Is, Where Is" with no warranties, either expressed or implied, in units of measure as announced, except as provided herein or by law.

ii

_(Seller's initials)_   _(Auctioneer's initials)_

Contract – Consignment

**Inspection of Items:** For items that cannot be relocated to Auctioneer's location, Seller is to provide a minimum of one person for inspection of items to be sold. There must be a minimum of three (3) inspection days and a minimum of six (6) hours per day, prior to auction ending date. If seller cannot provide personnel to oversee inspection, the Auctioneer will provide personnel at the cost of **$ 0.00** per hour. The dates and times of inspection will be agreed upon seller and Auctioneer. Dates and time will be defined on an attached Auction Information sheet.

**Removal of Items:** For items that cannot be relocated to Auctioneer's location, Seller agrees to provide at least one (1) person to oversee the removal of items. This person will be required but not limited to checking paid receipts against the items being removed, making sure that other items are not damaged or tampered with wile buyers are removing items, and having buyers sign Auctioneer's copy of receipt. This person also should not let anyone or group of person(s) perform any acts that could cause harm to themselves or any other person(s) or cause damage to another person's property. While on sellers premises seller will provide this support for a minimum of five (5) days after auction has ended for a minimum of six (6) hours a day. The dates and times of inspection will be agreed upon by Seller and Auctioneer. Dates and time will be defined on an attached Auction Information sheet. If for any reason buyer cannot remove items during the allotted time frame due to unforeseen reasons beyond their control, Seller agrees to work with buyer and auctioneer to allow removal of items within a reasonable time limit.

**Payments:** (a) Auctioneer will provide staff to receive and accept payments from buyers in the form of cash, certified funds, bank checks and personal checks with proper identification; (b) Auctioneer shall deposit all proceeds, checks, etc. into the Auctioneer's Escrow/Trust Account within seventy two (72) hours in accordance with state auction laws; (c) Any checks payable to the Auctioneer are subject to collection and entitle the Auctioneer to any interest earned from those funds until those funds are transferred from the Auctioneer's Trust Account; and, (d) Auctioneer is entitled to any buyer's premiums collected and Seller will be entitled to the amount of the high bid, minus auction sales fees. (e) Seller agrees that all auction sales fees and expenses incurred for the advertisement, marketing, promotion and conducting of said sale as agreed herein, shall be first paid from the gross proceeds realized from said sale before the payment and satisfaction of any of the described liens or encumbrances.

**Accounting and Settlement:** (a) Auctioneer will make disbursement to Seller minus Auctioneer's selling fees, all costs chargeable to Seller including withdrawal or cancellation fees, and any outstanding proceeds upon bank clearance within fifteen (15) business days after the date of the auction; (b) The auction settlement shall account and detail to Seller a written accounting of all funds received, including the gross proceeds, all costs chargeable to Seller, and the net proceeds to Seller; (c) clerking sheets, auction receipts, or other evidence documenting the property sold, will be available for Seller's inspection as it becomes available or included with the auction settlement.

**Withdrawn Property:** Seller agrees not to sell, remove, or withdraw any property from the auction after date of contract except by mutually signed written agreement between Seller and Auctioneer. If any item is sold or withdrawn prior to auction or transferred or sold within sixty (60) days after the auction, Auctioneer shall receive full auction sales fees on the item based on the fair market value of the item as liquidated damages. Auctioneer or independent appraisal will determine value.

**Postponement:** (a) If the auction is postponed because of inclement weather, or for any other reason not caused by Auctioneer, Seller will immediately pay Auctioneer the full sum to advertise and otherwise give public notice of the postponement; (b) Auctioneer will have the exclusive right to conduct the subsequent auction of the property, and the parties will promptly reschedule the auction; (c) In the event the auction cannot be conducted within thirty (30) days of the original date, it will be deemed canceled and immediately pay Auctioneer his full cancellation fees as liquidated damages (see below).

**Cancellation:** (a) If the auction is canceled for any reason not caused by Auctioneer including, but not limited to, the commencement of legal action or court order, Seller will immediately pay Auctioneer a fee of fifteen (15) percent of the fair market value of the property as established by independent appraisal as liquidated damages ("cancellation fees"); (b) If Auctioneer has advertised the auction prior to the notice to cancel, Seller agrees the cancellation will have a negative impact on Auctioneer's reputation and business, so Seller will immediately pay Auctioneer a cancellation fee of fifteen (15) percent of the fair market value of the property covered within this agreement or that remains unsold, plus full sum to advertise and otherwise give public notice of the cancellation, as liquidated damages.

**Risk of Loss and Insurance:** (a) Auctioneer, and administrators, agents, assigns, attorneys, beneficiaries, contractors, devisees, employees, executors, heirs, legatees, representatives, and successors in interest will use reasonable care in handling and selling Seller's property, but will not be responsible or liable for any loss, breakage, or damage to the property regardless of cause inclucing, but not limited to, negligence, fire, theft, vandalism, act of God, or other casualty, damage or destruction; (b) The risk of loss will remain exclusively on Seller until delivery of the property to the respective buyer(s) when the risk of loss shall pass to the buyer(s); (c) Auctioneer will not insure the property against loss and Seller agrees to procure any fire, breakage, theft, or other insurance that Seller deems adequate and necessary.

**Hold Harmless and Indemnification:** (a) Seller agrees to hold Auctioneer harmless and indemnify Auctioneer and his officers, agents, and staff from and against any and all damages, deficiency, expenses, claims, losses or liability of every kind, demands, actions or suits, judgments, costs, including reasonable attorney's fees and costs of defense and expenses arising in whole or part from any act, error, negligence, omission or wrongdoing by Seller, Sellers agents or employees, arising from performance or breach of term of this contract.

Contract - Consignment                                          iii          _(signature)_ (Seller's initials) _(signature)_ (Auctioneer's initials)

**Marketing:** (a) Seller agrees that Seller's names may be used in any marketing as deemed advisable by the Auctioneer to promote the auction; and, (b) Auctioneer has the right to place signs on the property to further advertise the auction, and may remove other signs at his discretion.

**Internet Terms & Conditions:** The undersigned agrees to all terms and conditions of Auctioneer's website, as well as the terms and conditions of this agreement.

**Binding Effect:** It is mutually agreed that this contract shall be fully binding and obligatory upon the undersigned, and their separate heirs, administrators, executors, agents, assigns, attorneys, beneficiaries, devisees, legatees, representatives and successors in interest of the undersigned. This contract will be construed and governed solely in accordance with the laws of the state of Texas.

**Choice of Law and Venue:** (a) This contract will be construed and governed solely in accordance with the laws of the state of Texas; (b) The exclusive venue for any controversy or claim between the parties will be __Titus__ (County), __Mount Pleasant__ (City), Texas.

**Partial Invalidity:** (a) If any term of this contract is later held illegal, invalid, or unenforceable, all other provisions will continue in full force and not be affected by the illegal, invalid, or unenforceable provision, or by its severance from this contract; (b) In lieu of any illegal, invalid, or unenforceable provision, there will automatically be added to the contract a provision as similar in terms to the illegal, invalid, or unenforceable provision as may be legal, valid, and enforceable.

**Entire Agreement:** (a) The undersigned acknowledge that they have read the foregoing contract and understand the contents thereof; (b) statements made by me, or us, are true to the best of my, or our, knowledge; (c) this contract contains and sets out the entire undertaking between the parties and there are no oral or written agreements, inducements, promises, representations, or warranties other than those expressly set forth herein; (d) a modification or waiver of any of the provisions of this contract will be effective only if made in writing and executed with the same formality as this contract; and; (e) the failure of either party to insist upon the strict performance of any of the provisions of this contract will not be construed as a waver of any consequent default of the same or similar nature; (f) Auctioneer reserves the right to refuse any auction and  may refuse to sell any item for any reason at their sole discretion.

Each party acknowledges that he/she has read and fully accepted and agreed to the terms of this contract and received a fully executed copy this _____19_____ day of _NOVember 2018_.

Owner/Representative Signature: _Rhow L Wilson_

Printed Name: _Rhory L Wilson_

Address: _P.O. Box 1289   Pittsburg, TX   75686_

Phone #: _903. 563. 0689_

Owner/Representative Signature: _____

Printed Name: _____

Address: _____

Phone #: _____

Make Net Proceeds Check Payable to: _Rhory Wilson_

Mail Net Proceeds Check to: _Pick up check_

_M. Martin_ – Auctioneer
Dale McGonagill TX 13801 (Auctioneer)
Or Authorized Agent Signature

_Rhow L Wilson_
Seller Signature

_____    _____
Witness Signature                    Print Witness Name

Contract - Consignment

iv

_RW_ Seller's initials   _MM_ Auctioneer's initials

**Additional Listing of Items**

**(To serve as an attachment to Contract – Consignment)**

Item & Serial/VIN

Utility Trailer   VIN: 1UYVS2488TM596508 (3 mm)   Reserve 1950.00/xx

Great Dane Trailer VIN: 1GRAA9224SB029809   Reserve 1950.%/xx

Great Dane Trailer   VIN: 1GRAA922XSB029801   Reserve 1950.00/xx

Fiat Tractor   Ser: 00654 (on Rops)   Reserve 5800.%/xx

Tommy Lift   Ser:   Reserve 250.%/xx

_____   Reserve _____

_____   Reserve _____

_____   Reserve _____

_____
Signature

_____
Print   Rhory L Wilson

_____
Date   11-19-2018

Contract - Consignment

_RLW_ (Seller's initials) _MMM_ (Auctioneer's initials)

Appendix 1524

Texas Penal Code § 31.11

Auctioneer advises the undersigned consignor that under Texas Penal Code § 31.11 it is unlawful to possess or sell personal property that has had the serial number or other identifying number removed, altered or obliterated, or to remove, alter or obliterate any such numbers or marks. The undersigned warrants and represent to Auctioneer that there is no such property included in the consigned property. If any such property is included, the undersigned warrants and represents that he/she is the true owner of such property, or the authorized agent of the true owner of the property and that the property is not stolen property. The undersigned understands and agrees that Auctioneer is relying on the truth of this statement and that Auctioneer would not sell the property otherwise. The undersigned agrees to indemnify, defend and hold Auctioneer harmless from any and all manner of liability that may arise from the same of any such property.

_Rhon Wilson_

Printed Name of Consignor

_[signature]_

Signature of Consignor

_11 - 19 - 2018_

Date

Sec. 31.11. TAMPERING WITH IDENTIFICATION NUMBERS. (a) A person commits an offense if the person: (1) knowingly or intentionally removes, alters, or obliterates the serial number or other permanent identification marking on tangible personal property; or (2) possesses, sells, or offers for sale tangible personal property and: (A) the actor knows that the serial number or other permanent identification marking has been removed, altered, or obliterated; or (B) a reasonable person in the position of the actor would have known that the serial number or other permanent identification marking has been removed, altered, or obliterated. (b) It is an affirmative defense to prosecution under this section that the person was: (1) the owner or acting with the effective consent of the owner of the property involved; (2) a peace officer acting in the actual discharge of official duties; or (3) acting with respect to a number assigned to a vehicle by the Texas Department of Transportation and the person was: (A) in the actual discharge of official duties as an employee or agent of the department; or (B) in full compliance with the rules of the department as an applicant for an assigned number approved by the department. (c) Property involved in a violation of this section may be treated as stolen for purposes of custody and disposition of the property. (d) An offense under this section is a Class A misdemeanor. (e) In this section, "vehicle" has the meaning given by Section 541.201, Transportation Code.

AuctioneerExpress.com
1521 W. 16th
Mt. Pleasant, TX 75455

# Invoice

#181211-14050-6
12/16/2018

rock hill used cars
mike garrison
549 interstate 30
sulphur springs texas   75482

Phone: 9039518597
9039518603
Fax: 9033358928
Email: dgarrison31@hotmail.com

| Bidder | Item | Qty | Description | Tax | Amount |
|--------|------|-----|-------------|-----|--------|
| 14050 | 21 | 1 | (UNIT 589) GREAT DANE 45' Reefer Trailer. VIN: 1GRAA9224SB029809. Mfg: 09/94. Has air brakes. Was pulled to auction yard. Current condition unknown. License plates will be removed. This item is "Used" and may contain unknown defects. BIDDER IS RESPONSIBLE FOR INSPECTING MERCHANDISE BEFORE BIDDING. THIS INFORMATION IS BELIEVED TO BE TRUE TO THE BEST OF KNOWLEDGE AND IS TO BE USED AS A GUIDE ONLY. ITEM IS BEING SOLD AS IS, WHERE IS WITH ALL FAULTS AND DEFECTS. NO WARRANTIES OR GUARANTEES IMPLIED OR EXPRESSED. | | 1950.00 |
| 14050 | 22 | 1 | (UNIT 590) GREAT DANE 45' Reefer Trailer. Has air brakes. Was pulled to auction yard. Current condition unknown. License plates will be removed. This item is "Used" and may contain unknown defects. BIDDER IS RESPONSIBLE FOR INSPECTING MERCHANDISE BEFORE BIDDING. THIS INFORMATION IS BELIEVED TO BE TRUE TO THE BEST OF KNOWLEDGE AND IS TO BE USED AS A GUIDE ONLY. ITEM IS BEING SOLD AS IS, WHERE IS WITH ALL FAULTS AND DEFECTS. NO WARRANTIES OR GUARANTEES IMPLIED OR EXPRESSED. | | 1950.00 |

| | | |
|---|---|---|
| **Bid total:** | 3900.00 |
| **Total:** | 3900.00 |
| #220338  PAID Cashier's Check | 3900.00 |
| **Balance Due:** | 0.00 |

## * Paid in Full *

LOCATION:
Mount Pleasant, Texas

REMOVAL:
December 12th - December 14th & December 17th - December 19th. 10:00AM to 4:00PM. By Appointment! ITEMS MUST BE REMOVED BY DECEMBER 20TH!

CONTACT:
903-572-4975

**Release Letter**

Auctioneer: AuctioneerExpress.com

Seller: open Consignment

Location of Auction: Mount Pleasant, texas

Date of Auction: December 11th 2018

Successful Bidder & Bidder Number: Mike GArrison - 14050

Successful Bidder's Representative: STEVE WOMACK

2 53' Reefer TRAilers

I, the Successful Bidder, authorize the Seller to release the merchandises listed on the attached **Paid** auction invoice to the Successful Bidder's Representative who will take possession of and remove all of the merchandises purchased by me on the Date of Auction, from the Seller's Location. When arriving at the Auction Location, Successful Bidder's Representative will be required to present identification in the form of a Driver License and a copy of the **Paid** auction invoice before removal of the merchandises can begin. A copy of this Release Letter must be sent via fax (903-572-5083) or email to info@auctioneerExpress.com. I acknowledge and agree that the Seller & Auctioneer will have no liability and buyer will assume all liability resulting from the removal and transportation of merchandises by the Successful Bidder's Representative as set forth herein.

[signature]

Signature of Successful Bidder

1-3-19

Date Signed

Please Release [illegible] To STEVE WOMACK

Sent from my iPhone

...doneerExpress.com
621 W. 16th
Mt. Pleasant, TX 75455

# Invoice

#181211-14050-6
12/18/2018

rock hill used cars
mike garrison
549 interstate 30
sulphur springs texas  75482

Phone: 9039518597
9039518603
Fax: 9033358928
Email: dgarrison31@hotmail.com

| Bidder | Item | Qty | Description | Tax | Amount |
|--------|------|-----|-------------|-----|--------|
| 14050 | 21 | 1 | (UNIT 589) GREAT DANE 45' Reefer Trailer. VIN: 1GRAA9224SB029809. Mfg: 09/94. Has air brakes. Was pulled to auction yard. Current condition unknown. License plates will be removed. This item is "Used" and may contain unknown defects. BIDDER IS RESPONSIBLE FOR INSPECTING MERCHANDISE BEFORE BIDDING. THIS INFORMATION IS BELIEVED TO BE TRUE TO THE BEST OF KNOWLEDGE AND IS TO BE USED AS A GUIDE ONLY. ITEM IS BEING SOLD AS IS, WHERE IS WITH ALL FAULTS AND DEFECTS. NO WARRANTIES OR GUARANTEES IMPLIED OR EXPRESSED. | | 1950.00 |
| 14050 | 22 | 1 | (UNIT 590) GREAT DANE 45' Reefer Trailer. Has air brakes. Was pulled to auction yard. Current condition unknown. License plates will be removed. This item is "Used" and may contain unknown defects. BIDDER IS RESPONSIBLE FOR INSPECTING MERCHANDISE BEFORE BIDDING. THIS INFORMATION IS BELIEVED TO BE TRUE TO THE BEST OF KNOWLEDGE AND IS TO BE USED AS A GUIDE ONLY. ITEM IS BEING SOLD AS IS, WHERE IS WITH ALL FAULTS AND DEFECTS. NO WARRANTIES OR GUARANTEES IMPLIED OR EXPRESSED. | | 1950.00 |

| | |
|---|---|
| **Bid total:** | 3900.00 |
| **Total:** | 3900.00 |
| #220338  PAID Cashier's Check | 3900.00 |
| **Balance Due:** | 0.00 |

## * Paid in Full *

LOCATION:
Mount Pleasant, Texas

REMOVAL:
December 12th - December 14th & December 17th - December 19th. 10:00AM to 4:00PM. By Appointment! ITEMS MUST BE REMOVED BY DECEMBER 20TH!

CONTACT:
903-572-4975

*Trailers Picked up by:*

*Steve Womack    1-23-19*

*Steve Womack*

THIS DOCUMENT HAS AN ARTIFICIAL WATERMARK PRINTED ON THE BACK. THE FRONT OF THE DOCUMENT HAS A MICRO-PRINT SIGNATURE LINE. ABSENCE OF THESE FEATURES WILL INDICATE A COPY.

## Guaranty
### BANK & TRUST   FDIC

88-1532
1110

**220338**

MIKE GARRISON

REMITTER
Memo:

DATE Dec 18, 2018

Pay to the
order of   AUCTIONEEREXPRESS.COM                    $3,900.00
                                                     $

**Pay Exactly** Three Thousand Nine Hundred and 00/100********************
Void After 90 Days

## CASHIER'S CHECK

PAYABLE THROUGH
GUARANTY BANK & TRUST
MT. PLEASANT, TEXAS

AUTHORIZED SIGNATURE
ISSUER ACCEPTS AS DRAWER/DRAWEE

⑈220338⑈ ⑆111915327⑆ ⑈12523288⑈

SOUTHWESTERN STATIONERS BANK SUPPLY • 800-366-0905



**Texas Department of Motor Vehicles**

# Texas Motor Vehicle Transfer Notification

## Information and Instructions

- Submit this form within 30 days of the vehicle's date of transfer to help protect yourself from liability for criminal or civil acts involving the vehicle and the person(s) or entity taking ownership. However, the department will still notate your record if submitted after the 30 days.
- **Submission of this form does not transfer ownership.** The person(s) or entity taking ownership must file a title application with the appropriate entity (in Texas, the county tax assessor-collector's office) in order to record themselves as the owner and receive a title in their name. Until a new title is issued, the Texas title record will reflect the name of the existing owner(s).
- Provide as much information as possible about the persons(s) or entity to increase your protection from liability.
- When you submit this form, the motor vehicle record will be marked to show the vehicle has been transferred.
- You may submit this form electronically at www.TxDMV.gov to more quickly mark the motor vehicle record to show the vehicle has been transferred. **Please do not submit this form both electronically and by mail.**
- Mail completed form to: **TxDMV Vehicle Titles and Registration Division, PO Box 26417, Austin, TX 78755-0417**

## Vehicle Information

| Vehicle Identification Number | Year | Make | Body Style | Model |
|---|---|---|---|---|
| 1GRAA922XSB029801 | 1995 | GDAN | RF | |

| Title/Document Number | Texas License Plate Number |
|---|---|
| 03200043348153204 | TONLY09 |

## Transfer Information

| Date of Transfer (by Sale, Gift, Donation, etc.) | For Cars (6,000 lbs. or less) or Light Trucks (10,000 lbs. or less) |
|---|---|
| 12/11/2017 | Did you keep your plates? ☒ Yes ☐ No |

## Transferor Information – Person(s) or entity transferring (by sale, gift, donation, etc.) the vehicle

| First Name (or Entity Name) as shown on the Texas title | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| RHORY | CHEYENNE | WILSON | |

| Address | City | State | Zip |
|---|---|---|---|
| 3950 FM 1735 | MT. PLEASANT | TX | 75455 |

| Country | Phone Number | Email |
|---|---|---|
| USA | 903- | cathy@auctioneerexpress.com |

## New Owner Information – Person(s) or entity to whom the vehicle was transferred

| First Name (or Entity Name) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| ROCK HILL USED CARS | | | |

| Additional First Name (if applicable) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| | | | |

| Address | City | State | Zip |
|---|---|---|---|
| 549 INTERSTATE 30 | SULPHUR SPRINGS | TX | 75482 |

| Country | Phone Number | Email |
|---|---|---|
| USA | 903-951-8597 | dgarrison31@hotmail.com |

## Certification – State law makes falsifying information a third degree felony

I, the above listed transferor, am notifying the Texas Department of Motor Vehicles that I have transferred the above vehicle, which was legally owned by me and had a Texas title issued in my name. I understand the department will notate the transfer on the vehicle record, and under Texas law, the vehicle will remain in my name until the new owner(s) transfers the title into their name.

| *Rhory C. Wilson* *by Cathy McGonagill* | Rhory C. Wilson by Cathy McGonagill | 12/11/2018 |
|---|---|---|
| Signature of Transferor | Printed Name (Same as Signature) | Date |

VTR-346 Rev 08/16                     Form available online at www.TxDMV.gov                     Page 1 of 1

 **AuctioneerExpress.com** 
### 1521 West 16th Street
### Mt. Pleasant, Texas 75455

January 8, 2019

TxDMV Vehicles Titles and Registration Division
PO Box 26417
Austin, TX 78755-0417

To Whom it May Concern;

Mr. Wilson is a client of our Company, he relies on us to sale items for him. I do his paperwork for him after a sale. My computer has stored his information from a sale in 2017. While doing the notification on these two trailers "1GRAA9224SB029809" & "1GRAA922XSB029801" I failed to change the 2017 date to 2018. I have enclosed corrected VTR-346 forms. These forms where corrected and signed on 1-8-2019. I apologize for the inconvenience.

Thank You;

*Cathy M°Gonagill*

Cathy McGonagill
Title Clerk – AuctioneerExpress.com

1521 W. 16th * Mt. Pleasant, TX   75455 * Phone:   903-572-4975 * Fax: 903-572-5083

Appendix 1531



Texas Department
of Motor Vehicles

# Texas Motor Vehicle Transfer Notification

*"CORRECTED"*

## Information and Instructions

- Submit this form **within 30 days of the vehicle's date of transfer** to help protect yourself from liability for criminal or civil acts involving the vehicle and the person(s) or entity taking ownership. However, the department will still notate your record if submitted after the 30 days.
- **Submission of this form does not transfer ownership.** The person(s) or entity taking ownership must file a title application with the appropriate entity (in Texas, the county tax assessor-collector's office) in order to record themselves as the owner and receive a title in their name. Until a new title is issued, the Texas title record will reflect the name of the existing owner(s).
- Provide as much information as possible about the persons(s) or entity to increase your protection from liability.
- When you submit this form, the motor vehicle record will be marked to show the vehicle has been transferred.
- You may submit this form electronically at www.txdmv.gov to more quickly mark the motor vehicle record to show the vehicle has been transferred. **Please do not submit this form both electronically and by mail.**
- Mail completed form to: TxDMV Vehicle Titles and Registration Division, PO Box 26417, Austin, TX 78755-0417

## Vehicle Information

| Vehicle Identification Number | | Year | Make | Body Style | Model |
|---|---|---|---|---|---|
| 1GRAA922XSB029801 | | 1995 | GDAN | RF | 1GR |

| Title/Document Number | Texas License Plate Number |
|---|---|
| 03200043348153204 | TONLY09 |

## Transfer Information

| Date of Transfer (by Sale, Gift, Donation, etc.) | For Cars (6,000 lbs. or less) or Light Trucks (10,000 lbs. or less) |
|---|---|
| 12/11/2018 | Did you keep your plates? ☒ Yes ☐ No |

## Transferor Information – Person(s) or entity transferring (by sale, gift, donation, etc.) the vehicle

| First Name (or Entity Name) as shown on the Texas title | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| RHORY | CHEYENNE | WILSON | |

| Address | City | State | Zip |
|---|---|---|---|
| 3950 FM 1735 | MT. PLEASANT | TX | 75455 |

| Country | Phone Number | Email |
|---|---|---|
| USA | 903-563-0689 | cathy@auctioneerexpress.com |

## New Owner Information – Person(s) or entity to whom the vehicle was transferred

| First Name (or Entity Name) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| ROCK HILL USED CARS | | | |

| Additional First Name (if applicable) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| | | | |

| Address | City | State | Zip |
|---|---|---|---|
| 549 INTERSTATE 30 | SULPHUR SPRINGS | TX | 75482 |

| Country | Phone Number | Email |
|---|---|---|
| USA | 903-951-8597 | dgarrison31@hotmail.com |

## Certification – State law makes falsifying information a third degree felony

I, the above listed transferor, am notifying the Texas Department of Motor Vehicles that I have transferred the above vehicle, which was legally owned by me and had a Texas title issued in my name. I understand the department will notate the transfer on the vehicle record, and under Texas law, the vehicle will remain in my name until the new owner(s) transfers the title into their name.

| *Rhory C. Wilson by Cathy McDonagill* | Rhory C. Wilson by Cathy McGonagill | 01/08/2019 |
|---|---|---|
| Signature of Transferor | Printed Name (Same as Signature) | Date |

VTR 346 Rev 08/15 | Form available online at www.TxDMV.gov | Page 1 of 1

12/18/2018
TEXAS DEPARTMENT OF MOTOR VEHICLES
VEHICLE TITLES AND REGISTRATION DIVISION


LIC TONLY09 AUG/2018 OLD # 27E865 MAR/2015 EWT 15790 GWT  34000
TITLE ONLY (NO REGIS), STKR           REG CLASS  99   $ 0.00 TITUS CNTY
TITLE 0320004334 8150125 ISSUED 09/14/2018 ODOMETER N/A REG DT 08/01/2017
YR:1995 MAK:GDAN MODL:1GR BDY STYL:RF VEH CLS:S-TRLR      SALE PRC:    $1600.00
VIN: 1GRAA9224SB029809 BODY VIN: N/A COLOR: UNKNOWN
PREV TTL: JUR TX TTL # 03210038697143121 ISSUE 12/27/2005
PREV OWN  PPC TRANSPORTATION CO,PITTSBURG,TX
OWNER     RHORY CHEYENNE WILSON,,3950  FM 1735,,MT PLEASANT,TX,75455
PLATE AGE:  1  LAST ACTIVITY 09/14/2018 RLSAUT OFC: 297
REMARKS REGISTRATION INVALID.DATE OF ASSIGNMENT:2018/08/31.PAPER TITLE.




*TITLE AND REGISTRATION VERIFICATION*

**Consignor Settlement**

v9.01-COPay-23

 **AuctioneerExpress.com**
1521 West 16ᵗʰ Street
Mt. Pleasant, Texas 75455
PH:903-572-4975  Fax 903-572-5083

| CO #: | 1006 |
|---|---|
| Date: | 12/19/2018 |
| Page: | 1 |

**Consignor**
Rhory Wilson
3950 Fm 1735
Mt. Pleasant, TX 75455
Phone:903-563-0689

Auction: Rhory Wilson

| Lot# | Lead | Date | Transaction Description | Amount |
|---|---|---|---|---|
| 9 | 1976 KENWORTH<br>VIN: 243451M<br>Total Reserve: 2,500.00 | 12/11/2018 | Invoice Sale Price(Qty=1) | 2,875.00 |
| | | 12/11/2018 | Commission(Qty=1) | ( 287.50) |
| 21 | GREAT DANE 45' Reefer Trailer<br>VIN: 1GRAA9224SB029809<br>Total Reserve: 1,950.00 | 12/11/2018 | Invoice Sale Price(Qty=1) | 1,950.00 |
| | | 12/11/2018 | Commission(Qty=1) | ( 195.00) |
| 22 | GREAT DANE 45' Reefer Trailer<br>VIN: 1GRAA922XSB029801<br>Total Reserve: 1,950.00 | 12/11/2018 | Invoice Sale Price(Qty=1) | 1,950.00 |
| | | 12/11/2018 | Commission(Qty=1) | ( 195.00) |
| 23 | LUFKIN 45' Trailer<br>VIN: 1L01A4820J1078533<br>Total Reserve: 1,950.00 | 12/11/2018 | Invoice Sale Price(Qty=1) | 2,050.00 |
| | | 12/11/2018 | Commission(Qty=1) | ( 205.00) |
| | | 12/19/2018 | Payment to Consignor – Check # 7165 | ( 7,942.50) |

| | |
|---|---|
| Total Quantity: | 4.00 |
| Total Invoice Sale Price: | 8,825.00 |
| Total Commission: | ( 882.50) |
| Total Due to Consignor: | 7,942.50 |
| Total Payments: | ( 7,942.50) |
| Balance: | $0.00 |

No inventory remains for this consignment order

*Thank You For Your Business!*

**COMMISSION SETTINGS**
Calculate Commission By: Each
Commission Structure Type: Fixed

| | |
|---|---|
| Any Amount | 10% |

**BUY BACK SETTINGS**
Calculate Buy Back By: Each
Buy Back Structure Type: Fixed

| | |
|---|---|
| Any Amount | 0% |

Appendix 1534

AuctioneerExpress.com
Escrow Account
1521 W 16th St
Mount Pleasant , TX 75455
903-572-4975

CHECKSAFE

7165

88-1532/1119

12-19 20 18

PAY TO THE
ORDER OF _Rhory Wilson_ $ 7,942.50

_Seven Thousand - Nine Hundred - Forty - Two Dollars & 50/00_ DOLLARS

GUARANTY BANK & TRUST
MOUNT PLEASANT, TX 75455
www.gnty.com

Cathy M'Gonagill
Rusti M'Gonagill

FOR _Auction Proceeds_

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.



RHORY CHEYENNE WILSON
3950 FARM ROAD 1735
MT PLEASANT, TX 75455-8331

590

0077357

▼ DETACH HERE ▼                                                          ---

# TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

142261036

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1GRAA922XSB029801 | 1995 | GDAN | RF |

TITLE/DOCUMENT NUMBER   DATE TITLE ISSUED
03200043348153204  09/14/2018

| MODEL | MFG. CAPACITY IN TONS | WEIGHT | LICENSE NUMBER | ODOMETER READING |
|---|---|---|---|---|
| 1GR | | 15790 | TONLY09 | |

PREVIOUS OWNER
PPC\ TRANSPORTATION CO PITTSBURG TX

OWNER                                                    REMARK(S)
RHORY CHEYENNE WILSON
3950 FM 1735
MT PLEASANT, TX 75455

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER | 1ST LIEN RELEASED | DATE |
|---|---|---|---|
| NONE | | BY | AUTHORIZED AGENT |
| DATE OF LIEN | 2ND LIENHOLDER | 2ND LIEN RELEASED | DATE |
| | | BY | AUTHORIZED AGENT |
| DATE OF LIEN | 3RD LIENHOLDER | 3RD LIEN RELEASED | DATE |
| | | BY | AUTHORIZED AGENT |

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

| SIGNATURE | DATE |
|---|---|
| SIGNATURE | DATE |
| SIGNATURE | DATE |

FORM 30-C REV. 06/2015          DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Whenever you sell or trade in a vehicle, be sure to **protect yourself by filing the Vehicle Transfer Notification** online at www.TxDMV.gov. The notification removes your responsibility for anything the buyer might do with the vehicle. It's free!

**You ONLY have 30 days to submit the Vehicle Transfer Notification from the date you sell or trade in a vehicle to remove your liability.**

Before you buy, do a Title Check. For more information, go to www.TxDMV.gov and click on the "Title Check" icon.

---

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE INDICATING A DATE OF SALE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**  ‖ 4 2 2 6 1 0 3 6

► **FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

**ASSIGNMENT OF TITLE**

The undersigned hereby certify that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Rock Hill Used Cars     549 Interstate 30     Sulphur Springs     TX     75482
Name of Purchaser     Street     City     State     Zip

► exempt
I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale 12-11-2018     _Thomas J Siler_     _Rheryl Wilson_
Signature of Seller/Agent     Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent     Printed Name (same as signature)

**FIRST REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser     Street     City     State     Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale     Dealer No.

Dealer's Name

Agent's Signature     Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent     Printed Name (same as signature)

**SECOND REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser     Street     City     State     Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale     Dealer No.

Dealer's Name

Agent's Signature     Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent     Printed Name (same as signature)

**THIRD REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser     Street     City     State     Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)

Date of Sale     Dealer No.

Dealer's Name

Agent's Signature     Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent     Printed Name (same as signature)

**LIEN**

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

# Application for Texas Title and/or Registration

pplying for (please check one):
☒ Title & Registration  ☐ Title Only  ☐ Registration Purposes Only  ☐ Nontitle Registration

or a corrected title or registration, check reason:
☐ Vehicle Description  ☐ Add/Remove Lien  ☐ Other: _____

**TAX OFFICE USE ONLY**
County: _____
Doc #: _____
☐ SPV  ☐ Appraisal Value $ _____

| 1. Vehicle Identification Number | 2. Year | 3. Make | 4. Body Style | 5. Model | 6. Major Color | 7. Minor Color |
|---|---|---|---|---|---|---|
| 1GRAA922XSB029801 | 1995 | GDAN | RF | 1GR | | |

| 8. Texas License Plate No. | 9. Odometer Reading (no tenths) | 10. This is the Actual Mileage unless the mileage is: | 11. Empty Weight | 12. Carrying Capacity (if any) |
|---|---|---|---|---|
| TONLY09 | | ☐ Not Actual  ☐ Exceeds Mechanical Limits  ☒ Exempt | 15700 | |

13. Applicant Type
☐ Individual  ☐ Business  ☐ Government  ☐ Trust  ☐ Non-Profit

14. Applicant Photo ID Number or FEIN/EIN

15. ID Type  ☐ U.S. Driver License/ID Card (issued by: _____)  ☐ NATO ID  ☐ U.S. Dept. of State ID
☐ Passport (issued by: _____)  ☐ U.S. Military ID  ☐ U.S. Dept. of Homeland Security ID
☐ U.S. Citizenship & Immigration Services/DOJ ID  ☐ Other Military Status of Forces Photo ID

| 16. Applicant First Name (or Entity Name) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| Rock Hill Used Cars | | | |

| 17. Additional Applicant First Name (if applicable) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| | | | |

| 18. Applicant Mailing Address | City | State | Zip | 19. Owner County of Residence |
|---|---|---|---|---|
| 549 Interstate 30 | Sulphur Springs | TX | 75482 | |

| 20. Previous Owner Name (or Entity Name) | City | State | 21. Dealer GDN (if applicable) | 22. Unit No. (if applicable) |
|---|---|---|---|---|
| Rhory Cheyenne Wilson | Mt. Pleasant | TX | | |

| 23. Renewal Recipient First Name (or Entity Name) (if different) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| | | | |

| 24. Renewal Notice Mailing Address (if different) | City | State | Zip |
|---|---|---|---|
| | | | |

| 25. Applicant Phone Number (optional) | 26. Email (optional) | 27. Registration Renewal eReminder  ☐ Yes (Provide Email in #26) |
|---|---|---|
| | | |

| 28. Vehicle Location Address (if different) | City | State | Zip |
|---|---|---|---|
| | | | |

| 29. Multiple (Additional) Liens  ☐ Yes (Attach Form VTR-267) | 30. Electronic Title Request  ☐ Yes (Cannot check #29) | 31. Certified/eTitle Lienholder ID Number (if any) | 32. First Lien Date (if any) |
|---|---|---|---|
| | | | |

| 33. First Lienholder Name (if any) | Mailing Address | City | State | Zip |
|---|---|---|---|---|
| | | | | |

34. Check only if applicable:
☐ I hold Motor Vehicle Retailer's (Rental) Permit No. _____ and will satisfy the minimum tax liability (V.A.T.S., Tax Code §152.046[c])
☐ I am a dealer or lessor and qualify to take the Fair Market Value Deduction (V.A.T.S., Tax Code, §152.002[c]). GDN or Lessor Number _____

**MOTOR VEHICLE TAX STATEMENT**

| 35. Trade-in (if any)  ☐ Yes (Complete) | Year | Make | Vehicle Identification Number | 36. Additional Trade-in(s)  ☐ Yes |
|---|---|---|---|---|
| | | | | |

37. Check only if applicable:

**SALES AND USE TAX COMPUTATION**

☐ (a) Sales Price ($ _____ rebate has been deducted)  $ 1950.00
(b) Less Trade-in Amount, described in Item 35 above  $ _____
(c) For Dealers/Lessors/Rental ONLY – Fair Market Value Deduction, described in Item 35 above  $ (_____)
(d) Taxable Amount (Item a minus Item b or Item c)  $ _____
(e) 6.25% Tax on Taxable Amount (Multiply Item d by .0625)  $ _____
(f) Late Tax Payment Penalty ☐ 5% or ☐ 10%  $ _____
(g) Tax Paid to _____ (STATE)  $ _____
(h) AMOUNT OF TAX AND PENALTY DUE (Item e plus Item f minus Item g)  $ _____

☐ $90 New Resident Tax – (Previous State) _____
☐ $5 Even Trade Tax
☐ $10 Gift Tax – Use Comptroller Form 14-317
☐ $65 Rebuilt Salvage Fee
☐ 2.5% Emissions Fee (Diesel Vehicles 1996 and Older > 14,000 lbs.)
☐ 1% Emissions Fee (Diesel Vehicles 1997 and Newer > 14,000 lbs.)
☐ Exemption claimed under the Motor Vehicle Sales and Use Tax Law because:
☐ $28 or $33 Application Fee for Texas Title (Contact your county tax assessor-collector for the correct fee.)

**CERTIFICATION – State law makes falsifying information a third degree felony**

I hereby certify all statements in this document are true and correct to the best of my knowledge and belief, and I am eligible for title and/or registration (as applicable).

| Signature(s) of Seller(s), Donor(s), or Trader(s) | Printed Name(s) (Same as Signature(s)) | Date |
|---|---|---|
| *Rhory Wilson* | Rhory Wilson | 12-11-18 |

| Signature of Applicant/Owner | Printed Name (Same as Signature) | Date |
|---|---|---|
| | | |

| Signature(s) of Additional Applicant(s)/Owner(s) | Printed Name(s) (Same as Signature(s)) | Date |
|---|---|---|
| | | |

Appendix 1538

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NEXTGEAR CAPITAL, INC. AND
AUTOMOTIVE FINANCE
CORPORATION,                          )
                                      )
                    Plaintiffs,       )
                                      )
     v.                               )
                                      )     Adv. Pro. No. 18-03393
DRUIEN, INC. D/B/A LAWSTON            )
AUTO AUCTION, LISA DRUIEN,            )
MICHAEL GARRISON D/B/A ROCK           )
HILL USED CARS, AND AUSTIN            )
GARRISON D/B/A AUSTIN FINANCIAL       )
SERVICES,                             )
                                      )
                                      )
                    Defendants.       )

**BUSINESS RECORDS AFFIDAVIT**

STATE OF TEXAS                        §
                                      §
COUNTY OF * _Texas_                   §

BEFORE ME, the undersigned official, on this day personally appeared * _Melissa Casados_ known to me to be a credible person and whom, after having been by me first duly sworn, under oath deposed and stated the following:

1.      My name is * _Melissa Casados_. I am over eighteen years old, I understand the nature of this oath, and I am otherwise competent to testify as to the matters stated in this Affidavit. My title at Wichita Falls Ford Lincoln, Inc. is * _Controller_, and I am authorized by Wichita Falls Ford Lincoln, Inc. to testify herein. This testimony is based on my own personal knowledge and the facts stated herein are true and correct. I have also personally reviewed each of the documents attached hereto.

3.      I am a custodian of the records concerning business dealings with Garrison d/b/a

Rock Hill Used Cars and/or Druien, Inc. d/b/a Lawton Auto Auction. Attached hereto are *___9___

pages of records.  These said pages of records are kept by Wichita Falls Ford Lincoln, Inc. in the

regular course of business, and it was the regular course of Wichita Falls Ford Lincoln, Inc.'s

business for an employee or representative with knowledge of the act, event, condition, opinion, or

diagnosis, recorded to make the record or to transmit information thereof to be included in such

record; and the record was made at or near the time or reasonably soon thereafter.  The records

attached hereto are the original or exact duplicates of the original.

Further affiant sayeth not.

Executed this the *_30_ day of *_Jan_, 2021.



CHARLES WAYNE FANCHER
Notary Public, State of Texas
Notary ID 1070979-9
My Commission Exp. 06-29-2022

* __Wichita Falls Ford Lincoln__

By: *_____

Title: *__Controller__

SUBSCRIBED    AND    SWORN    TO    before    me    by    the    said

*_Mulissa Casados_, the *_Controller_ of Wichita Falls Ford

Lincoln, Inc., on this the *_30_ day of *_Jan_, 2021, to certify which witness

my hand and seal of office.

_____
Notary Public In and For Said
County and State

BUSINESS RECORDS AFFIDAVIT                                   PAGE 2

```
BO3000R              WICHITA FALLS FORD LINCOLN INC    Date:  1/16/20
                     CAP SHEET - DEALERSHIP            Page:        1
Vehicle Sold: C17028B 2005 DODGE 2500 3D7KR28C65G706682
Origination Date:  1/16/20                    Odometer:   243095
----------------------- Buyer Information -----------------------------
ROCK HILL USED CARS
519 I30 EAST
SULPUR SPRINGS, TX  75482
```

*Lawton* (handwritten signature)

```
------------------- Financial Disclosure -----------------------
Lien Holder:
  APR   Finance Chg   Amt Financed      Tot Payments      Tot Sale Price
  .000        .00        5790.00           5790.00            5790.00
  1 Payments of   5790.00  Beginning  1/16/20      Tot Down          .00
Selling Price              5,790.00
----------------------- Gross Profit -----------------------------
Vehicle Price              5,790.00    CL Comm.                      .00
Accessories                     .00    A&H Comm.                     .00
Cost          *OVR*        5,607.87    GAP Comm.                     .00
Hold Back                       .00
Work in Process                 .00
Accessories Cost                .00
Adds to Cost                    .00
Total Cost                 5,607.87    Reserve                       .00
                                       A.M.O. (Back)                 .00
Trade Allow                     .00    Service Contract              .00
ACV                             .00    Serv Cont Cost                .00
Over/Under Allow                .00    Serv Cont Profit              .00
Pack                            .00    Incentive                     .00
                                       Total F&I                     .00
A.M.O. (Front)                  .00    A.M.O. (House)                .00
Comm. Gross                  182.13    House Gross                182.13
------------------------- Commissions ----------------------------
ID   Name                Split  Unit                   Commission
-----------------------------------------------------------------
                                       Total Comm.                   .00
                                       House Net                  182.13
```

```
BO3000R              WICHITA FALLS FORD LINCOLN INC      Date:  1/16/20
                     CAP SHEET - DEALERSHIP              Page:        2
     Vehicle Sold: C17028B 2005 DODGE 2500 3D7KR28C65G706682
     Origination Date:  1/16/20                          Odometer:  243095
------------------------------- G/L Transactions ------------------------------
Description              Account      Control       Cost       Amount
ROCK HILL USED CARS       1110       C17028B                   5790.00
ROCK HILL USED CARS       1360       C17028B                  -5607.87
C17028B                   1360       C17028B                   -750.00
C1/028B                   2309       C17028B                    750.00
ROCK HILL USED CARS       3760       C17028B                  -5790.00
ROCK HILL USED CARS       4760       C17028B                   5607.87
     G/L Gross:      182.13
```

Appendix 1542

Jan  16  2020  03:21PM Lawton  Auto  Auction  580-536-4649                    page  3

## Lawton Cache Auto Auction

1 Southwest 112th St.
Lawton, OK 73505
580-536-4645

SELLER INVOICE
SALE DATE:  1/15/2020
Print Date: 1/16/2020  at:  1:47 PM

UNIT# 116          LANE                              SALE#        39495

ANNOUNCED CONDITIONS OR COMMENTS:

SELLER (Transferor): P-43086
Wichita Falls Ford Lincoln Inc
Charles Franser
5401 Kell Blvd
Wichita Falls, TX 76310

SALE PRICE:              $6,000.00
SELLER FEE              210.00
CHECK FEE                0.00

BUYER(Purchaser) :  P-109420        376
Rock Hill Used Cars
Mike   Garrison
549 Interstate 30 East
Sulphur Springs, TX 75482

VEHICLE DESCRIPTION
SERIAL    3D7KR28C65G706682      706682
YR/MAKE    2005   DODGE
MODEL     RAM 2500 QUAQUAD P
COLOR     White
LICENSE
DRIVE     Green
TITLE

SALES TAX              0.00
EXPENSES               0.00
DUE TO SELLER          5,790.00   CHECK#
SELLER PAID AUCTION        0.00
AUCTION PAID SELLER    5,790.00   14516

RADIO        BATTERY       KEY
ODOMETER   243095      STATUS

OUTSTANDING BALANCE      $0.00

ALL SALES FINAL DAY OF SALE. It is understood and agreed, between the consignor, the purchaser and Lawton Cache Auto Auction is not responsible for fire, theft, or damage to the above described vehicle while on the premises before, during or after the sale. LAWTON CACHE AUTO AUCTION DOES NOT HAVE INSURANCE COVERING ANY VEHICLE. *This sale is solely a transaction between the buyer and the seller parties* ~ Subject to final handing and approving of the Auction. The buyer is expected to pay for any vehicle which he/she buys unless excused by the Auction. Please clear all items promptly after purchase. The Auction does not guarantee the mileage, year, model or factory warranty on any vehicle sold through this auction. Seller warrants that he/she has good negotiable title and that it is free and clear of all items and/or encumbrances. Signatory parties agree that sale transaction is not complete until all drafts or checks have cleared and title is assigned to purchaser.
Effective IMMEDIATELY, AS OF TODAY January 17, 2018, ALL SALES MUST be paid for the night of the Auction, with cash, check or a floor plan company.  If NO payment is here at the time title arrives, a fee of $25.00 will be added to your total daily.

C170288

1/16/2020                               FedEx Ship Manager - Print Your Label(s)



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

Appendix 1544



TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

VEHICLE IDENTIFICATION NUMBER: 3D7KR28C65G706682
YEAR MODEL: 2005
MAKE OF VEHICLE: DODG
BODY STYLE: PK

TITLE DOCUMENT NUMBER: 24300241232104800
DATE TITLE ISSUED: 12/04/2012

MFG. CAPACITY IN TONS: 3/4
WEIGHT: 6500
LICENSE NUMBER: BX76515

PREVIOUS OWNER: PRUITT FORD BURKBURNETT TX
ODOMETER READING: 153361

OWNER:
TOMMY A GRUBER
1674 PETERSON RD N
IOWA PARK, TX 76367

REMARKS: ACTUAL MILEAGE
DIESEL

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN: 11/14/2012
1ST LIENHOLDER: WICHITA FALLS TEACHER FCU
P O BOX 4516
WICHITA FALLS, TX 76308

1ST LIEN RELEASED:
WICHITA FALLS TEACHERS FCU
AUTHORIZED AGENT

DATE OF LIEN:
2ND LIENHOLDER:
2ND LIEN RELEASED: _____ DATE _____
BY _____ AUTHORIZED AGENT

DATE OF LIEN:
3RD LIENHOLDER:
3RD LIEN RELEASED: _____ DATE _____
BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

SIGNATURE _____ DATE _____

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED, THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE _____
SIGNATURE _____ DATE _____
SIGNATURE _____ DATE _____

FORM 30-C REV. 04/2012
DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Appendix 1545

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 30 DAYS TO AVOID PENALTY.**

► **FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

**ASSIGNMENT OF TITLE**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Wichita Falls Ford Lincoln    Street: 5401 Kell Blvd, Wichita Falls, Tx 76310    City    State    Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)    Date of Sale

Signature of Seller/Agent    Printed Name (same as signature): Tommy A Gruber

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent    Printed Name (same as signature): Jennifer Burdette, Agent

**FIRST REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser    Street    City    State    Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)    Date of Sale    Dealer's Name: Wichita Falls Ford Linc P30080    Dealer No.

Agent's Signature    Printed Name (same as signature): Jennifer Burdette, Agent

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent    Printed Name (same as signature)

**SECOND REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser    Street    City    State    Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)    Date of Sale    Dealer's Name    Dealer No.

Agent's Signature    Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent    Printed Name (same as signature)

**THIRD REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser    Street    City    State    Zip

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

ODOMETER READING (No Tenths)    Date of Sale    Dealer's Name    Dealer No.

Agent's Signature    Printed Name (same as signature)

I am aware of the above odometer certification made by the seller/agent.

Signature of Buyer/Agent    Printed Name (same as signature)

**LIEN**

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

## State of Texas
## Power of Attorney for Transfer of Ownership to a Motor Vehicle

Federal and state law require that you state the mileage upon transfer of ownership. This form may only be used when title is held by lienholder or is lost. Providing a false statement or failure of the person granted the power of attorney to submit this form to the State may result in fines and/or imprisonment.

### Vehicle Description

| Vehicle Identification Number | Year | Make | Body Style | Model |
|---|---|---|---|---|
| 3D7KR28C6G706682 | 2005 | Dodge | PK | 2500 |

### Part A. Power of Attorney to Transfer Ownership and to Disclose Mileage

**Transferor**

| First Name (or Entity Name) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| Tommy | A | Cauley | |

| Entity's Authorized Agent First Name (if applicable) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| | | | |

| Address | City | State | Zip |
|---|---|---|---|
| 1674 Peterson Rd N Iowa Park | | TX | 76367 |

**Transferee**

| First Name (or Entity Name) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| | | | |

| Entity's Authorized Agent Name (First, Middle, Last, Suffix) (if applicable) | | | Dealer License Number (if applicable) |
|---|---|---|---|
| | | | P42086 |

| Address | City | State | Zip |
|---|---|---|---|
| | | | |

I, the transferor listed above, appoint the transferee listed above as my attorney-in-fact, to complete all documents necessary to transfer and disclose the mileage on the title for the vehicle described above exactly as stated in the following disclosure. I, the transferor, certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the statements below is checked:

Odometer Reading (no tenths): 242078

☐ Mileage Exceeds Mechanical Limits
☐ Not Actual Mileage (WARNING – ODOMETER DISCREPANCY)
I am aware of the odometer certification made by the transferor/agent (seller).

| Signature of Transferor/Agent (Seller) | Date | Signature of Transferee/Agent (Purchaser) | Date |
|---|---|---|---|
| | 1/16/20 | | 1/16/20 |

### Part B. Power of Attorney to Review Title Documents and Acknowledge Disclosure – if applicable (requires Part A)

**Transferee**

| First Name (or Entity Name) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| | | | |

| Entity's Authorized Agent First Name (if applicable) | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| | | | |

| Address | City | State | Zip |
|---|---|---|---|
| | | | |

**Transferor**

| Dealership Name | | Dealer License Number |
|---|---|---|
| | | |

| Authorized Agent First Name | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| | | | |

| Address | City | State | Zip |
|---|---|---|---|
| | | | |

I, the transferee listed above, appoint the transferor listed above as my attorney-in-fact, to complete all documents necessary to transfer and disclose the mileage on the title for the vehicle described above exactly as stated in the following disclosure. I, the transferor, certify to the best of my knowledge the odometer reading is the actual mileage of the vehicle unless one of the statements below is checked:

Odometer Reading (no tenths):

☐ Mileage Exceeds Mechanical Limits
☐ Not Actual Mileage (WARNING – ODOMETER DISCREPANCY)
I am aware of the odometer certification made by the transferor/agent (seller).

| Signature of Transferor/Agent (Seller) | Date | Signature of Transferee/Agent (Purchaser) | Date |
|---|---|---|---|
| | | | |

### Part C. Dealership Certification (Part B Transferor) – Required and valid only if Parts A and B are used

| Dealership Name | | Dealer License Number |
|---|---|---|
| | | |

| Authorized Agent First Name | Middle Name | Last Name | Suffix (if any) |
|---|---|---|---|
| | | | |

| Address | City | State | Zip |
|---|---|---|---|
| | | | |

I, the individual listed above exercising powers of attorney, hereby certify that the mileage I have disclosed on the title document is consistent with the mileage provided to me in this power of attorney. Further, upon examination of the title and any reassignment documents for the vehicle described above, the mileage disclosure I have made on the title pursuant to the power of attorney is greater than that previously stated on the title and reassignment documents. This certification is not intended to create, nor does it create, any new or additional liability under federal or state law.

| Signature of Transferor/Agent | Printed Name (Same as Signature) | Date |
|---|---|---|
| | | |

Form VTR-271-A (Rev 10/18)       **THIS DOCUMENT IS VOID IF ALTERED.**       31952814



**THE**
# FORD HOUSE
**WICHITA FALLS FORD LINCOLN**

5401 Kell Blvd.  -  Wichita Falls, TX 76310
(940) 692-1121  -  www.thefordhouse.com

RECEIPT

| CUSTOMER |
|---|
| LAWTON AUTO AUCTION<br>#9 SW 112TH ST<br>LAWTON, OK 73505 |

Reprint

| RECEIPT # |
|---|
| 100133562 |
| DATE |
| 1/20/20 17:07 |
| AMOUNT |
| 5790.00 |

```
Payment Received:
        Check  14516                                     5790.00
                             Total Received:             5790.00

Payment Applied To: WS PURCH--LAWTON AUTO AUCTION
        1110 : C17028B : C17028B                         5790.00
                             Total Applied:              5790.00
```

(C) 2009 DEALERTRACK SYSTEMS, Inc. - Dealership Application Group (800)845-1928

Appendix 1548

01/13/2020
TEXAS DEPARTMENT OF MOTOR VEHICLES
VEHICLE TITLES AND REGISTRATION DIVISION

```
LIC BX76515 OCT/2020 OLD # BX76515 OCT/2019 EWT  6500 GWT   8000
TRUCK PLT, STKR           REG CLASS  35   $ 77.25 WICHITA CNTY
TITLE 24300241232104800 ISSUED 12/04/2012 ODOMETER 153361 REG DT 10/22/2019
YR:2005 MAK:DODG MODL:     BDY STYL:PK VEH CLS:TRK<=1    SALE PRC:   $13950.00
VIN: 3D7KR28C65G706682 BODY VIN: COLOR: WHITE
PREV OWN  PRUITT FORD,BURKBURNETT,TX
OWNER     TOMMY  A GRUBER,,1674 PETERSON RD N,,IOWA PARK,TX,76367
LIEN      11/14/2012,WICHITA FALLS TEACHER FCU,,P O BOX 4516,,WICHITA FALLS,T
          X,76308
PLATE AGE:  7  LAST ACTIVITY 10/23/2019 RENEW  OFC: 243
REMARKS ACTUAL MILEAGE.DIESEL.DATE OF ASSIGNMENT:2012/11/14.PAPER TITLE.
```

**\*TITLE AND REGISTRATION VERIFICATION\***

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NEXTGEAR CAPITAL, INC. AND
AUTOMOTIVE FINANCE
CORPORATION,                                    )
                                               )
                                               )
                        Plaintiffs,            )
                                               )
        v.                                     )
                                               )          Adv. Pro. No. 18-03393
DRUIEN, INC. D/B/A LAWSTON                     )
AUTO AUCTION, LISA DRUIEN,                      )
MICHAEL GARRISON D/B/A ROCK                     )
HILL USED CARS, AND AUSTIN                     )
GARRISON D/B/A AUSTIN FINANCIAL                )
SERVICES,                                      )
                                               )
                                               )
                        Defendants.            )

### BUSINESS RECORDS AFFIDAVIT

STATE OF TEXAS                     §
                                   §
COUNTY OF * Tarrant                §

        BEFORE ME, the undersigned official, on this day personally appeared

* Colin Hurtik , known to me to be a credible person and whom, after having been by

me first duly sworn, under oath deposed and stated the following:

    1.      My name is * Colin Hurtik . I am over eighteen years old, I

understand the nature of this oath, and I am otherwise competent to testify as to the matters stated in

this Affidavit. My title at Frontera Vehicle Sales & Parts, Inc. is * Director , and I am

authorized by Frontera Vehicle Sales & Parts, Inc. to testify herein. This testimony is based on my

own personal knowledge and the facts stated herein are true and correct. I have also personally

reviewed each of the documents attached hereto.

BUSINESS RECORDS AFFIDAVIT

PAGE 1

Appendix 1550

3.      I am a custodian of the records of Frontera Vehicle Sales & Parts, Inc. concerning

business dealings with Garrison d/b/a Rock Hill Used Cars and/or Druien, Inc. d/b/a Lawton Auto

Auction. Attached hereto are * _13_ pages of records. These said pages of records are kept by

Frontera Vehicle Sales & Parts, Inc. in the regular course of business, and it was the regular course

Frontera Vehicle Sales & Parts, Inc.'s business for an employee or representative with knowledge

of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit

information thereof to be included in such record; and the record was made at or near the time or

reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the

original.

Further affiant sayeth not.

Executed this the *_8th_ day of *_February_, 2021.

By: * _Colin Hartin_

Title: * _Director_

SUBSCRIBED    AND    SWORN    TO    before    me    by    the    said

* _Colin Hartin_, the * _Director_ of Frontera Vehicle Sales &

Parts, Inc., on this the *_8th_ day of *_February_, 2021, to certify which witness

my hand and seal of office.

STEPHANIE M. VILLARREAL
Notary Public, State of Texas
Comm. Expires 03-27-2022
Notary ID 131507449

Notary Public In and For Said
County and State

BUSINESS RECORDS AFFIDAVIT                                      PAGE 2



**ALLIANCE**
AUTO AUCTION - WACO

**"Join the Alliance"**

**ALLIANCE AUTO AUCTION - WACO**
**15735 NORTH INTERSTATE 35 ELM MOTT, TX 76640**
**254-829-0123 OFFICE  -  254-829-1298 FAX**

**BILL OF SALE**

**Date of Sale:** **05/03/19 10:54 AM**      **Bill of Sale #:** **35094**      **Car #: A52**

Vehicle:          2009 FORD F-250 SUPER DUTY XL 4 DOOR CAB; SUPER CAB (WHITE)
VIN/Serial #:     1FTSX20R89EA01704      Odometer: 345169  EXEMPT MILES
Printed Date:     05/14/19 09:27 AM      Auctioneer: AA      Clerk: CC
Announcements:
Light:            AS IS            Title: 16320140015132727/TX      Inventory #: 38781

BUYER AND SELLER AGREE THAT THE VEHICLE DESCRIBED HEREIN IS BOUGHT AND SOLD SUBJECT TO THE AUCTION'S
TERMS AND CONDITIONS.  AUCTION TERMS AND CONDITIONS ARE INCORPORATED HEREIN BY REFERENCE.

| SELLER INFORMATION | BUYER INFORMATION |
|---|---|
| #8749 - FRONTERA VEHICLE SALES & PARTS<br>3030 S HIGHWAY 77<br>WAXAHACHIE, TX 75165<br>972-268-0055    LICENSE #: P148883 | #2955 - ROCK HILL USED CARS<br>519 INTERSTATE HIGHWAY 30<br>SULPHUR SPRINGS, TX 75482 |

Bid Price:        $4,100.00
Seller Fee:       $260.00
Car Chgs.:        $0.00
Misc. Fees:       $0.00
**Total Due**
**To Seller:**    **$3,840.00**   Check #:    109839

---

### ODOMETER DISCLOSURE STATEMENT

Federal law requires that you state the mileage upon transfer of ownership.  Failure to complete or providing a false statement may result in fines or imprisonment.

I,   FRONTERA VEHICLE SALES & PARTS                              state that the odometer of the vehicle described below now reads    EXEMPT      (no tenths) and to the best of my knowledge that it reflects the actual mileage of the vehicle described below, unless one of the following statements is checked.

_____   1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of mechanical limits.

_____   2) I hereby certify that the odometer reading is NOT the actual mileage.   **WARNING - ODOMETER DISCREPANCY**

**VEHICLE INFORMATION**
VIN/Serial #:    1FTSX20R89EA01704
Vehicle:         2009 FORD F-250 SUPER DUTY XL 4 DOOR CAB; SUPER CAB (WHITE)

| **SELLER INFORMATION** | **BUYER INFORMATION** |
|---|---|
| #8749 - FRONTERA VEHICLE SALES & PARTS<br>3030 S HIGHWAY 77<br>WAXAHACHIE, TX 75165 | #2955 - ROCK HILL USED CARS<br>519 INTERSTATE HIGHWAY 30<br>SULPHUR SPRINGS, TX 75482 |

| | |
|---|---|
| _____<br>SELLER'S SIGNATURE | _____<br>BUYER'S SIGNATURE |
| _____<br>PRINTED NAME OF PERSON SIGNING | MICHAEL VERNON GARRISON<br>PRINTED NAME OF PERSON SIGNING |

**\* SELLER COPY \***

Mission Statement:  To establish a personal relationship with each one of our customers,
make the auction process simple, have fun and partner in profit.



**MY SMALL BUS CK**
70102121

2/8/2021 8:42 AM



**Amount:** 8263.00
**Description:** Deposit
**Posted Date:** 5/9/2019
**Transaction Type:** History



## MY SMALL BUS CK

70102121

2/8/2021 8:40 AM



**Amount:** 6930.00
**Description:** Deposit
**Posted Date:** 5/17/2019
**Transaction Type:** History

| | | | |
|---|---|---|---|
| **Sale Date** 05/03/19    A52 | **Issued** 05/13/19   **Payee** FRONTERA VEHICLE SALES & PARTS | | |
| **BOS #** 35094 | 1FTSX20R89EA01704 | | Miles: 345169 |
| 2009 FORD F-250 SUPER DUTY XL (WHITE) | **Auction Price** | | **$4,100.00** |
| **Title** 16320140015132727 / TX | SALES FEE | | $260.00 |

**Buyer** ROCK HILL USED CARS
**Address** 519 INTERSTATE HIGHWAY 30
SULPHUR SPRINGS, TX 75482
**License #** P109420

| | |
|---|---|
| Total Deductions | $260.00 |
| Check Number  109839     **Net Check** | **$3,840.00** |

# TEXAS CERTIFICATE OF TITLE

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1FTSX20R89EA01704 | 2009 | FORD | PK |

| TITLE DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|
| 16320140015132727 | 08/03/2009 |

| MODEL | GVW CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| | 3/4 | 6800 | 0536AD |

| PREVIOUS OWNER | | ODOMETER READING |
|---|---|---|
| CHAPARRAL FORD INC DEVINE TX | | 322 |

OWNER

W M LEASING OF TEXAS LP
4730 SE LOOP 410
SAN ANTONIO, TX 78222

REMARKS

ACTUAL MILEAGE
DIESEL

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

DATE OF LIEN                    1ST LIENHOLDER

NONE

DATE OF LIEN                    2ND LIENHOLDER

DATE OF LIEN                    3RD LIENHOLDER

**WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR, WITHIN 20 WORKING DAYS TO AVOID PENALTY.**

▶ **FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.**

**ASSIGNMENT OF TITLE**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Frontera Truck Parts + Equipment, Inc    Street: 3116 S Hwy 77    City: Waxahachie    State: Tx    Zip: 75165

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
ODOMETER READING: Exempt 345,168
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: 11-26-18    Signature of Seller/Agent: _____    Printed Name (same as signature): _____

I am aware of the above odometer certification made by the seller/agent.
Signature of Buyer/Agent: Kalien Thomas    Printed Name (same as signature): Kalien Thomas

**FIRST REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Frontera Vehicle Sales & Parts Inc.    Street: 3030 S Hwy 77    City: Waxahachie    State: Tx    Zip: 75165

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
ODOMETER READING (No Tenths): 345,168
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: 11-26-18    Dealer's Name: Frontera Truck Parts & Equipment, Inc    Dealer No.: P121786

Agent's Signature: Kalien Thomas    Printed Name (same as signature): Kalien Thomas

I am aware of the above odometer certification made by the seller/agent.
Signature of Buyer/Agent: _____    Printed Name (same as signature): _____

**SECOND REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: Rock Hill Auto Cars    Street: _____    City: _____    State: _____    Zip: _____

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
ODOMETER READING (No Tenths): 345,169
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: 5/3/19    Dealer's Name: Frontera Vehicle Sales + Parts Inc    Dealer No.: 148883

Agent's Signature: Klaus    Printed Name (same as signature): Klaus

I am aware of the above odometer certification made by the seller/agent.
Signature of Buyer/Agent: _____    Printed Name (same as signature): _____

**THIRD REASSIGNMENT DEALER ONLY**

The undersigned hereby certifies that the vehicle described in this title is free and clear of all liens, except as noted herein, and has been transferred to the following printed name and address:

Name of Purchaser: _____    Street: _____    City: _____    State: _____    Zip: _____

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:
ODOMETER READING (No Tenths): _____
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage. WARNING - ODOMETER DISCREPANCY.

Date of Sale: _____    Dealer's Name: _____    Dealer No.: _____

Agent's Signature: _____    Printed Name (same as signature): _____

I am aware of the above odometer certification made by the seller/agent.
Signature of Buyer/Agent: _____    Printed Name (same as signature): _____

**LIEN**

LIENHOLDER TO BE RECORDED AND SHOWN ON NEW TITLE:
1ST LIEN IN FAVOR OF (NAME & ADDRESS)

Appendix 1557

# STATEMENT OF FACT

YEAR: 2009   MAKE: Ford   VIN: 1FTSX20R89EA01704

DOCUMENT
TITLE NUMBER: 16320140015132727                          STATE: TX

_____ Name of Purchaser was entered in error and has been corrected to show correct Purchaser as:
_____

_____ The Names _____ and _____
        are one and the same.

_____ Date of sale on the above title was entered in error and been corrected to read
as_____.

_____ Seller assigned title to him/herself in error. Title is now corrected to show correct purchaser as
_____.

_____ Seller signed on purchaser line error

✗ Odometer reading was entered in error on the title/transfer document for the above described
vehicle. Odometer reading should read as follows: 345,168

_____ Other: _____

I CERTIFY TO THE BEST OF MY KNOWLEDGE THAT THE ODMETOR READING IS THE ACTUAL MILEAGE OF
THE VEHICLE UNLESS ONE OF THE FOLLOWING STATEMENTS IS CHECKED:

____ The mileage stated is in excel of its mechanical limits
____ The odometer reading is not the actual mileage. WARNING-ODOMETER DISCREPANCY
_____ ODOMETER READING (NO TENTHS)

_____        Robert C Peek      DATE: 11-26-18
Signature of Seller/Agent         Printed Name

_____        Kalien Thomas      DATE: 11-26-18
Signature of Buyer/Agent          Printed Name

WARNING: Transportation Code, Section, 501.155, provides that falsifying information on title transfer documents
is a THIRD-DECREE FELONY OFFENSE PUNISHABLE BY NOT MORE THAN TEN (10) YEARS IN PRISON. In addition to
imprisonment, a fine up to $10,000 may also be imposed.
THE UNDERSIGNED HEREBY CERTIFIES THE FOLLOWING FACTS REGARDING THE VEHICLE DESCRIBED ARE TO BE
TRUE AND CORRECT:

| | | | | |
|---|---|---|---|---|
| **Sale Date** | 05/03/19    A51 | **Issued** 05/06/19 | **Payee** | FRONTERA VEHICLE SALES & PARTS |
| **BOS #** | 35092 | 1FTSX20R19EA01706 | | Miles: 330469 |

| 2009 FORD F-250 SUPER DUTY XL (WHITE) | **Auction Price** | **$3,900.00** |
|---|---|---|
| **Title**   16300140021141318 / TX | SALES FEE | $250.00 |

**Buyer**        ROCK HILL USED CARS
**Address**   519 INTERSTATE HIGHWAY 30
                    SULPHUR SPRINGS, TX 75482
**License #**  P109420

| | |
|---|---|
| Total Deductions | $250.00 |
| Check Number  109677 | |
| **Net Check** | **$3,650.00** |

# TEXAS CERTIFICATE OF TITLE

91914515

1FTSX20R19EA01706    2009    FORD    PK

16300140021141318  08/13/2009

3/4    6800    0564AD

CHAPARRAL FORD INC DEVINE TX                    322

W M LEASING OF TEXAS, L.P.          ACTUAL MILEAGE
10701 TODD RD                       DIESEL
HOUSTON, TX 77002

NONE

WHEN VEHICLE IS SOLD, TITLE HOLDER MUST ASSIGN AND FURNISH THIS TITLE, CURRENT LICENSE RECEIPT, AND SIGNED APPLICATION FOR TITLE (FORM 130-U) INDICATING DATE OF SALE AND SALES PRICE TO THE PURCHASER WHO MUST FILE APPLICATION WITH COUNTY TAX ASSESSOR-COLLECTOR WITHIN 20 WORKING DAYS TO AVOID PENALTY.

FEDERAL AND STATE LAW REQUIRES THAT YOU STATE THE MILEAGE IN CONNECTION WITH THE TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

ASSIGNMENT OF TITLE

FIRST REASSIGNMENT DEALER ONLY

SECOND REASSIGNMENT DEALER ONLY

THIRD REASSIGNMENT DEALER ONLY



**"Join the Alliance"**

**ALLIANCE AUTO AUCTION - WACO**
**15735 NORTH INTERSTATE 35 ELM MOTT, TX 76640**
**254-829-0123 OFFICE - 254-829-1298 FAX**

BILL OF SALE

**Date of Sale: 05/03/19 10:53 AM        Bill of Sale #: 35092        Car #: A51**

Vehicle:         2009 FORD F-250 SUPER DUTY XL 4 DOOR CAB; SUPER CAB (WHITE)
VIN/Serial #:    1FTSX20R19EA01706     Odometer: 330469  EXEMPT MILES
Printed Date:    05/13/19 10:10 AM     Auctioneer: AA      Clerk: CC
Announcements:
Light:           AS IS                 Title: 16300140021141318/TX      Inventory #: 38780

BUYER AND SELLER AGREE THAT THE VEHICLE DESCRIBED HEREIN IS BOUGHT AND SOLD SUBJECT TO THE AUCTION'S
TERMS AND CONDITIONS.  AUCTION TERMS AND CONDITIONS ARE INCORPORATED HEREIN BY REFERENCE.

| SELLER INFORMATION | BUYER INFORMATION |
|---|---|
| #8749 - FRONTERA VEHICLE SALES & PARTS<br>3030 S HIGHWAY 77<br>WAXAHACHIE, TX 75165<br>972-268-0055     LICENSE #: P148883 | #2955 - ROCK HILL USED CARS<br>519 INTERSTATE HIGHWAY 30<br>SULPHUR SPRINGS, TX 75482 |

| | |
|---|---|
| Bid Price: | $3,900.00 |
| Seller Fee: | $250.00 |
| Car Chgs.: | $0.00 |
| Misc. Fees: | $0.00 |
| **Total Due To Seller:** | **$3,650.00**   Check #:   109677 |

### ODOMETER DISCLOSURE STATEMENT

Federal law requires that you state the mileage upon transfer of ownership.  Failure to complete or providing a false statement may result in fines or imprisonment.

I,   FRONTERA VEHICLE SALES & PARTS                        state that the odometer of the vehicle described below now

reads     EXEMPT      (no tenths) and to the best of my knowledge that it reflects the actual mileage of the vehicle described below,
unless one of the following statements is checked.

_____  1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of mechanical limits.

_____  2) I hereby certify that the odometer reading is NOT the actual mileage.   **WARNING - ODOMETER DISCREPANCY**

**VEHICLE INFORMATION**
VIN/Serial #:    1FTSX20R19EA01706
Vehicle:         2009 FORD F-250 SUPER DUTY XL 4 DOOR CAB; SUPER CAB (WHITE)

| **SELLER INFORMATION** | **BUYER INFORMATION** |
|---|---|
| #8749 - FRONTERA VEHICLE SALES & PARTS<br>3030 S HIGHWAY 77<br>WAXAHACHIE, TX 75165 | #2955 - ROCK HILL USED CARS<br>519 INTERSTATE HIGHWAY 30<br>SULPHUR SPRINGS, TX 75482 |

| | |
|---|---|
| _____<br>SELLER'S SIGNATURE | _____<br>BUYER'S SIGNATURE |
| _____<br>PRINTED NAME OF PERSON SIGNING | MICHAEL VERNON GARRISON<br>PRINTED NAME OF PERSON SIGNING |

### * SELLER COPY *

Mission Statement:  To establish a personal relationship with each one of our customers,
make the auction process simple, have fun and partner in profit.

Appendix 1562



ALLIANCE
AUTO AUCTION · WACO
6575 NORTH INTERSTATE 35
ELM MOTT, TX 76640
254-829-0123

Check Number  109677

Check Date  05/06/19

TEXAS BANK AND TRUST
2323 WEST LOOP 340
WACO, TX 76711

Pay
to the
Order of

Three Thousand Six Hundred fifty and 00/100****************

FRONTERA VEHICLE SALES & PARTS

$3,650.00

FRONTERA VEHICLE SALES & PARTS
3090 S. HIGHWAY 77
WAXAHACHIE, TX 75165

MEMO: BOS # 35692   2009 FORD  1FTSX2BX1BEA01706

Authorized Signature



ALLIANCE
AUTO AUCTION - WACO
15735 NORTH INTERSTATE 35
ELM MOTT, TX 76640
254-829-0123

Check Number   108639

TEXAS BANK AND TRUST
7233 WEST LOOP 289 BOULEVARD
TYLER, TX 75701

Check Date   05/13/19

Pay
to the
Order of   FRONTERA VEHICLE SALES & PARTS

Three Thousand Eight Hundred forty and 00/100 ***************   $3,840.00

MEMO:  EOS # 35594   2009 FORD  1FTSX26R08EA01TC4

FRONTERA VEHICLE SALES & PARTS
3430 S. HIGHWAY 77
WAXAHACHIE, TX 75165

K Chauman
Authorized Signature



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(FORT WORTH DIVISION)**

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION, | |
| Plaintiffs, | |
| v. | |
| DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND EMMETT DRUIEN, | Civil Action No. 4:20-cv-00959-BJ |
| Defendants. | |

### AFFIDAVIT OF CHRISTOPHER V. ARISCO

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

BEFORE ME, the undersigned official, on this day personally appeared Christopher V. Arisco, known to me to be a credible person and who, after having been by me first duly sworn, on his oath deposed and stated the following:

1.      My name is Christopher V. Arisco and my profession is that of an attorney. I maintain an office for the practice of law at 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102.

2.      I was admitted to the practice of law by the Supreme Court of Texas in 2008, the United States District Court for the Northern and Eastern Districts of Texas in January and February of 2009, respectively, and the United States District Court for the Southern and Western Districts of Texas in October of 2011.

3.        I have continuously practiced law in Fort Worth, Texas since 2008, and I have never been the subject of any disciplinary action or complaint by the Texas Bar Association, the Tarrant County Bar Association, or any Court to which I have been admitted to practice.

4.        I have personal knowledge of the facts stated herein based upon my representation of the Plaintiffs, NextGear Capital, Inc. and Automotive Finance Corporation, in this matter and the facts are true and correct.

5.        With regard to the exhibits attached to the Appendix to Plaintiff's Brief in Support of Summary Judgment filed in this case, those exhibits labeled Exhibit "C," Exhibit "D," and Exhibit "E" are true and correct copies of Plaintiffs' First Consolidated Discovery Requests Directed to Defendant Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction ("LAA"), Lisa Druien, and Emmett Druien. Plaintiffs' First Consolidated Discovery Requests Directed to LAA, labeled as Exhibit "C," was served on April 15, 2021 and the Notice of Service was filed with the Court on the same date of service [Doc. # 84].  Plaintiffs' First Consolidated Discovery Requests Directed to Lisa Druien, labeled as Exhibit "D," was also served on April 15, 2021 and the Notice of Service was filed with the Court on the same date of service [Doc. # 84]. Plaintiffs' First Consolidated Discovery Requests Directed to Emmett Druien, labeled as Exhibit "E," was served on June 8, 2021 and the Notice of Service was filed with the Court on the same date of service [Doc. # 96]. Plaintiffs did not receive any response to the Exhibit "C," Exhibit "D," and Exhibit "E" discovery requests. Therefore, Plaintiffs have incorporated the deemed admissions in said Exhibit "C," Exhibit "D," and Exhibit "E" within Plaintiff's Brief in Support of Summary Judgment as summary judgment evidence.

6.        Additionally, Plaintiffs' Exhibit "G" attached to the Appendix to Plaintiffs' Brief in Support of Summary Judgment filed in this case is a combination of Business Records Affidavits and

produced documents from subpoena duces tecums served on four sellers, Mainer Auto Group d/b/a Mainer Ford, Rhory Cheyenne Wilson, Wichita Falls Lincoln, Inc., and Frontera Vehicle Sales & Parts (the "Seller Subpoena Documents"). True and correct copies of the Seller Subpoena Documents are attached to the Appendix as Exhibit "G." The Notices of Subpoena Commanding the Production of Documents were filed with the Court on January 6, 2021 [Doc. # 29, 30, 31, and 32].

7.      I am familiar with the usual and customary charges for legal fees for cases of this nature filed in the State of Texas, and with the time incurred in matters like the instant case. I have handled cases in the State of Texas and surrounding counties on a regular basis. I am familiar with the reasonable and customary charges and the amount of time it should take to perform various tasks associated with litigation.

8.      I have based my opinion as to reasonable attorney's fees in light of such relevant factors as: (1) the time and labor required, the novelty of the questions involved, and the skill requisite to perform the legal services properly; (2) the preclusion of other gainful engagement occasioned by lawyers' involvement in this litigation; (3) the fee customarily charged in this locality for similar legal services; (4) the amount involved; (5) the time limitations imposed by the circumstances; (6) the experience, reputation, and ability of the lawyers who performed the services.

9.      I am familiar with reasonable attorney's fees customarily charged for such legal services in this type of case. I generally charge $305.00 per hour for my time; an amount that is reasonable based on my age, experience, education, and those other criteria above. Through anticipated entry of judgment, myself and attorneys at my firm have spent in excess of three hundred-sixty-three (363) hours working on this case. The time spent on this matter by myself and attorneys at my firm was reasonable and necessary. Based upon the size, complexity, and nature

of this case, and the time expended in prosecution of this cause, in my opinion a reasonable attorney's fee would be the sum of $90,324.50 including filing fees and service fees.

10.      The Plaintiffs have expressly agreed to split the total attorney's fee evenly. Therefore, NextGear Capital, Inc. has incurred a total of $45,162.25 in reasonable and necessary attorney's fees and Automotive Finance Corporation has incurred a total of $45,162.25 in reasonable and necessary attorney's fees.

11.      The services performed in conjunction with this lawsuit include, fact development and investigation, and drafting Plaintiffs' Original Complaint, Plaintiffs' First Amended Complaint, Plaintiffs' Second Amended Complaint, Plaintiffs' Initial Disclosures, Motions to Compel, Plaintiffs' Consolidated Discovery Requests directed to LAA, Lisa Druien, Emmett Druien, and M. Garrison, Subpoenas with Duces Tecum directed to Liberty National Bank, Christopher Brady, Colby Parker d/b/a Parker Auto Auction, Seth Wadley Lincoln Ford, Frontera Vehicle Sales & Parts, Mainer Auto Group d/b/a Mainer Ford, Wichita Falls Lincoln, Inc., Rhory Cheyenne Wilson, Rick Jones Buick GMC Inc., Bottoms Up Motorsports, LLC, GPR Auto & Truck Sales, Inc., Executive Kars, Inc., David Kroth d/b/a Advantage Truck & Trailer, Monte Freeman, Todd Mikel Motors LLC, Kevin Jones, Kevin Vanzant, Nix Auto Center, Inc., Pryor Consignment & Auto Sales, Southern Oklahoma Auto Sales, Inc., Enviro Clean Services, LLC, Lee Auto Sales and Business Ventures, LLC, Jackson of Kingfisher LLC d/b/a Jacksons Chevrolet Buick GMC, Bayshore Ford Truck Sales, Inc., Ryder Vehicle Sales, LLC, Security State Bank of Oklahoma, Seth Wadley Lincoln Ford,  Christopher Brady, Machado Enterprises, LLC d/b/a Chaco's Auto Sales, David Montanaro, Tommy Nix Auto Group, LLC, Big Dawg Motors, LLC, Plaintiffs' Expert Disclosures, and Plaintiff's Motion for Summary Judgment and Brief in Support of Plaintiffs' Motion for Summary Judgment. Attached hereto is a listing of all billing entries related to this lawsuit is attached hereto. Additionally, Plaintiff's

attorney fees are calculated on an hourly basis reflected on the exhibit attached hereto, which are expected to be at least $5,000.00 if appealed to the Texas Court of Appeals, $3,000.00 if a petition for review is sought with the Texas Supreme Court, and $2,500.00 if a petition for review is granted.

12.      It is my opinion that NextGear Capital, Inc.'s attorney's fees and court costs in the amount of $45,162.25 are a reasonable fee for the services rendered herein.  Additionally, it is my opinion that Automotive Finance Corporation's 's attorney's fees and court costs in the amount of $45,162.25 are a reasonable fee for the services rendered herein. It is further my opinion that the charges and the services rendered were customary and all services were necessary in pursuing this claim against the defendants. A true and correct copy of redacted billing and expense entries associated with Plaintiff's prosecution of this matter is attached hereto as Exhibit "H-1."

Further Affiant sayeth not.

Executed this the 30th day of August, 2021.

Christopher V. Arisco

SUBSCRIBED AND SWORN TO before me by the said Christopher V. Arisco, attorney for NextGear Capital, Inc. and Automotive Finance Corporation, on this the 30th day of August, 2021, to certify which witness my hand and seal of office.

SHERI L. HOPKINS
Notary Public, State of Texas
Comm. Expires 03-12-2024
Notary ID 128903141

Notary Public
In and For Said County and State

# EXHIBIT H-1

Time Entries Report

| Date | Is Billed | Task | Timekeeper | Worked Hours | Billed Hou | Rate | Amount |
|------|-----------|------|------------|--------------|------------|------|--------|
| 9/1/2020 | Is Billed | A108 Communicate (other external) | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Exchange emails with Pronto re service of Summons status. | | | | | | 0 |
| 9/2/2020 | Is Billed | A104 Review/analyze | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Analyze Affidavits of Service re Defs Michael and Austin Garrison. | | | | | | 0 |
| 9/4/2020 | Is Billed | A108 Communicate (other external) | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Follow-up email with process server re service status on Defs Druien, Inc. b/s Emmett Druien and Lisa Druien. | | | | | | 0 |
| 9/8/2020 | Is Billed | A108 Communicate (other external) | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Exchange emails with process server re update. | | | | | | 0 |
| 9/8/2020 | Is Billed | A108 Communicate (other external) | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Telephone call to ct clerk re DN 2- Consent to Proceed with Magistrate Judge deadline. | | | | | | 0 |
| 9/8/2020 | Is Billed | A104 Review/analyze | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Assess summons service status; two parties served while remaining two in process of being served. | | | | | | 0 |
| 9/9/2020 | Is Billed | A110 Manage data/files | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Assess options for moving forward with service; attempting at Lawton Auction next re Summons for Druien, Inc. and Lisa Druien. | | | | | | 0 |
| 9/9/2020 | Is Billed | A108 Communicate (other external) | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Detailed email to Shawn with Pronto with service request details providing auction address, pleadings. | | | | | | 0 |
| 9/9/2020 | Is Billed | A108 Communicate (other external) | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Telephone call with Shawn at Pronto to coordinate service of Summons at auction at 5:30pm for Defs Druien, Inc. b/s Emmett Druien and Lisa Druien. | | | | | | 0 |
| 9/9/2020 | Is Billed | A101 Plan and prepare for | AP (AP) | 0.5 | 0.5 | 360 | 180 |
| | Analyze ████████████████████████ ████████████████████████ ████ | | | | | | 0 |
| 9/9/2020 | Is Billed | A108 Communicate (other external) | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Exchange emails with Shawn re coordinating service. | | | | | | 0 |
| 9/9/2020 | Is Billed | A104 Review/analyze | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Read service update from Pronto re attempt on Lisa Druien. | | | | | | 0 |
| 9/9/2020 | Is Billed | A104 Review/analyze | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Analyze ██████████████ confirm address for service. | | | | | | 0 |
| 9/15/2020 | Is Billed | A108 Communicate (other external) | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Follow-up email to Shawn re service coordinated for tomorrow at Lawton Auction in OK. | | | | | | 0 |
| 9/16/2020 | Is Billed | A106 Communicate (with client) | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Telephone call with process server, receive confirmation Lisa Druien and Druien, Inc. b/s Reg. Agent, Emmett Druien served with Summons; request ROS. | | | | | | 0 |
| 9/18/2020 | Is Billed | A108 Communicate (other external) | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Exchange emails and telephone call with Shawn re necessary Summons Returns of Service. | | | | | | 0 |
| 9/21/2020 | Is Billed | A108 Communicate (other external) | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | Exchange emails with Shawn re status on (4) Summons ROS. | | | | | | 0 |
| 9/21/2020 | Is Billed | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | Review returns of service with respect to service of Lisa Druien and Druien, Inc. | | | | | | 0 |
| 9/21/2020 | Is Billed | A104 Review/analyze | CVA (CVA) | 0.5 | 0.5 | 300 | 150 |
| | Analyze ██████████████ ████████████████████████ | | | | | | 0 |
| 9/21/2020 | Is Billed | A104 Review/analyze | CVA (CVA) | 1.3 | 1.3 | 300 | 390 |

Appendix 1570



| Date | Status | Description | Code | Timekeeper | | | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| | | Color Code complaint | | | | | | 0 |
| 9/21/2020 | Is Billed | Submit the executed Summons Returns of Svc (4) to Ct. | A111 Other | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| 9/21/2020 | Is Billed | Calculate deadline to file First Amended Complaint based on answer date by Rockhill defendants. | A104 Review/analyze | CVA (CVA) | 0.1 | 0.1 | 300 | 0 30 |
| 9/21/2020 | Is Billed | Review Summons Returns of Svc (4) from Pronto. | A104 Review/analyze | TN (TN) | 0.1 | 0.1 | 127.5 | 0 12.75 |
| 9/21/2020 | Is Billed | Read annotated Complaint | A104 Review/analyze | AP (AP) | 1 | 1 | 360 | 360 |
| 9/21/2020 | Is Billed | Review Order requiring NG/AFC to file an amended complaint on or before October 12, 2020. | A104 Review/analyze | CVA (CVA) | 0.1 | 0.1 | 300 | 0 30 |
| 9/21/2020 | Is Billed | | A106 Communicate (with client) | CVA (CVA) | 0.4 | 0.4 | 300 | 0 120 |
| | | Draft e-mail to clients concerning topics as follows: (1) | | | | | | |
| 9/21/2020 | Is Billed | Outline options on how to | A104 Review/analyze | CVA (CVA) | 0.1 | 0.1 | 300 | 0 30 |
| 9/24/2020 | Is Billed | Analyze Complaint notated to | A104 Review/analyze | AP (AP) | 0.5 | 0.5 | 360 | 0 180 |
| 9/24/2020 | Is Billed | Analyze | A104 Review/analyze | AP (AP) | 0.5 | 0.5 | 360 | 0 180 |
| 9/24/2020 | Is Billed | Analyze | A104 Review/analyze | CVA (CVA) | 0.5 | 0.5 | 300 | 0 150 |
| 9/25/2020 | Is Billed | IE: Reviewed Judge Pittman's order and | A101 Plan and prepare for | Clerk (Clerk) | 0.3 | 0.3 | 100 | 0 30 |
| 9/29/2020 | Is Billed | IE: Researched whether a | A102 Research- only use if authorized by NG | Clerk (Clerk) | 0.7 | 0.7 | 100 | 0 70 |
| 9/29/2020 | Is Billed | IE: Composed memorandum from case law on venue | A103 Draft/revise | Clerk (Clerk) | 0.4 | 0.4 | 100 | 0 40 |
| 9/29/2020 | Is Billed | IE: Analyzed research on | A104 Review/analyze | Clerk (Clerk) | 0.4 | 0.4 | 100 | 0 40 |
| 9/29/2020 | Is Billed | IE: Researched | A102 Research- only use if authorized by NG | Clerk (Clerk) | 0.7 | 0.7 | 100 | 0 70 |
| 9/30/2020 | Is Billed | Confirm upcoming deadline to file Amended Complaint and answer deadlines; calendar same. | A110 Manage data/files | TN (TN) | 0.1 | 0.1 | 127.5 | 0 12.75 |
| 10/7/2020 | Is Billed | Read DN 12-Duien, Inc. and Lisa Druien Answer. | A104 Review/analyze | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| 10/8/2020 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.9 | 0.9 | 300 | 0 270 |

| Date | Status | Description | Code | Activity | Timekeeper | Hours | Billed | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|
| | | Review answer filed by Druien Inc. and Lisa Druien and highlight original complaint to determine specifically ███████ ███████████████████████████████ | | | | | | | 0 |
| 10/8/2020 | Is Billed | | A103 Draft/revise | | CVA (CVA) | 1.9 | 1.9 | 300 | 570 |
| | | Draft First Amended Complaint that incorporates additional venue facts per court order requiring pleading of specific venue facts and also make conforming changes and revisions to other portions of the original complaint with respect to damages. | | | | | | | 0 |
| 10/9/2020 | Is Billed | | A103 Draft/revise | | CVA (CVA) | 2 | 2 | 300 | 600 |
| | | Revise First Amended Complaint with respect to venue section and incorporate additional facts on waiver of venue, cite to Fifth Circuit case law, and revise argument on venue consent and applicability of 28 USC 1391(b)(3). | | | | | | | 0 |
| 10/9/2020 | Is Billed | | A104 Review/analyze | | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | Review applicability of magistrate consent form and requirements for jointly filing among all parties. | | | | | | | 0 |
| 10/9/2020 | Is Billed | | A104 Review/analyze | | CVA (CVA) | 0.5 | 0.5 | 300 | 150 |
| | | Review and highlight applicable case law to cite and incorporate into First Amended Complaint establishing ███████ ████████████████████████████████ | | | | | | | 0 |
| 10/9/2020 | Is Billed | | A104 Review/analyze | | Clerk (Clerk) | 0.8 | 0.8 | 100 | 80 |
| | | IE: Analyzed pertinent federal venue statutes and case law interpreting the same | | | | | | | 0 |
| 10/9/2020 | Is Billed | | A103 Draft/revise | | Clerk (Clerk) | 1.5 | 1.5 | 100 | 150 |
| | | IE: Revised venue pleadings prior to filing providing feedback to CVA/ABP. | | | | | | | 0 |
| 10/9/2020 | Is Billed | | A104 Review/analyze | | AP (AP) | 0.5 | 0.5 | 360 | 180 |
| | | Analyze leagl authority for ███████ ████████████████████████████████ | | | | | | | 0 |
| 10/9/2020 | Is Billed | | A104 Review/analyze | | CVA (CVA) | 0.6 | 0.6 | 300 | 180 |
| | | Outline additional arguments to incorporate into First Amended Complaint for venue. | | | | | | | 0 |
| 10/9/2020 | Is Billed | | A108 Communicate (other external) | | CVA (CVA) | 0.1 | 0.1 | 300 | 30 |
| | | Phone call to counsel for Druien, Inc. and Lisa Druien to discuss consent to magistrate judge and other related matters and left VM. | | | | | | | 0 |
| 10/9/2020 | Is Billed | | A104 Review/analyze | | Clerk (Clerk) | 0.7 | 0.7 | 100 | 70 |
| | | IE: Analyzed pertinent case law on whether ███████████████████ | | | | | | | 0 |
| 10/12/2020 | Is Billed | | A111 Other | | TN (TN) | 0.4 | 0.4 | 127.5 | 51 |
| | | Finalize, submit our Amended Complaint with Exh A-S to Ct via ECF. | | | | | | | 0 |
| 10/12/2020 | Is Billed | | A110 Manage data/files | | TN (TN) | 0.5 | 0.5 | 127.5 | 63.75 |
| | | Save file-marked/accepted Amended Complaint with Exhs A-S then confirm copy provided via e-service to counsel for Defs Druien, Inc. and Lisa Druien;  and prepare transmittal letter enclosing copy of same to pro se Defs Austin and Michael Garrison via CMRRR. | | | | | | | 0 |
| 10/12/2020 | Is Billed | | A106 Communicate (with client) | | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | Draft and send update e-mail to client concerning filing of First Amended Complaint and ████████████████████████ | | | | | | | 0 |
| 10/13/2020 | Is Billed | | A108 Communicate (other external) | | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | Exchange e-mails with Joseph Vacek concerning settlement, whereby Druien, Inc. and Lisa Druien offer to pay ████ to resolve all claims against them by NG and AFC, collectively. | | | | | | | 0 |
| 10/13/2020 | Is Billed | | A101 Plan and prepare for | | AP (AP) | 0.8 | 0.8 | 360 | 288 |
| | | Outline scheduling order proposal dates per court ordered scheduleing conference for consideration adn discussion with LAA counsel and parties. | | | | | | | 0 |
| 10/13/2020 | Is Billed | | A108 Communicate (other external) | | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | Phone call with Joseph Vacek concerning status of case and whether Druien, Inc. and Lisa Druien are agreeable and consent to referral to a magistrate judge. | | | | | | | 0 |

| Date | Status | Description | Code | Party | | | | |
|---|---|---|---|---|---|---|---|---|
| 10/14/2020 | Is Billed | Draft e-mail to clients communicating settlement proposal and recent phone conversation with Mr. Vacek on behalf of LAA and Lisa Druien. | A106 Communicate (with client) | CVA (CVA) | 0.3 | 0.3 | 300 | 90 |
| | | | | | | | | 0 |
| 10/14/2020 | Is Billed | Email exchanges re settlement proposal. | Itemize | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | | | | | | | | 0 |
| 10/14/2020 | Is Billed | Detailed assessment of ███████████████████ ████████████████████████████████████ ████████████████████████████ | A104 Review/analyze | AP (AP) | 1 | 1 | 360 | 360 |
| | | | | | | | | 0 |
| 10/14/2020 | Is Billed | Review order requiring scheduling conference and in-person meeting on scheduling and joint report. | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | | | | | | | 0 |
| 10/14/2020 | Is Billed | Per order mandating in-person scheduling conference, reach out to M. Garrison and A. Garrison to facilitate conference. | A108 Communicate (other external) | CVA (CVA) | 0.6 | 0.6 | 300 | 180 |
| | | | | | | | | 0 |
| 10/16/2020 | Is Billed | Draft and send e-mail follow up to counsel for Druien, Inc. and Lisa Druien, along with M. Garrison and A. Garrison, proposing time and date to schedule face-to-face conference, proposing October 22nd at 10:00 a.m. | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | | | | | | | 0 |
| 10/20/2020 | Is Billed | Begin drafting Rule 26 report. | A103 Draft/revise | CVA (CVA) | 0.9 | 0.9 | 300 | 270 |
| | | | | | | | | 0 |
| 10/20/2020 | Is Billed | Draft e-mail follow up to Joseph Vacek, counsel for Druien Inc. and Lisa Druien, concerning planning for joint Rule 26(f) conference. | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | | | | | | | 0 |
| 10/20/2020 | Is Billed | Phone call to A. Garrison.  Discussed scheduling of in-person meeting on Friday at 9:30 a.m. | A108 Communicate (other external) | CVA (CVA) | 0.3 | 0.3 | 300 | 90 |
| | | | | | | | | 0 |
| 10/21/2020 | Is Billed | E-mail to defendant Austin Garrison reminding him and Michael Garrison they need to confirm attendance for upcoming scheduling conference set for 9:30 a.m. this Friday in our office. | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | | | | | | | 0 |
| 10/22/2020 | Is Billed | Draft claims section of draft joint report for NextGear and AFC, break out claims section by parties, and describe key details and facts of all causes of action asserted by both NextGear and AFC against all parties, and revise introduction of draft joint report to chronicle efforts to get M. Garrison and A. Garrison to attend the conference for a face-to-face meeting. | A103 Draft/revise | CVA (CVA) | 1.9 | 1.9 | 300 | 570 |
| | | | | | | | | 0 |
| 10/22/2020 | Is Billed | Draft and circulate e-mail with conference call-in instructions to M. Garrison and A. Garrison for tomorrow's joint scheduling conference. | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | | | | | | | 0 |
| 10/22/2020 | Is Billed | Phone call with Austin Garrison discussing upcoming joint scheduling conference attendance by remote means. | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | | | | | | | 0 |
| 10/22/2020 | Is Billed | Phone call with Heith Hyde, non-retained attorney acting as a settlement intermediary of M. Garrison and A. Garrison, to discuss status of case, upcoming joint scheduling meeting, and settlement, and per call, Heith advised he would not be entering an appearance in the civil litigation but did express the Garrisons were interested in settling with NextGear and AFC. No specific settlement proposals were discussed. | A108 Communicate (other external) | CVA (CVA) | 0.4 | 0.4 | 300 | 120 |
| | | | | | | | | 0 |
| 10/23/2020 | Is Billed | | A109 Appear for/attend | CVA (CVA) | 0.6 | 0.6 | 300 | 180 |

Appendix 1573

| Date | Status | Description | Activity | Timekeeper | | | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| | | Attend joint scheduling conference with M. Garrison and A. Garrison, pro se, in attendance, as well as Joseph Vacek, attorney for LAA and Lisa Druien, and discuss contents of Rule 26 joint report. | | | | | | 0 |
| 10/23/2020 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 300 | 30 |
| | | Phone call with Austin Garrison discussing his attendance at face-to-face meeting and arrival time. | | | | | | 0 |
| 10/23/2020 | Is Billed | | A104 Review/analyze | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | | Analyze DN 15- Scheduling Order. | | | | | | 0 |
| 10/23/2020 | Is Billed | | A106 Communicate (with client) | CVA (CVA) | 0.3 | 0.3 | 300 | 90 |
| | | Draft e-mail to Tami providing update on Rule 26 conference, outline next steps, and request information on bank accounts for LAA and M. Garrison. | | | | | | 0 |
| 10/23/2020 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.4 | 0.4 | 300 | 120 |
| | | Review e-mails and client documents to determine where LAA and Rock Hill Used Cars and AFS bank. | | | | | | 0 |
| 10/23/2020 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.3 | 0.3 | 300 | 90 |
| | | Outline topics for written discovery regarding bank accounts and transfer of money on NG and AFC-financed vehicles sold at LAA. | | | | | | 0 |
| 10/23/2020 | Is Billed | | A103 Draft/revise | CVA (CVA) | 0.8 | 0.8 | 300 | 240 |
| | | Revise joint report to reflect attendance by all parties in face-to-face conference. | | | | | | 0 |
| 10/23/2020 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | Draft and send e-mail with draft joint report to counsel for LAA and Lisa Druien and pro se defendants M. Garrison and A. Garrison for their review and feedback. | | | | | | 0 |
| 10/23/2020 | Is Billed | | A104 Review/analyze | AP (AP) | 0.5 | 0.5 | 360 | 180 |
| | | Approve Draft Joint Status Report for circulation to Defendants for feedback and approval. | | | | | | 0 |
| 10/23/2020 | Is Billed | | A106 Communicate (with client) | CVA (CVA) | 0.3 | 0.3 | 300 | 90 |
| | | Draft e-mail to client providing update on ██████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████ | | | | | | 0 |
| 10/26/2020 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | Review Joint Rule 26 report with edits and feedback from counsel for Druien, Inc. and Lisa Druien. | | | | | | 0 |
| 10/26/2020 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 300 | 30 |
| | | E-mail to Michael Garrison and Austin Garrison concerning response to Joint Rule 26 Report. | | | | | | 0 |
| 10/27/2020 | Is Billed | | A111 Other | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | | Submit the Joint Scheduling Report to Court and calendar extended deadline re initial disclosures. | | | | | | 0 |
| 10/27/2020 | Is Billed | | A103 Draft/revise | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | Make final revisions prior to filing Rule 26 Joint Report. | | | | | | 0 |
| 10/27/2020 | Is Billed | | Itemize | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | | ██████████████████████████████ save same. | | | | | | 0 |
| 10/27/2020 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.4 | 0.4 | 300 | 120 |
| | | Review joint status report with Garrisons' revisions. | | | | | | 0 |
| 10/28/2020 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | Review order signed by Magistrate Judge Cureton requiring filing of revised joint status report that specifically proposes a trial date and updated information on settlement, among other various matters. | | | | | | 0 |
| 10/28/2020 | Is Billed | | A104 Review/analyze | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | | Read DN 18-Order for Revised Joint Status Report and Modified Instructions for ECF filing including all future filings to bear civil action number 4:20-CV-959-BJ. Provide copy of same to attys ABP/CVA/OB for review and cal upcoming ddline. | | | | | | 0 |
| 10/28/2020 | Is Billed | | A104 Review/analyze | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | | Read DN 17-Order of Reassignment; matter reassigned to Magistrate Judge Jeffrey L. Cureton. | | | | | | 0 |
| 11/3/2020 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |

| Date | Description | Code | Biller | | | | Amount |
|------|-------------|------|--------|---|---|---|--------|
| | Review Judge Cureton's order requiring the filing of a revised joint report and webpage concerning local procedures. | | | | | | 0 |
| 11/3/2020 Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | Draft and send e-mail to counsel for Druien, Inc. and Lisa Druien as well as pro se defendants M. Garrison and A. Garrison concerning preparation of revised joint status report per Judge Cureton's October 28th order. | | | | | | 0 |
| 11/3/2020 Is Billed | | A103 Draft/revise | CVA (CVA) | 0.5 | 0.5 | 300 | 150 |
| | Draft revised joint status report and modify introduction, paragraphs (8), (12), (13), (19), and add a paragraph (20) concerning use of electronic courtroom. | | | | | | 0 |
| 11/3/2020 Is Billed | | A107 Communicate (other outside counsel) | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | Phone call with courtroom deputy for Judge Cureton, Julie Harwell, to discuss proposed trial setting in revised joint report. Per phone call, will set trial for certain weeks. | | | | | | 0 |
| 11/4/2020 Is Billed | | A104 Review/analyze | KL (KL) | 0.9 | 0.9 | 215 | 193.5 |
| | Reviewed federal and Oklahoma state law to determine proper service of subpoena on Liberty National Bank. | | | | | | 0 |
| 11/4/2020 Is Billed | | A104 Review/analyze | CVA (CVA) | 0.8 | 0.8 | 300 | 240 |
| | Analyze scope of federal subpoena and geographical limitations imposed by Rule 45 and identity of person to serve at Liberty National Bank, review Liberty National Bank's website, identify CEO for purposes of service, and revise draft subpoena accordingly. | | | | | | 0 |
| 11/4/2020 Is Billed | | A103 Draft/revise | CVA (CVA) | 0.3 | 0.3 | 300 | 90 |
| | Draft notice of subpoena and duces tecum exhibits to draft subpoena for service on parties to lawsuit. | | | | | | 0 |
| 11/4/2020 Is Billed | | A103 Draft/revise | CVA (CVA) | 0.4 | 0.4 | 300 | 120 |
| | Draft subpoena on federal subpoena form directed to Liberty National Bank. | | | | | | 0 |
| 11/4/2020 Is Billed | | A104 Review/analyze | CVA (CVA) | 1.2 | 1.2 | 300 | 360 |
| | Review checks showing deposit of money into Lawton Auto Auction's account with Liberty National Bank, review Liberty National Bank's branch locations, confirm they are not located in Texas, perform search with Oklahoma SOS to determine if registered agent designation was made. | | | | | | 0 |
| 11/7/2020 Is Billed | | A110 Manage data/files | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | Exchange emails re status on Liberty National Bank Subpoena. | | | | | | 0 |
| 11/9/2020 Is Billed | | A111 Other | TN (TN) | 0.7 | 0.7 | 127.5 | 89.25 |
| | Analyze Notice, Subpoena to Liberty National Bank in OK, calendar deadline for docs to be produced to our office. Submit our Notice of Subpoena Commanding the Production of Documents to Ct. (0.3) Prepare transmittal letter enclosing copy of same to pro se parties, send via CMRRR. Prepare transmittal letter to OC, send same via CMRRR. (0.2) Telephone call with Shawn Wells w/Pronto to coordinate service of Subpoena with process server. (0.2) | | | | | | 0 |
| 11/9/2020 Is Billed | | A103 Draft/revise | CVA (CVA) | 1 | 1 | 300 | 300 |
| | Begin drafting Requests for Admissions directed to M. Garrison. | | | | | | 0 |
| 11/9/2020 Is Billed | | A103 Draft/revise | CVA (CVA) | 0.5 | 0.5 | 300 | 150 |
| | Review Liberty National Bank's website and revise subpoena, notice of subpoena, and duces tecum to be served on Chief Lending Officer Chris Graham instead of CEO and confirm service of bank location is in downtown Lawton, Oklahoma. | | | | | | 0 |
| 11/10/2020 Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 300 | 30 |
| | Draft and send e-mail to M. Garrison and A. Garrison soliciting feedback on text of revised joint report and remind pro se defendants that report must be jointly completed by filed by November 18th. | | | | | | 0 |
| 11/10/2020 Is Billed | | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | Review revised joint report with Joseph Vacek's redlined revisions and accept redlined revisions, as no substantive changes were made to the revised report. | | | | | | 0 |
| 11/10/2020 Is Billed | | A103 Draft/revise | CVA (CVA) | 0.3 | 0.3 | 300 | 90 |
| | Review revised joint report with Joseph Vacek's redlined revisions and accept redlined revisions, as no substantive changes were made to the revised report. | | | | | | 0 |

| Date | Status | Description | Code | Type | | | | |
|---|---|---|---|---|---|---|---|---|
| 11/12/2020 | Is Billed | | A108 Communicate (other external) | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | | Follow-up on service status re Subpoena on Liberty National Bank in OK. | | | | | | 0 |
| 11/13/2020 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | Phone call with Austin Garrison on receiving signed copy of revised Joint Report for filing. | | | | | | 0 |
| 11/13/2020 | Is Billed | | A103 Draft/revise | CVA (CVA) | 0.8 | 0.8 | 300 | 240 |
| | | Continue outlining and drafting RFA pertaining to M. Garrison and walk through several exhibits of relevant documents in the RFA's. | | | | | | 0 |
| 11/13/2020 | Is Billed | | A111 Other | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | | Submit our Revised Joint Scheduling Order to Ct. Prepare transmittal letters to pro se parties enclosing copy of same via CMRRR. | | | | | | 0 |
| 11/15/2020 | Is Billed | | A103 Draft/revise | CVA (CVA) | 2.2 | 2.2 | 300 | 660 |
| | | Continue drafting numerous requests for admissions directed to M. Garrison that address all exhibits to amended complaint related to NextGear and walk through series of transactions for each fraud vehicle that highlight and identify the discrepancies in each such transaction. | | | | | | 0 |
| 11/16/2020 | Is Billed | | A108 Communicate (other external) | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | | Follow-up email re service of subpoena on Liberty National Bank. | | | | | | 0 |
| 11/16/2020 | Is Billed | | A103 Draft/revise | CVA (CVA) | 2.2 | 2.2 | 300 | 660 |
| | | Continue drafting hundreds of requests for admissions directed to M. Garrison related to his acquisition of NextGear units from LAA for each such stock #. | | | | | | 0 |
| 11/16/2020 | Is Billed | | A108 Communicate (other external) | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | | Read email from pronto re confirming svc on LNB via branch president, Mark Henry, request Affid of Svc. | | | | | | 0 |
| 11/17/2020 | Is Billed | | A103 Draft/revise | CVA (CVA) | 2 | 2 | 300 | 600 |
| | | Finish drafting NextGear portion of Requests for Admissions at RFA # 662 after going through each NextGear vehicle referenced in the Exhibit "K" flooring documents and highlighting the variance in sales date on the LAA auction invoice and the sale date as noted on the vehicles' certificates of title.  Begin drafting AFC portion of the RFA's and draft approximately 50 RFA's. | | | | | | 0 |
| 11/24/2020 | Is Billed | | A104 Review/analyze | CVA (CVA) | 1.5 | 1.5 | 300 | 450 |
| | | Draft and finalize Rule 26 initial disclosures after reviewing prior research, e-mails, and documents associated with calculation of damages and sale of recovered vehicles. | | | | | | 0 |
| 11/24/2020 | Is Billed | | A107 Communicate (other outside counsel) | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | | Draft and send e-mail to counsel for LAA to serve Rule 26 initial disclosures and also seek feedback on when defendants will be serving Rule 26 disclosures. | | | | | | 0 |
| 11/25/2020 | Is Billed | | A104 Review/analyze | TN (TN) | 0.5 | 0.5 | 127.5 | 63.75 |
| | | Analyze DN 23 -Scheduling Order. | | | | | | 0 |
| 11/25/2020 | Is Billed | | A104 Review/analyze | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | | Analyze DN 24 -Order of Referral for Mediation. | | | | | | 0 |
| 12/15/2020 | Is Billed | | A104 Review/analyze | CVA (CVA) | 5 | 5 | 300 | 1500 |
| | | Analyze written discovery received from Liberty National Bank of extensive LAA bank records for tracing. | | | | | | 0 |
| 12/18/2020 | Is Billed | | A104 Review/analyze | AP (AP) | 0.8 | 0.8 | 360 | 288 |
| | | Assess preliminary report of traced funds through Lawton AA bank account showing ███████████████████████ ███████████████████████████████ ███████████████████████████████ | | | | | | 0 |
| 12/18/2020 | Is Billed | | A104 Review/analyze | AP (AP) | 0.5 | 0.5 | 360 | 180 |
| | | ███████████████████████████ update report to clients as well as targeted discovery to Lawton and RockHill. | | | | | | 0 |
| 12/22/2020 | Is Billed | | A104 Review/analyze | CVA (CVA) | 1.5 | 1.5 | 300 | 450 |

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| | Create PDF example documents identifying and explaining three instances of specific fraud and irreconcilable positions taken by the LAA concerning the auction sale of both AFC and NextGear vehicles that show an auction invoice with Rock Hill has buyer but check payments showing Rock Hill actually received money associated with the auction "sale" of certain vehicles. | | | | | 0 |
| 12/22/2020 Is Billed | | A106 Communicate (with client) | CVA (CVA) | 0.4 | 0.4 | 300 | 120 |
| | Draft detailed e-mail to client explaining ████████ ████████████████████████████████ ████████████████████████████████ | | | | | 0 |
| 12/30/2020 Is Billed | Continue reviewing and assessing Liberty National Bank produced documents for the months of September, October, and partially November of 2019, analyzing several suspicious checks paid by LAA and deposits made by LAA and recording such suspicious activity in an Excel spreadsheet for various NG and AFC financed vehicles. | A104 Review/analyze | CVA (CVA) | 3.4 | 3.4 | 300 | 0 1020 |
| 12/31/2020 Is Billed | Continue review and analysis of Liberty National Bank documents for months of October, 2019, and January through March of 2020, adding notes to Excel spreadsheet as to several additional NextGear and AFC financed vehicles that have irreconcilable differences between LAA invoices and LAA checks as shown in LAA's bank account. | A104 Review/analyze | CVA (CVA) | 3 | 3 | 300 | 0 900 |
| 1/2/2021 Is Billed | Continued reviewing and analyzing Liberty National bank records of LAA for the months of October and November, 2019. | A104 Review/analyze | CVA (CVA) | 1.5 | 1.5 | 300 | 0 450 |
| 1/3/2021 Is Billed | Complete analysis of Liberty National Bank Documents, reviewing bank statements of December 2019, and January 2020, and analyzing the data from such bank statements to incorporate into Excel Spreadsheet identifying transaction anomalies. | A104 Review/analyze | CVA (CVA) | 2.2 | 2.2 | 300 | 0 660 |
| 1/4/2021 Is Billed | Begin drafting subpoena with duces tecum directed to Frontera Vehicles Sales and Parts Inc. | A103 Draft/revise | CVA (CVA) | 0.2 | 0.2 | 300 | 0 60 |
| 1/4/2021 Is Billed | Look up Frontera Vehicles Sales and Parts Inc.'s registered agent information on Texas SOS. | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 300 | 0 60 |
| 1/4/2021 Is Billed | Review LAA invoices to identify which sellers of vehicles at auction will be good candidates to follow up with by subpoena for any auction or sales records of the underlying vehicles. | A104 Review/analyze | CVA (CVA) | 0.5 | 0.5 | 300 | 0 150 |
| 1/4/2021 Is Billed | Order and label exhibits to subpoena duces tecum directed to Frontera Vehicles Sales and Parts Inc. | A103 Draft/revise | CVA (CVA) | 0.2 | 0.2 | 300 | 0 60 |
| 1/5/2021 Is Billed | Coordinate final summary analysis of the off the block transaction tracing summary detailing flow of FP advanced funds back to RockHill as buyer of vehicles floored per LAA bogus auction invoices.  Coordinate assemble ████████ ████████████████████████████████████ ████████████████████████████████ █████████ | A101 Plan and prepare for | AP (AP) | 2 | 2 | 360 | 0 720 |
| 1/5/2021 Is Billed | Compile data from receivable detail reports and subpoena documents into spreadsheet. | A104 Review/analyze | OB (OB) | 1.3 | 1.3 | 225 | 0 292.5 |
| 1/5/2021 Is Billed | Compile data from receivable detail reports and subpoena documents into spreadsheet. | Itemize | OB (OB) | 1.3 | 1.3 | 225 | 0 292.5 |
| 1/5/2021 Is Billed | Finalize format for 3rd party SELLER subpoenas related to bogus off the block LAA vehicles. | A104 Review/analyze | AP (AP) | 0.3 | 0.3 | 360 | 0 108 |
| 1/5/2021 Is Billed | Draft duces tecum exhibit to Frontera subpoena. | A103 Draft/revise | CVA (CVA) | 0.5 | 0.5 | 300 | 0 150 |
| | | | | | | | 0 |

| Date | Status | Description | Code | Type | | | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 1/5/2021 | Is Billed | Conduct additional analysis on Excel spreadsheet identifying ▮▮▮▮▮▮▮▮▮▮▮▮ | A104 Review/analyze | CVA (CVA) | 0.5 | 0.5 | 300 | 150 |
| | | | | | | | | 0 |
| 1/5/2021 | Is Billed | Draft lengthy duces tecum attachment to Mainer Ford subpoena duces tecum. | A103 Draft/revise | CVA (CVA) | 1 | 1 | 300 | 300 |
| | | | | | | | | 0 |
| 1/5/2021 | Is Billed | Draft subpoena duces tecum directed to Frontera Vehicles Sales and Parts Inc. and Mainer Ford. | A103 Draft/revise | CVA (CVA) | 1 | 1 | 300 | 300 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Draft notice of subpoenas to be filed in conjunction with issuance of same with respect to the following: Frontera Vehicle Sales & Parts, Inc., Rhory Cheyenne Wilson, Wichita Falls Ford Lincoln, Inc., Parker Auto Auction, Christopher Brady, Seth Wadley Ford Lincoln, and Mainer Ford. | A103 Draft/revise | CVA (CVA) | 0.4 | 0.4 | 300 | 120 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Preoare for service of signed subpoenas on individuals without notice. | A111 Other | SH (SH) | 0.3 | 0.3 | 127.5 | 38.25 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Prepare google share link with pldgs. Coordinate service requests via emails to Pronto re (5) TX Subpoenas and (2) OK Subpoenas. Attempt telephone call with Shawn. | A110 Manage data/files | TN (TN) | 0.6 | 0.6 | 127.5 | 76.5 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Compose letter to pro se defendants to send all notices of subpoenas. | A111 Other | SH (SH) | 0.2 | 0.2 | 127.5 | 25.5 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Analyze seven (7) notices of subpoena commanding the production of documents for attorney signature. | A111 Other | SH (SH) | 0.3 | 0.3 | 127.5 | 38.25 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Compose letter to counsel sending all notices of subpoenas. | A111 Other | SH (SH) | 0.2 | 0.2 | 127.5 | 25.5 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Prepare notices of subpoena for filing on ECF in Federal Court. | A111 Other | SH (SH) | 0.5 | 0.5 | 127.5 | 63.75 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Continue drafting subpoenas, duces tecum attachments, and blank business records affidavits for third parties to complete and return to be issued to Frontera Vehicle Sales & Parts, Inc., Rhory Cheyenne Wilson, Wichita Falls Ford Lincoln, Inc., Parker Auto Auction, Christopher Brady, Seth Wadley Ford Lincoln, and Mainer Ford. | A103 Draft/revise | CVA (CVA) | 3 | 3 | 300 | 900 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Prepare mailout of notices of subpoenas to counsel for Druien. | A111 Other | SH (SH) | 0.2 | 0.2 | 127.5 | 25.5 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Email signed subpoenas for service by state. | A111 Other | SH (SH) | 0.2 | 0.2 | 127.5 | 25.5 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Prepare mailout of notices of subpoena to pro se defendants. | A111 Other | SH (SH) | 0.3 | 0.3 | 127.5 | 38.25 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Discuss subpoena service options. | A110 Manage data/files | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | Review registered agent information, last known address, and other relevant information related to service of subpoena on Frontera Vehicles, Rhory Cheyenne Wilson,Wichita Falls Ford Lincoln, Inc., Parker Auto Auction, Christopher Brady, Seth Wadley Ford Lincoln, and Mainer Ford. | A104 Review/analyze | CVA (CVA) | 1 | 1 | 300 | 300 |
| | | | | | | | | 0 |
| 1/6/2021 | Is Billed | File notices of subpoena. | A111 Other | SH (SH) | 0.3 | 0.3 | 127.5 | 38.25 |
| | | | | | | | | 0 |
| 1/7/2021 | Is Billed | Read email from pronto confirming Subpoena service completed on WICHITA FALLS FORD LINCOLN INC. | A108 Communicate (other external) | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | | | | | | | | 0 |
| 1/7/2021 | Is Billed | Telephone call with Shawn at pronto to confirm access to pleadings and coordinate service of the (7) Subpoenas -5 in TX and 2 in OK. Email exchanges re same. | A108 Communicate (other external) | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | | | | | | | | 0 |
| 1/8/2021 | Is Billed | Analyze status of subpoenas served. | A104 Review/analyze | SH (SH) | 0.1 | 0.1 | 127.5 | 12.75 |
| | | | | | | | | 0 |
| 1/11/2021 | Is Billed | | A111 Other | SH (SH) | 0.3 | 0.3 | 127.5 | 38.25 |

| Date | Description | Code | Timekeeper | | | Rate | Amount |
|---|---|---|---|---|---|---|---|
| | Analyze documents to begin project with titles and bills of sale. | | | | | | 0 |
| 1/12/2021 Is Billed | | A104 Review/analyze | SH (SH) | 2 | 2 | 127.5 | 255 |
| | Analyze documents for AFC (titles, bills of sale, etc.) | | | | | | 0 |
| 1/12/2021 Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.3 | 0.3 | 300 | 90 |
| | Phone call with Austin Michael Garrison.  Garrison called because he wanted to send documents that will allegedly show he owes nothing to NextGear.  During call, requested information concerning Rock Hill's relationship with LAA, and Mr. Garrison advised he would talk to his dad about whether they would be willing to provide any additional information. | | | | | | 0 |
| 1/12/2021 Is Billed | | A110 Manage data/files | TN (TN) | 0.3 | 0.3 | 127.5 | 38.25 |
| | Service status | | | | | | 0 |
| 1/12/2021 Is Billed | | A111 Other | SH (SH) | 2.5 | 2.5 | 127.5 | 318.75 |
| | Analyze discovery documents for NextGear. | | | | | | 0 |
| 1/13/2021 Is Billed | | A104 Review/analyze | CVA (CVA) | 0.3 | 0.3 | 300 | 90 |
| | Review, download and save produced documents from Rhory Wilson per subpoena. | | | | | | 0 |
| 1/13/2021 Is Billed | | A108 Communicate (other external) | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | Read email from pronto re OK Subpoena served on Auth Agent Bateson. Review OK details for entity, discuss authorized/RA with CVA. | | | | | | 0 |
| 1/13/2021 Is Billed | | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 300 | 60 |
| | Review subpoena and registered agent information on Mainer Ford after confirming Phil Bateman of Mainer Ford was served by process server. | | | | | | 0 |
| 1/13/2021 Is Billed | | A111 Other | SH (SH) | 2.5 | 2.5 | 127.5 | 318.75 |
| | Continued analysis of AFC documents for discovery. | | | | | | 0 |
| 1/13/2021 Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.6 | 0.6 | 300 | 180 |
| | Phone call with Rhory Wilson.  Per call, Wilson committed to producing responsive documents to subpoena.  He advised he had never sold any trailer through LAA but instead sold it through an auction company in Mt. Pleasant for 10% of the LAA invoice amount in December of 2018.  Discussed logistics of Mr. Wilson producing documents and his role in selling the 1995 GDAN trailer.  Per Wilson, the LAA invoice showing RHOH as seller is wholly fabricated and the price of $16,000.00 is not reflective of the actual price of the trailer. | | | | | | 0 |
| 1/14/2021 Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.4 | 0.4 | 300 | 120 |
| | Phone call with Derek Rollins of Mainer Ford, and per discussion: (a) Derek confirmed he is counsel for Mainer Ford and will be responding to the discovery subpoena; (b) confirmed Mainer Ford never sold any vehicles through LAA and in fact all invoices attached to the subpoena were fraudulently created; (c) advised his client will cooperate with the subpoena and provide responsive documents; and (d) Mainer Ford will be sending a demand letter to LAA, making demand they correct the false invoices naming Mainer Ford as seller. | | | | | | 0 |
| 1/14/2021 Is Billed | | A104 Review/analyze | AP (AP) | 0.5 | 0.5 | 360 | 180 |
| | Assess additional 3rd party subpoena responses all consistently indicating they never sold vehicles through LAA, including several quite angry and very willing to assist. | | | | | | 0 |
| 1/15/2021 Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.4 | 0.4 | 300 | 120 |
| | Phone call with Austin Garrison.  Receive and review documentation purporting to show payoff by AFS of three NextGear vehicles in full. | | | | | | 0 |
| 1/18/2021 Is Billed | | A104 Review/analyze | CVA (CVA) | 0.1 | 0.1 | 300 | 30 |
| | Receive and review hard copies of documents received by Rhory Wilson and compare with electronic copies previously produced responsive to subpoena. | | | | | | 0 |
| 1/18/2021 Is Billed | | A104 Review/analyze | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| | Analyze the Returns of Svc re Manier and Seth Wadley Lincoln Ford b/s Nina Wadley OK Subpoenas. | | | | | | 0 |
| 1/19/2021 Is Billed | | A108 Communicate (other external) | TN (TN) | 0.2 | 0.2 | 127.5 | 25.5 |
| | Telephone call with ct clerk re Subpoena ROS. | | | | | | 0 |
| 1/19/2021 Is Billed | | A111 Other | TN (TN) | 0.3 | 0.3 | 127.5 | 38.25 |

| Date | | Description | Task | Timekeeper | | | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| | | Submit all (7) Subpoena Affidavits of Service to Ct. | | | | | | 0 |
| 1/20/2021 | Is Billed | Review Business Records Affidavit and banking documentation from Christopher Brady. | A104 Review/analyze | TN (TN) | 0.1 | 0.1 | 127.5 | 12.75 |
| 1/29/2021 | Is Billed | Compose proposed order on motion to dismiss. | A111 Other | SH (SH) | 0.3 | 0.3 | 127.5 | 0 38.25 |
| 1/29/2021 | Is Billed | Compose motion to dismiss defendant A. Garrison. | A111 Other | SH (SH) | 0.7 | 0.7 | 127.5 | 89.25 |
| 1/29/2021 | Is Billed | Phone call to Derek Rollins to discuss subpoena and document production status and left detailed VM. | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 300 | 0 60 |
| 1/29/2021 | Is Billed | Revise business records affidavit of Rhory Cheyenne Wilson after review of documents and prior phone call to reflect he has never done business with LAA or Rock Hill Used Cars. | A103 Draft/revise | CVA (CVA) | 0.6 | 0.6 | 300 | 180 |
| 2/1/2021 | Is Billed | Phone call with Colby Parker of Star Motors to discuss NextGear/AFC subpoena and production of requested documents.  Per phone call, Mr. Parker advised Parker Auto Auctions does not exist, he sold vehicle in question directly to Rockhill Used Cars, and was not aware of LAA having anything to do with the transaction.  Colby Parker to forward me responsive documents by e-mail. | A108 Communicate (other external) | CVA (CVA) | 0.4 | 0.4 | 305 | 0 122 |
| 2/8/2021 | Is Billed | Meet with owner of Frontera Ford regarding subpoena production of documents, receive and review documentation produced, and note that records show an auction sale to Rock Hill through a different auction in Waco and no auction sale through LAA. | A108 Communicate (other external) | CVA (CVA) | 0.6 | 0.6 | 305 | 0 183 |
| 2/8/2021 | Is Billed | Analyze documents received in response to subpoena and outline additional written discovery to draft and serve on LAA, including ███████████████████████████ ████████████████████████████████ ████████████████████████ | A104 Review/analyze | CVA (CVA) | 1 | 1 | 305 | 0 305 |
| 2/8/2021 | Is Billed | Reviewed previous pleadings and vehicles analysis to prepare for ███████████████████████████ ████████████████████████████████ | A104 Review/analyze | KL (KL) | 1.1 | 1.1 | 220 | 0 242 |
| 2/8/2021 | Is Billed | Have owner of Frontera sign business records affidavit and confer on what he knows about Rock Hill and LAA.  Owner confirmed he had never done business with LAA and typically sold junk cars. | A108 Communicate (other external) | CVA (CVA) | 0.6 | 0.6 | 305 | 0 183 |
| 2/8/2021 | Is Billed | Outline tailored discovery and admissions for Lawton AA and RockHill Motors. | A101 Plan and prepare for | AP (AP) | 0.5 | 0.5 | 370 | 0 185 |
| 2/8/2021 | Is Billed | Assess summary of 3rd party subpoena information obtained to date, all confirming LAA floored invoices were bogus with inflated sales price, and/or parties to the transactions. | A101 Plan and prepare for | AP (AP) | 0.5 | 0.5 | 370 | 0 185 |
| 2/8/2021 | Is Billed | Receive and review responsive documents from Wichita Falls Ford Lincoln to subpoena and compare received documents with completed business records affidavit with those in file reflecting the sale of the vehicle, noting that the LAA invoice provided by Rock Hill had a later date, increased sales price, and different LAA invoice number. | A104 Review/analyze | CVA (CVA) | 0.7 | 0.7 | 305 | 0 213.5 |
| 2/8/2021 | Is Billed | Received case overview/background from CVA to prepare for drafting consolidated discovery requests to defendant. | A101 Plan and prepare for | KL (KL) | 0.2 | 0.2 | 220 | 0 44 |
| 2/9/2021 | Is Billed | | A104 Review/analyze | KL (KL) | 0.7 | 0.7 | 220 | 0 154 |

| Date | Status | Description | Task | Timekeeper | | | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| | | Reviewed excel sheet with full analysis of each AFC and NextGear vehicle and corresponding checks/documents to attach to and prepare consolidated discovery requests. | | | | | | 0 |
| 2/9/2021 | Is Billed | | A104 Review/analyze | KL (KL) | 0.9 | 0.9 | 220 | 198 |
| | | Reviewed ████████████████████████████████ ██████████████████████████████████████ ████ to prepare drafting consolidated discovery requests. | | | | | | 0 |
| 2/9/2021 | Is Billed | | A104 Review/analyze | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | | Reviewed subpoena responses from Cheyenne Wilson, Frontera Ford, and Wichita Falls Ford Lincoln showing sales to Rockhill and to incorporate ino discovery requests. | | | | | | 0 |
| 2/10/2021 | Is Billed | | A107 Communicate (other outside counsel) | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | Email to defendants' counsel regarding motion to dismiss party and proposed order. | | | | | | 0 |
| 2/10/2021 | Is Billed | | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | File motion to dismiss and proposed order. | | | | | | 0 |
| 2/10/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | Began drafting requests for admissions to Defendants Lawton Auto Auction and Lisa Druien. | | | | | | 0 |
| 2/10/2021 | Is Billed | | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | Compose letter to send motion to dismiss A. Garrison to pro se defendants and attorney Vacek. | | | | | | 0 |
| 2/11/2021 | Is Billed | | A104 Review/analyze | KL (KL) | 0.7 | 0.7 | 220 | 154 |
| | | Reviewed new documents received from Mainer Ford to our subpoena and reviewed various documentation produced from other dealers per our subpoena and analyzed the documents with the documents we have for Lawton in order to refer to and attach within our consolidated requests for discovery. | | | | | | 0 |
| 2/11/2021 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.5 | 0.5 | 305 | 152.5 |
| | | Begin review and analysis of documents from Mainer Ford responsive to Subpoena. | | | | | | 0 |
| 2/12/2021 | Is Billed | | A103 Draft/revise | CVA (CVA) | 0.4 | 0.4 | 305 | 122 |
| | | Draft business records affidavit for representative of Mainer Ford to sign after review of all Mainer Ford documents. | | | | | | 0 |
| 2/12/2021 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.7 | 0.7 | 305 | 213.5 |
| | | Continue reviewing and cataloguing data and information from Mainer Ford Production. | | | | | | 0 |
| 2/12/2021 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | Draft and send e-mail to Rhory Wilson with proposed form of business records affidavit with additional helpful language. | | | | | | 0 |
| 2/12/2021 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | Draft and send e-mail to Derek Rollins with proposed form of business records affidavit for Mainer Ford with additional helpful language. | | | | | | 0 |
| 2/12/2021 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.8 | 0.8 | 305 | 244 |
| | | Input data from other sellers who produced documents per subpoena into Excel spreadsheet to analyze how the sales date and sales price compares with the LAA invoices associated with each specific vehicle. | | | | | | 0 |
| 2/12/2021 | Is Billed | | A101 Plan and prepare for | CVA (CVA) | 0.5 | 0.5 | 305 | 152.5 |
| | | Based on receipt of documents from various sellers who sold directly to Rock Hill Used Cars or through auctions other than LAA, outline and strategize ████████████████████ ████████████████ | | | | | | 0 |
| 2/15/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 176 |
| | | Worked on drafting requests for admission and requests for production for our consolidated discovery requests to Lawton Auto Auction and Lisa Druien. | | | | | | 0 |
| 2/15/2021 | Is Billed | | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | Reviewed LAA's initial disclosures and AFC/NG initial disclosures. | | | | | | 0 |
| 2/16/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 1.2 | 1.2 | 220 | 264 |
| | | Worked on drafting Requests for Admissions to add to our consolidated discovery requests to LAA and Lisa Druien. | | | | | | 0 |
| 2/17/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 176 |

| Date | Status | Description | Task | Attorney | | | | |
|---|---|---|---|---|---|---|---|---|
| | | Drafted consolidated discovery requests (requests for admission portion) to defendants LAA and Lisa Druien and began compiling documents received from discovery to attach thereto. | | | | | | 0 |
| 2/18/2021 | Is Billed | Review, save records received from Melissa Casodos per Subpoena. | A104 Review/analyze | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 2/18/2021 | Is Billed | Conduct detailed review of all alleged "sellers" per LAA invoices and analyze which sellers have been served subpoenas, which sellers have not been served subpoenas, and how many vehicles per seller there remain. ████████ ████████████████████████ █████████████████████████████ | A104 Review/analyze | CVA (CVA) | 1.8 | 1.8 | 305 | 549 |
| | | | A106 Communicate (with client) | CVA (CVA) | 0.4 | 0.4 | 305 | 0 |
| 2/18/2021 | Is Billed | Draft e-mail to Shannon at NextGear and Tami at AFC providing ██████████████████████████████ ██████████████████████████████ ████████████████████ | | | | | | 122 |
| | | | A106 Communicate (with client) | CVA (CVA) | 0.5 | 0.5 | 305 | 0 |
| 2/18/2021 | Is Billed | Clarify for client█████████████ ███████████████████████████ | | | | | | 152.5 |
| | | | A101 Plan and prepare for | KL (KL) | 0.2 | 0.2 | 220 | 0 |
| 2/25/2021 | Is Billed | Discussed████████████████████ ███████████████████████ | | | | | | 44 |
| | | | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 0 |
| 2/25/2021 | Is Billed | E-mail to M. Garrison and A. Garrison seeking response to previous attempts to discuss settlement and set up settlement conference. | | | | | | 61 |
| | | | A101 Plan and prepare for | CVA (CVA) | 0.2 | 0.2 | 305 | 0 |
| 2/25/2021 | Is Billed | Outline next steps to complete draft subpoenas to remaining alleged sellers. | | | | | | 61 |
| | | | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 305 | 0 |
| 2/25/2021 | Is Billed | Phone call to Bailey & Galyen to follow up on what attorney is representing defendants Druien, Inc. and Lisa Druien now that Joseph Vacek no longer works at the firm. | | | | | | 30.5 |
| 2/25/2021 | Is Billed | Reviewed LAA invoices and began drafting subpoena duces tectum to Kyle Way d/b/a Big Dawg Motors | A103 Draft/revise | KL (KL) | 0.7 | 0.7 | 220 | 0 |
| 2/26/2021 | Is Billed | Draft Second Amended Original Complaint, removing allegations against A. Garrison, adding allegations for fraud and conspiracy to commit fraud against Emmett Druien, and refining fraud allegations against all defendants to expressly allege defendants conspired to create false, fraudulent and fictitious invoices that in fact did not occur at the LAA. | A103 Draft/revise | CVA (CVA) | 1.5 | 1.5 | 305 | 154 |
| | | | | | | | | 457.5 |
| 2/26/2021 | Is Billed | Modify and re-label exhibits for purposes of filing second amended original complaint and revise amended complaint to reference updated exhibit letters. | A103 Draft/revise | CVA (CVA) | 0.4 | 0.4 | 305 | 0 |
| | | | | | | | | 122 |
| 2/26/2021 | Is Billed | Draft motion for leave to file second amended original complaint to add Emmett Druien as a defendant. | A103 Draft/revise | CVA (CVA) | 1 | 1 | 305 | 0 |
| | | | | | | | | 305 |
| 2/26/2021 | Is Billed | Phone call with Richard Tallini at Bailey & Galyen to discuss in-person meeting per scheduling order as well as conference on motion to compel inadequate Rule 26 initial disclosures.  Left VM and requested return call. | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 305 | 0 |
| | | | | | | | | 30.5 |
| 2/28/2021 | Is Billed | Forward draft Affidavit in MS Word form to Derek Rollins, counsel for Mainer Ford, for Mr. Rollins to make non-substantive changes prior to signing same. | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 305 | 0 |
| | | | | | | | | 30.5 |
| | | | | | | | | 0 |

| Date | Status | Description | Activity | Timekeeper | | | | |
|---|---|---|---|---|---|---|---|---|
| 3/1/2021 | Is Billed | Drafted subpoena and reviewed compiled invoices and certificate of title and pulled COT and invoice to attach to Southern Oklahoma Auto subpoena. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Drafted subpoena and reviewed compiled invoices and certificate of title and pulled COT and invoice to attach to Kevin Jones Auto Sales subpoena. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Email to court coordinator with proposed order in word for amended motion for leave. | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Conducted Oklahoma secretary of state search for Todd Mikel Motors to determine correct address and registered agent. | A104 Review/analyze | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Drafted subpoena and reviewed compiled invoices and certificate of title and pulled COT and invoice to attach to Advantage Truck subpoena. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Review form of additional draft subpoenas to third party "sellers." | A104 Review/analyze | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Conducted Oklahoma secretary of state search for Advantage Truck to determine correct address and registered agent. | A104 Review/analyze | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Conducted Oklahoma secretary of state search for Big Dawg Motors to determine correct address and registered agent. | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Drafted subpoena and reviewed compiled invoices and certificate of title and pulled COT and invoice to attach to Enviro Clean subpoena. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Compose amended motion for leave. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Conducted Oklahoma secretary of state search to determine correct address and registered agent. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Conducted Oklahoma secretary of state search for Monte Freeman to determine correct address and registered agent. | A104 Review/analyze | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Conducted Oklahoma secretary of state search for Kevin Jones to determine correct address and registered agent. | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Drafted subpoena and reviewed compiled invoices and certificate of title and pulled COT and invoices for three vehicles to attach to Big Dawg Motors subpoena. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Conducted Oklahoma secretary of state search for Tommy Nix to determine correct address and registered agent. | A104 Review/analyze | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Drafted subpoena and reviewed compiled invoices and certificate of title and pulled COT and invoice to attach to Pryor Auto subpoena. | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Began drafting subpoena and reviewed compiled invoices and certificate of title and pulled COT and invoices to attach to Executive Kars subpoena. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Drafted subpoena and reviewed compiled invoices and certificate of title and pulled COT and invoice to attach to Tommy Nix Auto Group subpoena. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | Drafted subpoena and reviewed compiled invoices and certificate of title and pulled COT and invoice to attach to Nix Auto Center subpoena. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | E-file amended motion for leave. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | | | | | | | 0 |
| 3/1/2021 | Is Billed | | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 44 |

| Date | Status | Description | Task Code | Timekeeper | Hours | Billed | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 3/1/2021 | Is Billed | Conducted Oklahoma secretary of state search for Enviroclean to determine correct address and registered agent. | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 0 44 |
| 3/1/2021 | Is Billed | Conducted Oklahoma secretary of state search for Chaco's Auto Sales to determine correct address and registered agent. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 0 66 |
| 3/1/2021 | Is Billed | Drafted subpoena and reviewed compiled invoices and certificate of title and pulled COT and invoice to attach to Monte Freeman subpoena. | A104 Review/analyze | KL (KL) | 0.1 | 0.1 | 220 | 0 22 |
| 3/1/2021 | Is Billed | Conducted Oklahoma secretary of state search for Nix Auto to determine correct address and registered agent. | A103 Draft/revise | CVA (CVA) | 0.5 | 0.5 | 305 | 0 152.5 |
| 3/1/2021 | Is Billed | Draft CoC on motion for leave to file second amended complaint.  Review and revise proposed order granting motion for leave. | A111 Other | SH (SH) | 0.8 | 0.8 | 130 | 0 104 |
| 3/1/2021 | Is Billed | File motion for leave to file second amended complaint. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 0 66 |
| 3/1/2021 | Is Billed | Drafted subpoena and reviewed compiled invoices and certificate of title and pulled COT and invoice to attach to Chaco's Auto Sales subpoena. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 0 66 |
| 3/1/2021 | Is Billed | Began drafting motion to compel regarding defendants initial disclosures that did not provide any documents in support of their claims/defenses. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 0 66 |
| 3/1/2021 | Is Billed | Drafted subpoena and reviewed compiled invoices and certificate of title and pulled COT and invoice to attach to Todd Mikel Motors subpoena. | A103 Draft/revise | SH (SH) | 0.2 | 0.2 | 130 | 0 26 |
| 3/1/2021 | Is Billed | Compose proposed order granting motion for leave to file second amended complaint. | A103 Draft/revise | SH (SH) | 0.2 | 0.2 | 130 | 0 26 |
| 3/1/2021 | Is Billed | Compose letter to pro se defendants to transmit motion for leave and amended motion for leave. | A103 Draft/revise | KL (KL) | 0.6 | 0.6 | 220 | 0 132 |
| 3/1/2021 | Is Billed | Drafted subpoena and reviewed compiled invoices and certificate of title and pulled those to attach to David Montanaro subpoena. | A104 Review/analyze | KL (KL) | 0.1 | 0.1 | 220 | 0 22 |
| 3/2/2021 | Is Billed | Conducted Oklahoma secretary of state search for Southern Oklahoma Auto to determine correct address and registered agent. | A103 Draft/revise | KL (KL) | 1.2 | 1.2 | 220 | 0 264 |
| 3/2/2021 | Is Billed | Reviewed and finalized subpoenas, exhibits, and notices for Big Dawg motors, David Montanaro, Pryor Auto, Southern Oklahoma Auto, Chaco's Auto, Nix Auto Center, Enviro Clean, Todd Mikel, and Monte Freeman. | A103 Draft/revise | KL (KL) | 0.7 | 0.7 | 220 | 0 154 |
| 3/2/2021 | Is Billed | Drafted subpoenas to sellers Rick Jones Buick and Security State Bank of Oklahoma and pulled invoices and titles for the respective vehicles to attach thereto and searched Oklahoma SOS for registered agent address. | A103 Draft/revise | KL (KL) | 0.6 | 0.6 | 220 | 0 132 |
| 3/2/2021 | Is Billed | Finalized subpoenas, notices, and exhibits for sellers Bottoms Up, Rick Jones Buick, Security State Bank, Ryder Truck, Bayshore, Jackson Chevy Kingfisher, and Lee Auto Sale. | A103 Draft/revise | KL (KL) | 0.5 | 0.5 | 220 | 0 110 |
| 3/2/2021 | Is Billed | Drafted subpoenas to seller Lee Auto Sale and pulled invoices and titles for the respective vehicles to attach thereto and searched Oklahoma SOS for registered agent address. | A103 Draft/revise | KL (KL) | 0.7 | 0.7 | 220 | 0 154 |
| 3/2/2021 | Is Billed | Drafted subpoenas to seller Jackson Chevy Kingfisher and pulled invoices and titles for the respective vehicles to attach thereto and searched Oklahoma SOS for registered agent address. | A103 Draft/revise | KL (KL) | 0.5 | 0.5 | 220 | 0 110 |

| Date | Status | Description | Task | Timekeeper | Hours | Billed | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| | | Finalized subpoenas, notices, and exhibits for sellers Kevin Jones, Tommy Nix, Advantage Truck, Executive Kars, and GPR Auto. | | | | | | 0 |
| 3/2/2021 | Is Billed | E-mail to Richard Tallini, counsel for LAA and Lisa Druien, forwarding service documents on motion for leave to file second amended complaint, and also confer with Richard by e-mail on motion to compel inadequate Rule 26 initial disclosure responses. | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| 3/2/2021 | Is Billed | Drafted subpoenas to sellers Ryder Truck and Bayshore and pulled invoices and titles for the respective vehicles to attach thereto and searched Oklahoma SOS for registered agent address. | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 176 |
| 3/2/2021 | Is Billed | Drafted subpoeas to sellers GPR Auto & Truck Sales and Bottoms Up Motorsports and pulled invoices and titles for the respective vehicles to attach thereto. | A103 Draft/revise | KL (KL) | 0.7 | 0.7 | 220 | 154 |
| 3/2/2021 | Is Billed | Call from Judge Curerton's law clerk regarding process of how Court will handle the second amended complaint if the motion for leave is granted. | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| 3/3/2021 | Is Billed | Prepare google link for all counsel of record. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| 3/3/2021 | Is Billed | Compose letter to pro se defendants to send copies of all subpoenas out. | A103 Draft/revise | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| 3/3/2021 | Is Billed | Phone call with Rick Tallini of Bailey & Galyen concerning mediation, initial disclosures, and conference requirement for settlement per scheduling order.  Per conference on motion to compel initial disclosures, Rick advised he was opposed to the relief sought because he was still getting acquainted with the file and needed to understand the facts of the case. | A108 Communicate (other external) | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| 3/3/2021 | Is Billed | Revised business records affidavits for seller kevin vanzant. | A103 Draft/revise | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| 3/3/2021 | Is Billed | Drafted proposed order for our Motion to Compel Rule 26 initial disclosures against LAA and Druien. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| 3/3/2021 | Is Billed | Revised business records affidavits for seller david montanaro. | A103 Draft/revise | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| 3/3/2021 | Is Billed | Revised subpoena to Kevin Jones Auto. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| 3/3/2021 | Is Billed | Review order to show cause issued by the court concerning mediation. | A104 Review/analyze | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| 3/3/2021 | Is Billed | Review, revise, and approve final form of subpoenas to approximately 21 additional individuals and coordinate on issuance of subpoenas for service. | A104 Review/analyze | CVA (CVA) | 2.4 | 2.4 | 305 | 732 |
| 3/3/2021 | Is Billed | File all subpoenas. | A111 Other | SH (SH) | 1.2 | 1.2 | 130 | 156 |
| 3/3/2021 | Is Billed | Drafted new subpoena with new 2021 deadline for seller Seth Waldley. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| 3/3/2021 | Is Billed | Review draft motion to compel initial disclosures from Druien, Inc. and Lisa Druien. | A104 Review/analyze | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| 3/3/2021 | Is Billed | Drafted new subpoena with new 2021 deadline for Christopher Brady. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| 3/3/2021 | Is Billed | Drafted Motion to Compel Rule 26 initial disclosures against Defendants Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction and Lisa Druien. | A103 Draft/revise | KL (KL) | 1.3 | 1.3 | 220 | 286 |
| 3/3/2021 | Is Billed | Confer with SH re (21) Subpoenas project. | A101 Plan and prepare for | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| 3/3/2021 | Is Billed | | A110 Manage data/files | SH (SH) | 0.4 | 0.4 | 130 | 52 |

| | Description | Activity Code | Timekeeper | Hours | Billed | Rate | Amount |
|---|---|---|---|---|---|---|---|
| | Prepare notices of subpoenas (24) for wet signatures. | | | | | | 0 |
| 3/3/2021 Is Billed | Phone call with Rhory Wilson regarding signing and return of business records affidavit. | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| 3/3/2021 Is Billed | Revisions to twenty-two notices of subpoenas before filing. | A111 Other | SH (SH) | 3 | 3 | 130 | 390 |
| 3/3/2021 Is Billed | Analyze show cause order entered by Court. | A104 Review/analyze | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| 3/3/2021 Is Billed | Revised business records affidavit for seller Kevin Jones. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| 3/3/2021 Is Billed | Prepare copies (reduced size) for mailing to pro se defendants for mail out. | A111 Other | SH (SH) | 0.6 | 0.6 | 130 | 78 |
| 3/3/2021 Is Billed | Revised business records affidavits for seller monte freeman. | A103 Draft/revise | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| 3/4/2021 Is Billed | Telephone call with Shawn w/Pronto re poss. assistance with svc of Subpoenas. | A108 Communicate (other external) | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| 3/4/2021 Is Billed | Circulate report to all parties and incorporate feedback from Michael Garrison into report. | A103 Draft/revise | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| 3/4/2021 Is Billed | Draft and send numerous e-mails to Richard Tallini, Michael Garrison, and Austin Garrison concerning Settlement Report and response to Show Cause Order. | A108 Communicate (other external) | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| 3/4/2021 Is Billed | Found phone number of Tommy Nix Auto Group via facebook page and called and was able to speak to their general manager regarding invoice listing them as seller at Lawton Auction. | A108 Communicate (other external) | KL (KL) | 0.7 | 0.7 | 220 | 154 |
| 3/4/2021 Is Billed | Finalize Show Cause Motion regarding mediation. | A103 Draft/revise | AP (AP) | 0.5 | 0.5 | 370 | 185 |
| 3/4/2021 Is Billed | Coordinate informal subpoena service/phone call approach to apparent bogus "sellers" per bogus LAA Bills of Sale rather than serving 20 subpoenas in Oklahoma. | A104 Review/analyze | AP (AP) | 0.5 | 0.5 | 370 | 185 |
| 3/4/2021 Is Billed | Coordinate service of subpoenas. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| 3/4/2021 Is Billed | Analyze all file marked subpoenas filed with Court. | A111 Other | SH (SH) | 0.3 | 0.3 | 130 | 39 |
| 3/4/2021 Is Billed | Draft Settlement Report and explain why counsel for Plaintiffs was unable to contact Michael Garrison, Austin Garrison, Joseph Vacek, or Richard Tallini prior to the February 26th settlement conference date. | A103 Draft/revise | CVA (CVA) | 0.6 | 0.6 | 305 | 183 |
| 3/4/2021 Is Billed | Draft response to Court's Show Cause Order pertaining to mediation report and explain why counsel for Plaintiffs was unable to contact Michael Garrison, Austin Garrison, Joseph Vacek, or Richard Tallini prior to the March 1st deadline. Circulate response to all parties and incorporate feedback from Michael Garrison into report. | A103 Draft/revise | CVA (CVA) | 0.8 | 0.8 | 305 | 244 |
| 3/4/2021 Is Billed | Confer with SH re strategy re service of (24) Subpoenas. | A101 Plan and prepare for | TN (TN) | 0.2 | 0.2 | 130 | 26 |
| 3/4/2021 Is Billed | Pull subpoenas off of filed notices to send to various process servers. | A111 Other | SH (SH) | 0.4 | 0.4 | 130 | 52 |
| 3/4/2021 Is Billed | Prepare subpoena address list, organize same by state. | A103 Draft/revise | TN (TN) | 0.5 | 0.5 | 130 | 65 |
| 3/4/2021 Is Billed | Attempt telephone call with Shawn w/pronto to coordinate service, left vmail and sent email re same. | A108 Communicate (other external) | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| 3/4/2021 Is Billed | Served subpoena upon Tommy Nix Auto Group via email. | A108 Communicate (other external) | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| 3/4/2021 Is Billed | File motion to compel on ECF. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | | | | | | 0 |

| Date | Status | Description | Task | Attorney | Hours | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 3/4/2021 | Is Billed | Review and outline options for serving subpoenas and possibly contacting alleged "sellers" of LAA vehicles prior to formal service of subpoena. | A104 Review/analyze | CVA (CVA) | 0.4 | 0.4 | 305 | 122 |
| | | | | | | | | 0 |
| 3/4/2021 | Is Billed | Planned options for service on 24 sellers to which we plan to serve subpoenas upon and analyzed whether a process server is needed. | A101 Plan and prepare for | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/4/2021 | Is Billed | Phone call with Michael Garrison concerning draft Settlement Report and response to Court's Show Cause Order.  During phone call, discussed status of case, proposed mediators, and discussed briefly merits of allegations.  Michael Garrison insisted two of a couple of employees of AFC or NextGear were crooked but generally denied the LAA invoices were fictitious or fraudulent.  He declined to elaborate on his defense to the case and indicated he would rather speak face-to-face rather than over the phone. | A108 Communicate (other external) | CVA (CVA) | 0.5 | 0.5 | 305 | 152.5 |
| | | | | | | | | 0 |
| 3/4/2021 | Is Billed | Outline mediation response to show cause regarding failure to timely report to the Court on mediator and agreement/position re: same. | A104 Review/analyze | AP (AP) | 0.5 | 0.5 | 370 | 185 |
| | | | | | | | | 0 |
| 3/4/2021 | Is Billed | Compose transmittal letter to for pro se defendants and counsel regarding motion to compel. | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 3/4/2021 | Is Billed | Make final adjustments to motion to compel and proposed order prior to filing of same. | A103 Draft/revise | CVA (CVA) | 0.5 | 0.5 | 305 | 152.5 |
| | | | | | | | | 0 |
| 3/4/2021 | Is Billed | Analyze docket sheet per CVA. | A104 Review/analyze | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | | | | | | | 0 |
| 3/4/2021 | Is Billed | Outline status report format (submitted solo due to LAA counsel failure to respond) for his feedback and comments given joint report required. | A104 Review/analyze | AP (AP) | 0.5 | 0.5 | 370 | 185 |
| | | | | | | | | 0 |
| 3/5/2021 | Is Billed | Compose letter to pro se defendants transmitting settlement report and response to show cause order. | A111 Other | SH (SH) | 0.3 | 0.3 | 130 | 39 |
| | | | | | | | | 0 |
| 3/5/2021 | Is Billed | File settlement report. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | | | | | | | 0 |
| 3/5/2021 | Is Billed | Finalize response to Show Cause Order based on recent communications with Michael Garrison and Austin Garrison, and include request in response that the Court appoint Judge Jenevein as mediator in the event the parties are unable to agree to a mediator. | A103 Draft/revise | CVA (CVA) | 1 | 1 | 305 | 305 |
| | | | | | | | | 0 |
| 3/5/2021 | Is Billed | File plaintiffs' response to order to show cause concerning mediation. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | | | | | | | 0 |
| 3/5/2021 | Is Billed | Follow up on Subpoenas (24) status. | A110 Manage data/files | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Nix Auto Center phone number to call regarding service of subpoena - called phone number and spoke to Melinda who agreed to allow service of subpoena via email. Drafted email to Nix Auto and served subpoena via email. | A108 Communicate (other external) | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Analyze summary of sham 3rd parties to LAA bogus invoices including detailed responses and feedback to ascertain scope of additional formal subpoenas | A104 Review/analyze | AP (AP) | 1 | 1 | 370 | 370 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Kevin Jones and Kevin Vanzant phone numbers to call regarding service of subpoena - called Kevin Vanzant and he did not answer. | A108 Communicate (other external) | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | | A108 Communicate (other external) | KL (KL) | 0.4 | 0.4 | 220 | 88 |

| Date | Status | Description | Activity | Timekeeper | Rate Qty | Bill Qty | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| | | Searched for GPR Auto & Trucks phone number to call regarding service of subpoena - called phone number and spoke to Cinthia Gonzales who allowed us to serve subpoena via email. Drafted and sent email to GPR's provided email address with subpoena. | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for seller Chaco's Auto Sales contact information, gave them a phone call and talked to Isaac Machado regarding service of subpoena via email and sent email to Chaco's with subpoena documents. | A108 Communicate (other external) | KL (KL) | 0.7 | 0.7 | 220 | 154 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Seth Wadley Ford Lincoln phone number to call regarding service of subpoena via email. Called phone number and spoke to representative who gave their lawyer's information. | A108 Communicate (other external) | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Monte Freeman phone number to call regarding service of subpoena - called phone number and spoke to Mr. Freeman who told me he would call me back after talking to his attorney. | A108 Communicate (other external) | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Lee Auto Sales phone number to call regarding service of subpoena - called phone number and spoke to Chan Lee who agreed to service of subpoena via email. Drafted and sent service of subpoena via email and later talked to Mr. Lee on the phone again regarding his question about the subpoena. | A108 Communicate (other external) | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Todd Mikel Motors and Advantage Truck phone numbers to call regarding service of subpoena - called both numbers and both had the phone number disconnected. | A108 Communicate (other external) | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Security State Bank of Oklahoma phone number to call regarding service of subpoena - called phone number and spoke to secretary who transferred me to title clerk and left a voicemail. | A108 Communicate (other external) | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Executive Kars phone number to call regarding service of subpoena - called phone number and spoke to Harold Bernet who allowed us to serve subpoena via email. Drafted and sent email to Executive Kars' provided email address with subpoena. | A108 Communicate (other external) | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Jacksons of Kingfisher phone number to call regarding service of subpoena - called phone number and spoke to Jalene Jackson who agreed to service of subpoena via email. Drafted and sent service of subpoena via email. | A108 Communicate (other external) | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Reviewed documents proved from Jacksons of Kingfisher and from Lee Auto Sales in response to our subpoena. | A104 Review/analyze | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Pryor Consignment and Southern Oklahoma Auto phone number to call regarding service of subpoena - called phone number and both were disconnected. | A108 Communicate (other external) | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Christopher Brady, Big Dawg Motors, and David Monetaro phone numbers to call regarding service of subpoena. Couldn't find Brady or Monetaro phone numbers. Called Big Dawg phone number and it was disconnected. | A108 Communicate (other external) | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |

Phone call with Austin Garrison re: mediation show cause order.  Per conversation, Austin Garrison advised he was unopposed to Judge Jenevein as mediator.

| Date | Billed | Description | Activity | TK | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Ryder Truck Rental phone number to call regarding service of subpoena - called phone number and spoke to service manager Vince who provided me the NCLO contact information. Called NCLO phone number and talked to Ryan Anderson who agreed to service of subpoena via email. Drafted and sent service of subpoena via email. | A108 Communicate (other external) | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Bottoms Up Motorsports phone number to call regarding service of subpoena - called phone number and spoke to representative who said they would call our office back. | A108 Communicate (other external) | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Review e-mails from associate to various third party alleged "sellers" with subpoenas attached and receive feedback from various sellers. | A104 Review/analyze | CVA (CVA) | 0.5 | 0.5 | 305 | 152.5 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Enviro Clean phone number to call regarding service of subpoena - called phone number and spoke to representative who gave me phone number for HR to talk to. Called Maria at HR and left a voicemail. | A108 Communicate (other external) | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Bayshore Ford Truck Sales' phone number to call regarding service of subpoena via email. Called phone number and spoke to representative who transferred me to the title clerk and I left a voicemail. | A108 Communicate (other external) | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/9/2021 | Is Billed | Searched for Rick Jones Buick phone number to call regarding service of subpoena - called phone number and spoke to current owner who said he will have Rick Jones call me back. | A108 Communicate (other external) | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/10/2021 | Is Billed | Phone call to Rick Tallini to confer on filing of motion to compel against Michael Garrison, discuss possible mediation agreement, and confer on motion to amend scheduling order. Left VM message. | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| | | | | | | | | 0 |
| 3/10/2021 | Is Billed | Assess updated seller subpoena summary status. | A104 Review/analyze | AP (AP) | 0.3 | 0.3 | 370 | 111 |
| | | | | | | | | 0 |
| 3/10/2021 | Is Billed | Analyze draft discovery to Defendants. | A104 Review/analyze | AP (AP) | 0.3 | 0.3 | 370 | 111 |
| | | | | | | | | 0 |
| 3/10/2021 | Is Billed | Phone call to Michael Garrison to confer on motion to compel Rule 26(a) disclosure responses and motion for amended scheduling order.  Left VM.  Follow-up by e-mail and forward draft of motion to compel as an attachment. | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | | | | | | | 0 |
| 3/10/2021 | Is Billed | Reviewed all current produced documents/disclosures received from defendants to determine whether or not a motion to compel is warranted. | A104 Review/analyze | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | | | | | | | 0 |
| 3/10/2021 | Is Billed | Revised Garrison motion to compel to include attempted conference information under the certificate of conference. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 3/10/2021 | Is Billed | Analyze order signed by Court dismissing Austin Michael Garrison from action. | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 3/10/2021 | Is Billed | Outline next steps in pursuing ████████████ ████████████  Review seller subpoena list and examine which sellers are "volume" sellers or have been confirmed to be in business and capable of responding to a subpoena.  Per outline, will focus on ██████████████████ | A104 Review/analyze | CVA (CVA) | 0.5 | 0.5 | 305 | 152.5 |
| | | | | | | | | 0 |
| 3/10/2021 | Is Billed | | A104 Review/analyze | AP (AP) | 0.2 | 0.2 | 370 | 74 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Outline SO revisions due to adding Druien as party. | A103 Draft/revise | KL (KL) | 0.5 | 0.5 | 220 | 0<br>110 |
| 3/10/2021 Is Billed | | | | | | | |
| | Worked on drafting consolidated discovery requests (requests for production, interrogatories, and requests for admission) to LAA. | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 0<br>176 |
| 3/10/2021 Is Billed | | | | | | | |
| | Drafted motion to compel initial disclosures as to defendant Michael Garrison d/b/a Rockhill and drafted proposed order granting the motion. | A104 Review/analyze | CVA (CVA) | 0.3 | 0.3 | 305 | 0<br>91.5 |
| 3/10/2021 Is Billed | | | | | | | |
| | Review draft motion to compel as to Michael Garrison and proposed order thereto, revising CoC after attempting to contact defendants or counsel for defendants to confer on same. | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 0<br>13 |
| 3/11/2021 Is Billed | | | | | | | |
| | Revise motion to compel. | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 0<br>61 |
| 3/11/2021 Is Billed | | | | | | | |
| | Review order entered by court extending deadlines by which parties will conduct an in-person settlement conference and provide a report concerning the parties' agreed-upon mediator. | A103 Draft/revise | SH (SH) | 0.2 | 0.2 | 130 | 0<br>26 |
| 3/11/2021 Is Billed | | | | | | | |
| | Compose letter to pro se debtor to transmit motion to compel and proposed order filed with Court. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 0<br>66 |
| 3/11/2021 Is Billed | | | | | | | |
| | Worked on drafting consolidated discovery requests to LAA and Druien. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 0<br>26 |
| 3/11/2021 Is Billed | | | | | | | |
| | Analyze order extending deadlines to name a mediator and participate in formal settlement conference entered by Court. | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 0<br>13 |
| 3/11/2021 Is Billed | | | | | | | |
| | File motion to compel M. Garrison to provide Rule 26 Initial Disclosures and proposed order. | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 0<br>61 |
| 3/11/2021 Is Billed | | | | | | | |
| | Draft e-mail to both Michael Garrison and Rick Tallini concerning order requiring parties to attend a formal settlement conference by April 30th and forward copy of the order by e-mail. | A106 Communicate (with client) | CVA (CVA) | 0.3 | 0.3 | 305 | 0<br>91.5 |
| 3/11/2021 Is Billed | | | | | | | |
| | Draft e-mail to clients explaining order recently entered extending deadline for parties to attend an in-person settlement conference prior to April 30th and provide a report on mediation by March 23rd. | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 0<br>13 |
| 3/11/2021 Is Billed | | | | | | | |
| | Email to opposing counsel regarding motion to compel and proposed order. | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 0<br>61 |
| 3/12/2021 Is Billed | | | | | | | |
| | Review signed and notarized affidavit from Mainer Auto, which proves up business records previously produced by Mainer Ford and also states under oath that at no time has Mainer Ford done any business whatsoever with Lawton Auto Auction. | A108 Communicate (other external) | CVA (CVA) | 0.3 | 0.3 | 305 | 0<br>91.5 |
| 3/12/2021 Is Billed | | | | | | | |
| | Phone call with Rick Tallini.  Discussed scheduling of in-person settlement conference, he confirmed he was unopposed to amended scheduling order, but he was opposed to adding Emmett Druien as a defendant. | A106 Communicate (with client) | CVA (CVA) | 0.3 | 0.3 | 305 | 0<br>91.5 |
| 3/12/2021 Is Billed | | | | | | | |
| | Draft e-mail update to Tami at AFC and Shannon at NextGear pertaining to ▮▮▮▮▮▮▮▮▮ | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 0<br>44 |
| 3/12/2021 Is Billed | | | | | | | |
| | Reviewed signed affidavit from Mainer Ford regarding LAA sales and analyzed next steps/strategy ▮▮▮▮▮▮ | A104 Review/analyze | AP (AP) | 0.3 | 0.3 | 370 | 0<br>111 |
| 3/12/2021 Is Billed | | | | | | | |

Appendix 1590

Analyze Mariner affidavit and records establishing all 11 Mariner alleged seller vehicles are sham/bogus and Mariner was a victim of the LAA/RockHill scheme.

| Date | | Task | Timekeeper | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | 0 |
| 3/12/2021 | Is Billed | A104 Review/analyze | AP (AP) | 0.3 | 0.3 | 370 | 111 |

Coordinate scheduling for settlement and mediation back to back.

| | | | | | | | 0 |
| 3/12/2021 | Is Billed | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |

Review business records affidavit from Mainer Ford and exchange e-mails with counsel for Mainer Ford re: same.

| | | | | | | | 0 |
| 3/12/2021 | Is Billed | A104 Review/analyze | AP (AP) | 0.2 | 0.2 | 370 | 74 |

███████████ to clients.

| 3/15/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 176 |

Worked on drafting requests for admission directed to LAA and Lisa Druien.

| | | | | | | | 0 |
| 3/17/2021 | Is Billed | A103 Draft/revise | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |

Revise motion to amend scheduling order and finalize for purposes of filing same.

| | | | | | | | 0 |
| 3/17/2021 | Is Billed | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |

Compose letter to pro se defendant M. Garrison transmitting Motion to Amend Scheduling Order and proposed Order granting same.

| | | | | | | | 0 |
| 3/17/2021 | Is Billed | A103 Draft/revise | CVA (CVA) | 0.7 | 0.7 | 305 | 213.5 |

Draft argument section to motion and identify all the ways under Fed. R. Civ. P. 16(b)(4) the motion is timely, appropriate, and establishes good cause to modify the current deadlines, citing applicable case law and Federal Rules.

| | | | | | | | 0 |
| 3/17/2021 | Is Billed | A103 Draft/revise | CVA (CVA) | 0.8 | 0.8 | 305 | 244 |

Begin drafting motion to amend scheduling order. Reference in facts section need to add Emmett Druien and how addition of a defendant would cause scheduling of depositions to be rushed prior to current discovery deadline.

| | | | | | | | 0 |
| 3/17/2021 | Is Billed | A103 Draft/revise | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |

Revise CoC based on feedback from Rick Tallini and Michael Garrison, who are both unopposed and draft proposed order granting motion to amend scheduling order.

| | | | | | | | 0 |
| 3/17/2021 | Is Billed | A108 Communicate (other external) | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |

Exchange e-mails with Judge Jenevein's office on availability for mediation in April and May. Receive feedback on availability and forward to Rick Tallini and Michael Garrison by e-mail, requesting availability for April.

| | | | | | | | 0 |
| 3/17/2021 | Is Billed | A108 Communicate (other external) | CVA (CVA) | 0.5 | 0.5 | 305 | 152.5 |

Phone call with Michael Garrison to discuss in-person settlement conference, mediation, and one-on-one meeting to discuss facts of this case. Follow-up e-mail to Michael Garrison proposing dates for one-on-one sit-down.

| | | | | | | | 0 |
| 3/18/2021 | Is Billed | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |

Draft and send reminder e-mail to Rick Tallini and Michael Garrison to provide feedback on mediation availability.

| | | | | | | | 0 |
| 3/18/2021 | Is Billed | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |

File motion to amend scheduling order and proposed order on same.

| | | | | | | | 0 |
| 3/18/2021 | Is Billed | A103 Draft/revise | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |

Begin drafting mediation report.

| | | | | | | | 0 |
| 3/18/2021 | Is Billed | A103 Draft/revise | SH (SH) | 0.1 | 0.1 | 130 | 13 |

Compose new certificate of service before filing motion to amend scheduling order.

| | | | | | | | 0 |
| 3/19/2021 | Is Billed | A104 Review/analyze | AP (AP) | 0.5 | 0.5 | 370 | 185 |

Analyze SO deadlines for logistics of mediation, settlement conference, new party defendant and pending subpoenas.

| | | | | | | | 0 |
| 3/19/2021 | Is Billed | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |

Draft and send e-mail to Rhory Wilson with revised business records affidavit attached.

| | | | | | | | 0 |
| 3/19/2021 | Is Billed | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |

Draft and send e-mail to Michael Garrison after having received feedback from Rick Tallini on availability to attend mediation.

| | | | | | | | 0 |

| Date | Status | Description | Task Code | Timekeeper | Hours | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 3/19/2021 | Is Billed | Confer with CVA re upcoming disclosures deadilne. | A110 Manage data/files | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| 3/22/2021 | Is Billed | Worked on drafting consolidated discvoery requests as to Lawton Auto Auction, Lisa Druien, and Michael Garrison and worked on incorporating exhibits. | A103 Draft/revise | KL (KL) | 5.2 | 5.2 | 220 | 1144 |
| 3/22/2021 | Is Billed | Review business records affidavit from Rhory Cheyenne Wilson and save in directory. | A104 Review/analyze | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| 3/23/2021 | Is Billed | Outline written discovery for Emmett Druien and interrogatories to be addressed to LAA and Lisa Druien concerning alleged sale of vehicles and handling of sales proceeds. | A103 Draft/revise | CVA (CVA) | 0.4 | 0.4 | 305 | 122 |
| 3/23/2021 | Is Billed | Email to counsel for defendants and pro se defendant Plaintiff's Notice of Chosen Mediator. | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| 3/23/2021 | Is Billed | Draft and send e-mail to clients concerning mediation scheduling. | A106 Communicate (with client) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| 3/23/2021 | Is Billed | Analyze docket entries for electronic orders and adjust dates for various entries on Scheduling Order per Court. | A111 Other | SH (SH) | 0.3 | 0.3 | 130 | 39 |
| 3/23/2021 | Is Billed | Begin drafting expert disclosures. | A103 Draft/revise | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| 3/23/2021 | Is Billed | Planned organization and separation of consolidated discovery requests to now go to each individual defendant separately rather than grouping LAA and Lisa Druien. | A101 Plan and prepare for | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| 3/23/2021 | Is Billed | Review docket entry orders extending deadlines and granting motion for leave to file second amended complaint adding Emmett Druien as a defendant to the case. | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| 3/23/2021 | Is Billed | Compose letter to pro se defendant transmitting Notice of Chosen Mediator. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| 3/23/2021 | Is Billed | File Plaintiffs' Report of Chosen Mediator. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| 3/23/2021 | Is Billed | Draft and finalize mediation report responsive to court's extended order on referral of mediation. | A103 Draft/revise | CVA (CVA) | 0.4 | 0.4 | 305 | 122 |
| 3/24/2021 | Is Billed | Draft and send e-mail to Judge Jenevein's office to confirm that April 22nd or April 28th mediation dates were still available and to reserve April 28th, if available, or alternatively April 22nd for an afternoon half-day mediation. | A108 Communicate (other external) | CVA (CVA) | 0.5 | 0.5 | 305 | 152.5 |
| 3/24/2021 | Is Billed | E-mail to Michael Garrison to determine availability for in-person settlement conference the week of April 12th. | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| 3/24/2021 | Is Billed | Draft and send e-mail to Rick Tallini and Michael Garrison concerning scheduling of mediation for April 22nd at 1:00 p.m. and also discussing scheduling of in-person settlement conference the day prior, April 21st.  Receive e-mail from Rick Tallini that he is unavailable for an in-person settlement conference on April 21st, however. | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| 3/24/2021 | Is Billed | Analyze docket text re electronic Order granting DN 74- Unopp. Motion to Amend Scheduling Order. | A104 Review/analyze | TN (TN) | 0.2 | 0.2 | 130 | 26 |
| 3/24/2021 | Is Billed | Draft and send update e-mail to clients regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | A106 Communicate (with client) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| 3/25/2021 | Is Billed | Compose summons for new party, Emmett Druien. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |

| Date | Status | Description | Activity Code | Timekeeper | Hours | Billed | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 3/25/2021 | Is Billed | Draft and send clients e-mail update concerning ▓▓▓▓. Also update client on ▓▓▓▓▓▓▓▓ | A106 Communicate (with client) | CVA (CVA) | 0.4 | 0.4 | 305 | 122 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | Review Darin Clarke's CV and outline his possible testimony as a retained expert. | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| 3/25/2021 | Is Billed | Analyze exhibits on invoices and titles. | A111 Other | SH (SH) | 0.7 | 0.7 | 130 | 91 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | Analyze summons issued by court on Emmett Druien. | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | Call to clerk's office as to second amended complaint, cover sheet and summons. | A108 Communicate (other external) | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | Follow up on service/joinder of Druien given SO deadlines and mediation scheduling | A101 Plan and prepare for | AP (AP) | 0.1 | 0.1 | 370 | 37 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | Compose letter to pro se defendant to transmit copy of second amended complaint and all exhibits. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | Analyze case style formats, confer with CVA re same. | A103 Draft/revise | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | Review court's electronic order entered on March 23rd extending various deadlines and confirm extension includes expert disclosure deadline. | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | Final review of second amended complaint and exhibits prior to filing same. | A104 Review/analyze | CVA (CVA) | 0.9 | 0.9 | 305 | 274.5 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | Prepare Joint Disclosure -Expert Witness Information and Notice of Expert Disclosures. | A103 Draft/revise | TN (TN) | 0.6 | 0.6 | 130 | 78 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | Review Darin Clarke's CV and attempt to reach out by phone to discuss possible designation as an expert witness.  Note that most recent phone number has been changed and seek alternative contact information for Mr. Clarke. | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | Compose label cover sheets for each exhibit before filing. | A111 Other | SH (SH) | 0.4 | 0.4 | 130 | 52 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | Identify non-retained experts for designation including client reps and Darin Clarke. | A101 Plan and prepare for | AP (AP) | 0.3 | 0.3 | 370 | 111 |
| | | | | | | | | 0 |
| 3/25/2021 | Is Billed | File second amended complaint and exhibits. | A111 Other | SH (SH) | 0.3 | 0.3 | 130 | 39 |
| | | | | | | | | 0 |
| 3/26/2021 | Is Billed | Email from process server to confirm count of papers to serve. | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 3/26/2021 | Is Billed | Call to process server to coordinate service. | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 3/26/2021 | Is Billed | Mail out of pleadings to all defendants or counsel. | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 3/26/2021 | Is Billed | Analyze file-marked complaint and exhibits for service on Emmett Druien. | A111 Other | SH (SH) | 0.4 | 0.4 | 130 | 52 |
| | | | | | | | | 0 |
| 3/26/2021 | Is Billed | File notice of expert disclosures with court. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | | | | | | | 0 |
| 3/26/2021 | Is Billed | Review pleadings and client e-mails concerning topics on which Eric Brown and Jerome Bosl will testify as experts at trial. Create a list of topics. | A103 Draft/revise | CVA (CVA) | 1 | 1 | 305 | 305 |
| | | | | | | | | 0 |
| 3/26/2021 | Is Billed | Email to process server with all paperwork to be served on Emmett Druien. | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 3/26/2021 | Is Billed | | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 13 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | Email to pro se defendant and other counsel for defendants regarding electronic copies of certified mail being sent. | | | | | | 0 |
| 3/26/2021 | Is Billed | A101 Plan and prepare for | TN (TN) | 0.2 | 0.2 | 130 | 26 |
| | Discuss prior service completed at Lawton Auto Auction during auction wed at 5:30pm in OK, strategize and outline svc re Def. Emett Druien. | | | | | | 0 |
| 3/26/2021 | Is Billed | A103 Draft/revise | CVA (CVA) | 0.5 | 0.5 | 305 | 152.5 |
| | Revise draft expert disclosures and incorporate information required by Fed. R. Civ. P. 26(a)(2) for non-retained experts. . | | | | | | 0 |
| | | A106 Communicate (with client) | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| 3/26/2021 | Is Billed | | | | | | |
| | Exchange e-mails with client concerning extended expert disclosure deadline. | | | | | | 0 |
| 3/26/2021 | Is Billed | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | Compose letter to all defendants to transmit notice of expert disclosure and disclosures. | | | | | | 0 |
| 3/26/2021 | Is Billed | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | Revision to notice of experts. | | | | | | 0 |
| 3/26/2021 | Is Billed | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | Email from process server saying that next week is a go and he has things lined up. | | | | | | 0 |
| 3/26/2021 | Is Billed | A103 Draft/revise | CVA (CVA) | 0.4 | 0.4 | 305 | 122 |
| | Finalize draft expert disclosures for Eric Brown and Jerome Bosl. Finalize notice of service of expert disclosures. | | | | | | 0 |
| 3/26/2021 | Is Billed | A111 Other | SH (SH) | 0.3 | 0.3 | 130 | 39 |
| | Research Emmett Druien's  image for service of summons. | | | | | | 0 |
| 3/26/2021 | Is Billed | A104 Review/analyze | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| | Review summons issued on Emmett Druien and outline options on how to get Emmett served, including having him served on an auction day at LAA. | | | | | | 0 |
| 3/26/2021 | Is Billed | A111 Other | SH (SH) | 0.5 | 0.5 | 130 | 65 |
| | Coordinate to have same server in Oklahoma serve Emmett Druien. | | | | | | 0 |
| 3/29/2021 | Is Billed | A103 Draft/revise | KL (KL) | 3.5 | 3.5 | 220 | 770 |
| | Finalized first draft of consolidated discovery requests as to Lisa Druien and LAA. | | | | | | 0 |
| 3/29/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| | Began drafting consolidated discovery requests as to Emmett Druien. | | | | | | 0 |
| 3/30/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| | Worked on drafting M. Garrison consolidated discovery requests and determining which exhibits to include/attach. | | | | | | 0 |
| 3/30/2021 | Is Billed | A103 Draft/revise | KL (KL) | 1 | 1 | 220 | 220 |
| | Worked on Emmett Druien consolidated discovery requests. | | | | | | 0 |
| 3/30/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | Worked on finalizing definitions and exhibits for consolidated discovery requests as to LAA and Lisa Druien. | | | | | | 0 |
| 3/31/2021 | Is Billed | A104 Review/analyze | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | Finalized drafting consolidated discovery requests as to Lisa Druien, Emmett Druien, and LAA and sent to CVA fort review and revision. | | | | | | 0 |
| 3/31/2021 | Is Billed | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | Communicate with process server that he has everything for attempt on Emmett Druien this evening at the auction house. | | | | | | 0 |
| 4/1/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | Began drafting affidavit supporting facts/statements made in Executive Kar's letter to our office. | | | | | | 0 |
| 4/1/2021 | Is Billed | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | Call to process server to confirm service on Emmett Druien. | | | | | | 0 |
| 4/1/2021 | Is Billed | A104 Review/analyze | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | Reviewed letter received from Executive Kars "seller" from subpoena sent via email. | | | | | | 0 |
| 4/2/2021 | Is Billed | A108 Communicate (other external) | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | Emailed contact at Executive Kars, Harold Bennett, regarding the letter sent to our office and inquired whether he would be willing to sign an affidavit to support his statements made in the letter. | | | | | | 0 |

| Date | | Description | Activity | Timekeeper | | | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 4/2/2021 | Is Billed | Drafted Affidavit for Harold Bennet to review to support his statements in the letter sent to our office that Executive Kars cannot produce responsive documents to our subpoena because it is a victim of fraud. | A103 Draft/revise | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| 4/5/2021 | Is Billed | Review court's text order granting motion to compel as to LAA re: Rule 26 initial disclosures, setting deadline to produce on April 12th.  Separately review order granting motion to compel as to Michael Garrison, setting deadline for April 26th. | A104 Review/analyze | CVA (CVA) | 0.3 | 0.3 | 305 | 0 91.5 |
| 4/5/2021 | Is Billed | Worked on drafting M. Garrison's consolidated discovery requests. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 0 44 |
| 4/5/2021 | Is Billed | Analyze order entered by court granting motion to compel Lawton Cache Auction Auto and Lisa Druien to produce Initial Disclosures. | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 0 13 |
| 4/6/2021 | Is Billed | Reviewed CVA comments and ███████████ | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 0 44 |
| 4/6/2021 | Is Billed | Sent email response to GPR representative requesting execution of business records affidavit. | A108 Communicate (other external) | KL (KL) | 0.1 | 0.1 | 220 | 0 22 |
| 4/6/2021 | Is Billed | Revise draft discovery requests directed to Lisa Druien. | A104 Review/analyze | CVA (CVA) | 1.3 | 1.3 | 305 | 0 396.5 |
| 4/6/2021 | Is Billed | Review documents from another purported "seller" GPR Auto and Truck Sales | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 0 61 |
| 4/6/2021 | Is Billed | Read current scheduling order to find upcoming deadlines for disclosures. | A101 Plan and prepare for | KL (KL) | 0.1 | 0.1 | 220 | 0 22 |
| 4/6/2021 | Is Billed | Drafted revisions to Rule 26(a) initial disclosures implementing information about sellers that have produced documents in response to our subpoena. | A103 Draft/revise | KL (KL) | 0.6 | 0.6 | 220 | 0 132 |
| 4/6/2021 | Is Billed | Reviewed produced documents from seller GPR Auto in response to our subpoena for two vehicles. | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 0 44 |
| 4/6/2021 | Is Billed | Provided ABP and CVA ██████████████████████████ | A104 Review/analyze | KL (KL) | 0.1 | 0.1 | 220 | 0 22 |
| 4/6/2021 | Is Billed | Analyze correspondence provided by a Rockhill seller, Cynthia Gonzalez w/ GPR Auto & Trucks re VIN 1T9AS40285B540094. | A104 Review/analyze | AP (AP) | 0.3 | 0.3 | 370 | 0 111 |
| 4/6/2021 | Is Billed | Outline business records affidavit for Gonzales. | A103 Draft/revise | AP (AP) | 0.1 | 0.1 | 370 | 0 37 |
| 4/6/2021 | Is Billed | Began drafting amendment to initial disclosures in light of documents received from sellers via subpoena. | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 0 88 |
| 4/7/2021 | Is Billed | Revised requests for production section of Lisa Druien discovery requests per CVA comments. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 0 66 |
| 4/7/2021 | Is Billed | Worked on revising LAA discovery requests ████████████ | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 0 66 |
| 4/7/2021 | Is Billed | Revised interrogatories section of Lisa Druien discovery requests ████████████ | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 0 88 |
| 4/7/2021 | Is Billed | Revised requests for admissions section of Lisa Druien discovery requests ████████████ | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 0 66 |
| 4/8/2021 | Is Billed | Email correspondence to process server regarding need of Affidavit of Serving Emmett Druien to file with Court. | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 0 13 |
| 4/9/2021 | Is Billed | Read LAA website auction rules and saved a copy of the same to incorporate in discovery requests. | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 0 44 |
| 4/12/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 1.2 | 1.2 | 220 | 0 264 |

| Date | Status | Description | Activity | Timekeeper | | | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| | | Revised requests for admission for LAA consolidated discovery requests▮▮▮▮▮▮▮▮▮ | | | | | | 0 |
| 4/12/2021 | Is Billed | | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | Email to process server for corrected return of service on Emmett Druien. | | | | | | 0 |
| 4/12/2021 | Is Billed | | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | Analyze return of service sent by process server. | | | | | | 0 |
| 4/12/2021 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | Review order granting motion to compel as to LAA and Lisa Druien and note defendants failed to comply with court order, analyze next steps with motion for contempt. | | | | | | 0 |
| 4/13/2021 | Is Billed | | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | Analyze email from process server regarding documents that were served. | | | | | | 0 |
| 4/13/2021 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | Analyze written discovery and status in light of LAA and Lisa Druien's failure to respond and provide substantive Rule 26(a) initial disclosure responses. | | | | | | 0 |
| 4/13/2021 | Is Billed | | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | Communicate to process server each document that was to have been served and request return of service be corrected immediately. | | | | | | 0 |
| 4/14/2021 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| | | Begin review of revised draft written discovery to be served on Lisa Druien and LAA. | | | | | | 0 |
| 4/14/2021 | Is Billed | | A106 Communicate (with client) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | Send e-mail updates to NextGear and AFC regarding mediation logistics and upcoming in-person mandatory settlement conference per recent e-mail exchange with mediator's office. | | | | | | 0 |
| 4/14/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | Revised requests for admissions for first 15 stock numbers as to M. Garrison. | | | | | | 0 |
| 4/14/2021 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| | | Draft and send e-mail to Rick Tallini requesting feedback on when he is available to attend an in-person settlement conference on April 27th and whether Lisa Druien will notify Emmett Druien of the dates since Emmett has not yet filed an answer in the lawsuit. | | | | | | 0 |
| 4/14/2021 | Is Billed | | A101 Plan and prepare for | AP (AP) | 0.3 | 0.3 | 370 | 111 |
| | | Assess Druien answer date (April 21) in light of court ordered mediation April 28th to send notification to LAA counsel to advise Druien of scheduled mediation so compliance with Court order is achieved or mediation re-set so only one mediation is required. | | | | | | 0 |
| 4/14/2021 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| | | Send to Rick Tallini, counsel for LAA and Lisa Druien, update e-mail regarding mediation and in-person settlement conference as well as advising Emmett Druien of upcoming dates and deadlines. | | | | | | 0 |
| 4/14/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 1 | 1 | 220 | 220 |
| | | Finalized LAA consolidated discovery requests. | | | | | | 0 |
| 4/14/2021 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| | | Phone call with Ms. Nuncio of mediator's law firm to discuss logistics and notice of mediation set for April 28th. | | | | | | 0 |
| 4/14/2021 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | Phone call with Michael Garrison concerning scheduling of mediation and in-person settlement conference and logistics regarding same. | | | | | | 0 |
| 4/14/2021 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| | | E-mail to mediator requesting mediation packets to be circulated to all parties per prior phone call with pro se defendant Michael Garrison. | | | | | | 0 |

| Date | Status | Description | Code | Initials | | | | |
|------|--------|-------------|------|----------|---|---|---|---|
| 4/14/2021 | Is Billed | Revised and finalized consolidated discovery requests to Emmett Druien. | A103 Draft/revise | KL (KL) | 0.9 | 0.9 | 220 | 198 |
| 4/14/2021 | Is Billed | Finalized consolidated discovery requests as to Lisa Druien. | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 0 / 176 |
| 4/15/2021 | Is Billed | Finalize consolidated discovery requests to LAA to conform with updated exhibits. | A103 Draft/revise | KL (KL) | 0.6 | 0.6 | 220 | 0 / 132 |
| 4/15/2021 | Is Billed | Uploaded final copy of LAA & Lisa Druien discovery requests to google drive to send to counsel and parties through link to google drive folder. | A104 Review/analyze | KL (KL) | 0.3 | 0.3 | 220 | 0 / 66 |
| 4/15/2021 | Is Billed | Reviewed filing receipt for our certificate of written discovery and saved the same to the ECF receipt folder. | A104 Review/analyze | KL (KL) | 0.1 | 0.1 | 220 | 0 / 22 |
| 4/15/2021 | Is Billed | Analyze draft discovery consisting of consolidated requests for production, interrogatories, and admissions prior to serving same on LAA and Lisa Druien. | A104 Review/analyze | CVA (CVA) | 1.2 | 1.2 | 305 | 0 / 366 |
| 4/15/2021 | Is Billed | Combined all referenced exhibits in LAA and Lisa Druien consolidated discovery requests to attach to final draft. | A103 Draft/revise | KL (KL) | 0.7 | 0.7 | 220 | 0 / 154 |
| 4/15/2021 | Is Billed | Finalize consolidated discovery requests to Lisa Druien to conform with updated exhibits. | A103 Draft/revise | KL (KL) | 0.6 | 0.6 | 220 | 0 / 132 |
| 4/15/2021 | Is Billed | CMRRRs correspondence along with enclosing Discovery Requests, and Notice re same to OC and pro Se Defs. Email OC and email to pro se Def. the google share link to access our Consolidated Discovery Requests. | A108 Communicate (other external) | TN (TN) | 0.8 | 0.8 | 130 | 0 / 104 |
| 4/15/2021 | Is Billed | Submit our Notice of Service of Discovery Requests to Ct. | A111 Other | TN (TN) | 0.2 | 0.2 | 130 | 0 / 26 |
| 4/15/2021 | Is Billed | Drafted notice of consolidated discovery requests and certificate of service for the same to file with the court and send to all parties. | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 0 / 88 |
| 4/16/2021 | Is Billed | Analyze notice of serving plaintiff's first consolidated request for production of documents and interrogatories to M. Garrison. | A104 Review/analyze | SH (SH) | 0.1 | 0.1 | 130 | 0 / 13 |
| 4/16/2021 | Is Billed | Drafted and revised M. Garrison Discovery requests and added exhibits. | A103 Draft/revise | KL (KL) | 0.7 | 0.7 | 220 | 0 / 154 |
| 4/16/2021 | Is Billed | Finalized and sent M. Garrison Discovery requests to opposing counsel via email and certified mail. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 0 / 44 |
| 4/16/2021 | Is Billed | Revised draft requests for production and interrogatories directed to Michael Garrison. | A104 Review/analyze | CVA (CVA) | 0.3 | 0.3 | 305 | 0 / 91.5 |
| 4/16/2021 | Is Billed | Compose letter to pro se defendant and counsel for other parties to transmit discovery and notice. | A111 Other | SH (SH) | 0.3 | 0.3 | 130 | 0 / 39 |
| 4/16/2021 | Is Billed | Finalized and sent M. Garrison Discovery requests to M. Garrison via email and certified mail. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 0 / 44 |
| 4/16/2021 | Is Billed | Revised requests for admission as to M. Garrison to include AFC stock numbers. | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 0 / 88 |
| 4/16/2021 | Is Billed | Revise draft written discovery directed to defendant Michael Garrison, modifying exhibits, definitions, and requests for production. | A103 Draft/revise | CVA (CVA) | 0.4 | 0.4 | 305 | 0 / 122 |
| 4/16/2021 | Is Billed | Analyze written discovery served on LAA and Lisa Druien and determine feasibility of quickly converting RFP and Roggs to be directed to remaining defendant, Michael Garrison. | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 0 / 61 |
| 4/16/2021 | Is Billed | Drafted the request for production section of the M. Garrison consolidated discovery requests. | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 0 / 176 |
| 4/17/2021 | Is Billed | Analyze file-marked pleadings filed with court. | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 0 / 13 |

| Date | Status | Code | Description | Timekeeper | Hours | Billed | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| 4/17/2021 | Is Billed | A108 Communicate (other external) | Email to process server to again get corrected return of service on Emmett Druien. | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| 4/19/2021 | Is Billed | A103 Draft/revise | Revised Rule 26 disclosures to include information we received from subpoenas sent to the sellers. | KL (KL) | 0.7 | 0.7 | 220 | 0<br>154 |
| 4/19/2021 | Is Billed | A104 Review/analyze | Analyze upcoming mediation details. | TN (TN) | 0.1 | 0.1 | 130 | 0<br>13 |
| 4/19/2021 | Is Billed | A103 Draft/revise | Worked on drafting Requests for Admission directed to M. Garrison by adding specific requests as to AFC. | KL (KL) | 0.3 | 0.3 | 220 | 0<br>66 |
| 4/20/2021 | Is Billed | A104 Review/analyze | Analyze new return of service sent on Emmett Druien and request server correct again. | SH (SH) | 0.1 | 0.1 | 130 | 0<br>13<br>0 |
| 4/20/2021 | Is Billed | A101 Plan and prepare for | Discuss upcoming mediation. | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| 4/20/2021 | Is Billed | A103 Draft/revise | Drafted Requests for Production as to M. Garrison to add specific questions as to fraud Vehicles. | KL (KL) | 1.4 | 1.4 | 220 | 0<br>308 |
| 4/20/2021 | Is Billed | A108 Communicate (other external) | Exchange e-mails with Mike Garrison and Rick Tallini regarding scheduled time for in-person settlement conference. | CVA (CVA) | 0.2 | 0.2 | 305 | 0<br>61 |
| 4/21/2021 | Is Billed | A103 Draft/revise | Drafted M. Garrison specific requests for Admission as to each of the fraud Vehicles. | KL (KL) | 4.7 | 4.7 | 220 | 0<br>1034 |
| 4/22/2021 | Is Billed | A104 Review/analyze | Analyze return of service for Emmett Druien. | SH (SH) | 0.1 | 0.1 | 130 | 0<br>13 |
| 4/22/2021 | Is Billed | A108 Communicate (other external) | Exchange e-mails with Rick Tallini, counsel for LAA and Lisa Druien regarding in-person settlement conference. | CVA (CVA) | 0.1 | 0.1 | 305 | 0<br>30.5 |
| 4/22/2021 | Is Billed | A111 Other | Analyze answer date and docket sheet to see if Emmett has filed an answer. | SH (SH) | 0.1 | 0.1 | 130 | 0<br>13 |
| 4/22/2021 | Is Billed | A104 Review/analyze | Finalize draft RFA's directed to Michael Garrison, consisting of 1,232 separate requests for admissions. | CVA (CVA) | 0.4 | 0.4 | 305 | 0<br>122 |
| 4/22/2021 | Is Billed | A103 Draft/revise | Revised list of exhibits in M. Garrison RFAs to include seller produced subpoena documents to attach to the RFAs. | KL (KL) | 0.6 | 0.6 | 220 | 0<br>132 |
| 4/22/2021 | Is Billed | A108 Communicate (other external) | Exchange e-mails with Mike Garrison concerning setting up in-person meeting. | CVA (CVA) | 0.1 | 0.1 | 305 | 0<br>30.5 |
| 4/22/2021 | Is Billed | A103 Draft/revise | Drafted M. Garrison Requests for Admission by adding questions regarding documents produced by sellers of the NextGear Vehicles from seller subpoenas. | KL (KL) | 1 | 1 | 220 | 0<br>220 |
| 4/22/2021 | Is Billed | A103 Draft/revise | Drafted M. Garrison Requests for Admission by adding questions regarding documents produced by sellers of the fraud Vehicles from seller subpoenas. | KL (KL) | 1 | 1 | 220 | 0<br>220 |
| 4/23/2021 | Is Billed | A103 Draft/revise | Finalized M. Garrison RFA's by redacting and combining all attached exhibits and sent to CVA for final review. | KL (KL) | 0.4 | 0.4 | 220 | 0<br>88 |
| 4/23/2021 | Is Billed | A103 Draft/revise | Finalize motion for entry of clerk's default with respect to failure of Emmett Druien to timely file an answer. | CVA (CVA) | 0.4 | 0.4 | 305 | 0<br>122 |
| 4/23/2021 | Is Billed | A111 Other | Analyze court rules regarding clerk's entry of default. | SH (SH) | 0.1 | 0.1 | 130 | 0<br>13 |
| 4/23/2021 | Is Billed | A111 Other | Compose default papers as to Emmett Druien. | SH (SH) | 1 | 1 | 130 | 0<br>130 |
| 4/23/2021 | Is Billed | A106 Communicate (with client) | Draft and send update e-mails to clients concerning ███████ ███████████████ | CVA (CVA) | 0.3 | 0.3 | 305 | 0<br>91.5 |
| 4/23/2021 | Is Billed | A111 Other | Compose letter to parties. | SH (SH) | 0.2 | 0.2 | 130 | 0<br>26 |
| 4/23/2021 | Is Billed | A111 Other | | SH (SH) | 0.2 | 0.2 | 130 | 0<br>26 |

Appendix 1598

| Date | Status | Description | Task | Timekeeper | | | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| | | Compose letter to parties to transmit discovery. | | | | | | 0 |
| 4/23/2021 | Is Billed | | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | File notice of service on ECF. | | | | | | 0 |
| 4/23/2021 | Is Billed | | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | Email to parties regarding notice of serving discovery with transmittal letter. | | | | | | 0 |
| 4/23/2021 | Is Billed | | A111 Other | SH (SH) | 0.3 | 0.3 | 130 | 39 |
| | | File motion for entry of default. | | | | | | 0 |
| 4/23/2021 | Is Billed | | A103 Draft/revise | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | Revise certificate of service for counsel for Druien parties. | | | | | | 0 |
| 4/23/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | | Created google drive link of M. Garrison requests for admissions and served discovery requests on M. Garrison and counsel for LAA and Druien. | | | | | | 0 |
| 4/23/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 0.9 | 0.9 | 220 | 198 |
| | | Added additional requests for admission regarding seller documents and references to all seller subpoena exhibits within M. Garrison RFA's. | | | | | | 0 |
| 4/23/2021 | Is Billed | | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | Finalize RFA's for service on Michael Garrison. | | | | | | 0 |
| 4/23/2021 | Is Billed | | A104 Review/analyze | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | Analyze notice and discovery to be sent. | | | | | | 0 |
| 4/23/2021 | Is Billed | | A101 Plan and prepare for | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | Revised M. Garrison requests for admission ████ and finalized for sending. | | | | | | 0 |
| 4/23/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| | | Began drafting memorandum to mediator summarizing facts and procedural background. | | | | | | 0 |
| 4/23/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | Drafted Notice of Service of requests for admissions directed to M. Garrison. | | | | | | 0 |
| 4/26/2021 | Is Billed | | A101 Plan and prepare for | AP (AP) | 1 | 1 | 370 | 370 |
| | | Outline issues for presentation at settlement conference and mediation. | | | | | | 0 |
| 4/26/2021 | Is Billed | | A104 Review/analyze | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | Analyze clerk's entry of default as to Emmett Druien. | | | | | | 0 |
| 4/26/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 3.5 | 3.5 | 220 | 770 |
| | | Worked on drafting Mediation Memorandum to Judge Jenevein. | | | | | | 0 |
| 4/26/2021 | Is Billed | | A103 Draft/revise | CVA (CVA) | 0.5 | 0.5 | 305 | 152.5 |
| | | Review ████████████████████ ████████████████████ ████████ | | | | | | 0 |
| 4/26/2021 | Is Billed | | A111 Other | SH (SH) | 1 | 1 | 130 | 130 |
| | | Compose motion for default judgment. | | | | | | 0 |
| 4/26/2021 | Is Billed | | A101 Plan and prepare for | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | | Planned for mediation and drafting summary of case for mediator with CVA. | | | | | | 0 |
| 4/27/2021 | Is Billed | | A106 Communicate (with client) | AP (AP) | 0.3 | 0.3 | 370 | 111 |
| | | Exchange emails with clients reg ████████████████ ████████████████ | | | | | | 0 |
| 4/27/2021 | Is Billed | | A109 Appear for/attend | CVA (CVA) | 3 | 3 | 305 | 915 |
| | | Prepare for and attend in-person settlement conference, meet with opposing counsel and clients to discuss settlement and upcoming mediation (no charge for second attorney appearance). | | | | | | 0 |
| 4/27/2021 | Is Billed | | A106 Communicate (with client) | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| | | Email clients ████████████████████ ████████████████ | | | | | | 0 |
| 4/27/2021 | Is Billed | | A103 Draft/revise | KL (KL) | 0.7 | 0.7 | 220 | 154 |
| | | Drafted Agreed Judgment as to M. Garrison only. | | | | | | 0 |
| 4/27/2021 | Is Billed | | A104 Review/analyze | KL (KL) | 0.6 | 0.6 | 220 | 132 |
| | | Finalized mediation memorandum and google drive with exhibits. | | | | | | 0 |

| Date | Status | Description | Activity Code | Timekeeper | | | | |
|---|---|---|---|---|---|---|---|---|
| 4/27/2021 | Is Billed | Send email to Shannon ████████████ | A106 Communicate (with client) | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 4/27/2021 | Is Billed | Finished drafting mediation memorandum for CVA review. | A103 Draft/revise | KL (KL) | 1 | 1 | 220 | 220 |
| | | | | | | | | 0 |
| 4/27/2021 | Is Billed | Finalize mediator's confidential memorandum prior to sending same to Judge Jenevein. | A104 Review/analyze | CVA (CVA) | 0.8 | 0.8 | 305 | 244 |
| | | | | | | | | 0 |
| 4/27/2021 | Is Billed | Drafted and sent email to Judge Jenevein with mediation memo and link to exhibits. | A108 Communicate (other external) | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | | | | | | | | 0 |
| 4/27/2021 | Is Billed | Assist with settlement conference preparations. | A101 Plan and prepare for | TN (TN) | 0.4 | 0.4 | 130 | 52 |
| | | | | | | | | 0 |
| 4/27/2021 | Is Billed | Settlement conference per court order including conferences with client reps and in house counsel on ████████ ████████████████████████████ ████████████████████████ ██████████████████████ ████████████████████ █████ | A109 Appear for/attend | AP (AP) | 3 | 3 | 370 | 1110 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | E-mail to client concerning revised agreed judgment to Michael Garrison clarifying attorneys' fees issue. | A106 Communicate (with client) | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | Online searches, ████████████████████████ current for sale property listing re auction property. | A104 Review/analyze | TN (TN) | 0.2 | 0.2 | 130 | 26 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | Facsimile message to Chad Cable and forward revised agreed judgment, explain revisions, and request Chad Cable have his client sign and return revised agreed judgment. | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | Review and approve form of revised agreed judgment clarifying attorneys' fees recovery. | A104 Review/analyze | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| 4/28/2021 | Is Billed | Review, save the Agreed Judgment as to Mr. Garrison only signed by client. | Itemize | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | Attend mediation ████████████████████ ████████████████████████ ████████████████ | A109 Appear for/attend | AP (AP) | 4.5 | 4.5 | 370 | 1665 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | Emails to participating parties for Zoom mediation call. | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | Work to find property values in Oklahoma with TN for use during mediation. | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | Revised Agreed Judgment as to M. Garrison and sent to CVA for review. | A103 Draft/revise | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | Confer with Mediator in advance of mediation session. | A109 Appear for/attend | AP (AP) | 0.3 | 0.3 | 370 | 111 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | Exchange emails with clients re: ███████████████ ████████████████████ | A106 Communicate (with client) | AP (AP) | 0.5 | 0.5 | 370 | 185 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | ████████████████████████████████ ████████████████████████████████ Reviewed DFJ order as to Emmet Druien and analyzed amount of damages/attorney's fees that may be awarded with SH. | A111 Other | TN (TN) | 0.4 | 0.4 | 130 | 52 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | ████████████████████████████████ ████████████████████████████████ | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | | | | | | | 0 |
| 4/28/2021 | Is Billed | ████████████████████████████████ ██████████████████████████ | A111 Other | CB (CB) | 0.2 | 0.2 | 130 | 26 |
| | | | | | | | | 0 |
| 4/30/2021 | Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |

| Date | Status | Description | Code | Task | Atty | Hours | Billed | Rate | Amount |
|---|---|---|---|---|---|---|---|---|---|
| | | Phone call with Rick Tallini discussing possibility of post-mediation settlement discussions. | | | | | | | 0 |
| 5/4/2021 | Is Billed | | A103 Draft/revise | | AP (AP) | 0.8 | 0.8 | 370 | 296 |
| | | Revise Rule 16 draft settlement report per Scheduling Order. | | | | | | | 0 |
| 5/4/2021 | Is Billed | | A106 Communicate (with client) | | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| | | Email clients the ████████████████████ ████████████████████████ | | | | | | | 0 |
| 5/4/2021 | Is Billed | Review Rick Tallini's revisions to joint status report. | A104 Review/analyze | | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| 5/4/2021 | Is Billed | | A103 Draft/revise | | CVA (CVA) | 1.2 | 1.2 | 305 | 366 |
| | | Draft joint report with respect to in-person settlement conference results and attendance. | | | | | | | 0 |
| 5/4/2021 | Is Billed | File joint report on in-person settlement conference. | A111 Other | | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| 5/4/2021 | Is Billed | | A108 Communicate (other external) | | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | Phone call with mediation counsel for Mike Garrison and discuss revised agreed judgment (0.1).  Send revised agreed judgment to counsel for Mike Garrison via e-mail (0.1). | | | | | | | 0 |
| 5/6/2021 | Is Billed | | A108 Communicate (other external) | | AP (AP) | 0.3 | 0.3 | 370 | 111 |
| | | Conference with mediator on settlerment discussions post mediation and promised forthcoming LAA offer. | | | | | | | 0 |
| 5/7/2021 | Is Billed | Analyze motion to vacate clerk's entry of default. | A104 Review/analyze | | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| 5/7/2021 | Is Billed | Analyze notice of substitution of attorney filed by R. Tallini. | A104 Review/analyze | | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| 5/12/2021 | Is Billed | | A108 Communicate (other external) | | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| | | Send email to Magistrate Judge Cureton with our proposed Agreed Judgment, cc pro se Defendant Garrison accordingly. | | | | | | | 0 |
| 5/12/2021 | Is Billed | | A103 Draft/revise | | TN (TN) | 0.2 | 0.2 | 130 | 26 |
| | | Prepare draft email to Magistrate Judge Cureton with the proposed Agreed Judgment. | | | | | | | 0 |
| 5/12/2021 | Is Billed | | A108 Communicate (other external) | | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| | | Phone call with Judge Cureton's law clerk re: submitted agreed judgment. | | | | | | | 0 |
| 5/12/2021 | Is Billed | | A111 Other | | TN (TN) | 0.3 | 0.3 | 130 | 39 |
| | | Analyze Northern Fed local rules re proposed Order submission. Telephone call with clerk to confirm same. | | | | | | | 0 |
| 5/12/2021 | Is Billed | | A108 Communicate (other external) | | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| | | Resubmit our proposed Agreed Judgment. to Magistrate Judge Cureton per ct clerk. | | | | | | | 0 |
| 5/12/2021 | Is Billed | Receive signed revised Agreed Judgment from client. | A110 Manage data/files | | TN (TN) | 0.1 | 0.1 | 130 | 13 |
| 5/12/2021 | Is Billed | | A104 Review/analyze | | CVA (CVA) | 0.4 | 0.4 | 305 | 122 |
| | | Review Emmett Druien's answer and color code Second Amended Complaint to reflect answers provided by Druien. | | | | | | | 0 |
| 5/12/2021 | Is Billed | | A104 Review/analyze | | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | Review status of current outstanding discovery served on Druien, Inc. and Lisa Druien. | | | | | | | 0 |
| 5/13/2021 | Is Billed | | A101 Plan and prepare for | | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | Planned next steps on revising initial disclosures revisions to reflect new seller information. | | | | | | | 0 |
| 5/20/2021 | Is Billed | | A103 Draft/revise | | KL (KL) | 1.3 | 1.3 | 220 | 286 |
| | | Drafted Plaintiff's Amended Initial Disclosures to add all information on sellers that produced documents through subpoenas. | | | | | | | 0 |
| 5/21/2021 | Is Billed | | A108 Communicate (other external) | | CVA (CVA) | 0.4 | 0.4 | 305 | 122 |
| | | Phone call with Rick Tallini.  Discuss settlement.  Per phone call, his clients at LAA ██████████████████████ ████████████ | | | | | | | 0 |
| 5/21/2021 | Is Billed | | A104 Review/analyze | | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |

| Date | Status | | Code | Description | Timekeeper | Hours | Hours | Rate | Amount |
|------|--------|--|------|-------------|------------|-------|-------|------|--------|
| | | Review draft amended Rule 26(a) initial disclosures listing additional witnesses and documents associated with business records affidavits from third parties prior to service and have Kelsey serve same. | | | | | | | 0 |
| 5/21/2021 | Is Billed | | A103 Draft/revise | | KL (KL) | 0.7 | 0.7 | 220 | 154 |
| | | Revised Amended Rule 26 Initial Disclosures and served upon defendants. | | | | | | | 0 |
| 5/25/2021 | Is Billed | | A106 Communicate (with client) | | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | Draft e-mail to Shannon and Tami reciting terms of settlement proposal made by Rick Tallini on behalf of LAA, Lisa Druien, and Emmett Druien, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉ | | | | | | | 0 |
| 6/3/2021 | Is Billed | | A101 Plan and prepare for | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | Began preparing consolidated discovery requests to serve upon Emmett Druien. | | | | | | | 0 |
| 6/3/2021 | Is Billed | | A106 Communicate (with client) | | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| | | Draft and send update e-mail to client concerning ▉▉▉▉▉▉▉ ▉▉ | | | | | | | 0 |
| 6/3/2021 | Is Billed | | A103 Draft/revise | | CVA (CVA) | 0.9 | 0.9 | 305 | 274.5 |
| | | Outline next steps in light of NextGear's settlement position, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ | | | | | | | 0 |
| 6/4/2021 | Is Billed | | A103 Draft/revise | | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | | Worked on drafting Emmett Druien requests for admissions section of consolidated discovery requests. | | | | | | | 0 |
| 6/7/2021 | Is Billed | | A104 Review/analyze | | CVA (CVA) | 0.6 | 0.6 | 305 | 183 |
| | | Review consolidated draft discovery directed to Emmett Druien and approve same for service. | | | | | | | 0 |
| 6/7/2021 | Is Billed | | A103 Draft/revise | | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| | | Revised requests for production section of Emmett Druien consolidated discovery requests. | | | | | | | 0 |
| 6/7/2021 | Is Billed | | A103 Draft/revise | | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | | Drafted Notice of Service of Emmet Druien Consolidated Discovery Requests to file with the court. | | | | | | | 0 |
| 6/7/2021 | Is Billed | | A103 Draft/revise | | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| | | Revised interrogatories section of Emmett Druien consolidated discovery requests. | | | | | | | 0 |
| 6/8/2021 | Is Billed | | A103 Draft/revise | | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | | Finalized Emmett Druien Consolidated Discovery Requests, Exhibits, and Notice of Service to serve and file. | | | | | | | 0 |
| 6/8/2021 | Is Billed | | A104 Review/analyze | | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| | | Review answer filed by Emmett Druien and compare with draft answer that was filed as part of motion to vacate default judgment. | | | | | | | 0 |
| 6/8/2021 | Is Billed | | A101 Plan and prepare for | AP (AP) | 0.8 | 0.8 | 370 | 296 |
| | | Prepare update report to clients ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ | | | | | | | 0 |
| 6/8/2021 | Is Billed | | A111 Other | | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | | Compose letter to defendants' counsel to transmit discovery and notice of serving consolidated discovery. | | | | | | | 0 |
| 6/8/2021 | Is Billed | | A104 Review/analyze | | CVA (CVA) | 0.4 | 0.4 | 305 | 122 |
| | | ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ | | | | | | | 0 |
| 6/8/2021 | Is Billed | | A111 Other | | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | | File notice of serving consolidated discovery on Emmett Druien. | | | | | | | 0 |
| 6/8/2021 | Is Billed | | A104 Review/analyze | | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| | | ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ | | | | | | | 0 |
| 6/8/2021 | Is Billed | | A108 Communicate (other external) | | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |

|  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|
| | Phone call with Rick Tallini concerning settlement status. During call, advised Tallini that Plaintiffs would be rejecting settlement offer and counter would come later in the week or early next week. Also discussed filing of answer by Emmett Druien. | | | | | | 0 |
| 6/8/2021 Is Billed | | A104 Review/analyze | AP (AP) | 0.5 | 0.5 | 370 | 185 |
| | ███████████████████ | | | | | | |
| | ██████████████████ | | | | | | |
| | ███████████ | | | | | | 0 |
| 6/8/2021 Is Billed | | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | Prepare copies of exhibits to be sent via mail to counsel for Emmett Druien. | | | | | | 0 |
| 6/8/2021 Is Billed | | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | Compose email to defendants' counsel to send google link, correspondence and notice via email per certificate of service. | | | | | | 0 |
| 6/8/2021 Is Billed | | A111 Other | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | Create google drive link to serve consolidated discovery. | | | | | | 0 |
| 6/9/2021 Is Billed | | A108 Communicate (other external) | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | Call to real estate firm in Lawton to see if Rock Hill's property is still for sale. | | | | | | 0 |
| 6/9/2021 Is Billed | | A106 Communicate (with client) | CVA (CVA) | 0.6 | 0.6 | 305 | 183 |
| | Draft detailed e-mail to Shannon providing update on | | | | | | |
| | ████████████████████████ | | | | | | |
| | ████████████████████████ | | | | | | |
| | ████████████████████ | | | | | | 0 |
| 6/9/2021 Is Billed | | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| 6/10/2021 Is Billed | | A104 Review/analyze | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| | Review scheduling order and analyze trial prep for upcoming primary disclosures. | | | | | | 0 |
| 6/10/2021 Is Billed | | A101 Plan and prepare for | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | Reviewed Rule 26(a)(2) expert witness initial disclosure requirements and began preparing for upcoming deadline to disclose. | | | | | | 0 |
| 6/10/2021 Is Billed | | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | Review upcoming requirements for primary disclosures per scheduling order under Rule 26. | | | | | | 0 |
| 6/10/2021 Is Billed | | A106 Communicate (with client) | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| | Draft detailed e-mail to Tami discussing status of settlement and outlining possible settlement options going forward. | | | | | | 0 |
| 6/11/2021 Is Billed | | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | Draft and send e-mail to Rick Tallini with settlement counteroffer per authority from clients. | | | | | | 0 |
| 6/24/2021 Is Billed | | A104 Review/analyze | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | Reviewed first expert initial disclosures and analyzed revisions and experts to be included to begin drafting amended expert disclosures. | | | | | | 0 |
| 6/24/2021 Is Billed | | A104 Review/analyze | CVA (CVA) | 0.8 | 0.8 | 305 | 244 |
| | Review scheduling order and amended scheduling order for purposes of outlining next steps in serving primary expert disclosures as well as drafting/filing dispositive motion for summary judgment based on deemed admissions (0.4). Also review status of consolidated discovery served on Emmett Druien and deadline for same (0.1) and whether any other disclosures need to be made with respect to third parties and business records affidavits (0.3). | | | | | | 0 |
| 6/25/2021 Is Billed | | A103 Draft/revise | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | Drafted Notice of Amended Expert Disclosures. | | | | | | 0 |
| 6/25/2021 Is Billed | | A104 Review/analyze | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | Reviewed expert disclosures and rules regarding attorney's fee expert disclosures and conferred with CVA regarding ████████ | | | | | | |
| | ████████████████████ | | | | | | 0 |
| 6/25/2021 Is Billed | | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| | Drafted Plaintiffs' Amended Initial Disclosure of Expert Witness Information. | | | | | | 0 |

| Date | | | | | | | |
|---|---|---|---|---|---|---|---|
| 6/25/2021 | Is Billed | A104 Review/analyze | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| | Review case law concerning required contents of primary disclosures███████████████████████████ | | | | | | 0 |
| 6/28/2021 | Is Billed | A104 Review/analyze | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | Analyze notice of amended disclosure. | | | | | | 0 |
| 6/28/2021 | Is Billed | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | Review notice of service of disclosures and outline small revisions to style of notice after review of electronic order extending deadline for Rule 26(a)(2)(A) disclosures. | | | | | | 0 |
| 6/28/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| | Revised amended expert disclosures and notice of service. | | | | | | 0 |
| 6/28/2021 | Is Billed | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | Compose letter to opposing counsel to send notice of amended expert disclosures and plaintiffs' amended initial disclosure of expert witness information. | | | | | | 0 |
| 6/28/2021 | Is Billed | A107 Communicate (other outside counsel) | SH (SH) | 0.1 | 0.1 | 130 | 13 |
| | Email to defendants' counsel to serve notice of amended expert disclosures and amended expert disclosures. | | | | | | 0 |
| 6/28/2021 | Is Billed | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | Reviewed Amended Expert Disclosures and finalized for filing and service. | | | | | | 0 |
| 6/28/2021 | Is Billed | A111 Other | SH (SH) | 0.2 | 0.2 | 130 | 26 |
| | File Notice of Amended Expert Disclosures. | | | | | | 0 |
| 6/29/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 176 |
| | Began drafting motion for summary judgment pleadings. | | | | | | 0 |
| 7/2/2021 | Is Billed | A103 Draft/revise | KL (KL) | 1.2 | 1.2 | 220 | 264 |
| | Worked on drafting motion for summary judgment brief. | | | | | | 0 |
| 7/13/2021 | Is Billed | A103 Draft/revise | KL (KL) | 1.4 | 1.4 | 220 | 308 |
| | Worked on drafting NextGear fact section of motion for summary judgment. | | | | | | 0 |
| 7/13/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| | Began drafting argument and authorities section of MSJ for NextGear breach of contract claim against LAA. | | | | | | 0 |
| 7/14/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | Began drafting argument and authority section fof MSJ or NextGear's fraud claim. | | | | | | 0 |
| 7/14/2021 | Is Billed | A103 Draft/revise | KL (KL) | 1 | 1 | 220 | 220 |
| | Drafted argument and authority section of MSJ for AFC's breach of contract claim. | | | | | | 0 |
| 7/14/2021 | Is Billed | A103 Draft/revise | KL (KL) | 1 | 1 | 220 | 220 |
| | Drafted argument and authority section of MSJ for NextGear's breach of contract claim. | | | | | | 0 |
| 7/15/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.7 | 0.7 | 220 | 154 |
| | Drafted conspiracy to commit fraud argument and authorities section of motion for summary judgment. | | | | | | 0 |
| 7/15/2021 | Is Billed | A103 Draft/revise | KL (KL) | 1.1 | 1.1 | 220 | 242 |
| | Drafted fraud argument and authorities section of motion for summary judgment. | | | | | | 0 |
| 7/15/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.7 | 0.7 | 220 | 154 |
| | Drafted exemplary damages argument and authorities section of motion for summary judgment. | | | | | | 0 |
| 7/15/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 176 |
| | Drafted facts section of motion for summary judgment as to LAA/Druiens relationship with NextGear. | | | | | | 0 |
| 7/19/2021 | Is Billed | A106 Communicate (with client) | AP (AP) | 0.3 | 0.3 | 370 | 111 |
| | Exchange emails with Tami re:████████████████ ███████████████████ | | | | | | 0 |
| 7/19/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | Worked on factual background section of MSJ. | | | | | | 0 |
| 7/19/2021 | Is Billed | A104 Review/analyze | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| | Analyze status of settlement with LAA/Druien. | | | | | | 0 |
| 7/26/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 176 |
| | Drafted and implemented footnote citations to unanswered discovery requests for factual background section of MSJ for AFC claims against LAA, Lisa Druien, and Emmett Druien. | | | | | | 0 |
| 7/26/2021 | Is Billed | A103 Draft/revise | KL (KL) | 1.1 | 1.1 | 220 | 242 |
| | Drafted factual background of MSJ for AFC claims against LAA, Lisa Druien, and Emmett Druien. | | | | | | 0 |
| 7/26/2021 | Is Billed | A103 Draft/revise | KL (KL) | 0.6 | 0.6 | 220 | 132 |

| Date | Description | Code | Task | Timekeeper | Hours | Billed | Rate | Amount |
|------|-------------|------|------|-----------|-------|--------|------|--------|
| | Drafted and implemented footnote citations to unanswered discovery requests for factual background section of MSJ for NG Insider Fraud Vehicle claims against LAA, Lisa Druien, and Emmett Druien. | | | | | | | 0 |
| 7/26/2021 Is Billed | Drafted factual background for NextGear claims against LAA, Lisa Druien, and Emmett Druien including references to all unanswered discovery. | A103 Draft/revise | KL (KL) | 1.4 | 1.4 | 220 | 308 |
| 7/26/2021 Is Billed | Drafted afactual background section of MSJ for NG Insider Fraud Vehicle claims against LAA, Lisa Druien, and Emmett Druien. | A103 Draft/revise | KL (KL) | 0.7 | 0.7 | 220 | 154 |
| 7/27/2021 Is Billed | Continued drafting motion for summary judgment brief. | A103 Draft/revise | KL (KL) | 1.3 | 1.3 | 220 | 286 |
| 7/27/2021 Is Billed | Began drafting MSJ Appendix with exhibits. | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| 7/28/2021 Is Billed | Worked on drafting MSJ argument and authorities. | A103 Draft/revise | KL (KL) | 1.7 | 1.7 | 220 | 374 |
| 7/28/2021 Is Billed | Began gathering exhibits for MSJ. | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 225 | 67.5 |
| 7/30/2021 Is Billed | Plan and prepare strategy in pursuing discovery and subpoena as to title company holding funds from sale of GT40 property in light of status conference hearing. | A101 Plan and prepare for | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| 7/30/2021 | Began drafting AFC Client Affidavit in support of motion for summary judgment. | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| 7/30/2021 | Began drafting NextGear's client affidavit in support of MSJ. | A103 Draft/revise | KL (KL) | 0.7 | 0.7 | 220 | 154 |
| 8/1/2021 | Continued drafting client affidavits in support of MSJ. | A103 Draft/revise | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| 8/2/2021 | Continued drafting fact section of brief in support of MSJ. | A103 Draft/revise | KL (KL) | 2.3 | 2.3 | 220 | 506 |
| 8/2/2021 | Began footnote citations within MSJ brief to cite to exhibits in appendix. | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 176 |
| 8/2/2021 | Continued drafting AFC's affidavit in support of MSJ. | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 176 |
| 8/3/2021 | Reviewed and compiled all seller produced documents through NextGear subpoena to add to MSJ affidavit and MSJ brief. | A104 Review/analyze | KL (KL) | 1.4 | 1.4 | 220 | 308 |
| 8/3/2021 | Revised client affidavit in support of MSJ. | A103 Draft/revise | KL (KL) | 1.3 | 1.3 | 220 | 286 |
| 8/3/2021 | Reviewed and compiled all seller produced documents through AFC subpoena to add to MSJ affidavit and MSJ brief. | A104 Review/analyze | KL (KL) | 1.6 | 1.6 | 220 | 352 |
| 8/3/2021 | Revised conclusion section to MSJ brief. | A103 Draft/revise | KL (KL) | 0.6 | 0.6 | 220 | 132 |
| 8/4/2021 | Continued drafting argument section for exemplary damages. | A103 Draft/revise | KL (KL) | 0.6 | 0.6 | 220 | 132 |
| 8/4/2021 | Continued drafting AFC facts section of motion for summary judgment brief. | A103 Draft/revise | KL (KL) | 1.9 | 1.9 | 220 | 418 |
| 8/4/2021 | Continued drafting NextGear facts section of motion for summary judgment brief. | A103 Draft/revise | KL (KL) | 1.7 | 1.7 | 220 | 374 |
| 8/5/2021 | Review and analyze current draft affidavits and review various exhibits to support affidavits. | A104 Review/analyze | CVA (CVA) | 0.4 | 0.4 | 305 | 122 |
| 8/5/2021 | Finalized AFC client affidavit and exhibits in support of MSJ for CVA review. | A103 Draft/revise | KL (KL) | 1.1 | 1.1 | 220 | 242 |
| 8/5/2021 | Finalized NextGear client affidavit in support of MSJ for CVA review. | A103 Draft/revise | KL (KL) | 1 | 1 | 220 | 220 |
| 8/5/2021 | Review and revise MSJ affidavits, sending revised and redlined MSJ affidavits with comments to Kelsey for additional revisions. | A103 Draft/revise | CVA (CVA) | 1 | 1 | 305 | 305 |
| 8/5/2021 | | A103 Draft/revise | KL (KL) | 1.2 | 1.2 | 220 | 264 |

Appendix 1605

| Date | Description | Task | Attorney | | | Rate | Amount |
|---|---|---|---|---|---|---|---|
| | Revised NextGear client affidavit in accordance with CVA comments. | | | | | | 0 |
| 8/5/2021 | | A103 Draft/revise | KL (KL) | 1.1 | 1.1 | 220 | 242 |
| | Revised AFC client affidavit ██████████████████████ | | | | | | 0 |
| 8/5/2021 | | A106 Communicate (with client) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | Draft and send e-mail to Shannon at NextGear ████████ ████████████████████████████ ██████████████████ | | | | | | 0 |
| 8/5/2021 | Continued drafting motion for summary judgment brief. | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 176 |
| 8/6/2021 | Revised NG affidavit per new payments received exhibit. | A103 Draft/revise | KL (KL) | 1.1 | 1.1 | 220 | 242 |
| 8/6/2021 | Reviewed new payments received report from NG on Rockhill sold vehicles. | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | | A106 Communicate (with client) | CVA (CVA) | 0.1 | 0.1 | 305 | 30.5 |
| 8/6/2021 | Respond to Shannon L.'s e-mail requesting clarification ████ ████████████████ | | | | | | 0 |
| 8/6/2021 | Reviewed NG payments received exhibit. | A104 Review/analyze | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| 8/9/2021 | Reviewed client correspondence and attached invoices and certificates of title for NG vehicles. | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| 8/9/2021 | Review payments received report for NextGear reflecting amount received for various vehicles recovered and sold by NextGear and confirm amounts in payments received report are consistent with sales proceeds in draft MSJ brief. | A104 Review/analyze | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | A103 Draft/revise | KL (KL) | 4.7 | 4.7 | 220 | 1034 |
| 8/9/2021 | Review e-mail from Shannon Landreth concerning auction invoices on sold vehicles.  Download invoices from link on secured e-mail. | A106 Communicate (with client) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| 8/9/2021 | Review additional invoices provided by Shannon Landreth and make revision to draft affidavit in support of MSJ. | A104 Review/analyze | CVA (CVA) | 0.8 | 0.8 | 305 | 244 |
| 8/9/2021 | Begin review and revisions of AFC affidavit for Jerry Bosl in support of MSJ. | A103 Draft/revise | CVA (CVA) | 0.4 | 0.4 | 305 | 122 |
| 8/9/2021 | Began drafting argument regarding LAA kickbacks per checks to Rockhill. | A104 Review/analyze | KL (KL) | 2.4 | 2.4 | 220 | 528 |
| 8/10/2021 | | A103 Draft/revise | KL (KL) | 0.9 | 0.9 | 220 | 198 |
| 8/13/2021 | Draft and revise affidavit of Eric Brown and Jerome Bosl. | A104 Review/analyze | CVA (CVA) | 2 | 2 | 305 | 610 |
| | ████████████████████████████ ████████████████████████████ ████████████████████████ ████ Utilize prior work product in drafting affidavits █████ ████████████████████████ ██████████ Remove from affidavit █ ████████████████████ Finalize affidavits, convert to PDF, and attach exhibits to affidavits. | | | | | | 0 |
| 8/16/2021 | Draft and send e-mails to client contacts at NextGear and AFC and attached proposed affidavits for review and signing in support of NG/AFC's motion for summary judgment. | A108 Communicate (other external) | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| 8/16/2021 | Make final adjustments to Affidavit of Jerome Bosl prior to forwarding same to client for signing. | A103 Draft/revise | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | | | | | | | 0 |

| Date | Description | Activity | Person | | | Rate | Amount |
|---|---|---|---|---|---|---|---|
| 8/16/2021 | | A108 Communicate (other external) | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| | Make final adjustments to affidavit of Eric Brown. | | | | | | 0 |
| 8/17/2021 | | A108 Communicate (other external) | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |
| | E-mail to Shannon Landreth on deadline to file MSJ. | | | | | | 0 |
| 8/18/2021 | | A104 Review/analyze | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | Conferred with CVA on ▉▉▉▉▉▉▉▉▉▉▉▉▉ | | | | | | 0 |
| 8/18/2021 | | A103 Draft/revise | CVA (CVA) | 0.7 | 0.7 | 305 | 213.5 |
| | ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ | | | | | | 0 |
| 8/23/2021 | | A103 Draft/revise | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | Began drafting argument section for MSJ brief addressing federal rules and case law on treatment of deemed admissions. | | | | | | 0 |
| 8/23/2021 | | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | Began drafting argument showing examples of LAA kickbacks received per Liberty National Bank documents. | | | | | | 0 |
| 8/24/2021 | | A103 Draft/revise | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | Began drafting attorney fee affidavit. | | | | | | 0 |
| 8/24/2021 | | A103 Draft/revise | KL (KL) | 0.4 | 0.4 | 220 | 88 |
| | Continued adding citations to specific deemed admissions throughout the MSJ brief. | | | | | | 0 |
| 8/24/2021 | | A106 Communicate (with client) | AP (AP) | 0.1 | 0.1 | 370 | 37 |
| | Follow up conference with Shannon ▉▉▉▉▉▉▉▉▉ | | | | | | 0 |
| 8/24/2021 | | A104 Review/analyze | CVA (CVA) | 0.6 | 0.6 | 305 | 183 |
| | Outline additional language for draft MSJ to incorporate request for attorneys' fees, obtain briefing on recovery of attorneys' fees, and outline form of briefing in MSJ brief. | | | | | | 0 |
| 8/24/2021 | | A103 Draft/revise | KL (KL) | 1.3 | 1.3 | 220 | 286 |
| | Revised motion for summary judgment brief to include deemed admissions argument and included case law within argument. | | | | | | 0 |
| 8/24/2021 | | A103 Draft/revise | KL (KL) | 0.8 | 0.8 | 220 | 176 |
| | Revised motion for summary judgment brief to include kickback argument referencing Liberty National Bank documents. | | | | | | 0 |
| 8/24/2021 | | A103 Draft/revise | KL (KL) | 1 | 1 | 220 | 220 |
| | Continued drafting attorney fee affidavit and motion. | | | | | | 0 |
| 8/25/2021 | | A106 Communicate (with client) | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | Reviewed correspondence with client regarding revisions to MSJ affidavit. | | | | | | 0 |
| 8/25/2021 | | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| | Reviewed CVA analysis on Liberty Mutual Bank documents to add to MSJ brief. | | | | | | 0 |
| 8/25/2021 | | A104 Review/analyze | CVA (CVA) | 1 | 1 | 305 | 305 |
| | Review changes made to draft affidavit of Eric Brown's MSJ affidavit along with additional exhibits provided by Shannon and outline additional changes that need to be made to MSJ brief and exhibits. | | | | | | 0 |
| 8/25/2021 | | A103 Draft/revise | KL (KL) | 3 | 3 | 220 | 660 |
| | Continued drafting CVA affidavit. | | | | | | 0 |
| 8/26/2021 | | A103 Draft/revise | KL (KL) | 0.3 | 0.3 | 220 | 66 |
| | Revised MSJ brief to cite to newly added NG exhibits and new arguments. | | | | | | 0 |
| 8/26/2021 | | A103 Draft/revise | KL (KL) | 1.5 | 1.5 | 220 | 330 |
| | Revised NextGear client affidavit and updated exhibits within appendix. | | | | | | 0 |
| 8/26/2021 | | A103 Draft/revise | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | Reviewed and saved executed client affidavit. | | | | | | 0 |
| 8/26/2021 | | A104 Review/analyze | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | Revised MSJ brief to conform to changes in revised AFC client affidavit. | | | | | | 0 |
| 8/26/2021 | | A103 Draft/revise | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | Review finalized affidavit in support of MSJ for NextGear. | | | | | | 0 |
| 8/26/2021 | | A103 Draft/revise | CVA (CVA) | 0.2 | 0.2 | 305 | 61 |
| 8/26/2021 | | A104 Review/analyze | CVA (CVA) | 0.3 | 0.3 | 305 | 91.5 |

| Date | Description | Task | Timekeeper | Hours | Hours | Rate | Amount |
|---|---|---|---|---|---|---|---|
| | Review revised affidavit of Jerry Bosl. | | | | | | 0 |
| 8/26/2021 | Revised AFC client affidavit in support of MSJ per client revisions. | A103 Draft/revise | KL (KL) | 0.5 | 0.5 | 220 | 110 |
| | | A106 Communicate (with client) | | | | | 0 |
| 8/26/2021 | Emailed client | | KL (KL) | 0.1 | 0.1 | 220 | 22 |
| | Revise MSJ brief to comply with local page limit requirements, | | | | | | 0 |
| 8/27/2021 | | A103 Draft/revise | CVA (CVA) | 3.4 | 3.4 | 305 | 1037 |
| 8/27/2021 | Reviewed and saved executed AFC client affidavit for exhibit to MSJ. | A104 Review/analyze | KL (KL) | 0.2 | 0.2 | 220 | 44 |
| 8/27/2021 | Drafted attorney fee affidavit and verification of subpoena documents. | A103 Draft/revise | KL (KL) | 1.1 | 1.1 | 220 | 242 |
| 8/28/2021 | Continue drafting MSJ brief. | A103 Draft/revise | CVA (CVA) | 1.5 | 1.5 | 305 | 457.5 |
| | | Grand Total | | 363.1 | 363.1 | | 90324.5 |

Appendix 1608