IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION,** | § § § § | Case No. 4:20-cv-00959-BJ |
| Plaintiffs, | § § | |
| V. | § § | |
| **DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND EMMETT DRUIEN,** | § § § § § § § § | |
| Defendants. | § § | |

## DEFENDANTS' OPPOSED MOTION TO WITHDRAW AND/OR AMEND DEEMED ADMISSIONS

**NOW COME** Defendants Druien, Inc., D/B/A Lawton Auto Auction A/K/A Lawton Cache Auto Auction and Lisa Druien and Emmett Druien by and through there counsel, respectfully moves this Court for an order permitting them to withdraw and/or amend deemed admissions to Plaintiff's Request for Admissions, and in support thereof respectfully shows to the court as follows:

### INTRODUCTION

1. Plaintiffs are Nextgear Capital, Inc. and Automotive Finance Corporation ("Plaintiffs"); Defendants are Druien, Inc., D/B/A Lawton Auto Auction A/K/A Lawton Cache Auto Auction and Lisa Druien and Emmett Druien ("Defendants").

2. Plaintiffs sued Defendants for: breach of contract, fraud, and conspiracy to commit fraud.

## BACKGROUND

3. On August 24, 202, Plaintiffs filed its Complaint against Defendants alleging breach of contract, fraud, and conspiracy to commit fraud.

4. On September 16, 2020, Defendants Druien, Inc., D/B/A Lawton Auto Auction A/K/A Lawton Cache Auto Auction and Lisa Druien were served. Defendant Emmett Druien was not yet a named defendant and accordingly was not served.

5. A Scheduling Order was entered on November 24, 2020 and amended on March 28, 2021.

6. On January 6, 2020, Subpoenas Commanding Production of Documents were served upon named defendants Druien, Inc., D/B/A Lawton Auto Auction A/K/A Lawton Cache Auto Auction and Lisa Druien.

7. On March 4, 2021, a Motion to Compel Rule 26 Initial Disclosures from Defendants Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction and Lisa Druien was filed with this Court.

8. On March 25, 2021, Plaintiffs' Second Amended Complaint against Lisa Druien, Druien, Inc., Michael Vernon Garrison, Emmett Druien was filed. Defendant, Emmett Druien was served on 3/31/2021.

9. A revised Scheduling Order was not entered subsequent to Plaintiffs' Second Amended Complaint adding defendant Emmett Druien.

10. Order granting Plaintiffs' Motion to Compel Rule 26 Initial Disclosures from Defendants Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction and Lisa Druien was entered on April 5, 2021.

11. On April 15, 2021, Plaintiffs' First Consolidated Request for Production of Documents, Request for Admissions and Interrogatories directed to Defendants Druien, Inc. d/b/a

Lawton Auto Auction a/k/a Lawton Cache Auto Auction and Lisa Druien were served.

12. At some point in January of 2021, Defendants' prior attorney, Joseph Vacek left Bailey and Galyen. Several months later, Richard Tallini was hired to handle litigation and bankruptcy matters and it would be months of getting up to speed with multiple cases at various stages of litigation before being able to attend to the instant matter.

13. On May 06, 2021 a Motion filed by Lisa Druien, Emmett Druien, Druien, Inc. to substitute Richard Fiory Tallini into the matter, and on May 7, 2021 an Order was entered granting Defendants Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction, Lisa Druien, and Emmitt Druien's Motion to Substitute Attorney.

14. On August 30, 2021, Plaintiffs filed a Motion for Summary Judgement seeking Judgement based upon Defendants deemed admissions.

15. The Aforementioned admissions were deemed admitted against Defendants because Defendants did not timely respond

16. A final pretrial order has not yet been issued in this matter.

## ARGUMENT

### A. Legal Standard

17. If a final pretrial order has not been issued the court may allow a party to withdraw or amend deemed admissions when: (1) the movant shows that the presentation of the merits will be promoted; and (2) the nonmovant—the party who obtained the admissions—does not show that the withdrawal or amendment will prejudice it in maintaining or defending the suit on the merits. FED. R. CIV. P. 36(b). "This Circuit has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). The district court "may permit withdrawal

or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Rule 36(b). Rulings granting or denying leave to withdraw or amend Rule 36 admissions are reviewed for abuse of discretion. *In re Carney*, 258 F.3d at 419.

B. **Allowing Defendant's deemed admissions to be withdrawn or amended will promote the presentation of the merits of the case.**

18. The Court should grant Defendant's Motion to Withdraw or Amend Deemed Admissions (the "Motion") and permit Defendant to withdraw or amend its responses to Plaintiff's Request for Admissions because doing so will promote the presentation of the merits of the case. FED. R. CIV. P. 36(b).

19. The objective of Rule 36(b) is to "permit the normal and just presentation of the case on its merits." *Pritchard v. Dow Agro Scis.*, 255 F.R.D. 164, 172-73 (W.D. Pa. 2009). Where the subject matter of an admission touches on the merits of the party's case such that the admission would effectively preclude the party's case from going forward, allowing the party withdraw or amend deemed admissions promotes the presentation of the merits on the case. *Id.*; *see also Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. Nev. 2007) ("The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." (quoting *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. Cal. 1995))).

20. In the instant case, the admissions Defendant seeks to withdraw or amend directly concern the merits of the case. Plaintiff's Request for Admissions ask Defendant to admit or deny factual circumstances and legal conclusions regarding Defendant's alleged: breach of

contract, fraud, and conspiracy to commit fraud. If Defendant is not permitted to withdraw or amend deemed admissions, the admissions will effectively preclude Defendant's case from going forward and will likely result in final judgment for Plaintiff at the summary judgment stage. *See Pritchard v. Dow Agro Scis.*, 255 F.R.D. 164, 172-73 (W.D. Pa. 2009) (reasoning that a motion to amend or withdraw deemed admissions should be granted where "denying [the] Motion would most likely result in a final judgment . . . at the summary judgment stage without an opportunity to present the merits of the case.").

21. The Court should grant the Motion because if Defendant is allowed to withdraw or amend its admissions the parties will be able to present their cases on the merits. Conversely, if the Motion is denied it is likely that Plaintiff will obtain a final summary judgment without allowing either party the opportunity to present the merits of its case.

**C. Allowing Defendant's deemed admissions to be withdrawn or amended will not prejudice Plaintiff's ability to maintain its suit on the merits.**

22. Courts generally define "prejudice" in the context of Rule 36(b) as relating to "the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Pritchard v. Dow Agro Scis.*, 255 F.R.D. 164, 174 (W.D. Pa. 2009) (quoting *Brook Vill. N. Assocs. v. Gen. Elec. Co.*, 686 F.2d 66, 70 (1st Cir. 1982)). Substantial time remains in the discovery period, therefore Plaintiff cannot show that it would be prejudiced if the Court grants the Motion. *Id.* ("given the substantial period of time remaining to conduct discovery, [Plaintiff] cannot show that [it] would be prejudiced if the admissions are withdrawn." (quoting *Essex Builders Group, Inc. v. Amerisure Insur. Co.*, 230 F.R.D. 682, 687 (M.D. Fla. 2005))).

23. In the instant case, Plaintiff will not be prejudiced if the Court grants the Motion because

plaintiffs cannot show that it will be prejudiced if the Motion is granted. *See Pritchard*, at 174

## CONCLUSION

24. The Court should grant the Motion and permit Defendant to withdraw or amend deemed admissions to Plaintiff's Request for Admissions because doing so will Allow the presentation of the merits of the case, and Plaintiff will not be prejudiced.

## PRAYER

Defendant respectfully prays that the court grant the Motion in its entirety and enter an order permitting Defendant to withdraw or amend deemed admissions to Plaintiff's Request for Admissions.

    Respectfully submitted,

    Bailey & Galyen

    By: /s/ Richard Fiory Tallini
    Richard Fiory Tallini
    Texas Bar No. 24093548
    CivilLaw@galyen.com
    1300 Summit Avenue, Suite 650
    Fort Worth, Texas 76102
    Tel. (817) 276-6000
    Fax. (817) 276-6010
    **ATTORNEYS FOR DEFENDANTS**
    Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction, Lisa Druien, and Emmett Druien

## CERTIFICATE OF SERVICE

On the 13th day of September 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

Christopher V. Arisco, Attorney for Plaintiff via email

/s/ Richard Fiory Tallini
Richard Fiory Tallini

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Christopher V. Arisco, counsel for Plaintiff, via email on September 13, 2021, and Christopher V. Arisco has confirmed that Plaintiff is opposed to this motion.

/s/ Richard Fiory Tallini
Richard Fiory Tallini