**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(FORT WORTH DIVISION)**

| | |
|---|---|
| NEXTGEAR CAPITAL, INC. AND AUTOMOTIVE FINANCE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>DRUIEN, INC. D/B/A LAWTON AUTO AUCTION A/K/A LAWTON CACHE AUTO AUCTION, LISA DRUIEN, MICHAEL VERNON GARRISON D/B/A ROCK HILL USED CARS, AND EMMETT DRUIEN,<br><br>Defendants. | Civil Action No. 4:20-cv-00959-BJ |

**PLAINTIFFS' BRIEF IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION TO WITHDRAW AND/OR AMEND DEEMED ADMISSIONS**

**Alan B. Padfield**
Texas Bar No. 00784712
abp@padfieldstout.com
**Christopher V. Arisco**
Texas Bar No. 24064830
carisco@padfieldstout.com
**PADFIELD & STOUT, LLP**
420 Throckmorton Street, Suite 1210
Fort Worth, TX 76102
Telephone:   817.338.1616
Facsimile:   817.338.1610

*Attorneys for Plaintiffs NextGear Capital, Inc. and Automotive Finance Corporation*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... 3

I.   SUMMARY ................................................................................................................... 4

II.  BACKGROUND ........................................................................................................... 5

III. STANDARD OF REVIEW ........................................................................................... 8

IV.  ARGUMENT & AUTHORITY .................................................................................... 9

   A. DEFENDANTS HAVE NOT PROVIDED ANY COMPELLING EXCUSE FOR FAILING TO TIMELY RESPOND TO PLAINTIFFS' REQUESTS FOR ADMISSIONS. ....................................................... 9
   B. THE TIMING OF DEFENDANTS' MOTION ESTABLISHES DEFENDANTS ARE EMPLOYING DELAY TACTICS. ................................................................................................................. 10
   C. ALLOWING DEFENDANTS TO WITHDRAW AND/OR AMEND ITS DEEMED ADMISSIONS WOULD NOT SERVE THE PRESENTATION OF THIS CASE ON THE MERITS. ....................................... 11
   D. THE WITHDRAWAL AND/OR AMENDMENT OF DEEMED ADMISSIONS WOULD SUBSTANTIALLY PREJUDICE THE PLAINTIFFS. ................................................................. 12

V.   CONCLUSION ........................................................................................................... 13

VI.  PRAYER ..................................................................................................................... 14

## **TABLE OF AUTHORITIES**

Cases

*Alford v. State Parking Services, Inc.,* 3:13-CV-4546-L, 2015 WL 477267 (N.D. Tex. Feb. 5, 2015). .................................................................................................................................. 12
*Finlay v. Wolpoff & Abramson*, CIV.A.H-08-0786, 2009 WL 936882 (S.D. Tex. Apr. 3, 2009). ............................................................................................................................................. 10
*In re Carney*, 258 F.3d 415 (5th Cir. 2001). ......................................................................... 8, 9, 13
*Le v. Cheesecake Factory Restaurants Inc.*, 06-20006, 2007 WL 715260 (5th Cir. Mar. 6, 2007). ...................................................................................................................................... 8, 10, 12
*Republic Title of Tex., Inc. v. First Republic Title, LLC*, 3:14-CV-3848-B, 2015 WL 3755060 (N.D. Tex. June 16, 2015) .............................................................................................................. 10

Statutes

Fed. R. Civ. P. 26 .......................................................................................................................5, 8
Fed. R. Civ. P. 36 .....................................................................................................................5, 8, 9

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Plaintiffs NextGear Capital, Inc. ("NextGear") and Automotive Finance Corporation ("AFC") (collectively, "Plaintiffs"), and files this Brief in Support of Plaintiffs' Response to Defendants' Motion to Withdraw and/or Amend Deemed Admissions, and in support of the same would respectfully show the Court the following:

## I.   SUMMARY

1. Defendants Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction ("LAA"), Lisa Druien, and Emmett Druien (collectively, the "Defendants") have failed to respond or object to ***any*** of Plaintiffs' written discovery in this matter, including Plaintiffs' Requests for Production, Interrogatories, and Requests for Admissions.  Additionally, Defendants are currently in violation of this Court's Order Granting Plaintiffs' Motion to Compel Rule 26 Initial Disclosures From Defendants Druien, Inc. d/b/a Lawton auto Auction a/k/a Lawton Cache Auto Auction and Lisa Druien entered on April 5, 2021 [Doc. # 82] (the "Compel Order").  This Court should not grant equity to Defendants who are currently in flagrant violation of the Compel Order, which merely required Defendants to tender substantive responses to their Rule 26(a) initial disclosures.  Further, Defendants cannot claim surprise or lack of notice for their failure to serve responses to Plaintiff's Requests for Admissions, as Plaintiffs and Defendants submitted a Joint Report Concerning In-Person Settlement Conference [Doc. # 90] on May 4, 2021, in which Plaintiffs and Defendants expressly advised the Court that "[t]he prospects for settlement may improve once the Remaining Defendants provide full and substantive responses to the consolidated discovery requests…"  As a consequence of Defendants' unjustified failure to timely respond to the Request for Admissions, each of the Request for Admissions were deemed admitted pursuant

to Rule 36 of the Federal Rules of Civil Procedure.[1] Defendants, in an effort to further delay, have filed their Motion to Withdraw and/or Amend Deemed Admissions [Doc. # 103] (the "Motion"), despite having had ample time to respond to Plaintiffs' written discovery and despite the discovery period having now expired.

2. The Court should deny Defendants' Motion because all relevant considerations weigh against allowing the untimely discovery. Defendants cannot show that allowing the untimely discovery would promote presentation of the merits in this case because Defendants have instead frustrated a presentation of the merits by intentionally failing to respond to any written discovery. Contrary to Defendants' assertions, allowing the untimely discovery responses to Plaintiff's Requests for Admissions would work an unfair prejudice against Plaintiffs, require Plaintiffs to seek further relief on Defendants' unanswered interrogatories, requests for production, and insufficient Rule 26(a) initial disclosures, and would cause significant hardship, as the discovery deadline and dispositive motion deadline have both passed.

## II.   BACKGROUND

3. On August 24, 2020, Plaintiffs filed its Complaint against Defendants LAA and Lisa Druien [Doc. #1]. LAA and Lisa Druien were personally served with Plaintiffs' Complaint on September 16, 2020.

4. The Court entered its first Scheduling Order on November 24, 2020 [Doc. #23] and thereafter granted Plaintiffs' Unopposed Motion to Amend Scheduling Order [Doc. #76]. The Amended Scheduling Order set the deadline to complete discovery on August 9, 2021 and the deadline to file dispositive motions on August 31, 2021. Both deadlines have now passed.

---

[1] Fed. R. Civ. P. 36.

5.      Plaintiffs filed their Second Amended Complaint on March 25, 2021 [Doc. #79]. The Second Amended Complaint added defendant Emmett Druien to the instant lawsuit. Emmett Druien was personally served with Plaintiffs' Second Amended Complaint on March 31, 2020, and has since filed an answer and entered an appearance in this lawsuit.

6.      Meanwhile, defendants LAA and Lisa Druien failed to timely serve substantive responses to their Rule 26(a)(1) initial disclosures on Plaintiffs. Plaintiffs filed its Motion to Compel Rule 26 Initial Disclosures on March 4, 2021 [Doc. #68], and the Court granted said motion and entered the Compel Order on April 4, 2021. Pursuant to the Compel Order, LAA and Lisa Druien were ordered to serve and produce substantive responses to their Rule 26 initial disclosures to Plaintiffs no later than April 12, 2021 [Doc. #82]. **As of the date of filing this Response, Defendants LAA and Lisa Druien have failed to serve and produce any supplement or substantive responses to their Rule 26 initial disclosers, in flagrant and continuing violation of the Compel Order.**

7.      Plaintiffs' First Consolidated Discovery Requests for Production of Documents, Request for Admissions and Interrogatories directed to LAA and Lisa Druien were served on April 15, 2021, with a deadline to respond to said discovery requests set for May 15, 2021. The Notice of Service for said discovery requests was filed with the Court on April 15, 2021 [Doc. #84]. As of the date of filing this Response, Defendants LAA and Lisa Druien have failed to respond to any portion of Plaintiffs Consolidated Discovery Requests.

8.      Plaintiffs' First Consolidated Discovery Requests for Production of Documents, Request for Admissions and Interrogatories directed to Emmett Druien were likewise served on June 8, 2021, with a deadline to respond to said discovery requests by July 8, 2021. The Notice of Service for said discovery requests was filed with the Court on June 8, 2021 [Doc. #96]. As of the

date of filing this Response, Defendant Emmett Druien has failed to respond to any portion of Plaintiffs consolidated discovery requests.

9. Plaintiffs and Defendants submitted a Joint Report Concerning In-Person Settlement Conference on May 5, 2021 [Doc. #90] whereby Plaintiffs and Defendants expressly advised the Court that "[t]he prospects for settlement may improve once the Remaining Defendants provide full and substantive responses to the consolidated discovery requests…" Although counsel for Defendants reviewed and approved the form of the joint report, Defendants and/or their counsel nonetheless failed to comply with their discovery obligations. Thus far, no justification or excuse has been provided as to why Defendants chose not to respond to any written discovery.

10. Thereafter, Plaintiffs' Motion for Summary Judgment [Doc. #99] and Brief in Support thereof [Doc. #100] were filed on August 30, 2021, with a deadline for Defendants to respond to said Motion on September 20, 2021. Defendants have failed to file an objection or response to Plaintiffs' Motion for Summary Judgment on the merits, despite the fact that Plaintiffs' summary judgment evidence does not necessarily rely upon deemed admissions. Defendants have not filed any objection to any of the affidavits in support of Plaintiffs' summary judgment motion, and Defendants have not filed any objection to any of the documents attached to said affidavits. Aside from the deemed admissions, sufficient evidence was attached to Plaintiffs' summary judgment motion establishing that Plaintiff was entitled to judgment on the *merits* and not simply as a result of deemed admissions.

11. Defendants waited to file their Motion for more than five months since Druien Inc. and Lisa Druien were served with Plaintiffs' Consolidated Discovery Requests, and more than three months passed since Emmett Druien was served with Plaintiffs' Consolidated Discovery

Requests. Additionally, the August 9, 2021 deadline to complete all discovery has also passed. No party has requested an extension to these deadlines.

12.     Defendants' failure to timely serve responses to discovery, including request for admissions, and subsequent failure to diligently seek withdrawal of those admissions should not justify a withdrawal of the deemed admissions. Setting aside the fact Defendants are in flagrant violation of the Compel Order and have no justification as to why they failed to respond to any of Plaintiffs' written discovery, allowing Defendants to withdraw and/or amend their deemed admissions after the discovery deadline and dispositive motion deadline have passed and after Plaintiffs have filed its Motion for Summary Judgment would substantially prejudice the Plaintiffs, as explained in further detail below.

### III.   STANDARD OF REVIEW

13.     Rule 36 of the Federal Rules of Civil Procedure provides that a party may serve any other party written requests for admission of the truth of any matters within the scope of Rule 26(b).[2] The matter is deemed admitted unless the party to whom the request is directed serves the requesting party a written answer or objection within thirty days after the service of the request.[3] Moreover, any matter admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission.[4]

14.     A district court's decision to permit the withdrawal or amendment of an admission is reviewed for abuse of discretion.[5] The Fifth Circuit has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b) of the Federal Rules of

---

[2] FED. R. CIV. P. 36(a); *See Le v. Cheesecake Factory Restaurants Inc.*, 06-20006, 2007 WL 715260, at *1 (5th Cir. Mar. 6, 2007).
[3] FED. R. CIV. P. 36; *See Le v. Cheesecake Factory Restaurants Inc.*, 06-20006, 2007 WL 715260, at *1 (5th Cir. Mar. 6, 2007).
[4] FED. R. CIV. P. 36(b).
[5] *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).

Civil Procedure.[6] In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case.[7] Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission.[8]

### IV. ARGUMENT & AUTHORITY

**A. DEFENDANTS HAVE NOT PROVIDED ANY COMPELLING EXCUSE FOR FAILING TO TIMELY RESPOND TO PLAINTIFFS' REQUESTS FOR ADMISSIONS.**

15. Defendants merely argue that they should be permitted to withdraw and/or amend because the subject matter of the deemed admissions touches the merits of the case. However, the Fifth Circuit has held that a party's failure to respond to admissions concerning an ultimate issue can lead to a grant of summary judgment against the non-responding party.[9] Ultimately, Defendants' Motion should be denied because Defendants have not provided any compelling excuse or justification for failing to timely respond to Plaintiffs' Requests for Admissions. Further, in addition to not timely responding to Plaintiffs' Requests for Admissions, Defendants have also failed to timely respond to Plaintiffs' interrogatories and requests for production, which were served in conjunction with Plaintiffs' Requests for Admissions. As a result, Defendants have not disclosed information, answered any interrogatories, or produced any documents supporting their claims or defenses. Moreover, Defendants did not meet their initial disclosure or expert disclosure deadline. **At this time, despite Plaintiffs' extensive discovery requests, Plaintiffs have received**

---

[6] *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).
[7] FED. R. CIV. P. 36(b); *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).
[8] *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).
[9] *See In re Carney*, 258 F.3d 415, 419-20 (5th Cir. 2001).

**no information or documentation from Defendants supporting any of their claims or defenses**.

16.     The net effect of Defendants' conduct is to conceal the relevant facts of this case, frustrating a presentation of the merits of this lawsuit.  If Defendants had a genuine concern about the presentation of the merits, they would have in good faith complied with the Compel Order and answered written discovery.  Their bad faith failure to do either establishes they are more concerned with improper delay tactics than the merits of this lawsuit.  Therefore, for these reasons, Defendants Motion should be denied.

### B. THE TIMING OF DEFENDANTS' MOTION ESTABLISHES DEFENDANTS ARE EMPLOYING DELAY TACTICS.

17.     In analyzing whether to grant a motion to un-deem admissions, on factor courts generally consider is the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial.[10] In light of Defendants' lack of diligence and the expiration of scheduling deadlines, Plaintiffs would be greatly prejudiced if the court allowed withdrawal of the admissions.[11] The Fifth Circuit held in *Le v. Cheesecake Factory Rests., Inc.,* that a district court did not abuse its discretion in denying a motion to withdraw admissions when a party did not seek withdrawal of a default admission until two days before discovery closed and offered no explanation for the delay.[12]

18.     In the instant case, Defendants have not filed a substantive response to Plaintiff's summary judgment motion.  Instead, Defendants chose to wait to file their Motion until after the

---

[10] *Republic Title of Tex., Inc. v. First Republic Title, LLC*, 3:14-CV-3848-B, 2015 WL 3755060, at *2 (N.D. Tex. June 16, 2015); *Le v. Cheesecake Factory Rests. Inc.*, No. 06–20006, 2007 WL 715260, at *3 (5th Cir. March 6, 2007).
[11] *See Finlay v. Wolpoff & Abramson*, CIV.A.H-08-0786, 2009 WL 936882, at *2 (S.D. Tex. Apr. 3, 2009).
[12] *See Le v. Cheesecake Factory Rests., Inc.*, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007).

discovery deadline and dispositive motion deadlines both passed. This behavior should be seen for what it is: a tactic to further delay the resolution of this dispute. The timing of Defendants' Motion shows that instead of attempting to correct their underlying discovery deficiencies in good faith, Defendants are more concerned in delaying or preventing summary judgment by filing the Motion on the same date as their deadline to file a summary judgment response. However, there is no genuine dispute that Defendants had ample notice and opportunity to file their Motion long before the aforementioned deadlines and chose not to do so for reasons that are not discussed in their Motion. For all of these reasons, Plaintiffs request the Motion be denied.

### C. ALLOWING DEFENDANTS TO WITHDRAW AND/OR AMEND ITS DEEMED ADMISSIONS WOULD NOT SERVE THE PRESENTATION OF THIS CASE ON THE MERITS.

19. In Defendants' Motion, Defendants do not address which deemed admissions are allegedly untrue or what, if any, evidence tends to refute the deemed admissions. In fact, other than conclusory assertions that the requests call for factual and legal conclusions, Defendants offer no detailed factual or legal analysis to show how withdrawal of the deemed admissions would serve the presentation of this case on the merits. Rather, Defendants vaguely allege that "the admissions will effectively preclude Defendant's case from going forward and will likely result in final judgment for Plaintiff,"[13] but fail to present any evidence to suggest the admissions, if left standing, would render an unjust result under the law and fail to show how withdrawal of the admissions would promote the presentation of the case on the merits.

20. Additionally, the Fifth Circuit instructs that other factors to be considered in withdrawing or amending deemed admissions are whether the defendant has demonstrated that the merits would be served by advancing evidence showing the admission is contrary to the record of the case, or that the admission is no longer true because of changed circumstances or that through

---

[13] *See* Defendants' Motion to Withdraw and/or Amend Deemed Admissions [Doc. #103], p. 5, ¶ 20.

an honest error a party has made an improvident admission.[14] In their Motion, the Defendants have not met their burden that the deemed admissions are contrary to the record of the case or that circumstances relating to the deemed admissions have changed. Additionally, per their Motion, the Defendants have not shown that an honest error caused an improvident admission, as Defendants have failed to provide any excuse or justification for its failure to respond to ***all*** discovery requests or meet discovery deadlines.

21.     Lastly, a review of the summary judgment record shows that, regardless of the deemed admissions, competent evidence supports summary judgment in favor of Plaintiffs. Tellingly, Defendants have not objected to any of Plaintiffs' summary judgment evidence, which consist of numerous affidavits and documents that do not rely upon deemed admissions. Because Defendants have failed to show how withdrawal and/or amendment of deemed admissions would serve the presentation of this case on the merits in light of their ongoing and flagrant discovery inadequacies, Defendants have failed to meet their burden to amend or withdraw the deemed admissions. As a result, the Defendants' motion should be denied.

**D. THE WITHDRAWAL AND/OR AMENDMENT OF DEEMED ADMISSIONS WOULD SUBSTANTIALLY PREJUDICE THE PLAINTIFFS.**

22.     It is undisputed that the Defendants have failed to respond to any of Plaintiffs' discovery requests, and now that the discovery period has closed, Plaintiffs would be substantially prejudiced if the Defendants were permitted to withdraw and/or amend the deemed admissions. Allowing Defendants to withdraw or amend its deemed admissions at this stage of litigation would result in several requests to extend deadlines that have already passed with the natural consequence of additional costs. Plaintiffs would be placed in a position of having to extend the now-expired

---

[14] *See Le v. Cheesecake Factory Rests. Inc.,* No. 06–20006, 2007 WL 715260, at *2 (5th Cir. March 6, 2007); *see Alford v. State Parking Services, Inc.,* 3:13-CV-4546-L, 2015 WL 477267, at *2 (N.D. Tex. Feb. 5, 2015).

discovery period and taking the depositions of Defendants. Further, allowing the deemed admissions to be withdrawn at this time will undermine Plaintiffs continued diligent efforts to date in conducting legitimate discovery.

23. Additionally, Plaintiffs secured admissions from Defendants on crucial issues and the admissions deemed against Defendants conclusively establish each of Plaintiffs' claims, as set out in Plaintiffs' Motion for Summary Judgment filed on August 30, 2021. Although the Motion for Summary Judgment was not dependent solely upon the deemed admissions, and should be granted regardless of the existence or lack of deemed admissions, the Motion for Summary Judgment demonstrates Plaintiffs' considerable reliance on the deemed admissions. Permitting Defendants additional time to respond to discovery and withdrawal of the deemed admissions that Plaintiffs have now relied upon in its Motion for Summary Judgment is unfairly prejudicial and rewards Defendants' lack of diligence at Plaintiffs' expense. Therefore, for all of these reasons, Defendants' Motion should be denied.

## V.   CONCLUSION

24. For our litigation system to work effectively, litigants must comply with the Federal Rules of Civil Procedure.[15] Despite the potentially harsh outcome of deemed admissions and the denial of their request to respond to discovery, such an outcome is necessary to insure the orderly disposition of cases.[16] Defendants have failed to provide any explanation or excuse for its failure to respond to all discovery requests and have failed to show that withdrawing deemed admissions would promote presentation of the merits in this lawsuit. Moreover, for the reasons detailed above, allowing additional time for Defendants to respond to discovery after the discovery deadline has passed and allowing the withdrawal of the deemed admissions would unfairly prejudice Plaintiffs

---

[15] *In re Carney*, 258 F.3d at 422.
[16] *Id.* at 421.

and unfairly reward Defendants' lack of diligence while Defendants continue to flout the Court's Compel Order regarding Rule 26(a) initial disclosures. Therefore, for all the reasons set forth herein, Defendants' Motion should be in all things DENIED.

## VI.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs NextGear and AFC respectfully requests that the Court deny Defendants' Motion and award Plaintiffs all such other and further relief, general or special, legal or equitable, to which Plaintiffs may show themselves to be justly entitled to receive.

**Respectfully Submitted,**

PADFIELD & STOUT, L.L.P
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D.# 00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear and AFC*

### CERTIFICATE OF SERVICE

This is to certify that on October 4, 2021, a true and correct copy of the foregoing has been forwarded to Defendants Emmett Druien, Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction, and Lisa Druien, by and through their counsel of record, Richard Tallini, of Bailey & Galyen at 1300 Summit Avenue, Suite 650, Fort Worth, Texas 76102, via ECF.

/s/ Christopher V. Arisco
Christopher V. Arisco