IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., ET AL. § | |
| § | |
| VS. § | ACTION NO. 4:20-CV-959-BJ |
| § | |
| DRUIEN, INC. d/b/a LAWTON AUTO § | |
| AUCTION a/k/a LAWTON CACHE AUTO § | |
| AUCTION, ET AL. § | |

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' OPPOSED MOTION TO WITHDRAW AND/OR AMEND DEEMED ADMISSIONS

Pending before the Court are two motions: (1) Plaintiffs' Motion for Summary Judgment [doc. 99], filed August 30, 2021 and (2) Defendants' Opposed Motion to Withdraw and/or Amend Deemed Admissions [doc. 103], filed September 13, 2021. Having carefully considered the motions and response, the Court concludes that Plaintiffs' Motion for Summary Judgment should be **GRANTED** and Defendants' Opposed Motion to Withdraw and/or Amend Deemed Admissions should be **DENIED**.

## I. RELEVANT BACKGROUND

On August 24, 2020, Plaintiffs NextGear Capital, Inc. ("NextGear") and Automotive Finance Corporation ("AFG") filed their complaint against Defendants Druien, Inc., d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction ("Druien, Inc.") and Lisa Druien, alleging claims for breach of contract, fraud, and conspiracy to commit fraud.[1] On March 4, 2021, Plaintiffs filed a Motion to Compel Rule 26 Initial Disclosures from Defendants Druien, Inc, and Lisa Druien [doc. 68]. On March 25, 2021, Plaintiffs' filed a Second Amended

---

[1] Plaintiff also sued Defendants Michael Vernon Garrison d/b/a Rock Hill Used Cars ("Michael Garrison") and Austin Michael Garrison a/ka Mike Garrison d/b/a Austin Financial Services ("Austin Garrison") as Defendants. Both Michael Garrison and Austin Garrison were subsequently dismissed from the suit.

1

Complaint, which added Defendant Emmett Druien as an additional Defendant to the lawsuit [doc. 79].

Thereafter, on April 5, 2021, the Court granted Plaintiffs' Motion to Compel Rule 26 Initial Disclosures from Defendants Druien, Inc. and Lisa Druien and ordered these Defendants to, no later than April 12, 2021, serve and produce to Plaintiffs "substantive and responsive Rule 26(a)(1) disclosures that identify a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that Defendants have in their possession, custody, or control and may use to support their claims or defenses" [doc. 82]. The order further stated that "[f]ailure of Defendants to comply may result in them being barred from using any such undisclosed documents at any pre-trial hearing or trial."[2] (*Id.*)

On April 15, 2021, Plaintiffs served their First Consolidated Request for Production of Documents, Request for Admissions and Interrogatories on Defendants Druien, Inc. and Lisa Druien. (*See* doc. 84; Pls.' Br. at 6.)[3] On May 7, 2021, the Court allowed Attorney Richard Fiory Tallini to be substituted in as counsel for Defendants in place of Defendants' prior attorney, Joseph M. Vacek [doc. 93]. Subsequently, on June 8, 2021, Plaintiffs served their First Consolidated Discovery Requests for Production of Documents, Request for Admissions and Interrogatories on Defendant Emmett Druien.[4] (*See* doc. 96; Pls.' Br. at 6.) Thereafter, on August 30, 2021, Plaintiffs filed the above-referenced Motion for Summary Judgment.

---

[2] According to Plaintiffs, as of October 4, 2021, the date Plaintiffs filed their Brief in Support of Response to Defendants' Motion to Withdraw and/or Amend Deemed Admissions, Defendants Druien, Inc and Lisa Druien "have failed to serve and produce any supplement or substantive responses to their Rule 26 initial disclosers [sic], in flagrant and continuing violation of the Compel Order. (Plaintiffs' Brief in Support of Response to Defendants' Motion to Withdraw and/or Deemed Admissions ("Pls.' Br.") at 6 (emphasis omitted).)

[3] According to Plaintiffs, as of October 4, 2021, Defendants Druien, Inc. and Lisa Druien "have failed to respond to any portion of Plaintiffs['] Consolidated Discovery Requests." (Pls.' Br. at 6.)

[4] According to Plaintiffs, as of October 4, 2021, "Defendant Emmett Druien has failed to respond to any portion of Plaintiffs['] consolidated discovery requests. (Pls.' Br. at 7.)

Defendants never filed a response to Plaintiffs' Motion for Summary Judgment. Instead, Defendants, on September 13, 2021, filed the above-referenced Motion to Withdraw and/or Amend Deemed Admissions.

In this case, Plaintiffs move for summary judgment on several grounds, including that: (1) Defendants' deemed admissions conclusively establish Plaintiffs' claims as a matter of law and (2) Plaintiffs are entitled to summary judgment on their claims for breach of contract against Defendant Druien, Inc., their claims for fraud against Defendants, and their claims for conspiracy to commit fraud claims against Defendants. Plaintiffs' Brief in Support of Motion for Summary Judgment ("Pl.'s Summ. J. Br.") at 20-26.) Plaintiffs claim that, through Defendants' deemed admissions as well as the affidavit testimony of Eric Brown and Jerome Bosl and other summary judgment evidence cited, they have conclusively established all elements of their respective claims against all remaining Defendants. (Pl.'s Summ. J. Br. at 22-26.) In addition, Plaintiffs seek prejudgment interest, post-judgment interest, and reasonable and necessary attorneys' fees. (Pl.'s Summ. J. Br. at 26-28.)

In their Opposed Motion to Withdraw and/or Amend Deemed Admissions, Defendants claim that allowing their deemed admissions to be withdrawn or amended will promote the presentation of the merits of their case. (Defendants' Opposed Motion to Withdraw and/or Amend Deemed Admissions ("Defs.' Mot.") at 4.) Defendants claim that if their motion is denied, "the admissions will effectively preclude Defendant's [sic] case from going forward and will likely result in final judgment for Plaintiff[s] at the summary judgment stage." (Defs.' Mot. at 5.) In addition, Defendants argue that they should be allowed to withdraw or amend their deemed admissions because such action "will not prejudice Plaintiff's [sic] ability to maintain [their] suit on the merits. (Defs.' Mot. at 5 (emphasis omitted).)

In their response to Defendants' motion, Plaintiffs argue that the motion should be denied because "all relevant considerations weigh against allowing the untimely discovery." ("Pls.' Br. at 5.) Plaintiffs claim that "Defendants cannot show that allowing the untimely discovery would promote presentation of the merits in this case because Defendants have instead frustrated a presentation of the merits by intentionally failing to respond to any written discovery." (Pls.' Resp. at 5.) Plaintiffs also state that, "[c]ontrary to Defendants' assertions, allowing the untimely discovery responses to Plaintiff's [sic] Requests for Admissions would work an unfair prejudice against Plaintiffs, require Plaintiffs to seek further relief on Defendants' unanswered interrogatories, requests for production, and insufficient Rule 26(a) initial disclosures, and would cause significant hardship, as the discovery deadline and dispositive motion deadline have both passed." (Pls.' Resp. at 5.)[5] In addition, Plaintiffs argue:

> Defendants have failed to file an objection or response to Plaintiffs' Motion for Summary Judgment on the merits, despite the fact that Plaintiffs' summary judgment evidence does not necessarily rely upon the deemed admissions. Defendants have not filed any objection to any of the affidavits in support of Plaintiffs' summary judgment motion, and Defendants have not filed any objection to any of the documents attached to said affidavits. Aside from the deemed admission, sufficient evidence was attached to Plaintiffs' summary judgment motion establishing that Plaintiff was entitled to judgment on the *merits* and not simply as a result of deemed admissions.

(Pls.' Resp. at 7.)

## II. LEGAL STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. Fed. R. Civ. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001)

---

[5] The deadline for the parties to complete discovery was August 9, 2021, and the deadline for the parties to file dispositive motions was August 31, 2021. (*See* Court's March 23, 2021 Electronic Order granting Plaintiffs' Unopposed Motion to Amend Scheduling Order [doc. 76].)

(citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Federal Rule of Civil Procedure ("Rule") 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992). Parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citation omitted).

In evaluating whether summary judgment is appropriate, the Court "views 'the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor.'" *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (quoting *Riverwood Int'l Corp. v. Employers Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005)). "After the non-movant has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). However, "'if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.'" *Woodberry v. Dallas Area Rapid Transit*, No. 3:14-CV-03980-L, 2017 WL 840976, at *3 (N.D. Tex. Mar. 3, 2017) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment." *Woodberry*, 2017

WL 840976, at *3 (citing *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996)). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence." *Woodberry*, 2017 WL 840976, at *3.

In addition, Rule 36 allows a party to serve written requests to admit the truth of any matters within the scope of discovery that relate, *inter alia*, to facts, the application of law to fact, or opinions about either. Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). A matter admitted "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Under Rule 56(c)(1)(A), admissions are listed as proper summary judgment evidence that can be used to show that there is an absence or presence of a genuinely disputed fact. The affect of a deemed admission is that it conclusively establishes the matter admitted unless the court, on motion, permits the admission to be withdrawn. *Dingler v. Equifax Info. Servs., L.L.C.*, No. 3:12-CV-455-M (BF), 2014 WL 1317511, at *3 (N.D. Tex. Feb. 28, 2014), *adopted by* 2014 WL 1325574 (N.D. Tex. Mar. 31, 2014). In other words, if the requests for admissions concern an essential issue or element, "the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." *Hill v. Breazeale*, 197 F. App'x 331, 336 (5th Cir. 2006) (citing *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 548–49 (5th Cir. 1985)). Because deemed admissions, even those obtained by default, are conclusive as to the matters admitted, "they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (citing *Dukes*, 770 F.2d at 548-49). The proper method for a litigant who wishes to avoid

these consequences is to move the court to amend or withdraw the deemed admissions in accordance with the standard set forth in Rule 36(b). Fed. R. Civ. P. 36(b); *In re Carney*, 258 F.3d at 420.

Pursuant to Rule 36(b), if a final pretrial order has not been issued, the court may allow a party to withdraw or amend deemed admissions "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). "Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *In re Carney*, 258 F.3d at 419. "A district court's decision to permit the withdrawal or amendment of an admission is reviewed for abuse of discretion." *Le v. Cheesecake Factory Rests., Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007).

### III. ANALYSIS

The first issue for the Court is to determine whether, pursuant to Rule 36(b), it should grant Defendants' Motion to Withdraw and/or Amend Deemed Admissions that Defendants filed. After reviewing all the evidence presented and the arguments by the parties, the Court concludes that Defendants' Motion to Withdraw and/or Amend Deemed Admissions should be **DENIED**. To begin with, Defendants have not provided any compelling excuse or justification for failing to timely response to Plaintiffs' Requests for Admissions. Moreover, despite multiple discovery requests from Plaintiffs and a Court order compelling Defendants to provide certain discovery to Plaintiffs, there is no evidence that Defendants have provided any discovery to Plaintiffs at any time since this case was filed by Plaintiffs on August 24, 2020. In addition, Defendants failed to file their Motion to Withdraw and/or Amend Deemed Admissions until September 13, 2021, which was over a month after the August 9, 2021 discovery deadline and

several weeks after Plaintiffs filed their Motion for Summary Judgment. Based on Defendants' lack of due diligence and the expiration of multiple scheduling deadlines, as well as the fact that the trial in this case is set for February 28, 2022, the Court concludes that allowing Defendants to withdraw and/or amend their deemed admissions at this late date in the proceedings would greatly prejudice Plaintiffs. *See Finlay v. Wolpoff & Abramson*, No. H-08-0786, 2009 WL 936882, at *2 (S.D. Tex. Apr. 3, 2009) ("Upon Defendant's motion, the court previously considered whether to allow it to withdraw its deemed admissions based on the Rule 36(b) standard, but found that, in light of Defendant's lack of diligence and the expiration of scheduling deadlines, Plaintiff would be greatly prejudiced if the court allowed withdrawal of the admissions.") While the Court acknowledges that denying Defendants' withdrawal of their deemed admissions essentially eliminates the Defendants' presentation of the merits of their defenses to Plaintiffs' claims against them, Defendants' continued lack of diligence and failure to act until this late stage in the proceedings has resulted in great prejudice to Plaintiffs and requires the Court to deny Defendants' motion. *Republic Title of Tex., Inc. v. First Republic Title, LLC*, No. 3:14-cv-3848-B, 2015 WL 3755060, at* 2 (N.D. Tex. June 16, 2015) ("The Fifth Circuit has . . . held that a court acts within its discretion in considering the fault of the party seeking withdrawal . . . or its diligence in seeking withdrawal . . . .")

The next issue for the Court is whether to grant Plaintiffs' Motion for Summary Judgment. In light of the fact that the Court has denied Defendants' Motion to Withdraw and/or Amended Deemed Admissions and that Defendants have wholly failed to file a response to Plaintiffs' motion, the Court concludes that Plaintiffs' Motion for Summary Judgment should be **GRANTED**. In making this determination, the Court has carefully reviewed the elements of each cause of action and finds that, based on Defendants' deemed admissions as well as the

evidence presented by Plaintiffs in their motion, Defendants have either admitted all disputed facts or failed to create a genuine issue of material fact with admissible, competent summary judgment evidence as set forth in Plaintiffs' motion. Consequently, Plaintiffs are entitled to summary judgment on all of Plaintiffs' claims.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiffs' Motion for Summary Judgment [doc. 99] is **GRANTED**.

It is further **ORDERED** that Defendants' Opposed Motion to Withdraw and/or Amend Deemed Admissions [doc. 103] is **DENIED**.

It is hereby **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff NextGear Capital, Inc. ("NextGear") shall recover from Defendant Druien, Inc. d/b/a Lawton Auto Auction a/k/a Lawton Cache Auto Auction (Druien, Inc.") judgment in the sum of $686,308.80 for breach of contract, plus pre-judgment interest[6] accruing at a rate of 5% per year[7] and post-judgment

---

[6] Prejudgment interest "accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered" and "is computed as simple interest and does not compound." Tex. Fin. Code. Ann. § 304.104.

[7] *See Harris v. Mickel*, 15 F.3d 428, 429 (5th Cir. 1994) (stating that state law governs the award of prejudgment interest in diversity cases); *Giddy Up, LLC v. PRISM Graphics, Inc.*, No. 3:06-CV-0948-B, 2007 WL 3125312, at *1, *3 (N.D. Tex. Oct. 24, 2007) (awarding prejudgment interest on actual damages assessed under Texas state law claims, including breach of contract and fraud, and noting that prejudgment interest does not accrue on any attorneys' fees awarded). In Texas, statutory prejudgment interest applies only to judgments in wrongful death, personal injury, property damage, and condemnation cases." *Int'l Turbine Servs., Inc. v. VASP Brazilian Airlines*, 278 F.3d 494, 499 (5th Cir. 2002); *see* Tex. Fin. Code 304.103. Because Plaintiffs' breach of contract claim does not fall within these statutory provisions, the prejudgment interest award is governed by Texas common law. *Id.* at 499-500. "Texas common law allows prejudgment interest to accrue at the same rate as postjudgment interest on damages awarded for breach of contract" as provided in section 304.003 of the Texas Finance Code. *Id.* at 500. Section 304.003 of the Texas Finance Code provides that the postjudgment interest rate is "five percent a year if the prime rate as published by the Board of Governors of the Federal Reserve System [on the date of computation] . . . is less than five percent[.]" Tex. Fin. Code Ann. § 304.003(c)(2). The current prime rate is less than five percent. *See* Bd. of Governors of the Fed. Reserve Sys., *Selected Interest Rates (Weekly)* (October 29, 2021), http://www.federalreserve.gov/releases/h15/ (reporting that the prime rate as of October 28, 2021 is 3.25%). Accordingly, the prejudgment interest rate that the Court will apply is 5%. *See, e.g., Humphrey v. United Way of Texas Gulf Coast*, CIV. A. H-05-758, 2008 WL 5070057, at *8 (S.D. Tex. Nov. 20, 2008).

interest at a rate of 0.14%, to be computed as set forth in 28 U.S.C. § 1961,[8] from the date this judgment is entered on the docket until paid. Additionally, Plaintiff NextGear shall recover from Defendant Druien, Inc. the sum of $45,162.25 for reasonable and necessary attorney's fees[9] plus post-judgment interest at a rate of 0.14% from the date this judgment is entered on the docket until paid.

It is further **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff NextGear shall recover from Defendants Druien, Inc., Lisa Druien, and Emmett Druien, jointly and severally, judgment in the sum of $686,308.80 for fraud and conspiracy to commit fraud, plus pre-judgment interest accruing at a rate of 5% per year and post-judgment interest at a rate of 0.14% from the date this judgment is entered on the docket until paid.

It is further **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff Automotive Finance Corporation ("AFC") shall recover from Defendant Druien, Inc. judgment in the sum of $391,964.79 for breach of contract, plus pre-judgment interest accruing at a rate of 5% per year and post-judgment interest at a rate of 0.14% from the date this judgment is entered on the docket until paid. Additionally, Plaintiff AFC shall recover from Defendant Druien, Inc. the sum

---

The Court notes that Plaintiffs, in their proposed order, requested that prejudgment interest be set at "the statutory rate of 6.00%." While it appears that section 302.002 of the Texas Finance Code once provided for a prejudgment interest rate of 6%, such statute was repealed many years ago. This section, as currently drafted, expressly excludes prejudgment interest awards. *Int'l Turbine Servs.*, 278 F.3d at 500; *see* Tex. Fin. Code §§ 301.002(a)(8) (noting that the term "[l]egal interest" does not include judgment interest), 302.002 ("If a creditor has not agreed with an obligor to charge the obligor any interest, the creditor may charge and receive from the obligor legal interest at the rate of six percent a year on the principal amount of the credit extended beginning on the 30th day after the date on which the amount is due.")

[8] *Boston Old Colony Ins. Co. v. Tiner Assocs., Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) (noting that federal post-judgment interest statute applies even in diversity cases); *TCSS Env't Techs. LLC v. Cavortex Tech. Int'l*, No. 3:20-CV-2754-L, 2021 WL 4319674, at * (N.D. Tex. Sept. 23, 2021) ("In diversity cases such as this . . . postjudgment interest is awarded at the applicable federal postjudgment interest rate, pursuant to 28 U.S.C. § 1961, unless the parties contracted for a different rate.")

[9] *See* Tex. Civ. Prac. & Rem. Code § 38.001, which states, as relevant here, that "[a] person may recover reasonable attorney's fees from an individual or organization . . . in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract."

of $45,162.25 for reasonable and necessary attorney's fees plus post-judgment interest at a rate of 0.14% from the date this judgment is entered on the docket until paid.

It is further **ORDERED, ADJUDGED,** and **DECREED** that Plaintiff AFC shall recover from Defendants Druien, Inc., Lisa Druien, and Emmett Druien, jointly and severally, judgment in the sum of $391,964.79 for fraud and conspiracy to commit fraud, plus pre-judgment interest accruing at a rate of 5% per year and post-judgment interest at a rate of 0.14% from the date this judgment is entered on the docket until paid.

SIGNED November 2, 2021.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE